**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| ARIANA GEORGE and RODNEY BOONE, Individually and as Representatives of the Estate of AMARI BOONE, DECEASED,<br>        *Plaintiffs*<br><br>vs.<br><br>ACH CHILD and FAMILY SERVICES, et al.<br>        *Defendants* | § § § § § § § § § § § | Civil Action No.   3:22-cv-1124 |

**OFFICIAL CAPACITY DEFENDANT GOVERNOR GREG ABBOTT'S**
**NOTICE OF REMOVAL**

Defendant Greg Abbott ("Official Capacity Defendant Abbott"), in his official capacity, files this notice of removal pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, to remove this action filed in the County Court of Law No. 4 of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division.  In support of this removal, Official Capacity Defendant Abbott shows the following.

**I.   GROUNDS FOR REMOVAL**

Plaintiffs are the natural parents of Amari Boone, deceased.  Plaintiffs complain of Official Capacity Defendant Abbott's alleged actions and inactions as related to Amari Boone's death while in a foster care placement in Texas.

Plaintiffs filed suit in the County Court of Law No. 4 of Dallas County, Texas.  In addition to suing Official Capacity Defendant Abbott, Plaintiffs also sued ACH Child and Family Services, whose division "our community, our kids" is a foster care private contractor, together with three of its then-employees, Jalah Lawrence, Chaisity Frida-Caro, and Shelia Roberson, and

another foster care private contractor, Covenant Kids, Inc. d/b/a CK Family Services.

Plaintiffs have pleaded multiple causes of action, including claims for alleged violations of rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution. Plaintiffs have also pleaded claims for negligence and gross negligence. Official Capacity Defendant Abbott and Defendants ACH Child and Family Services, Jalah Lawrence, Chaisity Frida-Caro, and Shelia Roberson have filed answers in state court, generally denying Plaintiffs' allegations. On knowledge and belief, Covenant Kids, Inc. d/b/a CK Family Services has not yet appeared in this lawsuit.

Removal to this Court is proper because the Court has original jurisdiction over Plaintiff's claims. *See* 28 U.S.C. § 1441(a). Specifically, this Court has federal question jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331, and this Court has supplemental jurisdiction over Plaintiff's state claims under 28 U.S.C. § 1367.

## II.  TIMELINESS OF REMOVAL

Plaintiffs served Official Capacity Defendant Abbott with a copy of Plaintiff's First Amended Petition and Jury Demand on April 21, 2022. Pursuant to 28 U.S.C. § 1446(b)(1), Official Capacity Defendant Abbott timely files this Notice of Removal within thirty (30) days after service and receipt of Plaintiff's First Amended Petition and Jury Demand.

## III. CONSENT

Defendants ACH Child and Family Services, Jalah Lawrence, Chaisity Frida-Caro, Shelia Roberson, and Covenant Kids, Inc. d/b/a CK Family Services have consented to this removal, pursuant to 28 U.S.C. § 1446(b)(2)(A).

## IV. VENUE

Venue is proper in this Court under 28 U.S.C. § 1441(a) because this district and division

embrace the place where the removed state court action has been pending. Specifically, the County Court of Law No. 4 of Dallas County, Texas, is geographically located within the Dallas Division of the United States District Court for the Northern District of Texas.

## V.  COMPLIANCE WITH PROCEDURAL REQUIREMENTS

A copy of all process, pleadings, and orders in the state court suit are attached to this Notice, pursuant to 28 U.S.C. § 1446(a), as are those documents required by Northern District Local Rule 81.1.  Those documents include but are not limited to the following and are summarized in the Index of State Court Documents, attached hereto:

- Plaintiff's First Amended Petition and Jury Demand, filed April 8, 2022;

- Civil Citation Issued to Official Capacity Defendant Abbott, served on April 21, 2022;

- Civil Citation Issued to ACH Child and Family Services, served on April 19, 2021;

- Civil Citation Issued to Jalah Lawrence, served on April 15, 2021;

- Civil Citation Issued to Shelia Roberson, served on April 19, 2021;

- Civil Citation Issued to Covenant Kids, Inc. d/b/a CK Family Services, served on April 29, 2022;

- Official Capacity Defendant Abbott's Original Answer and Affirmative Defenses to Plaintiff's First Amended Petition and Jury Demand, filed on May 6, 2022;

- Defendants ACH Child and Family Services and Jalaha Lawrence's Original Answer, filed on May 7, 2021;

- Defendant Chaisity Frida-Caro's Original Answer, filed on May 27, 2021;

- Defendant Shelia Roberson's Answer to Plaintiffs' Original Petition, filed on May 21, 2021;

- Copy of the docket sheet in the state court action;

- Copies of each document filed in the state court action, except discovery material;

- Separately signed certificate of interested persons that complies with LR 3.1(c) or 3.2(e);

The written consents of ACH Child and Family Services, Jalah Lawrence, Chaisity Frida-Caro, Shelia Roberson, and Covenant Kids, Inc. d/b/a CK Family Services to this removal are attached as Exhibits A. On knowledge and belief, Chaisity Frida-Caro entered an appearance in this case before being served.

Official Capacity Defendant Abbott will promptly file a notice of this removal with the clerk of the state court where the suit has been pending, pursuant to 28 U.S.C. § 1446(d).  A copy of that notice is attached.

In the event this Court subsequently identifies a defect in this Notice of Removal, Official Capacity Defendant Abbott respectfully requests this Court to grant leave to amend this Notice to cure the defect.  *See, e.g., Acosta v. Drury Inns, Inc.*, 400 F. Supp. 2d 916, 922 (W.D. Tex. 2005) ("Defects in the form or content of the removal papers are usually not jurisdictional and may be cured by amendment after removal . . . ."); *UICI v. Gray*, No. Civ. A. 3:01CV0921L, 2002 WL 356753, at *2 (N.D. Tex. Mar. 1, 2002); *Lafayette City-Parish Consol. Gov't v. Chain Elec. Co.*, No. 11-1247, 2011 WL 4499589, at *7 (W.D. La. Sept. 23, 2011).

By filing this Notice of Removal, Official Capacity Defendant Abbott does not waive any legal defenses or objections to Plaintiff's First Amended Petition and Jury Demand, but expressly reserves hid right to raise any and all legal defenses or objections in subsequent pleadings in this Court.

This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11, as required under 28 U.S.C. § 1446(a).

## VI. CONCLUSION

Because Official Capacity Defendant Abbott has properly complied with the removal statutes set forth above, together with the Northern District Local Rules governing removals, this

case stands removed from the County Court of Law No. 4 of Dallas County, Texas, to the United

States District Court for the Northern District of Texas, Dallas Division.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General for Civil Litigation

CHRISTOPHER D. HILTON
Chief, General Litigation Division

*/s/Benjamin Lyles*
BENJAMIN S. LYLES
Assistant Attorney General
Texas Bar No.  24094808
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 | FAX: (512) 320-0667
Benjamin.lyles@oag.texas.gov

***ATTORNEYS FOR DEFENDANT GREG ABBOTT***

### CERTIFICATE OF SERVICE

I certify that that on May 20, 2022 this document was filed electronically via the Court's electronic filing system, causing electronic service upon all counsel of record.

*/s/Benjamin Lyles*
BENJAMIN S. LYLES
Assistant Attorney General