# 1.    State Court Docket Sheet

## Case Information

CC-21-01363-D | ARIANA GEORGE, RODNEY BOONE, INDIVIDUALLY AND AS REPRSENTATIVES OF THE ESTATE OF DECEASED vs.ACH CHILD AND FAMILY SERVICES, SHELIA ROBERSON, CHAISITY FRIDA-CARO.et al

| Case Number | Court | Judicial Officer |
|---|---|---|
| CC-21-01363-D | County Court at Law No. 4 | ROSALES, PAULA |
| File Date | Case Type | Case Status |
| 04/12/2021 | DAMAGES (NON COLLISION) | OPEN |

## Party

PLAINTIFF
GEORGE, ARIANA

Active Attorneys ▾
Lead Attorney
BUTTON, RUSSELL T
Retained

PLAINTIFF
BOONE, RODNEY

  Aliases
  INDIVIDUALLY AND AS REPRSENTATIVES OF THE ESTATE OF
  DECEASED

Active Attorneys ▾
Lead Attorney
BUTTON, RUSSELL T
Retained

DEFENDANT
ACH CHILD AND FAMILY SERVICES

Address
SERVE ITS REGISTERED AGENT: WAYNE K. CARSON
3712 WICHITA STREET
FORT WORTH TX 76119

Active Attorneys ▾
Lead Attorney
MAYER, ZACH T
Retained

Inactive Attorneys ▾
Attorney

GARDNER, ANDREW S
Retained

Work Phone
214-736-9608

Fax Phone
469-206-5501

---

DEFENDANT
ROBERSON, SHELIA

Address
3651 PRAIRIE WATERS DRIVE
GRAND PRAIRIE TX 75052

Active Attorneys ▾
Lead Attorney
NEWTON, H DWAYNE
Retained

---

DEFENDANT
FRIDA-CARO, CHAISITY

Address
1805 KATRINA LANE
LANCASTER TX 75134

Active Attorneys ▾
Lead Attorney
ALVAREZ, FRANK
Retained

---

DEFENDANT
LAWRENCE, JALAHA

Address
1010 ASPEN LANE
MANSFIELD TX 76063

Active Attorneys ▾
Lead Attorney
MAYER, ZACH T
Retained

Inactive Attorneys ▾
Attorney
GARDNER, ANDREW S
Retained

Work Phone
214-736-9608

Fax Phone
469-206-5501

---

DEFENDANT
GOVERNOR GREG ABBOTT, IN HIS OFFICIAL CAPACITY OVER
THE TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE
SERVICES

Active Attorneys ▾
Lead Attorney
LYLES, BENJAMIN S
Retained

Address
OFFICE OF THE GOVERNOR
STATE INSURANCE BUILDING
1100 SAN JACINTO BOULEVARD
AUSTIN TX 78701

DEFENDANT
COVENANT KIDS, INC. D/B/A CK FAMILY SERVICES

Address
C/O WILLIAM A. LUND
4807 MISTY WOOD COURT
ARLINGTON TX 76017

## Events and Hearings

04/12/2021 NEW CASE FILED (OCA)

04/12/2021 ORIGINAL PETITION ▾

Comment
ORIGINAL PETITION AND JURY DEMAND

04/13/2021 ISSUE CITATION ▾

ISSUE CITATION

ISSUE CITATION

ISSUE CITATION

ISSUE CITATION

Comment
E-SERVE ENV# 52481539

04/13/2021 JURY TRIAL DEMAND

04/15/2021 CITATION (SERVICE)▾

Served
04/19/2021

Anticipated Server
ATTORNEY

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
04/22/2021
Served
04/19/2021

Anticipated Server
ATTORNEY

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
04/22/2021
Served
04/16/2021

Anticipated Server
ATTORNEY

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
04/20/2021
Served
04/15/2021

Anticipated Server
ATTORNEY

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
04/19/2021

---

04/19/2021 RETURN OF SERVICE ▾

JALAHA LAWRENCE

   Comment
   JALAHA LAWRENCE

---

04/20/2021 RETURN OF SERVICE ▾

   Comment
   CHAISITY CARO

---

04/22/2021 RETURN OF SERVICE ▾

SHELIA ROBERSON

Comment
SHELIA ROBERSON

04/22/2021 RETURN OF SERVICE ▾

ACH CHILD AND FAMILY SERVICES

Comment
ACH CHILD AND FAMILY SERVICES

05/07/2021 ORIGINAL ANSWER - GENERAL DENIAL ▾

ORIGINAL ANSWER - GENERAL DENIAL

05/21/2021 ORIGINAL ANSWER - GENERAL DENIAL ▾

DEFENDANT SHELIA ROBERSON S JURY DEMAND

DEFENDANT SHELIA ROBERSON S ANSWER TO PLAINTIFFS ORIGINAL PETITION

Comment
DEFENDANT SHELIA ROBERSON S ANSWER TO PLAINTIFFS ORIGINAL PETITION

05/21/2021 JURY TRIAL DEMAND

05/27/2021 ORIGINAL ANSWER - GENERAL DENIAL ▾

ORIGINAL ANSWER - GENERAL DENIAL

06/04/2021 CERTIFICATE - WRITTEN DISCOVERY ▾

CERTIFICATE - WRITTEN DISCOVERY

Comment
DEFENDANTS ACH CHILD AND FAMILY SERVICES AND JALAH LAWRENCE???S
CERTIFICATE OF WRITTEN DISCOVERY

07/09/2021 CERTIFICATE - WRITTEN DISCOVERY ▾

DEF'S CERTIFICATE OF WRITTEN DISCOVERY

07/21/2021 VACATION LETTER

08/11/2021 PROPOSED ORDER ▾

PROPOSED ORDER

08/13/2021 ORDER - SCHEDULING ▾

ORDER - SCHEDULING

08/19/2021 DECLARATION ▼

DECLARATION

Comment
DEFENDANTS' JOINT DECLARATION INVOKING TEXAS RULE OF CIVIL PROCEDURE 167
AND TEXAS CIVIL PRACTICE AND REMEDIES CODE CHAPTER 42

09/29/2021 CERTIFICATE - WRITTEN DISCOVERY ▼

CERTIFICATE OF WRITTEN DISCOVERY

Comment
DEFENDANTS ACH CHILD AND FAMILY SERVICES AND JALAH LAWRENCES CERTIFICATE
OF WRITTEN DISCOVERY

10/29/2021 MOTION - LEAVE ▼

MOTION - LEAVE

Comment
DEFENDANTS ACH CHILD AND FAMILY SERVICES, JALAH LAWRENCE, SHELIA ROBERSON
AND CHAISITY FRIDA-CARO???S JOINT MOTION FOR LEAVE TO DESIGNATE
RESPONSIBLE THIRD PARTIES

11/12/2021 OBJECTION ▼

RULE 167.3(D) OBJECTION

Comment
RULE 167.3(D) OBJECTION

11/15/2021 CERTIFICATE - WRITTEN DISCOVERY ▼

DEFENDANTS ACH CHILD AND FAMILY SERVICES AND JALAH

Comment
DEFENDANTS ACH CHILD AND FAMILY SERVICES AND JALAH LAWRENCES CERTIFICATE
OF WRITTEN DISCOVERY

11/15/2021 MOTION - PROTECTIVE ORDER ▼

EXHIBIT A & B

TO COURT

PROPOSED PROTECTIVE ORDER

MOTION FOR PROTECTIVE ORDER

Comment
W/ PROPOSED PROTECTIVE ORDER

01/07/2022 MISCELLANEOUS ▼

DEFENDANTS SECOND JOINT DECLARATION

Comment
DEFENDANTS SECOND JOINT DECLARATION INVOKING TEXAS RULE OF CIVIL
PROCEDURE 167 AND TEXAS CIVIL PRACTICE AND REMEDIES CODE CHAPTER 42

---

01/11/2022 NOTICE - HEARING ▾

NOTICE OF HEARING

Comment
DEFENDANTS ACH CHILD AND FAMILY SERVICES' AND JALAHA LAWRENCE'S NOTICE OF
HEARING ON DEFENDANTS' MOTION FOR PROTECTIVE ORDER TO LIMIT DISTRIBUTION
OF CONFIDENTIAL INFORMATION

---

01/27/2022 MOTION - SUBSTITUTION OF COUNSEL ▾

MOTION - SUBSTITUTION OF COUNSEL

PROPOSED ORDER

---

01/28/2022 OBJECTION ▾

PLAINTIFFS RULE 167.3(d) OBJECTION

Comment
PLAINTIFFS RULE 167.3(d) OBJECTION TODEFENDANTS SECOND JOINT OFFER OF
SETTLEMENTPURSUANT TO TEXAS RULE OF CIVIL PROCEDURE 167AND TEXAS CIVIL
PRACTICES & REMEDIES CODE CHAPTER 42

---

01/31/2022 MOTION - PROTECT ▾

Judicial Officer
ROSALES, PAULA

Hearing Time
03:00 PM

Cancel Reason
REQUESTED BY ATTORNEY/PRO SE

Comment
ROCIO 214-574-8384

---

02/11/2022 NOTICE - TAKE DEPOSITION ▾

NOTICE OF INTENTION TO TAKE DEPOSITION

Comment
NOTICE OF INTENTION TO TAKE DEPOSITION

---

02/15/2022 ORDER - SUBSTITUTION OF COUNSEL ▾

ORDER - SUBSTITUTION OF COUNSEL

02/21/2022 NOTICE - TAKE DEPOSITION ▾

NOTICE - TAKE DEPOSITION

02/22/2022 PROPOSED ORDER ▾

Comment
FIRST AMENDED AGREED SCHEDULING ORDER

03/04/2022 ORDER - SCHEDULING ▾

ORDER - SCHEDULING

04/08/2022 AMENDED PETITION ▾

Comment
FIRST AMENDED PETITION AND JURY DEMAND

04/08/2022 JURY DEMAND

04/11/2022 ISSUE CITATION ▾

CITATION

CITATION

Comment
ENV# 63678961

04/12/2022 NOTICE - TAKE DEPOSITION ▾

NOTICE

04/19/2022 CITATION (SERVICE)▾

Served
04/21/2022

Anticipated Server
ATTORNEY

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
04/26/2022
Served
04/29/2022

Anticipated Server
ATTORNEY

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
05/06/2022

---

04/26/2022 RETURN OF SERVICE ▾

GOVERNOR GREG ABBOTT

Comment
GOVERNOR GREG ABBOTT

---

05/05/2022 CERTIFICATE - DEPOSITION ▾

CERTIFICATE

Comment
COVENANT KIDS, INC. D/B/A CK FAMILY SERVICES

---

05/06/2022 ORIGINAL ANSWER - GENERAL DENIAL ▾

ORIGINAL ANSWER - GENERAL DENIAL

Comment
DEFENDANTS ANSWER AND AFFIRMATIVE DEFENSES

---

05/06/2022 RETURN OF SERVICE ▾

RETURN OF SERVICE

Comment
COVENANT KIDS INC

---

04/18/2023 JURY TRIAL ▾

2 TRIAL JURY CCL#4

2 TRIAL JURY CCL#4

2 TRIAL JURY CCL#4

2 TRIAL JURY CCL#4

2 TRIAL JURY CCL#4

2 TRIAL JURY CCL#4

2 TRIAL JURY CCL#4

2 TRIAL JURY CCL#4

Judicial Officer
ROSALES, PAULA

Hearing Time
9:00 AM

## Financial

ROBERSON, SHELIA

|  | | | | |
|---|---|---|---|---|
| Total Financial Assessment | | | | $40.00 |
| Total Payments and Credits | | | | $40.00 |

| 5/21/2021 | Transaction Assessment | | | $40.00 |
|---|---|---|---|---|
| 5/21/2021 | CREDIT CARD - TEXFILE (CC) | Receipt # CV-2021-05000 | ROBERSON, SHELIA | ($40.00) |

GEORGE, ARIANA

|  | | | | |
|---|---|---|---|---|
| Total Financial Assessment | | | | $349.00 |
| Total Payments and Credits | | | | $349.00 |

| 4/13/2021 | Transaction Assessment | | | $333.00 |
|---|---|---|---|---|
| 4/13/2021 | CREDIT CARD - TEXFILE (CC) | Receipt # CV-2021-03514 | GEORGE, ARIANA | ($333.00) |
| 4/11/2022 | Transaction Assessment | | | $16.00 |
| 4/11/2022 | CREDIT CARD - TEXFILE (CC) | Receipt # CV-2022-03222 | GEORGE, ARIANA | ($16.00) |

## Documents

ISSUE CITATION

ISSUE CITATION

ISSUE CITATION

ISSUE CITATION

JALAHA LAWRENCE

3 CCL#4 Y LETTER

SHELIA ROBERSON

ACH CHILD AND FAMILY SERVICES

ORIGINAL ANSWER - GENERAL DENIAL

DEFENDANT SHELIA ROBERSON S JURY DEMAND

DEFENDANT SHELIA ROBERSON S ANSWER TO PLAINTIFFS ORIGINAL PETITION

ORIGINAL ANSWER - GENERAL DENIAL

CERTIFICATE - WRITTEN DISCOVERY

DEF'S CERTIFICATE OF WRITTEN DISCOVERY

PROPOSED ORDER

2 TRIAL JURY CCL#4

2 TRIAL JURY CCL#4

2 TRIAL JURY CCL#4

2 TRIAL JURY CCL#4

ORDER - SCHEDULING

DECLARATION

CERTIFICATE OF WRITTEN DISCOVERY

MOTION - LEAVE

RULE 167.3(D) OBJECTION

DEFENDANTS ACH CHILD AND FAMILY SERVICES AND JALAH

EXHIBIT A & B

TO COURT

PROPOSED PROTECTIVE ORDER

MOTION FOR PROTECTIVE ORDER

DEFENDANTS SECOND JOINT DECLARATION

NOTICE OF HEARING

MOTION - SUBSTITUTION OF COUNSEL

PROPOSED ORDER

PLAINTIFFS RULE 167.3(d) OBJECTION

NOTICE OF INTENTION TO TAKE DEPOSITION

ORDER - SUBSTITUTION OF COUNSEL

NOTICE - TAKE DEPOSITION

PROPOSED ORDER

2 TRIAL JURY CCL#4

2 TRIAL JURY CCL#4

2 TRIAL JURY CCL#4

2 TRIAL JURY CCL#4

ORDER - SCHEDULING

NOTICE

CITATION

CITATION

GOVERNOR GREG ABBOTT

CERTIFICATE

ORIGINAL ANSWER - GENERAL DENIAL

RETURN OF SERVICE

2.    4/12/21  Plaintiffs' Original Petition

FILED
4/12/2021 4:51 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

Case 3:22-cv-01124-S   Document 1-6   Filed 05/20/22   Page 15 of 391   PageID 46

CAUSE NO. CC-21-01363-D

| | | |
|---|---|---|
| ARIANA GEORGE AND RODNEY BOONE, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF AMARI BOONE, DECEASED | § § § § § | IN THE COUNTY COURT |
| PLAINTIFFS, | § § § | |
| VS. | § § § § | AT LAW NO. _____ |
| ACH CHILD AND FAMILY SERVICES, SHELIA ROBERSON, CHAISITY FRIDA–CARO, AND JALAHA LAWRENCE, | § § § § § | |
| DEFENDANTS. | § § | DALLAS COUNTY, TEXAS |

## ORIGINAL PETITION AND JURY DEMAND

Amari Boone no longer has a voice. His voice is gone because the organization entrusted with monitoring his temporary foster care placement cut corners, ignored the obvious, refused to show up, and kept haphazard records.

That organization — **our community. our kids.** — knew what it took to protect Amari against violence and abuse.[1] In fact, it was supposed to be the example of doing just that after becoming the pilot program for private foster care in 2014. Afterall, in the six years leading up to Amari's death, it received between $80 and $92 million from its

---

[1] ACH Child and Family Services calls its community-based care division "**our community. our kids.**" and this Petition does the same.

contract with Texas to bring foster care up to the *minimum level* required by Texas and required by the United States Constitution.

Broken bones, bruises, and facial lacerations are just some of the physical injuries Amari suffered before his death while placed with his new foster parents. There were voices speaking up for Amari while he was still alive. Amari's Court Appointed Special Advocate. Amari's daycare director. Amari's mother. Amari's father. Neighbors. These people all made abuse and neglect reports about Amari's foster parents to **our community. our kids.** They spoke out for nearly two months, only to be disregarded and ignored at every level.

Amari Boone suffered blunt force trauma to his head and was pronounced dead at 1:19AM, on April 12, 2020. He was only three years old. The investigation into his death revealed deadly practices by **our community. our kids.** and its employees— Shelia Roberson, Chaisity Frida–Caro, and Jalah Lawrence. They saw. They heard. They refused to act. Now, Amari's parents must act as his voice. They bring this lawsuit on his behalf asking for answers and asking these Defendants to accept responsibility.

## <u>STATEMENT OF FACTS</u>

### Texas and its Forgotten Children

"They are everybody's children, and nobody's children. They are the forgotten children in the Texas foster care system." Texas Comptroller Carole Keeton Strayhorn opened her office's special report— FORGOTTEN CHILDREN —with that sentence more than fifteen years ago. The report resulted from the Comptroller's investigation into the Texas

foster care system and the agency responsible for it, the Department of Family and Protective Service. It gave children in Texas foster care a voice and argued for increased privatization.

At that time, Child Protective Services used a "dual system" with state-run and private outsource components. On the state-run side, foster families and group homes contracted directly with the DFPS. Those families and group homes were directly recruited and trained by CPS employees. Private contractors provided emergency shelters, residential treatment centers, and private child pacing agencies that handled their own recruiting and training.

The FORGOTTEN CHILDREN investigation took a deep look into CPS's dual system and how CPS used the $1.5 billion in funds it received in 2003.[2] The problems it discovered were many. Inadequate licensing standards. Ineffective licensing investigations. Heavy caseloads and high caseworker turnover. Required face-to-face visits not being done. Missed red flags. It found the quality of care provided in state-run foster care and private foster care differed drastically. Those differences led to a recommendation that the system move towards privatization. In other words, place licensing and investigation into the hands of the state and use private contractors to provide case management.

The journey away from the dual care system was slow. Reports of neglect, abuse,

---

[2] FORGOTTEN CHILDREN, Chapter 1: The Texas Foster Care System at 3.

and endangerment continued. In 2011, a class action lawsuit was filed on behalf of Texas foster care children in the United States District Court for the Southern District of Texas. It pointed to numerous structural deficiencies in the dual system that were putting foster children at an unacceptable risk of harm, including abuse and neglect. Children were suffering maltreatment at an unacceptable rate. The call for action grew louder among Texans and advocacy groups, and the door of opportunity for private contractors began to open wider.

**Texas's Privatization Pilot Program: our community. our kids.**

As problems continued to plague the dual system, Texas decided to test privatization using a pilot program that turned over care responsibilities to a private provider and kept case management responsibilities with the state. **our community. our kids.** was one of several organizations that vied for the lucrative contract. It became the pilot program Single Source Continuum Contractor (SSCC) in January 2014.

Texas's contract with **our community. our kids.** covered a three-year period from 2014 to 2017. It arranged to pay **our community. our kids.** between $35 million and $45 million depending on the number of kids taken into foster care. As it would turn out, **our community. our kids.** would spend all of that money and $6 million more setting up the pilot program's infrastructure. The net loss wasn't a surprise to the organization that had always recognized that selling Texas on **our community. our kids.**'s Community-Based Care expertise would be a huge long-term revenue source.

And sell itself it did. In terms of timing, **our community. our kids.** had positioned

itself perfectly. The 2011 class action lawsuit filed against Texas's DFPS went to trial in December 2014. The evidence against Texas for its past deeds was strong, and the December 2015 verdict against Texas gave the privatization movement more momentum. Advocates and supporters of privatization, including **our community. our kids.**, were ready when the Foster Care Redesign bill was filed the next legislative session.

By the time the 2017 Texas legislative session began, **our community. our kids.**'s contract had been extended another three years to August 2020. The organization had received nearly $92 million in funding as of March 31, 2017. Wayne Carson, the Chief Operating Officer of the parent organization for **our community. our kids.**, testified in favor of the bill before the Senate Health and Human Services Committee claiming that giving the organization control over case management in addition to placement services would allow it to do a better job caring for children. Others cautioned that extending privatization to case management created a serious conflict of interest.

The law eventually passed. Carson gave an interview to Voyage Dallas Magazine that was published in December 2017. When asked what his organization did best, what set it apart from its competitors, Carson answered:

> *No one else in north Texas offers the variety of services that a family can find at ACH. In 2014, another opportunity presented itself to us. The state of Texas had developed a plan to improve the foster care system in Texas and they were looking for an*

*agency to lead the initial effort to start the new program, called Community Based Foster Care. ACH stepped up, despite the funding being inadequate to perform high quality services, and we have successfully implemented the model in a 7 county area in north Texas.*[3]

Sadly, **our community. our kids.** was not matching those words of reassurance with its deeds. In March 2018, the State Auditor's Office issued its *Audit Report on Foster Care Redesign at the Department of Family and Protective Services.*[4] The audit revealed significant problems with documentation, monitoring, and implementation of quality improvement plans for foster families the organization was supposed to be monitoring:

>> Foster care provider did not receive ACH monitoring for <u>more than eighteen months</u>, and during that time children were placed with that foster care provider.

>> ACH paid two foster care providers and placed <u>fifteen children</u> in their care without performing required monitoring for <u>over two years</u>.

>> ACH generally followed up on corrective action plans for <u>two of twelve providers</u> that required corrective action. Documentation was incomplete.

>> ACH <u>didn't check</u> its employees' <u>onsite visit reports</u> to make sure the reports were complete and complied with ACH's policies.

When it came time for the 2019 Texas Legislature to consider expanding and increasing funding for Community-Based Care, CEO Wayne Carson acted as an advocate

---

[3] Voyage Dallas, *Meet Wayne Carson of ACH Child and Family Services*, http://voyagedallas.com/interview/meet-wayne-carson-of-ach-child-and-family-services/ (last visited March 29, 2021).

[4] Tex. State Auditor's Office, *SAO 18-022, Foster Care Redesign at the Department of Family and Protective Services* (Mar. 2018).

for the new legislation in the media. He offered more assurances of his organization's capabilities to take over case management responsibilities to Texas Monthly Magazine. In a March 2019 article titled— *As Texas Privatizes Child Protective Services, Will the Horror Stories Go Unheard?* — Carson boasted about his organization's ability to handle case management and handle it better:

> *Now, we're kind of the quarterback. We know what the needs are, and we can connect people in ways that are difficult more remotely from Austin.*

Texas used a staged plan to transition case management responsibilities to SSCC providers. On March 1, 2020, <span style="color:blue">our community.</span> <span style="color:red">our kids.</span> became the first SSCC to take over case management of foster care and kinship placements. It told Texas it had the right people, systems, and training in place to do the job. The circumstances of Amari Boone's death under <span style="color:blue">our community.</span> <span style="color:red">our kids.</span>'s case management just forty days later proves nothing could be further from the truth.

### Amari Boone's Horror Story

A black Toyota Corolla pulled into Cook Children's Medical Center's ambulance bay at 8:22 am on Friday, April 10, 2020. The driver exited, removed a small child from the backseat, and entered the emergency room waiting area with the child in his arms. What hospital personnel saw in those first moments sent the pediatric emergency department's medical team into immediate action. They recognized the small boy was near death.

That little boy's name was Amari Boone. He was just three years old. The man driving the car was one of the two foster parents with whom Amari and his little brother had been placed less than three months earlier.

Amari Boone arrived at the emergency room in respiratory failure. He required immediate intubation because his blood oxygen levels were so low. His body showed physical signs of severe brain injury, including posturing (abnormal rigid body movement) and bright red blood in his right ear canal. Evidence of visible bodily contusions appeared on Amari's upper right arm. Within an hour, test results confirmed Amari Boone was suffering from a severe brain injury.

Less than two hours after arriving at the emergency room, the specialists at Cook Children's concluded that Amari could not survive his injuries. They ordered a skeletal survey using a series of x-rays to document additional evidence of child abuse. Both child protective services and local police received calls reporting the evidence Amari was dying because of the abuse he sustained while in the kinship placement **our community. our kids.** and its employees were supposed to be monitoring.

In the early morning hours of April 12, 2020, Amari's critical care doctor joined Amari's parents at Amari's bedside in the Pediatric ICU. They watched as the doctor performed a second brain death examination on their three-year-old little boy. The doctor had already talked to them about brain death and its implications, so Amari's parents knew that a second exam confirming brain death meant their Amari was lost.

Amari's death certificate identified his manner of death as homicide as the result

of blunt force trauma of the head. The skeletal scan taken at Cooks and his autopsy confirmed Amari's time living in that fictive kin placement had been filled with systematic physical abuse. Abuse **our community. our kids.** ignored.

### Amari Boone Didn't Have to Die

Amari Boone's death was 100 percent preventable. **our community. our kids.** could have prevented the tragedy. It's employees Shelia Roberson, Chasity Caro, and Jalah Lawrence could have prevented the tragedy.

**our community. our kids.** case manager Shelia Roberson actively participated in placing Amari in the care of Deondrick Foley and his boyfriend Joseph Delancy on January 27, 2020. At that time, Roberson had known Amari for some time as a DFPS caseworker. Roberson was supposed to be his protector and the guide that saw him through his new placement with these fictive kin.

On February 18, 2020, Shelia Roberson, Amari, and Deondrick Foley (Amari's "fictive kin") attended a permanency hearing in court. Roberson didn't document anything about the hearing—including the fact that the hearing even happened—in Amari's file. During the hearing, there was a discussion about Amari having a leg injury. Due to Roberson's failure to document the event, the identity of who brought the injury to Roberson's attention and what was said about the injury during the hearing are both unknown. As a result of whatever was discussed, Roberson told Deondrick Foley that Amari needed to be evaluated at Cook Children's Hospital. Amari's case file is devoid of any mention of Roberson ever following up to make sure Amari received medical care or

check the status of his injury.

That day, just weeks into the placement, Amari Boone went to Cook Children's for the *first* time. That day, weeks into the placement, doctors at Cook Children's diagnosed Amari with a *fractured pelvis*. The fracture was still healing when Amari died according to the skeletal scan taken at that time: "Healing bilateral superior pubic ramus fractures. Probably the superior pubic ramus fracture on the left was present on a pelvis exam from 02/18/2020 in retrospect and questionably the 1 on the right."

Shelia Roberson *didn't include any* information about that critical hospital visit or the results of the hospital visit in Amari's case file. And Roberson did not follow up with the fictive kin or do anything else for Amari until sometime after March 1st. In other words, Roberson sent a three-year-old child just weeks into a new placement to the hospital from a court healing and did nothing to find out what happened.

On March 7, 2020, Amari got to see his parents. What his mother and father saw that day made them scared. The bruises on his body were clear. Ariana suspected abuse. She started taking pictures and she refused to let Amari go back to the fictive kin. Foley's boyfriend, Joseph Delancy, called the police about the situation. Shelia Roberson's bosses at **our community. our kids.**, Director Jalah Lawrence and supervisor Chaisity Frida–Caro got involved. Instead of reviewing the pictures Ariana had taken or visiting in person, the managers did nothing.

Ariana sent the pictures of the bruises and markings on Amari's body to Shelia Roberson that day. Roberson uploaded them into Amari's case **our community. our**

**kids.** case file the next day. Instead of identifying Ariana as the photographer, Roberson identified herself as the photographer. She instructed Amari's fictive kin to take him to Cook Children's *again* to be evaluated.

Neither of Shelia Roberson's bosses at **our community. our kids.**, Director Jalah Lawrence or Supervisor Chaisity Frida–Caro, followed up on the situation. They did not even make sure Amari's **our community. our kids.** case manager went to visit Amari in person to assess his situation. Stated differently, **our community. our kids.** sold itself to Texas as the organization that could do case management better. Yet, it did nothing to make sure someone from its organization went to and checked on Amari Boone in person following a report of suspected abuse.

Amari's fictive kin took him to Cook Children's for the *second* time in less than a month on March 8, 2020. According to Amari's case file, Shelia Roberson has a conversation with Amari's fictive kin the next day and told him she received the medical records from Amari's *second* hospital visit. *Again*, the records weren't placed in Amari's case file and the results weren't documented.

Three days later on March, 11, 2020, Amari's Court Appointed Special Advocate (CASA) made a home visit. She observed such concerning behavior between Amari and his fictive kin and that she reported it to the Texas Abuse Hotline. The CASA reported that the foster parents didn't allow Amari to drink anything and that one of them grabbed Amari's arm roughly. Then, she called Shelia Roberson to share the same information.

The **our community. our kids.** case manager responded with anger. Her anger was not directed at Amari's fictive kin. It was directed at Amari's CASA advocate for reporting her observations to the Texas Abuse Hotline. Shelia Roberson ranted and raved on the call and acted defensive. Sadly, but not surprisingly, Roberson did not document the March 11, 2020 call in Amari's case file. Sadly, but not surprisingly, **our community. our kids.** did not check in on Amari or his case manager's documentation either.

On April 3rd, 2020, Shelia Roberson, Director Jalah Lawrence, and Supervisor Chaisity Frida-Caro, the three **our community. our kids.** employees, discussed Amari's case. They decided Amari would need to be removed if anything else happened because of all the events that had occurred in the previous 30 days. Yet three days later on April 6, 2020, Shelia Roberson documented a message from the fictive kin letting her know that Amari had a swollen eye. Roberson a picture of Amari's eye. The picture showed obvious swelling going from Amari's right ear to his right eye. Roberson documented what she saw as "allergies". She did not make a home visit to see the injury in person.

Four days later, on April 7, 2020, Roberson got a message that Amari would not be at daycare that day. Going to daycare on weekdays was an essential part of Amari's kinship placement plan and Roberson had already had to talk to Amari's foster parents about days missed from daycare. No home visit happened.

The *same thing* happened the next day, according to Shelia Roberson's limited documentation. Yet again, no home visit happened.

On April 9th, 2020, the director of Amari's daycare sent Roberson a message and

a photograph of Amari. Roberson documented getting a message and a picture but did *not* record the contents of the message. The daycare director spoke with Roberson over the phone that day. The daycare director told the **our community. our kids.** case manager something was off with Amari and that he didn't seem right. The phone conversation is not in Amari's case file. However, Roberson did make sure to record something about allergy medication.   During the investigation into Amari's death, investigators took a look at the picture from daycare and noted that they saw visible swelling on the right side of the child's face *and additional large swelling to his right forehead with a linear contusion.*

The next morning, on April 10, 2020, the driver of a black Toyota pulled into the ambulance bay of Cook Children's with the child **our community. our kids.** promised to protect clinging to life. Had **our community. our kids.** done what it promised Texas it would do, Amari Boone would still be alive.

## DISCOVERY CONTROL PLAN

1.     Ariana George and Rodney Boone, individually and as representatives of the Estate of Amari Boone, intend to conduct discovery under a Level III Discovery Control Plan as provided by Texas Rule of Civil Procedure 190.4.

## PARTIES

2.     Defendant ACH Child and Family Services is a domestic nonprofit corporation doing business in the State of Texas. The division of ACH Child and Family Services involved in Community-Based Care as a Single Source Continuum Contractor is known

as **our community. our kids.**, but that division is operated and controlled by ACH Child and Family Services. ACH Child and Family Services can be served through its registered agent, Wayne K. Carson, at 3712 Wichita Street, Fort Worth, Texas 76119.

3.   Defendant Jalah Lawrence is an individual who resided in Tarrant County, Texas at the time that gave rise to the causes of action at issue in this case. She may be served at 1010 Aspen Lane, Mansfield, Texas 76063 or wherever she may be found.

4.   Defendant Chaisity Frida–Caro is an individual who presently resides in Dallas County, Texas and resided in Dallas County, Texas at the time that gave rise to the causes of action at issue in this case. She may be served at 1805 Katrina Lane, Lancaster, Texas 75134 or wherever she may be found.

5.   Defendant Shelia Roberson is an individual who resided in Tarrant County, Texas at the time that gave rise to the causes of action at issue in this case. She may be served at 3651 Prairie Waters Drive, Grand Prairie, Texas 75052 or wherever she may be found.

6.   Plaintiff Ariana George is the natural mother of both Amari Boone, deceased. Ariana resides in Tarrant County, Texas. She brings this case in her individual capacity and as a representative of the Estate of Amari Boone. She does not have a driver's license.

7.   Plaintiff Rodney George is the natural father of both Amari Boone, deceased. Rodney resides in Tarrant County, Texas. He brings this case in his individual capacity and as a representative of the Estate of Amari Boone. The last three digits of his driver's license are 191.

## JURISDICTION AND VENUE

8.      Venue is proper in Dallas County pursuant to TEXAS CIVIL PRACTICES & REMEDIES CODE § 15.002(a)(2) because Defendant Jalah Lawrence was a resident of Dallas County at the time of the events that gave rise to the causes of action set out below.

9.      This Court has jurisdiction because the amount in controversy exceeds the minimum jurisdictional amounts of the Court.

## NO CHARITABLE IMMUNITY OR
## LIMITATIONS ON LIABILITY

10.     Neither **our community. our kids.** or its employees are entitled to immunity under TEXAS CIVIL PRACTICES & REMEDIES CODE Chapter 84 or TEXAS FAMILY CODE § 264.174. At all relevant times, as described above and based on the evidence Plaintiffs anticipate developing throughout this action, the acts and omissions of **our community. our kids.** and its employees were willfully negligent and done with conscious indifference or reckless disregard for the safety of Amari Boone.

## CAUSES OF ACTION

### Count One
### Negligence Per Se Against **our community. our kids.**

11.     Plaintiffs' negligence per se claim is based on the statutes identified and the facts set out in this Petition.

12.     At all relevant times, Texas imposed statutory duties on **our community. our kids.** that were designed to specifically protect children receiving child protection services from Single Source Continuum Contractors.

13.    TEXAS FAMILY CODE § 264.161 entitled *Statutory Duties Assumed by Contractor*,

provides:

> Except as provided by Section 264.163, a single source continuum
> contractor providing foster care services and services for relative and
> kinship caregivers in a catchment area must, either directly or through
> subcontractors, assume the statutory duties of the department in
> connection with the delivery of foster care services and services for relative
> and kinship caregivers in that catchment area.

14.    As it relates to Amari Boone, **our community. our kids.** violated the following

statutory and regulatory duties imposed on it as a Single Source Continuum Contractor

providing Community-Based Care:

    a.    Provide training, including training in trauma-informed programs and
          services, to caseworkers and supervisors. TEX. FAM. CODE § 264.015(a).

    b.    Provide and comply with the Foster Child Bill of Rights under federal
          and state law and policy to:

        (1)    protect   children   from   abuse,   neglect,   exploitation,
               discrimination, and harassment,

        (2)    ensure access to adequate food, clothing, shelter, and education,

        (3)    ensure timely access to necessary medical and mental health
               services,

        (4)    ensure contact and communication with caseworkers, attorneys
               ad litem, guardians ad litem, and court-appointed special
               advocates, and

        (5)    all other protections set out in the Foster Child Bill of Rights that
               ensure all case management actions are in the best interest of the
               child.

*See* TEX. FAM. CODE § 264.008(b).

c.    Develop and implement a policy for receiving and handling reports that the rights of children in kinship placements are not being observed. TEX. FAM. CODE § 264.008(c).

d.    Ensure any child under the single source continuum contractor's care receives any necessary emergency medical care as soon as possible. TEX. FAM. CODE §§ 264.1076, 266.009.

e.    Provide services designed to prevent abuse and alleviate the effects of any abuse suffered. *See* TEX. FAM. CODE § 264.201.

f.    Provide the direct delivery and coordination of a network of formal and informal activities within its catchment for family-based safety services and case management services, including:

(1)    caseworker visits with the child and all caregivers,

(2)    family visits,

(3)    family group counseling and family group decision-making,

(4)    development of the family plan of services,

(5)    monitoring, developing, securing, and coordinating services;

(6)    evaluating the progress of children, caregivers, and families receiving services,

(7)    assuring that the rights of children, caregivers, and families receiving services are protected, and

(8)    any other function or service that the department determines is necessary to allow a single source continuum contractor to assume responsibility for case management.

*See* TEX. FAM. CODE § 264.169.

g.    Provide protective services to children, including protection from

alleged abuse and neglect in kinship placements and implement/manage programs to provide early intervention in situation where a child is at-risk for child abuse. TEX. HUM. RES. CODE § 40.002.

h.   Institute and utilize recruitment of qualified case managers with an emphasis specified education credentials. TEX. HUM. RES. CODE § 40.0326.

i.   Develop and implement adequate training programs for each employee newly hired or promoted to a management position with haste. TEX. HUM. RES. CODE § 40.037.

j.   Balance measures aimed at protecting child safety with federal and state requirements related to normalcy and decision making under the reasonably prudent parent standard prescribed by 42 U.S.C. § 675 and TEXAS FAMILY CODE §§ 264.001, 264.125. *See* TEX. HUM. RES. CODE § 40.043.

15.   Amari Boone was within the exact class of people these statutes were intended to protect. As provided by TEXAS FAMILY CODE § 264.151(a), "The services provided by [SSCCs] must include direct case management to ensure child safety, permanency, and well-being, in accordance with state and federal child welfare goals."

16.   The statutory violations of **our community. our kids.** by its own acts and omissions as well as the acts and omissions of its employees for whom it is vicariously liable proximately caused Plaintiffs' injuries.

17.   Plaintiffs seek damages for **our community. our kids.**'s negligence per se.

**Count Two**
**Negligence Against our community. our kids.**

18.   Plaintiffs' negligence claim is based on the facts set out in this Petition.

19.   At all relevant times, **our community. our kids.** exercised actual control in

providing recruitment, training, and monitoring of its employees and kinship placement caregivers. It exercised actual control over case management services that were supposed to be provided to Amari Boone while he was placed with fictive kin.

20.    Its responsibility over case management, employee training, and caregiver training to ensure child welfare in fictive kinship placements arises under federal and state law was well as our community. our kids.'s contractual arrangement with the Texas Department of Family and Protective Services.

21.    our community. our kids. represented itself and its subcontractors as having the "skills, qualifications, expertise, financial resources, and experience necessary to perform" required services for children and families navigating the State's foster care system. Those services included case management, case documentation, child safety, collaboration conferences, collaboration with DFPS, and consistent communication.

22.    Pursuant to 42 U.S.C. § 675, TEXAS FAMILY CODE §§ 264.001, 264.125, and TEXAS HUMAN RESOURCES CODE § 40.043, our community. our kids.'s owed Amari Boone and his parents a heightened duty of care. That standard— the "standard of care of a reasonable and prudent parent"— means:

> . . . the standard of care that a parent of reasonable judgment, skill, and caution would exercise in addressing the health, safety, and welfare of a child while encouraging the emotional and developmental growth of the child, taking into consideration:
>
> (A) the overall health and safety of the child;
>
> (B) the child's age, maturity, and development level;

(C) the best interest of the child based on the caregiver's knowledge of the child;

(D) the appropriateness of a proposed activity and any potential risk factors;

(E) the behavioral history of the child and the child's ability to safely participate in a proposed activity;

(F) the importance of encouraging the child's social, emotional, and developmental growth; and

(G) the importance of providing the child with the most family-like living experience possible.

TEX. FAM. CODE § 264.001(5).

23.     Additionally, and alternatively, **our community. our kids.** owed Amari and his parents a duty of care to act as a reasonable Single Source Continuum Contractor would act under the same or similar circumstances. That duty required **our community. our kids.** to act in a reasonable manner, including but not limited to:

a.     Hiring, supervising, and training its employees in case management, case file documentation, child abuse detection, child abuse prevention, child abuse reporting, and child abuse response,

b.     Timely, complete, and accurate case management documentation,

c.     Case management of children in kinship placements and fictive kinship placements,

e.     Maintaining consistent contact and communication with all participants in the child's services and life,

f.     Child abuse detection, prevention, reporting, and response, and

g.     Acting in all ways with a child's best interest in mind.

24.     The standard of care violations of **our community. our kids.** by its own acts and omissions as well as the acts and omissions of its employees for whom it is vicariously liable proximately caused Plaintiffs' injuries.

25.     Plaintiffs seek damages for **our community. our kids.**'s negligence.

### Count Three
### Negligent Undertaking Against **our community. our kids.**

26.     Plaintiffs' negligent undertaking claim is based on the facts set out in this Petition.

27.     Pursuant to RESTATEMENT (Second) OF TORTS § 323, **our community. our kids.** undertook, for its pecuniary benefit, to control the methods, policies and procedures, and conditions of training, supervising, and providing case management services for the protection of Amari Boone while he was placed with fictive kin.

28.     Having assumed those duties, **our community. our kids.** acted negligently and unreasonably as set forth in the preceding counts and described in the fact section of this Petition.

29.     Amari Boone died because of **our community. our kids.**'s failure to exercise reasonable care in fulfilling those duties. Amari Boone's parents lost their three year old little boy **our community. our kids.**'s failure to exercise reasonable care in fulfilling those duties.

30.     Further, **our community. our kids.**'s failure to exercise reasonable care in fulfilling those duties increased the risk of harm to Amari Boone, or in the alternative, Amari and his parents were harmed in reliance upon **our community. our kids.**'s failure

to warn them of dangers known to it.

31.     **our community. our kids.**'s negligence in performing the duties it voluntarily undertook proximately caused Plaintiffs' injuries.

32.     Plaintiffs seek damages for **our community. our kids.**'s negligence in performing the duties it voluntarily undertook.

**Count Four**
**Negligence Per Se Against Employees of our community. our kids.**

33.     Plaintiffs' negligence per se claim against the employees of **our community. our kids.** is based on the statutes identified and the facts set out in this Petition.

34.     At all relevant times, Texas imposed statutory duties on Shelia Roberson, Chaisity Frida–Caro, and Jalah Lawrence as employees of **our community. our kids.** Those duties were specifically designed to protect children receiving child protection services from Single Source Continuum Contractors.

35.     TEXAS FAMILY CODE § 264.161 entitled *Statutory Duties Assumed by Contractor*, provides:

> Except as provided by Section 264.163, a single source continuum contractor providing foster care services and services for relative and kinship caregivers in a catchment area must, either directly or through subcontractors, assume the statutory duties of the department in connection with the delivery of foster care services and services for relative and kinship caregivers in that catchment area.

36.     As it relates to Amari Boone, **our community. our kids.** violated the following statutory and regulatory duties imposed on it as a Single Source Continuum Contractor

providing Community-Based Care:

a. Provide training, including training in trauma-informed programs and services, to caseworkers and supervisors. TEX. FAM. CODE § 264.015(a).

b. Provide and comply with the Foster Child Bill of Rights under federal and state law and policy to:

   (1) protect children from abuse, neglect, exploitation, discrimination, and harassment,

   (2) ensure access to adequate food, clothing, shelter, and education,

   (3) ensure timely access to necessary medical and mental health services,

   (4) ensure contact and communication with caseworkers, attorneys ad litem, guardians ad litem, and court-appointed special advocates, and

   (5) all other protections set out in the Foster Child Bill of Rights that ensure all case management actions are in the best interest of the child.

   *See* TEX. FAM. CODE § 264.008(b).

c. Develop and implement a policy for receiving and handling reports that the rights of children in kinship placements are not being observed. TEX. FAM. CODE § 264.008(c).

d. Ensure any child under the single source continuum contractor's care receives any necessary emergency medical care as soon as possible. TEX. FAM. CODE §§ 264.1076, 266.009.

e. Provide services designed to prevent abuse, alleviate the effects of any abuse suffered. *See* TEX. FAM. CODE § 264.201.

f. Provide the direct delivery and coordination of a network of formal and informal activities within its catchment for family-based safety services

and case management services, including:

(1)  caseworker visits with the child and all caregivers,

(2)  family visits,

(3)  family group counseling and family group decision-making,

(4)  development of the family plan of services,

(5)  monitoring, developing, securing, and coordinating services,

(6)  evaluating the progress of children, caregivers, and families receiving services,

(7)  assuring that the rights of children, caregivers, and families receiving services are protected, and

(8)  any other function or service that the department determines is necessary to allow a single source continuum contractor to assume responsibility for case management.

*See* TEX. FAM. CODE § 264.169.

g.  Provide protective services to children, including protection from alleged abuse and neglect in kinship placements and implement/manage programs to provide early intervention in situation where a child is at-risk for child abuse. TEX. HUM. RES. CODE § 40.002.

h.  Institute and utilize recruitment of qualified case managers with an emphasis specified education credentials. TEX. HUM. RES. CODE § 40.0326.

i.  Develop and implement adequate training programs for each employee newly hired or promoted to a management position with haste. TEX. HUM. RES. CODE § 40.037.

j.  Balance measures aimed at protecting child safety with federal and state requirements related to normalcy and decision making under the reasonably prudent parent standard prescribed by 42 U.S.C. § 675 and

TEXAS FAMILY CODE §§ 264.001, 264.125. *See* TEX. HUM. RES. CODE § 40.043.

37.    Amari Boone and his parents were within the exact class these statutes were intended to protect. As provided by TEXAS FAMILY CODE § 264.151(a), "The services provided by [SSCCs] must include direct case management to ensure child safety, permanency, and well-being, in accordance with state and federal child welfare goals."

38.    The statutory violations of Shelia Roberson, Chaisity Frida–Caro, and Jalah Lawrence while in the scope of their employment with **our community. our kids.** proximately caused Plaintiffs' injuries.

39.    Plaintiffs seek damages for **our community. our kids.**'s negligence per se.

## Count Five
## Gross Negligence Against All Defendants

40.    Plaintiffs' gross negligence claim is based on the facts set out in this Petition.

41.    Amari's parents aver that the conduct of Defendants as set forth above constitutes gross negligence as the law defines those terms. Defendants were consciously aware of an extreme degree of risk conduct posed to Amari Boone and other children in community-based care, but they nevertheless proceeded in failing to act to protect them in complete disregard for their rights, safety, and welfare.

42.    For this gross negligence, Plaintiffs as individuals and in their representative capacities specifically plead for the recovery of exemplary damages as set forth below.

## AGENCY

43.    At all relevant times, Shelia Roberson, Chaisity Frida–Caro, and Jalah Lawrence

were in the course and scope of their employment with or acting as agents of ACH Family

Services such that it is liable for the conduct of those employees or agents.

## **DAMAGES**

44.     Pursuant to TEXAS CIVIL PRACTICES & REMEDIES CODE § 71.021, in their capacity as

representatives of the Estate of Amari Boone, Ariana George and Rodney Boone seek

damages including, but not limited to, the following:

> a.     Pain and suffering,
>
> b.     Mental anguish,
>
> c.     Physical disfigurement,
>
> d.     Medical care expenses, and
>
> e.     Funeral expenses.

45.     Pursuant to TEXAS CIVIL PRACTICES & REMEDIES CODE § 71.002, Ariana George is a

wrongful death beneficiary as the surviving mother of Amari Boone. In that capacity, she

seeks damages including, but not limited to, the following:

> a.     Past and future mental anguish,
>
> b.     Loss of companionship and society, and
>
> c.     Funeral expenses.

46.     Pursuant to TEXAS CIVIL PRACTICES & REMEDIES CODE § 71.002, Rodney Boone is a

wrongful death beneficiary as the surviving father of Amari Boone. In that capacity, he

seeks damages including, but not limited to, the following:

> a.     Past and future mental anguish,

> b.      Loss of companionship and society, and
>
> c.      Funeral expenses.

47.     As required by TEXAS RULE OF CIVIL PROCEDURE 47, Plaintiffs seek monetary damages in excess of $1,000,000. The above damages exceed the minimal jurisdiction of this Court, and Plaintiffs ask for full recovery of such damages following a trial by jury.

## EXEMPLARY DAMAGES

48.     Ariana George and Rodney Boone, individually and as representatives of the Estate of Amari Boone, allege that each and every act or omission of Defendants and their agents described in this Petition, when viewed objectively from the standpoint of policymakers, involved an extreme degree of risk, considering the probability and magnitude of the physical harm to others and that Defendants had actual subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of Amari Boone and other children in community-based care.

49.     As such, Defendants' conduct amounts to gross negligence or malice, as those terms are defined by law, so as to give rise to an award of exemplary or punitive damages, for which Ariana George and Rodney Boone, individually and in their representative capacities, now pleads against Defendants. Further, by reason of such conduct, Ariana George and Rodney Boone, individually and in their representative capacities, are entitled to and therefore assert a claim for punitive and exemplary damages in an amount sufficient to punish and deter Defendants, and others like Defendants, from such

conduct in the future.

50.    Additionally, each of the malicious and fraudulent acts of Defendants independently give rise to an award of exemplary or punitive damages, for which Plaintiffs now pleads against Defendants in an amount sufficient to punish and deter Defendants, and others like Defendants, from such conduct in the future.

## DEFENDANTS ARE LIABLE FOR UNCAPPED EXEMPLARY DAMAGES

51.    The limitation on recovery of exemplary damages relating to criminal acts of another imposed by Texas Civil Practices & Remedies Code § 41.005 does not apply to this case. At all relevant times, ACH Family Services' employees committed criminal acts, ACH Family Services authorized the doing and manner of those criminal acts, employees Chaisity Frida–Caro and Jalah Lawrence were employed in managerial capacities and acting within the scope of their employment. Additionally, and alternatively, ACH Family Services or managers Chaisity Frida–Caro and Jalah Lawrence ratified and/or approved the acts of Shelia Roberson which violated Texas Penal Code § 22.04.

52.    Further, the limitation on the amount of exemplary damages set out in Texas Civil Practices & Remedies Code § 41.005 does not apply in this case because Plaintiff seeks exemplary damages based on conduct described as a felony pursuant to Texas Penal Code § 22.04.

## PREJUDGMENT AND POST-JUDGMENT INTEREST

53.    Plaintiffs request prejudgment and post-judgment interest in accordance with the

maximum legal interest rates allowable as interpreted under the laws of the State of Texas.

## REQUEST FOR A JURY TRIAL

54.    Plaintiffs demand a jury trial on all issues so triable and contemporaneously with the filing of this Petition submits the applicable fee.

## PRAYER

Ariana George and Rodney Boone, individually and as representatives of the Estate of Amari Boone, ask that Defendants ACH Child and Family Services, Shelia Roberson, Chaisity Frida–Caro, and Jalah Lawrence are served with citation directing them to appear and answer this Original Petition and Jury Demand. They further ask the Court to enter a judgment awarding her damages, costs of court, prejudgment and post-judgment interest, and any further relief to which they may be justly entitled after the final determination of the causes of action set out above.

Respectfully Submitted,

_____

Russell T. Button
State Bar No. 24077428
Russell@buttonlawfirm.com
Ashley D. Washington
State Bar No. 24102030
Ashley@buttonlawfirm.com
THE BUTTON LAW FIRM
4315 West Lovers Lane, Suite A
Dallas, Texas 75209
Telephone: 214-888-2216
Facsimile: 214-481-8667

Heather Lynn Long
State Bar No. 24055865
heather@heatherlonglaw.com
HEATHER LONG LAW PC
4310 N. Central Expressway
Dallas, Texas 75206
Telephone:  214-699-5994

Brent W. Chandler
State Bar No. 24055291
brent@chandlerrosslaw.com
John A. Ross, Jr.
State Bar No. 24053453
tony@chandlerrosslaw.com
CHANDLER │ ROSS, PLLC
110 N. Woodrow, Ste. 120
Denton, Texas 76205
Telephone: 940-800-2500
Facsimile: 866-464-8315

**ATTORNEYS FOR PLAINTIFFS**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Russell Button on behalf of Russell Button
Bar No. 24077428
service@buttonlawfirm.com
Envelope ID: 52378667
Status as of 4/13/2021 8:29 AM CST

Associated Case Party: ARIANA GEORGE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Russell Button | | service@buttonlawfirm.com | 4/12/2021 4:51:44 PM | SENT |

3.    4/13/21   State of Texas Citation

# THE STATE OF TEXAS
# CITATION
CAUSE NO. **CC-21-01363-D**
COUNTY COURT AT LAW NO. 4
Dallas County, Texas

TO:

**ACH CHILD AND FAMILY SERVICES**
**SERVE ITS REGISTERED AGENT WAYNE K CARSON**
**3712 WICHITA STREET**
**FORT WORTH TX  76119**

"You have been sued.  You may employ an attorney.  If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and ORIGINAL PETITION AND JURY DEMAND, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."   Your answer should be addressed to the clerk of  County Court at Law No. 4 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas  75202.

**ARIANA GEORGE; RODNEY BOONE, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF AMARI BOONE, DECEASED**
*Plaintiff(s)*
**VS.**

**ACH CHILD AND FAMILY SERVICES; SHELIA ROBERSON; CHAISITY FRIDA-CARO; JALAHA LAWRENCE**
*Defendant(s)*

filed in said Court on the 13th day of April, 2021, a copy of which accompanies this citation.

**WITNESS:   JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas.  GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 15th day of April, 2021 A.D.

JOHN F. WARREN, Dallas County Clerk

By *Guisla Hernandez* , Deputy
Guisla Hernandez



| ATTORNEY |
|---|
| **CITATION**
**ORIGINAL PETITION AND JURY DEMAND** |
| **CC-21-01363-D** |
| IN THE COUNTY COURT OF DALLAS
County Court at Law No. 4
Dallas County, Texas

ARIANA GEORGE; RODNEY BOONE, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF AMARI BOONE, DECEASED
*Plaintiff(s)*

VS.

ACH CHILD AND FAMILY SERVICES; SHELIA ROBERSON; CHAISITY FRIDA-CARO; JALAHA LAWRENCE,
*Defendant(s)* |
| **SERVE:**
**ACH CHILD AND FAMILY SERVICES**
**SERVE ITS REGISTERED AGENT WAYNE K CARSON**
**3712 WICHITA STREET**
**FORT WORTH TX  76119**

**ISSUED THIS**
**15TH DAY OF APRIL, 2021**

JOHN F. WARREN, COUNTY CLERK
BY: GUISLA HERNANDEZ, DEPUTY |
| Attorney for Plaintiff |
| RUSSELL T BUTTON
THE BUTTON LAW FIRM PLLC
4315 W LOVERS LANE
SUITE A
DALLAS TX  75209
214-888-2216 |

NO OFFICER'S FEES HAVE BEEN COLLECTED BY DALLAS COUNTY CLERK

# OFFICER'S RETURN

CC-21-01363-D  County Court at Law No. 4

ARIANA GEORGE; RODNEY BOONE, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF AMARI BOONE, DECEASED vs. ACH CHILD AND FAMILY SERVICES, SHELIA ROBERSON, CHAISITY FRIDA-CARO.et al

**ADDRESS FOR SERVICE:**
SERVE ITS REGISTERED AGENT WAYNE K CARSON
3712 WICHITA STREET
FORT WORTH TX  76119

**Fees:**
Came to hand on the _____ day of _____, 20_____, at _____o'clock _____.m., and executed in _____ County, Texas by delivering to ACH CHILD AND FAMILY SERVICES in person, a true copy of this Citation together with the accompanying copy of the ORIGINAL PETITION AND JURY DEMAND with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|------|-----------|---------------------------------------------|
|      |           |                                             |
|      |           |                                             |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

Serving Petition and Copy     $_____     _____, Officer

Total   $_____            _____, County, Texas

By:_____, Deputy

_____, Affiant

4.    4/13/21   State of Texas Citation

# THE STATE OF TEXAS

# CITATION
CAUSE NO. **CC-21-01363-D**
COUNTY COURT AT LAW NO. 4
Dallas County, Texas

TO:

**CHAISITY FRIDA-CARO**
**1805 KATRINA LANE**
**LANCASTER TX  75134**

"You have been sued.  You may employ an attorney.  If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and ORIGINAL PETITION AND JURY DEMAND, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."   Your answer should be addressed to the clerk of  County Court at Law No. 4 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas  75202.

**ARIANA GEORGE; RODNEY BOONE, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF AMARI BOONE, DECEASED**
*Plaintiff(s)*
**VS.**

**ACH CHILD AND FAMILY SERVICES; SHELIA ROBERSON; CHAISITY FRIDA-CARO; JALAHA LAWRENCE**
*Defendant(s)*
filed in said Court on the 13th day of April, 2021, a copy of which accompanies this citation.

**WITNESS:  JOHN F. WARREN,** Clerk of the County Courts of Dallas County, Texas.  GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 15th day of April, 2021 A.D.

JOHN F. WARREN, Dallas County Clerk

By _Guisla Hernandez_ Deputy
        Guisla Hernandez



---

**ATTORNEY**

**CITATION**
**ORIGINAL PETITION AND JURY DEMAND**

**CC-21-01363-D**

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 4
**Dallas County, Texas**

ARIANA GEORGE; RODNEY BOONE, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF AMARI BOONE, DECEASED
*Plaintiff(s)*

**VS.**

ACH CHILD AND FAMILY SERVICES; SHELIA ROBERSON; CHAISITY FRIDA-CARO; JALAHA LAWRENCE, *Defendant(s)*

**SERVE:**
**CHAISITY FRIDA-CARO**
**1805 KATRINA LANE**
**LANCASTER TX  75134**

**ISSUED THIS**
**15TH DAY OF APRIL, 2021**

JOHN F. WARREN, COUNTY CLERK
BY: GUISLA HERNANDEZ, DEPUTY

Attorney for Plaintiff

RUSSELL T BUTTON
THE BUTTON LAW FIRM PLLC
4315 W LOVERS LANE
SUITE A
DALLAS TX  75209
214-888-2216

**NO OFFICER'S FEES HAVE BEEN COLLECTED BY DALLAS COUNTY CLERK**

**OFFICER'S RETURN**

CC-21-01363-D   County Court at Law No. 4

ARIANA GEORGE; RODNEY BOONE, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF AMARI BOONE, DECEASED vs. ACH CHILD AND FAMILY SERVICES, SHELIA ROBERSON, CHAISITY FRIDA-CARO.et al

**ADDRESS FOR SERVICE:**
1805 KATRINA LANE
LANCASTER TX  75134

**Fees:**
Came to hand on the _____day of _____, 20_____, at _____o'clock _____.m., and executed in _____ County, Texas by delivering to CHAISITY FRIDA-CARO in person, a true copy of this Citation together with the accompanying copy of the ORIGINAL PETITION AND JURY DEMAND with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
| --- | --- | --- |
| | | |
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

Serving Petition and Copy     $_____     _____, Officer

Total     $_____     _____, County, Texas

By:_____, Deputy

_____, Affiant

5.     4/13/21   State of Texas Citation

# THE STATE OF TEXAS
# CITATION

CAUSE NO. **CC-21-01363-D**
COUNTY COURT AT LAW NO. 4
Dallas County, Texas

| | ATTORNEY |
|---|---|
| | **CITATION** |
| | **ORIGINAL PETITION AND JURY DEMAND** |

**CC-21-01363-D**

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 4
Dallas County, Texas

ARIANA GEORGE; RODNEY BOONE,
INDIVIDUALLY AND AS
REPRESENTATIVES OF THE ESTATE
OF AMARI BOONE, DECEASED,
*Plaintiff(s)*

**VS.**

ACH CHILD AND FAMILY
SERVICES; SHELIA ROBERSON;
CHAISITY FRIDA-CARO; JALAHA
LAWRENCE, *Defendant(s)*

TO:

JALAHA LAWRENCE
1010 ASPEN LANE
MANSFIELD TX 76063

"You have been sued. You may employ an attorney. If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and ORIGINAL PETITION AND JURY DEMAND, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org." Your answer should be addressed to the clerk of County Court at Law No. 4 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas 75202.

**ARIANA GEORGE; RODNEY BOONE, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF AMARI BOONE, DECEASED**
*Plaintiff(s)*
**VS.**

**ACH CHILD AND FAMILY SERVICES; SHELIA ROBERSON; CHAISITY FRIDA-CARO; JALAHA LAWRENCE**
*Defendant(s)*

filed in said Court on the 13th day of April, 2021, a copy of which accompanies this citation.

**WITNESS: JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas. GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 15th day of April, 2021 A.D.

JOHN F. WARREN, Dallas County Clerk

By *Guisla Hernandez* Deputy
Guisla Hernandez

**SERVE:**
JALAHA LAWRENCE
1010 ASPEN LANE
MANSFIELD TX 76063

**ISSUED THIS**
**15TH DAY OF APRIL, 2021**

JOHN F. WARREN, COUNTY CLERK
BY: GUISLA HERNANDEZ, DEPUTY

Attorney for Plaintiff

RUSSELL T BUTTON
THE BUTTON LAW FIRM PLLC
4315 W LOVERS LANE
SUITE A
DALLAS TX 75209
214-888-2216



NO OFFICIAL FEES HAVE BEEN COLLECTED BY DALLAS COUNTY CLERK

**OFFICER'S RETURN**

CC-21-01363-D   County Court at Law No. 4

ARIANA GEORGE; RODNEY BOONE, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF AMARI BOONE, DECEASED vs. ACH CHILD AND FAMILY SERVICES, SHELIA ROBERSON, CHAISITY FRIDA-CARO.et al

**ADDRESS FOR SERVICE:**
1010 ASPEN LANE
MANSFIELD TX  76063

**Fees:**
Came to hand on the _____day of _____, 20_____, at _____o'clock_____.m., and executed in _____ County, Texas by delivering to JALAHA LAWRENCE in person, a true copy of this Citation together with the accompanying copy of the ORIGINAL PETITION AND JURY DEMAND with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|------|-----------|--------------------------------------------|
|      |           |                                            |
|      |           |                                            |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

Serving Petition and Copy     $_____     _____, Officer

Total   $_____     _____, County, Texas

By:_____, Deputy

_____, Affiant

6.   4/13/21  State of Texas Citation

# THE STATE OF TEXAS
# CITATION

CAUSE NO. **CC-21-01363-D**
COUNTY COURT AT LAW NO. 4
Dallas County, Texas

TO:

**SHELIA ROBERSON**
**3651 PRAIRIE WATERS DRIVE**
**GRAND PRAIRIE TX  75052**

"You have been sued.  You may employ an attorney.  If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and ORIGINAL PETITION AND JURY DEMAND, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."  Your answer should be addressed to the clerk of  County Court at Law No. 4 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas  75202.

**ARIANA GEORGE; RODNEY BOONE, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF AMARI BOONE, DECEASED**
*Plaintiff(s)*
**VS.**

**ACH CHILD AND FAMILY SERVICES; SHELIA ROBERSON; CHAISITY FRIDA-CARO; JALAHA LAWRENCE**
*Defendant(s)*

filed in said Court on the 13th day of April, 2021, a copy of which accompanies this citation.

**WITNESS:   JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas.  GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 15th day of April, 2021 A.D.

JOHN F. WARREN, Dallas County Clerk

By *Guisla Hernandez*, Deputy
Guisla Hernandez



---

**ATTORNEY**

**CITATION**
**ORIGINAL PETITION AND JURY DEMAND**

**CC-21-01363-D**

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 4
**Dallas County, Texas**

ARIANA GEORGE; RODNEY BOONE, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF AMARI BOONE, DECEASED, *Plaintiff(s)*

**VS.**

ACH CHILD AND FAMILY SERVICES; SHELIA ROBERSON; CHAISITY FRIDA-CARO; JALAHA LAWRENCE, *Defendant(s)*

---

**SERVE:**
**SHELIA ROBERSON**
**3651 PRAIRIE WATERS DRIVE**
**GRAND PRAIRIE TX  75052**

**ISSUED THIS**
**15TH DAY OF APRIL, 2021**

JOHN F. WARREN, COUNTY CLERK
BY: GUISLA HERNANDEZ, DEPUTY

---

Attorney for Plaintiff

RUSSELL T BUTTON
THE BUTTON LAW FIRM PLLC
4315 W LOVERS LANE
SUITE A
DALLAS TX  75209
214-888-2216

NO OFFICER'S FEES HAVE BEEN COLLECTED BY DALLAS COUNTY CLERK

## OFFICER'S RETURN

CC-21-01363-D  County Court at Law No. 4

ARIANA GEORGE; RODNEY BOONE, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF AMARI BOONE, DECEASED vs. ACH CHILD AND FAMILY SERVICES, SHELIA ROBERSON, CHAISITY FRIDA-CARO.et al

**ADDRESS FOR SERVICE:**
3651 PRAIRIE WATERS DRIVE
GRAND PRAIRIE TX  75052

**Fees:**
Came to hand on the _____day of _____, 20_____, at _____o'clock _____.m., and executed in _____County, Texas by delivering to SHELIA ROBERSON in person, a true copy of this Citation together with the accompanying copy of the ORIGINAL PETITION AND JURY DEMAND with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
|  |  |  |
|  |  |  |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

Serving Petition and Copy        $_____      _____, Officer

Total    $_____                          _____, County, Texas

By:_____, Deputy

_____, Affiant

7.    4/19/21  Officer's Return of Service

FILED
4/19/2021 4:27 PM
JOHN F. WARREN
Electronically Served
4/15/2021 9:21 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

# THE STATE OF TEXAS
# CITATION

CAUSE NO. **CC-21-01363-D**
COUNTY COURT AT LAW NO. 4
Dallas County, Texas

**TO:**

**JALAHA LAWRENCE**
**1010 ASPEN LANE**
**MANSFIELD TX 76063**

"You have been sued. You may employ an attorney. If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and ORIGINAL PETITION AND JURY DEMAND, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org." Your answer should be addressed to the clerk of County Court at Law No. 4 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas 75202.

**ARIANA GEORGE; RODNEY BOONE, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF AMARI BOONE, DECEASED**
*Plaintiff(s)*
VS.

**ACH CHILD AND FAMILY SERVICES; SHELIA ROBERSON; CHAISITY FRIDA-CARO; JALAHA LAWRENCE**
*Defendant(s)*

filed in said Court on the 13th day of April, 2021, a copy of which accompanies this citation.

**WITNESS: JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas. GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 15th day of April, 2021 A.D.

JOHN F. WARREN, Dallas County Clerk

By _Guisla Hernandez_ Deputy
Guisla Hernandez



---

| **ATTORNEY** |
| --- |
| **CITATION**<br>**ORIGINAL PETITION AND JURY DEMAND** |
| **CC-21-01363-D** |

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 4
Dallas County, Texas

ARIANA GEORGE; RODNEY BOONE, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF AMARI BOONE, DECEASED,
*Plaintiff(s)*

VS.

ACH CHILD AND FAMILY SERVICES; SHELIA ROBERSON; CHAISITY FRIDA-CARO; JALAHA LAWRENCE, *Defendant(s)*

---

**SERVE:**
**JALAHA LAWRENCE**
**1010 ASPEN LANE**
**MANSFIELD TX 76063**

**ISSUED THIS**
**15TH DAY OF APRIL, 2021**

JOHN F. WARREN, COUNTY CLERK
BY: GUISLA HERNANDEZ, DEPUTY

Attorney for Plaintiff

RUSSELL T BUTTON
THE BUTTON LAW FIRM PLLC
4315 W LOVERS LANE
SUITE A
DALLAS TX 75209
214-888-2216

NO OFFICER FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

## OFFICER'S RETURN

CC-21-01363-D   County Court at Law No. 4

ARIANA GEORGE; RODNEY BOONE, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF AMARI BOONE, DECEASED vs. ACH CHILD AND FAMILY SERVICES, SHELIA ROBERSON, CHAISITY FRIDA-CARO.et al

**ADDRESS FOR SERVICE:**
1010 ASPEN LANE
MANSFIELD TX 76063

**Fees:**
Came to hand on the __15__ day of __April__, 20 21 , at _6:00_o'clock _P_.m., and executed in _current_. County, Texas by delivering to JALAHA LAWRENCE in person, a true copy of this Citation together with the accompanying copy of the ORIGINAL PETITION AND JURY DEMAND with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| JALAHA LAWRENCE | April/15/21 - 9:15 PM. | 1010 ASPEN LN. MANSFIELD, TX 76063 |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

and the cause or failure to execute this process is:

and the information received as to the whereabouts of said defendant(s) being:

SWORN TO AND SUBSCRIBED BEFORE ME
ON THIS _16_ DAY OF _April_ 20_21_

Serving Petition and Copy   $ _____

Total  $ 75.00

_____, Officer    ID: 555
____ Dallas ____, County, Texas    EX: 7/34 22
By:_____, Deputy
_____, Affiant

ACQUELINE RENDON CERVANTEZ
Notary Public, State of Texas
Comm Expires 08-13-2024
Notary ID 132623008

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 52607897
Status as of 4/19/2021 4:30 PM CST

Associated Case Party: ARIANA GEORGE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Russell Button | | service@buttonlawfirm.com | 4/19/2021 4:27:09 PM | SENT |
| Heather LynnLong | | heather@heatherlonglaw.com | 4/19/2021 4:27:09 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Brent W.Chandler | | brent@chandlerrosslaw.com | 4/19/2021 4:27:09 PM | SENT |
| John A.Ross, Jr. | | tony@chandlerrosslaw.com | 4/19/2021 4:27:09 PM | SENT |
| Jennifer Moore | | Jennifer@chandlerrosslaw.com | 4/19/2021 4:27:09 PM | SENT |

8.    4/22/22  Officer's Return of Service

FILED
4/22/2021 1:12 PM
JOHN F. WARREN
Electronically Served
4/15/2021 COUNTY CLERK
DALLAS COUNTY

# THE STATE OF TEXAS
# CITATION

CAUSE NO. **CC-21-01363-D**
COUNTY COURT AT LAW NO. 4
Dallas County, Texas

TO:

**ACH CHILD AND FAMILY SERVICES**
**SERVE ITS REGISTERED AGENT WAYNE K CARSON**
**3712 WICHITA STREET**
**FORT WORTH TX  76119**

"You have been sued. You may employ an attorney. If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and ORIGINAL PETITION AND JURY DEMAND, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."  Your answer should be addressed to the clerk of  County Court at Law No. 4 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas  75202.

**ARIANA GEORGE; RODNEY BOONE, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF AMARI BOONE, DECEASED**
*Plaintiff(s)*
VS.

**ACH CHILD AND FAMILY SERVICES; SHELIA ROBERSON; CHAISITY FRIDA-CARO; JALAHA LAWRENCE**
*Defendant(s)*

filed in said Court on the 13th day of April, 2021, a copy of which accompanies this citation.

**WITNESS:  JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas.  GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 15th day of April, 2021 A.D.

JOHN F. WARREN, Dallas County Clerk

B*Guisla Hernandez*, Deputy
Guisla Hernandez



---

**ATTORNEY**

**CITATION**
**ORIGINAL PETITION AND JURY DEMAND**

**CC-21-01363-D**

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 4
Dallas County, Texas

ARIANA GEORGE; RODNEY BOONE,
INDIVIDUALLY AND AS
REPRESENTATIVES OF THE ESTATE OF
AMARI BOONE, DECEASED
*Plaintiff(s)*

VS.

ACH CHILD AND FAMILY SERVICES;
SHELIA ROBERSON; CHAISITY FRIDA-
CARO; JALAHA LAWRENCE,
*Defendant(s)*

---

**SERVE:**
**ACH CHILD AND FAMILY SERVICES**
**SERVE ITS REGISTERED AGENT WAYNE**
**K CARSON**
**3712 WICHITA STREET**
**FORT WORTH TX  76119**

**ISSUED THIS**
**15TH DAY OF APRIL, 2021**

JOHN F. WARREN, COUNTY CLERK
BY: GUISLA HERNANDEZ, DEPUTY

Attorney for Plaintiff

RUSSELL T BUTTON
THE BUTTON LAW FIRM PLLC
4315 W LOVERS LANE
SUITE A
DALLAS TX  75209
214-888-2216

NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

## OFFICER'S RETURN

CC-21-01363-D County Court at Law No. 4

ARIANA GEORGE; RODNEY BOONE, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF AMARI BOONE, DECEASED vs. ACH CHILD AND FAMILY SERVICES, SHELIA ROBERSON, CHAISITY FRIDA-CARO.et al

**ADDRESS FOR SERVICE:**
SERVE ITS REGISTERED AGENT WAYNE K CARSON
3712 WICHITA STREET
FORT WORTH TX 76119

**Fees:**

Came to hand on the _15_ day of _april_ , 20 _21_ , at _12_ o'clock _P_ .m., and executed in _Tarrant_ County, Texas by delivering to ACH CHILD AND FAMILY SERVICES in person, a true copy of this Citation together with the accompanying copy of the ORIGINAL PETITION AND JURY DEMAND with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| ACH child family services | 4-19-21 | 3712 wichita st. ft worth Tx 76119 |
| Bryen Wayne & Carson | 10:04 Am | Maria rodriquez |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

Patrice Halstead

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS _21_ DAY OF _april_ 20_21_

acquelin Cendon

Serving Petition and Copy $ _____   _____ , Officer

Total $ _75.00_   _____ , County, Texas

By: _____ , Deputy

Patrice & Halblso 0623 8-21 , Affiant

JACQUELINE RENDON CER. EL
Notary Public. State 1 exas
mm. expires 1-2024
Notary 132623008

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Envelope ID: 52726368
Status as of 4/22/2021 1:18 PM CST

Associated Case Party: ARIANA GEORGE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Russell Button | | service@buttonlawfirm.com | 4/22/2021 1:12:02 PM | SENT |
| Heather LynnLong | | heather@heatherlonglaw.com | 4/22/2021 1:12:02 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jennifer Moore | | Jennifer@chandlerrosslaw.com | 4/22/2021 1:12:02 PM | SENT |
| Brent W.Chandler | | brent@chandlerrosslaw.com | 4/22/2021 1:12:02 PM | SENT |
| John A.Ross, Jr. | | tony@chandlerrosslaw.com | 4/22/2021 1:12:02 PM | SENT |

# 9.  4/22/22  Officer's Return of Service

FILED
4/22/2021 1:04 PM
JOHN F. WARREN
Electronically Submitted CLERK
4/15/2021 2:28 PM COUNTY

# THE STATE OF TEXAS
# CITATION

CAUSE NO. **CC-21-01363-D**
COUNTY COURT AT LAW NO. 4
Dallas County, Texas

**TO:**

**SHELIA ROBERSON**
**3651 PRAIRIE WATERS DRIVE**
**GRAND PRAIRIE TX 75052**

"You have been sued. You may employ an attorney. If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and ORIGINAL PETITION AND JURY DEMAND, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org." Your answer should be addressed to the clerk of County Court at Law No. 4 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas 75202.

**ARIANA GEORGE; RODNEY BOONE, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF AMARI BOONE, DECEASED**
*Plaintiff(s)*
**VS.**

**ACH CHILD AND FAMILY SERVICES; SHELIA ROBERSON; CHAISITY FRIDA-CARO; JALAHA LAWRENCE**
*Defendant(s)*

filed in said Court on the 13th day of April, 2021, a copy of which accompanies this citation.

**WITNESS: JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas. GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 15th day of April, 2021 A.D.

JOHN F. WARREN, Dallas County Clerk

By _Guisla Hernandez_ Deputy
Guisla Hernandez



---

**ATTORNEY**

**CITATION**
**ORIGINAL PETITION AND JURY DEMAND**

**CC-21-01363-D**

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 4
Dallas County, Texas

ARIANA GEORGE; RODNEY BOONE, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF AMARI BOONE, DECEASED, *Plaintiff(s)*

VS.

ACH CHILD AND FAMILY SERVICES; SHELIA ROBERSON; CHAISITY FRIDA-CARO; JALAHA LAWRENCE, *Defendant(s)*

**SERVE:**

**SHELIA ROBERSON**
**3651 PRAIRIE WATERS DRIVE**
**GRAND PRAIRIE TX 75052**

**ISSUED THIS**
**15TH DAY OF APRIL, 2021**

JOHN F. WARREN, COUNTY CLERK
BY: GUISLA HERNANDEZ, DEPUTY

Attorney for Plaintiff

RUSSELL T BUTTON
THE BUTTON LAW FIRM PLLC
4315 W LOVERS LANE
SUITE A
DALLAS TX 75209
214-888-2216

NO OFFICER'S FEES HAVE BEEN COLLECTED BY DALLAS COUNTY CLERK

## OFFICER'S RETURN

CC-21-01363-D  County Court at Law No. 4

ARIANA GEORGE; RODNEY BOONE, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF AMARI BOONE, DECEASED vs. ACH CHILD AND FAMILY SERVICES, SHELIA ROBERSON, CHAISITY FRIDA-CARO.et al

**ADDRESS FOR SERVICE:**
3651 PRAIRIE WATERS DRIVE
GRAND PRAIRIE TX 75052

**Fees:**
Came to hand on the  *15*  day of  *april*  , 20  *21*  , at  *12*-o'clock  *P* .m., and executed in  *dallas*  County, Texas by delivering to SHELIA ROBERSON in person, a true copy of this Citation together with the accompanying copy of the ORIGINAL PETITION AND JURY DEMAND with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| *snelia roberson* | *4-19-21* | *3651 prairie waters dr  5310* |
|  | *1119 AM* | *grand prairie  7a75050* |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

and the cause or failure to execute this process is:

and the information received as to the whereabouts of said defendant(s) being:

*Patrise Halstead*
SWORN TO AND SUBSCRIBED BEFORE ME
ON THIS *21* DAY OF *April* 20 *21*
*arguline*
*Vendor*

| | | |
|---|---|---|
| Serving Petition and Copy | $ _____ | _____, Officer |
| Total $ *75*⁰⁰ | | _____, County, Texas |
| | | By: _____, Deputy |
| | | *Patrise J. Halsteao 11623* , Affiant |

JACQUELINE RENDONCER.  ⌐
NotaryPublic,State > Texas
C mm.Expires in 3-2024
Notary C,32623008

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Envelope ID: 52725979
Status as of 4/22/2021 1:10 PM CST

Associated Case Party: ARIANA GEORGE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Russell Button | | service@buttonlawfirm.com | 4/22/2021 1:04:52 PM | SENT |
| Heather LynnLong | | heather@heatherlonglaw.com | 4/22/2021 1:04:52 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jennifer Moore | | Jennifer@chandlerrosslaw.com | 4/22/2021 1:04:52 PM | SENT |
| Brent W.Chandler | | brent@chandlerrosslaw.com | 4/22/2021 1:04:52 PM | SENT |
| John A.Ross, Jr. | | tony@chandlerrosslaw.com | 4/22/2021 1:04:52 PM | SENT |

10.   5/7/21    Defendants ACH Child and Family Services & Jalaha Lawrence's Answer

FILED
5/7/2021 12:04 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

Case 3:22-cv-01124-S   Document 1-6   Filed 05/20/22   Page 71 of 391   PageID 102

CAUSE NO.  CC-21-01363-D

| | | |
|---|---|---|
| ARIANA GEORGE AND RODNEY BOONE, INDIVIUDALLY AND AS REPRESENTATIVES OF THE ESTATE OF AMARI BOONE, DECEASED, | § § § § § § | IN  THE COUNTY COURT |
| *Plaintiffs,* | § § | |
| v. | § § | AT LAW NO. 4 |
| ACH CHILD AND FAMILY SERVICES, SHELIA ROBERSON, CHAISITY FRIDA-CARO, AND JALAHA LAWRENCE, | § § § § § | |
| *Defendants.* | § | DALLAS COUNTY, TEXAS |

## DEFENDANTS ACH CHILD AND FAMILY SERVICES AND JALAHA LAWRENCE'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants ACH Child and Family Services and Jalaha Lawrence ("ACH" and "Defendant Lawrence", respectively, and "Defendants", collectively) file and serve this their Original Answer to Plaintiffs Ariana George and Rodney Boone, Individually and as Representatives of the Estate of Amari Boone, Deceased ("Plaintiffs") Original Petition and Jury Demand, and in support thereof, would show as follows:

### I.    GENERAL DENIAL

1.    Defendants generally deny each and every, all and singular, the allegations made against them by any party, and, in accordance with the law, demands strict proof, by a preponderance of the credible evidence, of all allegations, claims and causes of action alleged by any party against them.

## II.   AFFIRMATIVE DEFENSES

2.     Defendants would show by way of affirmative defense that the alleged incident in question and Plaintiffs' alleged damages, if any, were proximately caused, in whole or in part, by the acts and omissions of other parties and/or non-parties over whom Defendants exercised no control nor had any right of control at the time of the alleged incident in question and that such negligence was the sole and only proximate cause, and/or sole producing cause, and/or independent, intervening cause of the occurrence in question and damages, if any, allegedly sustained by Plaintiffs.

3.     Defendants assert that the occurrence in question and/or alleged damages were solely and/or contributorily proximately caused by acts and/or omissions of third parties over whom Defendants had no control. Accordingly, Defendants assert that Plaintiffs' recovery, if any, should be reduced by the comparative negligence, fault, responsibility, or causation attributable to any responsible third parties.

4.     Defendants assert that a new and independent cause or intervening cause not reasonably foreseeable by Defendants was a proximate and/or sole cause of any alleged damages to Plaintiffs.

5.     Defendants assert that they did not proximately cause Plaintiffs' damages, and that their conduct, actions, and omissions, if any, were not the producing cause of Plaintiffs' damages.

6.     Defendants assert that Plaintiffs' damages, if any, were proximately caused in whole or in part by new superseding or intervening acts or events over which Defendants had no control or right of control.

7.     Defendants assert that, in addition to any other limitation under law, Plaintiffs' recovery of any medical or healthcare expenses is limited to the amount actually paid or incurred

by or on behalf of Decedent Amari Boone as provided by Texas Civil Practice and Remedies Code § 41.0105.

8.      Defendants assert that the Plaintiffs' claims for exemplary damages are in direct contravention of, and are in violation of, the Constitution of the United States and the Constitution of the State of Texas, and the imposition of exemplary damages against Defendants would be fundamentally unfair as any award of exemplary damages would be arbitrary, unreasonable, excessive and in violation of Defendants' right to due process of law and equal protection under the law under the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, and Article1, Sections 3, 13 and 19 of the Texas Constitution.

9.      While stating that Defendants, as a matter of law, cannot be liable herein for exemplary or punitive damages, in the unlikely event such damages are assessed, they are subject to statutory provisions, limitations, and caps set forth in Texas Civil Practices & Remedies Code Chapter 41.

10.     Defendants plead and incorporate herein by reference an affirmative defense of all applicable damage caps and limitation upon any award of damages, both compensatory and punitive, as provided under the law, including, but not limited to, the protections provided under Texas Civil Practices and Remedies Code §84, *et seq*, as plead in further detail below.

## III.      APPLICATION OF CHARITABLE LIMITATION OF LIABILITY

11.     Defendants assert that they are entitled to the protections afforded to them under Texas Civil Practices and Remedies Code §84, *et seq*.  Specifically, ACH and Defendant Lawrence are entitled to the limitations on liability for the claims asserted by Plaintiffs pursuant to Texas Civil Practices and Remedies Code §84.006 and §84.005, respectively.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Defendants ACH Child and Family Services and Jalaha Lawrence pray that upon final hearing, judgment be entered that Plaintiffs take nothing and that Defendants ACH Child and Family Services and Jalaha Lawrence be dismissed with their costs, and for other and further relief, at law or in equity, to which this Defendants ACH Child and Family Services and Jalaha Lawrence may show themselves to be justly entitled.

Respectfully submitted,

**MARON MARVEL BRADLEY ANDERSON & TARDY, LLC**

By: _____*/s/ Andrew S. Gardner*_____
      John R. Robinson
      Texas State Bar No. 17097500
      Andrew S. Gardner
      Texas State Bar No. 24078538
      2001 Bryan Street, Suite 3050
      Dallas, Texas 75201
      Telephone:  214-736-9608
      Facsimile:   469-206-5501
      jrobinson@maronmarvel.com
      agardner@maronmarvel.com

**ATTORNEYS FOR DEFENDANTS ACH CHILD AND FAMILY SERVICES AND JALAHA LAWRENCE**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been sent to all counsel of record in accordance with the Texas Rules of Civil Procedure on this the 7th day of May, 2021.

_____*/s/ Andrew S. Gardner*_____
      Andrew S. Gardner

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Elise Robinson on behalf of John Robinson
Bar No. 17097500
erobinson@maronmarvel.com
Envelope ID: 53225791
Status as of 5/7/2021 12:12 PM CST

Associated Case Party: ARIANA GEORGE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Russell Button | | service@buttonlawfirm.com | 5/7/2021 12:04:36 PM | SENT |
| Heather LynnLong | | heather@heatherlonglaw.com | 5/7/2021 12:04:36 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Brent W.Chandler | | brent@chandlerrosslaw.com | 5/7/2021 12:04:36 PM | SENT |
| John A.Ross, Jr. | | tony@chandlerrosslaw.com | 5/7/2021 12:04:36 PM | SENT |
| Jennifer Moore | | Jennifer@chandlerrosslaw.com | 5/7/2021 12:04:36 PM | SENT |
| Elise Robinson | | erobinson@maronmarvel.com | 5/7/2021 12:04:36 PM | SENT |

Associated Case Party: ACH CHILD AND FAMILY SERVICES

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| John Robinson | | jrobinson@maronmarvel.com | 5/7/2021 12:04:36 PM | SENT |
| Andrew S.Gardner | | AGardner@maronmarvel.com | 5/7/2021 12:04:36 PM | SENT |

# 11.   5/21/21   Defendant Sheila Roberson's Answer

FILED
5/21/2021 1:13 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CAUSE NO.  CC-21-01363-D

| | | |
|---|---|---|
| ARIANA GEORGE AND RODNEY BOONE, | § | IN THE COUNTY COURT |
| INDIVIDUALLY AND AS | § | |
| REPRESENTATIVES OF THE ESTATE OF | § | |
| AMARI BOONE, DECEASED | § | |
| | § | |
| VS. | § | AT LAW NO. 4 |
| | § | |
| ACH CHILD AND FAMILY SERVICES, | § | |
| SHELIA ROBERSON, CHAISITY | § | |
| FRIDA-CARO, AND JALAHA LAWRENCE | § | DALLAS COUNTY, TEXAS |

## DEFENDANT SHELIA ROBERSON'S ANSWER TO PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW, SHELIA ROBERSON,** Defendant in the above entitled and numbered cause, and file this, Original Answer to Plaintiffs' Original Petition respectfully showing unto the Court the following:

**I.**

Subject to any stipulations and admissions that may hereafter be made, Defendant asserts a general denial, as authorized by Rule 92 of the Texas Rules of Civil Procedure, and respectfully requests Plaintiff be required to prove the charges and allegations against Defendant by a preponderance of the evidence in accordance with the Constitution and Laws of the State of Texas.

**II.**

For further Answer, Defendant alleges the incident made the basis of this lawsuit and damages of the Plaintiffs, if any, were proximately caused by the acts or omissions of third parties over whom this Defendant had no control or right of control.

WHEREFORE PREMISES CONSIDERED, Defendant **SHELIA ROBERSON,** respectfully pray that Plaintiffs take nothing by this suit, and that they be discharged with their

costs and for such other and further relief, both general and special, at law and in equity, to which they may be justly entitled.

Respectfully submitted,

**NEWTON, JONES & MCNEELY**

By:_____
H. Dwayne Newton
State Bar No. 14977200
3405 Marquart
Houston, Texas  77027
(713) 493-7620 - Telephone
(713) 493-7633 – Facsimile
dnewton@newton-lawyers.com

**ATTORNEYS FOR DEFENDANT
SHELIA ROBERSON**

## CERTIFICATE OF SERVICE

The undersigned certifies that on this the 21st day of May, 2021, the foregoing document was served via eservice and if unavailable in accordance with the Texas Rules of Civil Procedure on the following counsel of record:

Russell Button
Ashley D. Washington
**THE BUTTON LAW FIRM**
4315 West Lovers Lane, Suite A
Dallas, Texas 75209
russell@buttonlawfirm.com
ashley@buttonlawfirm.com
service@buttonlawfirm.com
  Telephone  214-888-2216
  Facsimile  214-481-8667

And

Heather Lynn Long
**HEATHER LONG LAW PC**
4310 N. Central Expressway
Dallas, Texas 75206

Telephone:  214-699-5994

And

Brent W. Chandler
John A. Ross, Jr.
**CHANDLER ROSS, PLLC**
110 N. Woodrow, Ste. 120
Denton, Texas 76205
Telephone:  940-800-2500
Facsimile:  866-464-8315
brent@chandlerrosslaw.com
tony@chandlerrosslaw.com

**ATTORNEYS FOR PLAINTIFF**

_____
H. Dwayne Newton

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Dwayne Newton
Bar No. 14977200
dnewton@newton-lawyers.com
Envelope ID: 53690678
Status as of 5/21/2021 1:33 PM CST

Associated Case Party: ACH CHILD AND FAMILY SERVICES

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| John Robinson | | jrobinson@maronmarvel.com | 5/21/2021 1:13:19 PM | SENT |
| Andrew S.Gardner | | agardner@maronmarvel.com | 5/21/2021 1:13:19 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Elise Robinson | | erobinson@maronmarvel.com | 5/21/2021 1:13:19 PM | SENT |
| Brent W.Chandler | | brent@chandlerrosslaw.com | 5/21/2021 1:13:19 PM | SENT |
| John A.Ross, Jr. | | tony@chandlerrosslaw.com | 5/21/2021 1:13:19 PM | SENT |
| Jennifer Moore | | Jennifer@chandlerrosslaw.com | 5/21/2021 1:13:19 PM | SENT |
| Henry DwayneNewton | | dnewton@newton-lawyers.com | 5/21/2021 1:13:19 PM | SENT |

Associated Case Party: ARIANA GEORGE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Russell Button | | service@buttonlawfirm.com | 5/21/2021 1:13:19 PM | SENT |
| Heather LynnLong | | heather@heatherlonglaw.com | 5/21/2021 1:13:19 PM | SENT |

12.   5/21/21   Defendant Sheila Roberson's Jury Demand

**CAUSE NO.  CC-21-01363-D**

| | | |
|---|---|---|
| **ARIANA GEORGE AND RODNEY BOONE,** | § | **IN THE COUNTY COURT** |
| **INDIVIDUALLY AND AS** | § | |
| **REPRESENTATIVES OF THE ESTATE OF** | § | |
| **AMARI BOONE, DECEASED** | § | |
| | § | |
| **VS.** | § | **AT LAW NO. 4** |
| | § | |
| **ACH CHILD AND FAMILY SERVICES,** | § | |
| **SHELIA ROBERSON, CHAISITY** | § | |
| **FRIDA-CARO, AND JALAHA LAWRENCE** | § | **DALLAS COUNTY, TEXAS** |

<u>**DEFENDANT SHELIA ROBERSON'S JURY DEMAND**</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, **SHELIA ROBERSON,** Defendant in the above entitled and numbered

cause, hereby make this Demand for Trial by Jury.

Respectfully submitted,

*NEWTON, JONES & MCNEELY*

By:_____
       H. Dwayne Newton
       State Bar No. 14977200
       3405 Marquart
       Houston, Texas  77027
       (713) 493-7620 - Telephone
       (713) 493-7633 – Facsimile
       dnewton@newton-lawyers.com

**ATTORNEYS FOR DEFENDANT**
**SHELIA ROBERSON**

## CERTIFICATE OF SERVICE

The undersigned certifies that on this the 21st day of May, 2021, the foregoing document was served via eservice and if unavailable in accordance with the Texas Rules of Civil Procedure on the following counsel of record:

Russell Button
Ashley D. Washington
**THE BUTTON LAW FIRM**
4315 West Lovers Lane, Suite A
Dallas, Texas 75209
russell@buttonlawfirm.com
ashley@buttonlawfirm.com
service@buttonlawfirm.com
  Telephone  214-888-2216
  Facsimile  214-481-8667

And

Heather Lynn Long
**HEATHER LONG LAW PC**
4310 N. Central Expressway
Dallas, Texas 75206
Telephone: 214-699-5994

And

Brent W. Chandler
John A. Ross, Jr.
**CHANDLER ROSS, PLLC**
110 N. Woodrow, Ste. 120
Denton, Texas 76205
Telephone:  940-800-2500
Facsimile:  866-464-8315
brent@chandlerrosslaw.com
tony@chandlerrosslaw.com

**ATTORNEYS FOR PLAINTIFF**

H. Dwayne Newton

# 13.   5/27/21   Defendant Chaisity Frida-Caro's Answer

FILED
5/27/2021 10:26 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

Case 3:22-cv-01124-S   Document 1-6   Filed 05/20/22   Page 85 of 391   PageID 116

CAUSE NO. CC-21-01363-D

| | | |
|---|---|---|
| ARIANA GEORGE AND RODNEY BOONE, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTAE OF AMARI BOONE, DECEASED, | § § § § § § | IN THE COUNTY COURT |
| *Plaintiffs,* | § § | AT LAW NO. 4 |
| v. | § § | |
| ACH CHILD AND FAMILY SERVICES, SHEILIA ROBERSON, CHAISITY FRIDA-CARO, AND JALAHA LAWRENCE, | § § § § § | |
| *Defendants.* | § | DALLAS COUNTY, TEXAS |

## DEFENDANT CHAISITY FRIDA-CARO'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Chaisity Frida-Caro (hereinafter "Defendant") and files this, her Original Answer to Plaintiffs Ariana George and Rodney Boone, Individually and as Representatives of the Estate of Amari Boone, Deceased ("Plaintiffs") Original Petition and Jury Demand, and in support thereof, would show as follows:

### I.       GENERAL DENIAL

1.       Defendant generally denies each and every, all and singular, the allegations made against them by any party, and, in accordance with the law, demands strict proof, by a preponderance of the credible evidence, of all allegations, claims and causes of action alleged by any party against them.

## II.    AFFIRMATIVE DEFENSES

2.      Defendant would show by way of affirmative defense that the alleged incident in question and Plaintiffs' alleged damages, if any, were proximately caused, in whole or in part, by the acts and omissions of other parties and/or non-parties over whom Defendant exercised no control nor had any right of control at the time of the alleged incident in question and that such negligence was the sole and only proximate cause, and/or sole producing cause, and/or independent, intervening cause of the occurrence in question and damages, if any, allegedly sustained by Plaintiffs.

3.      Defendant asserts that the occurrence in question and/or alleged damages were solely and/or contributorily proximately caused by acts and/or omissions of third parties over whom Defendant has no control.   Accordingly, Defendant asserts that Plaintiffs' recovery, if any, should be reduced by the comparative negligence, fault, responsibility, or causation attributable to any responsible third parties.

4.      Defendant asserts that a new and independent cause or intervening cause not reasonably foreseeable by Defendant was a proximate and/or sole cause of any alleged damages to Plaintiffs.

5.      Defendant asserts that she did not proximately cause Plaintiffs' damages, and that her conduct, actions, and omissions, if any, were not the producing cause of Plaintiffs' damages.

6.      Defendant asserts that Plaintiffs' damages, if any, were proximately caused in whole or in part by new superseding or intervening acts or events over which Defendant had no control or right of control.

7.      Defendant asserts that, in addition to any other limitation under law, Plaintiffs' recovery of any medical or healthcare expenses is limited to the amount actually paid

or incurred by or on behalf of Decedent Amari Boone as provided by Texas Civil Practice and Remedies Code § 41.0105.

8.    Defendant asserts that Plaintiffs' claims for exemplary damages are in direct contravention of, and are in violation of, the Constitution of the United States and the Constitution of the State of Texas, and the imposition of exemplary damages against Defendant would be fundamentally unfair as any award of exemplary damages would be arbitrary, unreasonable, excessive and in violation of Defendant's right to due process of law and equal protection under the law under the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, and Article1, Sections 3, 13 and 19 of the Texas Constitution.

9.    While stating that Defendant, as a matter of law, cannot be liable herein for exemplary or punitive damages, in the unlikely event such damages are assessed, they are subject to statutory provisions, limitations, and caps set forth in Texas Civil Practices & Remedies Code Chapter 41.

10.    Defendant pleads and incorporates herein by reference an affirmative defense of all applicable damage caps and limitation upon any award of damages, both compensatory and punitive, as provided under the law, including, but not limited to, the protections provided under Texas Civil Practices and Remedies Code §84, *et seq*, as plead in further detail below.

**III.     APPLICATION OF CHARITABLE LIMITATION OF LIABILITY**

11.    Defendant asserts that she is entitled to the protections afforded to her under Texas Civil Practices and Remedies Code §84, *et seq*.   Specifically, Defendant is entitled to the limitations on liability for the claims asserted by Plaintiffs pursuant to Texas Civil Practices and Remedies Code §84.006 and §84.005, respectively. Due to Defendant's status as an employee

and/or agent of ACH Child and Family Services, Defendant is entitled to the protections under the Texas Charitable Immunity and Liability Act. Tex. Civ. Prac. & Rem. Code 84.

## IV.    PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Defendant Chaisity Frida-Caro prays that upon final hearing, judgment be entered that Plaintiffs take nothing and that Defendant Chaisity Frida-Caro be dismissed with costs, and for other and further relief, at law or in equity, to which this Defendant Chaisity Frida-Caro may show herself to be justly entitled.

Respectfully submitted,

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**

By: _/s/ Frank Alvarez_____
    **FRANK ALVAREZ**
    State Bar No. 00796122
    frank.alvarez@qpwblaw.com
    **J. SPENCER YOUNG**
    State Bar No. 24101268
    spencer.young@qpwblaw.com

1700 Pacific Avenue, Suite 4545
Dallas, Texas  75201
Telephone: (214) 754-8755
Fax: (214) 754-8744

**ATTORNEYS FOR DEFENDANT**
**CHAISITY FRIDA-CARO**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on the 27th day of May 2021, a true and correct copy of the foregoing document was served in compliance with the Texas Rules of Civil Procedure upon all counsel of record, as indicated below:

Russell Button
THE BUTTON LAW FIRM, PLLC
4315 W Lovers Lane Suite A
Dallas, Texas 75209
service@buttonlawfirm.com

*Attorney for Plaintiff*

Brent W. Chandler
John A. Ross, Jr.
CHANDLER ROSS, PLLC
110 N. Woodrow, Ste. 120
Denton, Texas 76205
brent@chandlerrosslaw.com
tony@chandlerrosslaw.com

*Attorney for Plaintiff*

John R. Robinson
Andrew S. Gardner
MARON, MARVEL, BRADLEY, ANDERSON & TARDY, LLC
2001 Bryan St., Ste. 3050
Dallas, Texas 75201
jrobinson@maronmarvel.com

*Attorney for Defendants ACH Child and Family Services and Jalaha Lawrence*

Heather Lynn Long
HEATHER LONG LAW, PC
4310 North Central Expressway, Suite 104
Dallas, Texas  75206
heather@heatherlonglaw.com

*Attorney for Plaintiff*

H. Dwayne Newton
NEWTON, JONES, & MCNEELY
3405 Marquart
Houston, Texas 77027
dnewton@newton-lawyers.com

*Attorney for Defendant Sheila Roberson*

*/s/ Frank Alvarez*　　　　　　　　　
**Frank Alvarez**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Frank Alvarez on behalf of Frank Alvarez
Bar No. 00796122
frank.alvarez@qpwblaw.com
Envelope ID: 53867881
Status as of 5/27/2021 10:30 AM CST

Associated Case Party: ACH CHILD AND FAMILY SERVICES

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| John Robinson | | jrobinson@maronmarvel.com | 5/27/2021 10:26:11 AM | SENT |
| Andrew S.Gardner | | agardner@maronmarvel.com | 5/27/2021 10:26:11 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Elise Robinson | | erobinson@maronmarvel.com | 5/27/2021 10:26:11 AM | SENT |
| Brent W.Chandler | | brent@chandlerrosslaw.com | 5/27/2021 10:26:11 AM | SENT |
| John A.Ross, Jr. | | tony@chandlerrosslaw.com | 5/27/2021 10:26:11 AM | SENT |
| Jennifer Moore | | Jennifer@chandlerrosslaw.com | 5/27/2021 10:26:11 AM | SENT |
| Henry DwayneNewton | | dnewton@newton-lawyers.com | 5/27/2021 10:26:11 AM | SENT |

Associated Case Party: ARIANA GEORGE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Russell Button | | service@buttonlawfirm.com | 5/27/2021 10:26:11 AM | SENT |
| Heather LynnLong | | heather@heatherlonglaw.com | 5/27/2021 10:26:11 AM | SENT |

Associated Case Party: CHAISITY FRIDA-CARO

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Frank Alvarez | | frank.alvarez@qpwblaw.com | 5/27/2021 10:26:11 AM | SENT |
| Johnathan SpencerYoung | | johnathan.young@qpwblaw.com | 5/27/2021 10:26:11 AM | SENT |

14. 6/4/21 Defendants ACH Child and Family Services & Jalaha Lawrence's Certificate of Written Discovery

FILED
6/4/2021 1:43 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

Case 3:22-cv-01124-S   Document 1-6   Filed 05/20/22   Page 92 of 391   PageID 123

CAUSE NO.  CC-21-01363-D

| | | |
|---|---|---|
| ARIANA GEORGE AND RODNEY BOONE, INDIVIUADLLY AND AS REPRESENTATIVES OF THE ESTATE OF AMARI BOONE, DECEASED, | § § § § § § | IN  THE COUNTY COURT |
| *Plaintiffs,* | § § | |
| v. | § § | AT LAW NO. 4 |
| ACH CHILD AND FAMILY SERVICES, SHELIA ROBERSON, CHAISITY FRIDA-CARO, AND JALAHA LAWRENCE, | § § § § § | |
| *Defendants.* | § | DALLAS COUNTY, TEXAS |

**DEFENDANTS ACH CHILD AND FAMILY SERVICES AND JALAH LAWRENCE'S CERTIFICATE OF WRITTEN DISCOVERY**

The undersigned hereby certifies that true and correct copies of the following documents were served upon all counsel of record pursuant to the Texas Rules of Civil Procedure:

1. Defendants ACH Child and Family Services and Jalah Lawrence's Initial Required Disclosures.

Respectfully submitted,

**MARON MARVEL BRADLEY ANDERSON & TARDY, LLC**

By: _____ */s/ Andrew S. Gardner* _____
     John R. Robinson
     Texas State Bar No. 17097500
     Andrew S. Gardner
     Texas State Bar No. 24078538
     2001 Bryan Street, Suite 3050
     Dallas, Texas 75201
     Telephone:  214-736-9608
     Facsimile:  469-206-5501
     jrobinson@maronmarvel.com
     agardner@maronmarvel.com

**ATTORNEYS FOR DEFENDANTS
ACH CHILD AND FAMILY SERVICES AND
JALAHA LAWRENCE**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been sent to all counsel of record in accordance with the Texas Rules of Civil Procedure on this the **4th day of June, 2021.**

_____*/s/ Andrew S. Gardner*_____
Andrew S. Gardner

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Rocio Allen on behalf of John Robinson
Bar No. 17097500
rallen@maronmarvel.com
Envelope ID: 54113508
Status as of 6/4/2021 2:05 PM CST

Associated Case Party: ARIANA GEORGE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Russell Button | | service@buttonlawfirm.com | 6/4/2021 1:43:00 PM | SENT |
| Heather LynnLong | | heather@heatherlonglaw.com | 6/4/2021 1:43:00 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Rocio Allen | | rallen@maronmarvel.com | 6/4/2021 1:43:00 PM | SENT |
| Jennifer Moore | | Jennifer@chandlerrosslaw.com | 6/4/2021 1:43:00 PM | SENT |
| Brent W.Chandler | | brent@chandlerrosslaw.com | 6/4/2021 1:43:00 PM | SENT |
| John A.Ross, Jr. | | tony@chandlerrosslaw.com | 6/4/2021 1:43:00 PM | SENT |
| Elise Robinson | | erobinson@maronmarvel.com | 6/4/2021 1:43:00 PM | SENT |
| Henry DwayneNewton | | dnewton@newton-lawyers.com | 6/4/2021 1:43:00 PM | SENT |

Associated Case Party: CHAISITY FRIDA-CARO

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Frank Alvarez | | frank.alvarez@qpwblaw.com | 6/4/2021 1:43:00 PM | SENT |
| Johnathan SpencerYoung | | johnathan.young@qpwblaw.com | 6/4/2021 1:43:00 PM | SENT |

Associated Case Party: ACH CHILD AND FAMILY SERVICES

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Andrew S.Gardner | | agardner@maronmarvel.com | 6/4/2021 1:43:00 PM | SENT |
| John Robinson | | jrobinson@maronmarvel.com | 6/4/2021 1:43:00 PM | SENT |

15.   7/9/21    Defendants ACH Child and Family Services & Jalaha Lawrence's Certificate of Written Discovery

FILED
7/9/2021 3:41 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CAUSE NO.  CC-21-01363-D

| | | |
|---|---|---|
| ARIANA GEORGE AND RODNEY BOONE, INDIVIUDALLY AND AS REPRESENTATIVES OF THE ESTATE OF AMARI BOONE, DECEASED, | §<br>§<br>§<br>§<br>§<br>§ | IN  THE COUNTY COURT |
| *Plaintiffs,* | §<br>§ | |
| v. | §<br>§ | AT LAW NO. 4 |
| ACH CHILD AND FAMILY SERVICES, SHELIA ROBERSON, CHAISITY FRIDA-CARO, AND JALAHA LAWRENCE, | §<br>§<br>§<br>§<br>§ | |
| *Defendants.* | § | DALLAS COUNTY, TEXAS |

**DEFENDANTS ACH CHILD AND FAMILY SERVICES AND JALAH LAWRENCE'S CERTIFICATE OF WRITTEN DISCOVERY**

The undersigned hereby certifies that true and correct copies of the following documents were served upon all counsel of record pursuant to the Texas Rules of Civil Procedure:

1. Defendants ACH Child and Family Services and Jalah Lawrence's First Supplemental Required Disclosures.

Respectfully submitted,

**MARON MARVEL BRADLEY ANDERSON & TARDY, LLC**

By: _____ */s/ Andrew S. Gardner* _____
John R. Robinson
Texas State Bar No. 17097500
Andrew S. Gardner
Texas State Bar No. 24078538
2001 Bryan Street, Suite 3050
Dallas, Texas 75201
Telephone:  214-736-9608
Facsimile:  469-206-5501
jrobinson@maronmarvel.com
agardner@maronmarvel.com

**ATTORNEYS FOR DEFENDANTS**
**ACH CHILD AND FAMILY SERVICES AND**
**JALAHA LAWRENCE**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing instrument has been sent to all counsel of record in accordance with the Texas Rules of Civil Procedure on this the 9th day of July, 2021.

<u>       /s/ Andrew S. Gardner       </u>
Andrew S. Gardner

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Rocio Allen on behalf of John Robinson
Bar No. 17097500
rallen@maronmarvel.com
Envelope ID: 55212056
Status as of 7/9/2021 3:43 PM CST

Associated Case Party: CHAISITY FRIDA-CARO

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Frank Alvarez | | frank.alvarez@qpwblaw.com | 7/9/2021 3:41:21 PM | SENT |
| Johnathan SpencerYoung | | johnathan.young@qpwblaw.com | 7/9/2021 3:41:21 PM | SENT |

Associated Case Party: ACH CHILD AND FAMILY SERVICES

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| John Robinson | | jrobinson@maronmarvel.com | 7/9/2021 3:41:21 PM | SENT |
| Andrew S.Gardner | | agardner@maronmarvel.com | 7/9/2021 3:41:21 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Elise Robinson | | erobinson@maronmarvel.com | 7/9/2021 3:41:21 PM | SENT |
| Rocio Allen | | rallen@maronmarvel.com | 7/9/2021 3:41:21 PM | SENT |
| Brent W.Chandler | | brent@chandlerrosslaw.com | 7/9/2021 3:41:21 PM | SENT |
| John A.Ross, Jr. | | tony@chandlerrosslaw.com | 7/9/2021 3:41:21 PM | SENT |
| Jennifer Moore | | Jennifer@chandlerrosslaw.com | 7/9/2021 3:41:21 PM | SENT |
| Henry DwayneNewton | | dnewton@newton-lawyers.com | 7/9/2021 3:41:21 PM | SENT |

Associated Case Party: ARIANA GEORGE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Russell Button | | service@buttonlawfirm.com | 7/9/2021 3:41:21 PM | SENT |
| Heather LynnLong | | heather@heatherlonglaw.com | 7/9/2021 3:41:21 PM | SENT |

16.   8/11/21   Agreed Level III
Scheduling Order

FILED
8/11/2021 5:24 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CAUSE NO. CC-21-01363-D

| ARIANA GEORGE AND RODNEY BOONE, | § | IN THE COUNTY COURT |
| **INDIVIDUALLY AND AS** | § | |
| **REPRESENTATIVES OF THE ESTATE** | § | |
| **OF AMARI BOONE, DECEASED** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | AT LAW NO. 4 |
| | § | |
| **ACH CHILD AND FAMILY SERVICES,** | § | |
| **SHELIA ROBERSON, CHAISITY** | § | |
| **FRIDA-CARO, AND JALAHA LAWRENCE,** | § | |
| | § | |
| *Defendants.* | § | DALLAS COUNTY, TEXAS |

## AGREED LEVEL III SCHEDULING ORDER

Plaintiffs and Defendants in the above-referenced suit announced their agreement to the following scheduling order, which the Court approves.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the following dates and deadlines will be adhered to by all parties:

| 11/5/2021 | RESPONSIBLE THIRD PARTIES | Motions to designate responsible third parties pursuant to TCPRC § 33.004 must be filed by this date |
|---|---|---|
| 2/25/2022 | JOINDER OF ADDITIONAL PARTIES | Deadline for joining additional parties, without leave of Court or by agreement. |
| 5/13/2022 | PLAINTIFF'S EXPERT DESIGNATION | Deadline for all parties seeking affirmative relief shall, for their affirmative claims, designate experts and provide the information required under TEX. R. CIV. P. 195.5(a) |
| 6/13/2022 | DEFENDANT'S EXPERT DESIGNATION DEADLINE | Deadline for all parties opposing affirmative relief shall designate their experts in opposition to affirmative claims and provide the information required under TEX. R. CIV. P. |

| | | |
|---|---|---|
| | | 195.5(a). |
| 7/6/2022 | **DESIGNATION OF REBUTTAL EXPERTS** | Deadline for all parties to designate their rebuttal experts, including expert reports and curriculum vitaes. |
| 8/19/2022 | **MEDIATION** | The parties will mediate this case with a mediator the parties will agree to at a later date. |
| 8/19/2022 | **PLAINTIFF AMENDED PLEADINGS** | Deadline for Plaintiff to amend pleadings. |
| 9/2/2022 | **DEFENDANT AMENDED PLEADINGS** | Deadline for Defendant to amend pleadings. |
| 8/5/2022 | **SUMMARY JUDGMENT DEADLINE** | Deadline by which all Motions for Summary Judgments must be filed. |
| 8/5/2022 | **MOTIONS TO EXCLUDE EXPERTS** | All motions to exclude expert testimony based on the expert's qualifications or the relevance or reliability of the expert's opinions must be filed by this date. |
| 9/5/2022 | **DISCOVERY DEADLINE** | Deadline by which all written and oral discovery must be completed and supplemented. |
| 9/13/2022 | **EXCHANGE VIDEO DESIGNATIONS** | Deadline to exchange and file page/line designations of all videotaped depositions to be offered at trial. |
| 9/20/2022 | **OBJECTION TO VIDEO DESIGNATIONS** | Deadline to exchange and file objections to page/line designations of all videotaped depositions to be offered at trial. |
| 9/23/2022 | **EXCHANGE PRE-TRIAL DOCUMENTS** | Deadline to file and exchange Motions in Limine, Witness Lists, Exhibit Lists, and Proposed Jury Instructions on or before this date. Copies of trial exhibits must be provided or specifically referenced if already produced. |
| 9/27/2022 | **OBJECTION ON PRE-TRIAL FILINGS** | The parties shall file and exchange all objections to Motions in Limine, exhibits, and witnesses. |
| 9/29/2022 | **CONFER ON PRE-TRIAL MATTERS** | The parties shall confer to resolve objections to videotaped excerpts, Motions in Limine, admissibility of exhibits and similar issues. |
| | **PRE-TRIAL** | Trial counsel are required to attend and be |

| a.m. / p.m. | **CONFERENCE** | prepared to discuss all aspects of the suit and trial. |
| **10/04/2022 at 9:00am** | **JURY TRIAL** | The case will be set for a jury trial on this date. |

Unless otherwise covered by this Order, all other matters shall be governed according to the Texas Rules of Civil Procedure.

SIGNED on this the _____ day of _____, 2021.


_____

PRESIDING JUDGE

**AGREED AS TO FORM AND ENTRY:**

RUSSELL T. BUTTON
Texas Bar No. 24077428
russell@buttonlawfirm.com
Ashley Washington
Texas Bar No. 24102030
ashley@buttonlawfirm.com
The Button Law Firm, PLLC
4315 W. Lovers Lane, Suite A
Dallas, Texas 75209
T: (214) 888-2216
F: (214) 481-8667
Email for service: service@buttonlawfirm.com\

And

Heather Lynn Long
Texas Bar No. 24055865
heather@heatherlonglaw.com
Heather Long Law PC
4310 N. Central Expressway
Dallas, Texas 75206
T: 214-699-5994

And

Brent W. Chandler
Texas Bar No. 24055291
brent@chandlerrosslaw.com
John A. Ross, Jr.
Texas Bar No. 24053453
tony@chandlerrosslaw.com
Chandler Ross, PLLC
110 N. Woodrow, Suite 120
Denton, Texas 76205
T: 940-800-2500
F: 866-464-8315

**ATTORNEY FOR PLAINTIFFS**

John R. Robinson
Texas Bar No. 17097500
Andrew S. Gardner
Texas Bar No. 24078538
Maron, Marvel, Bradley, Anderson & Tardy, LLC
2001 Bryan Street, Suite 3050
Dallas, Texas 75201
T: 214-736-9608
F: 469-206-5501
jrobinson@maronmarvel.com
agardner@maronmarvel.com

**ATTORNEYS FOR DEFENDANTS ACH CHILD AND FAMILY SERVICES AND
JALAHA LAWRENCE**

H. Dwayne Newton
Texas Bar No. 14977200
Newton, Jones & McNeely
3405 Marquart
Houston, Texas 77027
T: 713-493-7620
F: 713-493-7633
dnewton@newton-lawyers.com

**ATTORNEYS FOR DEFENDANT SHELIA ROBERSON**

Frank Alvarez
Texas Bar No. 00796122
frank.alvarez@qpwblaw.com
J. Spencer Young
Texas Bar No. 24101268
spencer.young@qpwblaw.com
Quintairos, Prieto, Wood & Boyer, P.A.
1700 Pacific Avenue, Suite 4545
Dallas, Texas 75201
T: 214-754-8755
F: 214-754-8744

**ATTORNEYS FOR DEFENDANT CHAISITY FRIDA-CARO**

_____
John R. Robinson
Texas Bar No. 17097500
Andrew S. Gardner
Texas Bar No. 24078538
Maron, Marvel, Bradley, Anderson & Tardy, LLC
2001 Bryan Street, Suite 3050
Dallas, Texas 75201
T: 214-736-9608
F: 469-206-5501
jrobinson@maronmarvel.com
agardner@maronmarvel.com

**ATTORNEYS FOR DEFENDANTS ACH CHILD AND FAMILY SERVICES AND JALAHA LAWRENCE**

_____
H. Dwayne Newton
Texas Bar No. 14977200
Newton, Jones & McNeely
3405 Marquart
Houston, Texas 77027
T: 713-493-7620
F: 713-493-7633
dnewton@newton-lawyers.com

**ATTORNEYS FOR DEFENDANT SHELIA ROBERSON**

_____
Frank Alvarez
Texas Bar No. 00796122
frank.alvarez@qpwblaw.com
J. Spencer Young
Texas Bar No. 24101268
spencer.young@qpwblaw.com
Quintairos, Prieto, Wood & Boyer, P.A.
1700 Pacific Avenue, Suite 4545
Dallas, Texas 75201
T: 214-754-8755
F: 214-754-8744

**ATTORNEYS FOR DEFENDANT CHAISITY FRIDA-CARO**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Russell Button on behalf of Russell Button
Bar No. 24077428
service@buttonlawfirm.com
Envelope ID: 56228610
Status as of 8/12/2021 8:12 AM CST

Associated Case Party: ACH CHILD AND FAMILY SERVICES

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| John Robinson | | jrobinson@maronmarvel.com | 8/11/2021 5:24:34 PM | SENT |
| Andrew S.Gardner | | agardner@maronmarvel.com | 8/11/2021 5:24:34 PM | SENT |

Associated Case Party: CHAISITY FRIDA-CARO

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Johnathan SpencerYoung | | johnathan.young@qpwblaw.com | 8/11/2021 5:24:34 PM | SENT |
| Frank Alvarez | | frank.alvarez@qpwblaw.com | 8/11/2021 5:24:34 PM | SENT |

Associated Case Party: ARIANA GEORGE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Russell Button | | service@buttonlawfirm.com | 8/11/2021 5:24:34 PM | SENT |
| Heather LynnLong | | heather@heatherlonglaw.com | 8/11/2021 5:24:34 PM | SENT |

Case Contacts

| Name |
|------|
| Jon McNeely |
| Elise Robinson |
| Rocio Allen |
| Brent W.Chandler |
| John A.Ross, Jr. |
| Jennifer Moore |
| Foster KBaird |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Russell Button on behalf of Russell Button
Bar No. 24077428
service@buttonlawfirm.com
Envelope ID: 56228610
Status as of 8/12/2021 8:12 AM CST

Case Contacts

| | | | | |
|---|---|---|---|---|
| Henry DwayneNewton | | dnewton@newton-lawyers.com | 8/11/2021 5:24:34 PM | SENT |
| Terri Crawford | | tcrawford@maronmarvel.com | 8/11/2021 5:24:34 PM | SENT |

17.   8/12/21  Notice of Trial Setting

**JUDGE PAULA M. ROSALES**
**COUNTY COURT AT LAW NO. 4**
**GEORGE L. ALLEN SR. COURTS BUILDING**
**600 COMMERCE ST, 5TH FLOOR**
**DALLAS, TEXAS 75202**
**214-653-7345**

FRANK ALVAREZ                                              AUGUST 12, 2021
QUINTAIROS PRIETO WOOD & BOYER PA
1700 PACIFIC AVENUE
SUITE 4545
DALLAS        TX  75201

---

**NOTICE OF TRIAL SETTING**

---

Cause No.:            CC-21-01363-D

Style of Case:        ARIANA GEORGE, RODNEY BOONE,  INDIVIDUALLY AND AS
                      REPRSENTATIVES OF THE ESTATE OF DECEASED vs.ACH CHILD AND
                      FAMILY SERVICES, SHELIA ROBERSON, CHAISITY FRIDA-CARO.et al

Jury Trial:           October 04, 2022 @ 9:00 AM

Trial announcements of "Ready" or "Not Ready" must be made in accordance with LOCAL RULE 3.02. A copy of the DALLAS COUNTY LOCAL RULES can be obtained from the Clerk's office or on the web at www.dallascounty.org/rules/localrules.pdf. The parties are instructed to contact the Court Administrator Cathy Moran with their announcements.

Pursuant to LOCAL RULE 3.02, when no announcement is made for plaintiff, the case may be dismissed for want of prosecution. If no announcement is made by the defendant, the court will presume that defendant is "Ready" for trial. Please see the court's website at dallascounty.org/County Court at Law No. 4 for the trial docket and the Court's Policies and Procedures. **WARNING**: Failure to appear for trial may result in the case being dismissed or a default judgment being entered. The parties are further instructed to cross-serve this notice on all adverse parties in compliance with TEX. RULE OF CIV. PROC. 21a.

Thank you for your attention to this matter.

Sincerely,

JUDGE PAULA M. ROSALES
Judge Presiding

**Dallas County no longer maintains paper files, if you file a pleading within 24 hours of a trial or hearing please provide a courtesy copy to the court at the trial/hearing.  Thank you.**

18.   8/12/21  Notice of Trial Setting

**JUDGE PAULA M. ROSALES**
**COUNTY COURT AT LAW NO. 4**
**GEORGE L. ALLEN SR. COURTS BUILDING**
**600 COMMERCE ST, 5TH FLOOR**
**DALLAS, TEXAS 75202**
**214-653-7345**

RUSSELL T BUTTON                                                     AUGUST 12, 2021
THE BUTTON LAW FIRM PLLC
4315 W LOVERS LANE
SUITE A
DALLAS TX 75209

---

### NOTICE OF TRIAL SETTING

---

Cause No.:              CC-21-01363-D

Style of Case:          ARIANA GEORGE, RODNEY BOONE,  INDIVIDUALLY AND AS
                        REPRSENTATIVES OF THE ESTATE OF DECEASED vs.ACH CHILD AND
                        FAMILY SERVICES, SHELIA ROBERSON, CHAISITY FRIDA-CARO.et al

Jury Trial:             October 04, 2022 @ 9:00 AM

Trial announcements of "Ready" or "Not Ready" must be made in accordance with LOCAL RULE 3.02. A copy of the DALLAS COUNTY LOCAL RULES can be obtained from the Clerk's office or on the web at www.dallascounty.org/rules/localrules.pdf. The parties are instructed to contact the Court Administrator Cathy Moran with their announcements.

Pursuant to LOCAL RULE 3.02, when no announcement is made for plaintiff, the case may be dismissed for want of prosecution. If no announcement is made by the defendant, the court will presume that defendant is "Ready" for trial. Please see the court's website at dallascounty.org/County Court at Law No. 4 for the trial docket and the Court's Policies and Procedures. **WARNING**: Failure to appear for trial may result in the case being dismissed or a default judgment being entered. The parties are further instructed to cross-serve this notice on all adverse parties in compliance with TEX. RULE OF CIV. PROC. 21a.

Thank you for your attention to this matter.

Sincerely,

JUDGE PAULA M. ROSALES
Judge Presiding

**Dallas County no longer maintains paper files, if you file a pleading within 24 hours of a trial or hearing please provide a courtesy copy to the court at the trial/hearing.  Thank you.**

19.   8/12/21   Notice of Trial Setting

**JUDGE PAULA M. ROSALES**
**COUNTY COURT AT LAW NO. 4**
**GEORGE L. ALLEN SR. COURTS BUILDING**
**600 COMMERCE ST, 5TH FLOOR**
**DALLAS, TEXAS 75202**
**214-653-7345**

ANDREW S GARDNER                                              AUGUST 12, 2021
2001 BRYAN STREET
SUITE 3050
DALLAS TX  75201

---

### NOTICE OF TRIAL SETTING

---

Cause No.:          CC-21-01363-D

Style of Case:      ARIANA GEORGE, RODNEY BOONE,  INDIVIDUALLY AND AS
                    REPRSENTATIVES OF THE ESTATE OF DECEASED vs.ACH CHILD AND
                    FAMILY SERVICES, SHELIA ROBERSON, CHAISITY FRIDA-CARO.et al

Jury Trial:         October 04, 2022 @ 9:00 AM

Trial announcements of "Ready" or "Not Ready" must be made in accordance with LOCAL RULE 3.02. A copy of the DALLAS COUNTY LOCAL RULES can be obtained from the Clerk's office or on the web at www.dallascounty.org/rules/localrules.pdf. The parties are instructed to contact the Court Administrator Cathy Moran with their announcements.

Pursuant to LOCAL RULE 3.02, when no announcement is made for plaintiff, the case may be dismissed for want of prosecution. If no announcement is made by the defendant, the court will presume that defendant is "Ready" for trial. Please see the court's website at dallascounty.org/County Court at Law No. 4 for the trial docket and the Court's Policies and Procedures. **WARNING**: Failure to appear for trial may result in the case being dismissed or a default judgment being entered. The parties are further instructed to cross-serve this notice on all adverse parties in compliance with TEX. RULE OF CIV. PROC. 21a.

Thank you for your attention to this matter.

Sincerely,

JUDGE PAULA M. ROSALES
Judge Presiding

**Dallas County no longer maintains paper files, if you file a pleading within 24 hours of a trial or hearing please provide a courtesy copy to the court at the trial/hearing.  Thank you.**

20.   8/12/21   Notice of Trial Setting

**JUDGE PAULA M. ROSALES**
**COUNTY COURT AT LAW NO. 4**
**GEORGE L. ALLEN SR. COURTS BUILDING**
**600 COMMERCE ST, 5TH FLOOR**
**DALLAS, TEXAS 75202**
**214-653-7345**

H DWAYNE NEWTON                                           AUGUST 12, 2021
3405 MARQUART
HOUSTON TX  77027

---

**NOTICE OF TRIAL SETTING**

---

      Cause No.:         CC-21-01363-D

      Style of Case:      ARIANA GEORGE, RODNEY BOONE,  INDIVIDUALLY AND AS
                      REPRSENTATIVES OF THE ESTATE OF DECEASED vs.ACH CHILD AND
                      FAMILY SERVICES, SHELIA ROBERSON, CHAISITY FRIDA-CARO.et al

      Jury Trial:         October 04, 2022 @ 9:00 AM

Trial announcements of "Ready" or "Not Ready" must be made in accordance with LOCAL RULE 3.02. A copy of the DALLAS COUNTY LOCAL RULES can be obtained from the Clerk's office or on the web at www.dallascounty.org/rules/localrules.pdf. The parties are instructed to contact the Court Administrator Cathy Moran with their announcements.

      Pursuant to LOCAL RULE 3.02, when no announcement is made for plaintiff, the case may be dismissed for want of prosecution. If no announcement is made by the defendant, the court will presume that defendant is "Ready" for trial. Please see the court's website at dallascounty.org/County Court at Law No. 4 for the trial docket and the Court's Policies and Procedures. **WARNING**: Failure to appear for trial may result in the case being dismissed or a default judgment being entered. The parties are further instructed to cross-serve this notice on all adverse parties in compliance with TEX. RULE OF CIV. PROC. 21a.

      Thank you for your attention to this matter.

                                Sincerely,

                                JUDGE PAULA M. ROSALES
                                Judge Presiding

**Dallas County no longer maintains paper files, if you file a pleading within 24 hours of a trial or hearing please provide a courtesy copy to the court at the trial/hearing.  Thank you.**

21.   8/13/21   Agreed Level III
Scheduling Order

CAUSE NO. CC-21-01363-D

| | | |
|---|---|---|
| ARIANA GEORGE AND RODNEY BOONE, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF AMARI BOONE, DECEASED | §<br>§<br>§<br>§<br>§ | IN THE COUNTY COURT |
| *Plaintiffs,* | §<br>§ | |
| v. | §<br>§ | AT LAW NO. 4 |
| ACH CHILD AND FAMILY SERVICES, SHELIA ROBERSON, CHAISITY FRIDA-CARO, AND JALAHA LAWRENCE, | §<br>§<br>§<br>§ | |
| *Defendants.* | §<br>§ | DALLAS COUNTY, TEXAS |

---

### AGREED LEVEL III SCHEDULING ORDER ✱ *see modification dispositive motion deadline*

Plaintiffs and Defendants in the above-referenced suit announced their agreement to the following scheduling order, which the Court approves.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the following dates and deadlines will be adhered to by all parties:

| 11/5/2021 | **RESPONSIBLE THIRD PARTIES** | Motions to designate responsible third parties pursuant to TCPRC § 33.004 must be filed by this date |
|---|---|---|
| 2/25/2022 | **JOINDER OF ADDITIONAL PARTIES** | Deadline for joining additional parties, without leave of Court or by agreement. |
| 5/13/2022 | **PLAINTIFF'S EXPERT DESIGNATION** | Deadline for all parties seeking affirmative relief shall, for their affirmative claims, designate experts and provide the information required under TEX. R. CIV. P. 195.5(a) |
| 6/13/2022 | **DEFENDANT'S EXPERT DESIGNATION DEADLINE** | Deadline for all parties opposing affirmative relief shall designate their experts in opposition to affirmative claims and provide the information required under TEX. R. CIV. P. |

CC-21-01363-D
CSCH
ORDER - SCHEDULING
2465261

| | | 195.5(a). |
|---|---|---|
| 7/6/2022 | **DESIGNATION OF REBUTTAL EXPERTS** | Deadline for all parties to designate their rebuttal experts, including expert reports and curriculum vitaes. |
| 8/19/2022 | **MEDIATION** | The parties will mediate this case with a mediator the parties will agree to at a later date. |
| 8/19/2022 | **PLAINTIFF AMENDED PLEADINGS** | Deadline for Plaintiff to amend pleadings. |
| 9/2/2022 | **DEFENDANT AMENDED PLEADINGS** | Deadline for Defendant to amend pleadings. |
| 8/5/2022 | **SUMMARY JUDGMENT DEADLINE** | Deadline by which all Motions for Summary Judgments must be filed. *and must be heard no later than Sept. 2, 2022* |
| 8/5/2022 | **MOTIONS TO EXCLUDE EXPERTS** | All motions to exclude expert testimony based on the expert's qualifications or the relevance or reliability of the expert's opinions must be filed by this date. |
| 9/5/2022 | **DISCOVERY DEADLINE** | Deadline by which all written and oral discovery must be completed and supplemented. |
| 9/13/2022 | **EXCHANGE VIDEO DESIGNATIONS** | Deadline to exchange and file page/line designations of all videotaped depositions to be offered at trial. |
| 9/20/2022 | **OBJECTION TO VIDEO DESIGNATIONS** | Deadline to exchange and file objections to page/line designations of all videotaped depositions to be offered at trial. |
| 9/23/2022 | **EXCHANGE PRE-TRIAL DOCUMENTS** | Deadline to file and exchange Motions in Limine, Witness Lists, Exhibit Lists, and Proposed Jury Instructions on or before this date. Copies of trial exhibits must be provided or specifically referenced if already produced. |
| 9/27/2022 | **OBJECTION ON PRE-TRIAL FILINGS** | The parties shall file and exchange all objections to Motions in Limine, exhibits, and witnesses. |
| 9/29/2022 | **CONFER ON PRE-TRIAL MATTERS** | The parties shall confer to resolve objections to videotaped excerpts, Motions in Limine, admissibility of exhibits and similar issues. |
| | **PRE-TRIAL** | Trial counsel are required to attend and be |

| a.m. / p.m. | **CONFERENCE** | prepared to discuss all aspects of the suit and trial. |
| 10/04/2022 at 9:00am | **JURY TRIAL** | The case will be set for a jury trial on this date. |

Unless otherwise covered by this Order, all other matters shall be governed according to the Texas Rules of Civil Procedure.

SIGNED on this the ___ day of _____, 2021.

PRESIDING JUDGE

David W. Evans, Senior Justice
Sitting by Assignment to this Court

**AGREED AS TO FORM AND ENTRY:**

RUSSELL T. BUTTON
Texas Bar No. 24077428
russell@buttonlawfirm.com
Ashley Washington
Texas Bar No. 24102030
ashley@buttonlawfirm.com
The Button Law Firm, PLLC
4315 W. Lovers Lane, Suite A
Dallas, Texas 75209
T: (214) 888-2216
F: (214) 481-8667
Email for service: service@buttonlawfirm.com\

And

Heather Lynn Long
Texas Bar No. 24055865
heather@heatherlonglaw.com
Heather Long Law PC
4310 N. Central Expressway
Dallas, Texas 75206
T: 214-699-5994

And

Brent W. Chandler
Texas Bar No. 24055291
brent@chandlerrosslaw.com
John A. Ross, Jr.
Texas Bar No. 24053453
tony@chandlerrosslaw.com
Chandler Ross, PLLC
110 N. Woodrow, Suite 120
Denton, Texas 76205
T: 940-800-2500
F: 866-464-8315

**ATTORNEY FOR PLAINTIFFS**

John R. Robinson
Texas Bar No. 17097500
Andrew S. Gardner
Texas Bar No. 24078538
Maron, Marvel, Bradley, Anderson & Tardy, LLC
2001 Bryan Street, Suite 3050
Dallas, Texas 75201
T: 214-736-9608
F: 469-206-5501
jrobinson@maronmarvel.com
agardner@maronmarvel.com

**ATTORNEYS FOR DEFENDANTS ACH CHILD AND FAMILY SERVICES AND JALAHA LAWRENCE**

H. Dwayne Newton
Texas Bar No. 14977200
Newton, Jones & McNeely
3405 Marquart
Houston, Texas 77027
T: 713-493-7620
F: 713-493-7633
dnewton@newton-lawyers.com

**ATTORNEYS FOR DEFENDANT SHELIA ROBERSON**

Frank Alvarez
Texas Bar No. 00796122
frank.alvarez@qpwblaw.com
J. Spencer Young
Texas Bar No. 24101268
spencer.young@qpwblaw.com
Quintairos, Prieto, Wood & Boyer, P.A.
1700 Pacific Avenue, Suite 4545
Dallas, Texas 75201
T: 214-754-8755
F: 214-754-8744

**ATTORNEYS FOR DEFENDANT CHAISITY FRIDA-CARO**

John R. Robinson
Texas Bar No. 17097500
Andrew S. Gardner
Texas Bar No. 24078538
Maron, Marvel, Bradley, Anderson & Tardy, LLC
2001 Bryan Street, Suite 3050
Dallas, Texas 75201
T: 214-736-9608
F: 469-206-5501
jrobinson@maronmarvel.com
agardner@maronmarvel.com

**ATTORNEYS FOR DEFENDANTS ACH CHILD AND FAMILY SERVICES AND JALAHA LAWRENCE**

H. Dwayne Newton
Texas Bar No. 14977200
Newton, Jones & McNeely
3405 Marquart
Houston, Texas 77027
T: 713-493-7620
F: 713-493-7633
dnewton@newton-lawyers.com

**ATTORNEYS FOR DEFENDANT SHELIA ROBERSON**

Frank Alvarez
Texas Bar No. 00796122
frank.alvarez@qpwblaw.com
J. Spencer Young
Texas Bar No. 24101268
spencer.young@qpwblaw.com
Quintairos, Prieto, Wood & Boyer, P.A.
1700 Pacific Avenue, Suite 4545
Dallas, Texas 75201
T: 214-754-8755
F: 214-754-8744

**ATTORNEYS FOR DEFENDANT CHAISITY FRIDA-CARO**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Russell Button on behalf of Russell Button
Bar No. 24077428
service@buttonlawfirm.com
Envelope ID: 56228610
Status as of 8/12/2021 8:12 AM CST

Associated Case Party: ACH CHILD AND FAMILY SERVICES

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| John Robinson | | jrobinson@maronmarvel.com | 8/11/2021 5:24:34 PM | SENT |
| Andrew S.Gardner | | agardner@maronmarvel.com | 8/11/2021 5:24:34 PM | SENT |

Associated Case Party: CHAISITY FRIDA-CARO

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Johnathan SpencerYoung | | johnathan.young@qpwblaw.com | 8/11/2021 5:24:34 PM | SENT |
| Frank Alvarez | | frank.alvarez@qpwblaw.com | 8/11/2021 5:24:34 PM | SENT |

Associated Case Party: ARIANA GEORGE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Russell Button | | service@buttonlawfirm.com | 8/11/2021 5:24:34 PM | SENT |
| Heather LynnLong | | heather@heatherlonglaw.com | 8/11/2021 5:24:34 PM | SENT |

Case Contacts

| Name |
|------|
| Jon McNeely |
| Elise Robinson |
| Rocio Allen |
| Brent W.Chandler |
| John A.Ross, Jr. |
| Jennifer Moore |
| Foster KBaird |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Russell Button on behalf of Russell Button
Bar No. 24077428
service@buttonlawfirm.com
Envelope ID: 56228610
Status as of 8/12/2021 8:12 AM CST

Case Contacts

| | | | | |
|---|---|---|---|---|
| Henry DwayneNewton | | dnewton@newton-lawyers.com | 8/11/2021 5:24:34 PM | SENT |
| Terri Crawford | | tcrawford@maronmarvel.com | 8/11/2021 5:24:34 PM | SENT |

# 22. 8/19/21 Defendants' Joint Declaration Invoking TRCP 167 & Remedies Code

FILED
8/19/2021 11:58 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

Case 3:22-cv-01124-S   Document 1-6   Filed 05/20/22   Page 129 of 391   PageID 160

CAUSE NO.  CC-21-01363-D

| | | |
|---|---|---|
| ARIANA GEORGE AND RODNEY BOONE, INDIVIUDALLY AND AS REPRESENTATIVES OF THE ESTATE OF AMARI BOONE, DECEASED, | §<br>§<br>§<br>§<br>§<br>§ | IN THE COUNTY COURT |
| *Plaintiffs,* | §<br>§ | |
| v. | §<br>§ | AT LAW NO. 4 |
| ACH CHILD AND FAMILY SERVICES, SHELIA ROBERSON, CHAISITY FRIDA-CARO, AND JALAHA LAWRENCE, | §<br>§<br>§<br>§<br>§ | |
| *Defendants.* | §<br>§ | DALLAS COUNTY, TEXAS |

**DEFENDANTS' JOINT DECLARATION INVOKING
TEXAS RULE OF CIVIL PROCEDURE 167 AND TEXAS CIVIL PRACTICE AND
REMEDIES CODE CHAPTER 42**

Defendants ACH Child and Family Services, Sheila Roberson, Chaisity Frida-Caro, and Jalah Lawrence (incorrectly identified in Plaintiff's Original Petition as "Jalaha" Lawrence) (collectively referred to herein as "Defendants") make this declaration that Defendants invoke Texas Rules of Civil Procedure 167 *et seq*, as well as Texas Civil Practice and Remedies Code Chapter 42 *et seq*., and will make an Offer of Settlement under this statute and rule. This Rule 167 Offer of Settlement will be made (1) in writing, (2) pursuant to all the requirements identified in Rule 167.2 of the Texas Rules of Civil Procedure, as well as Section 42.003 of the Texas Civil Practice and Remedies Code, and (3) will be a collective and joint offer extended by Defendants ACH Child and Family Services, Sheila Roberson, Chaisity Frida-Caro, and Jalah Lawrence.

**DEFENDANTS' JOINT DECLARATION INVOKING TEXAS RULE OF CIVIL PROCEDURE 167 AND TEXAS CIVIL PRACTICE AND REMEDIES CODE CHAPTER 42**

PAGE 1 OF 3

Respectfully submitted,

**MARON MARVEL BRADLEY
ANDERSON & TARDY, LLC**

By: _/s/ Andrew S. Gardner_
    John R. Robinson
    Texas State Bar No. 17097500
    Andrew S. Gardner
    Texas State Bar No. 24078538
    Avvennett Gezahan
    Texas State Bar No. 24099895
    2001 Bryan Street, Suite 3050
    Dallas, Texas 75201
    Telephone:  214-736-9608
    Facsimile:   469-206-5501
    jrobinson@maronmarvel.com
    agardner@maronmarvel.com
    agezahan@maronmarvel.com

**ATTORNEYS FOR DEFENDANTS
ACH CHILD AND FAMILY SERVICES AND
JALAH LAWRENCE**

_/s/ H. Dwayne Newton_
H. Dwayne Newton
Texas State Bar No. 14977200
3405 Marquart
Houston, Texas 77027
Telephone:  713-493-7620
Facsimile:   713-493-7633
dnewton@newton-lawyers.com

**ATTORNEY FOR DEFENDANT
SHELIA ROBERSON**

and,

_/s/ Frank Alvarez_
Frank Alvarez
Texas State Bar No. 00796122
J. Spencer Young
Texas State Bar No. 24101268
1700 Pacific Avenue, Suite 4545
Dallas, Texas 75201
Telephone:  214-754-8755

DEFENDANTS' JOINT DECLARATION INVOKING TEXAS RULE OF CIVIL PROCEDURE 167 AND TEXAS CIVIL
PRACTICE AND REMEDIES CODE CHAPTER 42

PAGE 2 OF 3

Facsimile:   214-754-8744
frank.alvarez@qpwblaw.com
spencer.young@qpwblaw.com

**ATTORNEYS FOR DEFENDANT
CHAISITY FRIDA-CARO**

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that a true and correct copy of the foregoing instrument has been sent to all counsel of record in accordance with the Texas Rules of Civil Procedure on this the 19th day of August, 2021.

_/s/ Andrew S. Gardner_
Andrew S. Gardner

DEFENDANTS' JOINT DECLARATION INVOKING TEXAS RULE OF CIVIL PROCEDURE 167 AND TEXAS CIVIL PRACTICE AND REMEDIES CODE CHAPTER 42

PAGE 3 OF 3

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Rocio Allen on behalf of John Robinson
Bar No. 17097500
rallen@maronmarvel.com
Envelope ID: 56463428
Status as of 8/19/2021 12:04 PM CST

Associated Case Party: CHAISITY FRIDA-CARO

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Frank Alvarez | | frank.alvarez@qpwblaw.com | 8/19/2021 11:58:46 AM | SENT |
| Johnathan SpencerYoung | | johnathan.young@qpwblaw.com | 8/19/2021 11:58:46 AM | SENT |

Associated Case Party: ACH CHILD AND FAMILY SERVICES

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| John Robinson | | jrobinson@maronmarvel.com | 8/19/2021 11:58:46 AM | SENT |
| Andrew S.Gardner | | agardner@maronmarvel.com | 8/19/2021 11:58:46 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jon McNeely | | e-service@newton-lawyers.com | 8/19/2021 11:58:46 AM | SENT |
| Elise Robinson | | erobinson@maronmarvel.com | 8/19/2021 11:58:46 AM | SENT |
| Rocio Allen | | rallen@maronmarvel.com | 8/19/2021 11:58:46 AM | SENT |
| Brent W.Chandler | | brent@chandlerrosslaw.com | 8/19/2021 11:58:46 AM | SENT |
| John A.Ross, Jr. | | tony@chandlerrosslaw.com | 8/19/2021 11:58:46 AM | SENT |
| Jennifer Moore | | Jennifer@chandlerrosslaw.com | 8/19/2021 11:58:46 AM | SENT |
| Foster KBaird | | fkbaird@newton-lawyers.com | 8/19/2021 11:58:46 AM | SENT |
| Henry DwayneNewton | | dnewton@newton-lawyers.com | 8/19/2021 11:58:46 AM | SENT |
| Terri Crawford | | tcrawford@maronmarvel.com | 8/19/2021 11:58:46 AM | SENT |

Associated Case Party: ARIANA GEORGE

| Name |
|------|

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Rocio Allen on behalf of John Robinson
Bar No. 17097500
rallen@maronmarvel.com
Envelope ID: 56463428
Status as of 8/19/2021 12:04 PM CST

Associated Case Party: ARIANA GEORGE

| Russell Button | | service@buttonlawfirm.com | 8/19/2021 11:58:46 AM | SENT |
|---|---|---|---|---|
| Heather LynnLong | | heather@heatherlonglaw.com | 8/19/2021 11:58:46 AM | SENT |

23.   9/29/21  Defendants ACH Child and Family Services & Jalaha Lawrence's Certificate of Written Discovery

FILED
9/29/2021 10:31 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

Case 3:22-cv-01124-S   Document 1-6   Filed 05/20/22   Page 135 of 391   PageID 166

## CAUSE NO.  CC-21-01363-D

| | | |
|---|---|---|
| **ARIANA GEORGE AND RODNEY** | § | **IN  THE COUNTY COURT** |
| **BOONE, INDIVIUDALLY AND AS** | § | |
| **REPRESENTATIVES OF THE** | § | |
| **ESTATE OF AMARI BOONE,** | § | |
| **DECEASED,** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **AT LAW NO. 4** |
| | § | |
| **ACH CHILD AND FAMILY** | § | |
| **SERVICES, SHELIA ROBERSON,** | § | |
| **CHAISITY FRIDA-CARO, AND** | § | |
| **JALAHA LAWRENCE,** | § | |
| | § | |
| *Defendants.* | § | **DALLAS COUNTY, TEXAS** |

## DEFENDANTS ACH CHILD AND FAMILY SERVICES AND JALAH LAWRENCE'S CERTIFICATE OF WRITTEN DISCOVERY

The undersigned hereby certifies that true and correct copies of the following documents

have been served upon all counsel of record pursuant to the Texas Rules of Civil Procedure:

1. Defendant ACH Child and Family Services' First Interrogatories to Plaintiff Ariana George.
2. Defendant ACH Child and Family Services' First Interrogatories to Plaintiff Rodney Boone.
3. Defendants ACH Child and Family Services and Jalah Lawrence's First Request For Production to Plaintiffs Ariana George and Rodney Boone.

Respectfully submitted,

**MARON MARVEL BRADLEY
ANDERSON & TARDY LLC**


By: */s/ Andrew S. Gardner*
    John R. Robinson
    Texas State Bar No. 17097500
    Andrew S. Gardner
    Texas State Bar No. 24078538
    Avvennett Gezahan
    Texas State Bar No. 24099895
    2001 Bryan Street, Suite 1300
    Dallas, Texas 75201
    Telephone:  (214) 736-9608
    Facsimile:  (469) 206-5501
    jrobinson@maronmarvel.com
    agardner@maronmarvel.com

**ATTORNEYS FOR DEFENDANT
AND JALAH LAWRENCE**

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing document has been forwarded by e-service to all counsel of record on September 29th, 2021.


                  */s/ Andrew S. Gardner*
                  Andrew S. Gardner

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Rocio Allen on behalf of John Robinson
Bar No. 17097500
rallen@maronmarvel.com
Envelope ID: 57700715
Status as of 9/29/2021 10:36 AM CST

Associated Case Party: CHAISITY FRIDA-CARO

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Frank Alvarez | | frank.alvarez@qpwblaw.com | 9/29/2021 10:31:26 AM | SENT |
| Johnathan SpencerYoung | | johnathan.young@qpwblaw.com | 9/29/2021 10:31:26 AM | SENT |

Associated Case Party: ACH CHILD AND FAMILY SERVICES

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| John Robinson | | jrobinson@maronmarvel.com | 9/29/2021 10:31:26 AM | SENT |
| Andrew S.Gardner | | agardner@maronmarvel.com | 9/29/2021 10:31:26 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jon McNeely | | e-service@newton-lawyers.com | 9/29/2021 10:31:26 AM | SENT |
| Elise Robinson | | erobinson@maronmarvel.com | 9/29/2021 10:31:26 AM | SENT |
| Rocio Allen | | rallen@maronmarvel.com | 9/29/2021 10:31:26 AM | SENT |
| Brent W.Chandler | | brent@chandlerrosslaw.com | 9/29/2021 10:31:26 AM | SENT |
| John A.Ross, Jr. | | tony@chandlerrosslaw.com | 9/29/2021 10:31:26 AM | SENT |
| Jennifer Moore | | Jennifer@chandlerrosslaw.com | 9/29/2021 10:31:26 AM | SENT |
| Foster KBaird | | fkbaird@newton-lawyers.com | 9/29/2021 10:31:26 AM | SENT |
| Henry DwayneNewton | | dnewton@newton-lawyers.com | 9/29/2021 10:31:26 AM | SENT |
| Terri Crawford | | tcrawford@maronmarvel.com | 9/29/2021 10:31:26 AM | SENT |

Associated Case Party: ARIANA GEORGE

| Name |
|------|

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Rocio Allen on behalf of John Robinson
Bar No. 17097500
rallen@maronmarvel.com
Envelope ID: 57700715
Status as of 9/29/2021 10:36 AM CST

Associated Case Party: ARIANA GEORGE

| Russell Button | | service@buttonlawfirm.com | 9/29/2021 10:31:26 AM | SENT |
|---|---|---|---|---|
| Heather LynnLong | | heather@heatherlonglaw.com | 9/29/2021 10:31:26 AM | SENT |

24.   10/29/21 Defendants ACH Child and Family Services & Jalaha Lawrence's, Roberson and Friday-Caro's Joint Motion for Leave to Designate Responsible third Parties

FILED
10/29/2021 3:05 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

Case 3:22-cv-01124-S   Document 1-6   Filed 05/20/22   Page 140 of 391   PageID 171

CAUSE NO.  CC-21-01363-D

| | | |
|---|---|---|
| ARIANA GEORGE AND RODNEY BOONE, INDIVIUDALLY AND AS REPRESENTATIVES OF THE ESTATE OF AMARI BOONE, DECEASED, | §<br>§<br>§<br>§<br>§<br>§ | IN THE COUNTY COURT |
| *Plaintiffs,* | §<br>§ | |
| v. | §<br>§ | AT LAW NO. 4 |
| ACH CHILD AND FAMILY SERVICES, SHELIA ROBERSON, CHAISITY FRIDA-CARO, AND JALAHA LAWRENCE, | §<br>§<br>§<br>§<br>§ | |
| *Defendants.* | §<br>§ | DALLAS COUNTY, TEXAS |

**DEFENDANTS ACH CHILD AND FAMILY SERVICES, JALAH LAWRENCE, SHELIA ROBERSON AND CHAISITY FRIDA-CARO'S JOINT MOTION FOR LEAVE TO DESIGNATE RESPONSIBLE THIRD PARTIES**

**TO THE HONORABLE COURT:**

Defendants ACH Child and Family Services, Jalah Lawrence, Shelia Roberson and Chaisity Frida-Caro (collectively referred to herein as "Defendants") files this Joint Motion for Leave to Designate Responsible Third Parties as following:

1.      This is a wrongful death case in which Decedent Amari Boone ("Decedent") was fatally injured by his fictive kinship foster parents, Deondrick Foley and Joseph Delancy, and, as a result of his injuries, passed away on April 12, 2020.

2.      Plaintiffs Ariana George and Rodney Boone, individually and as representatives of the Estate of Amari Boone, assert causes of action of negligence and negligent undertaking against ACH Child and Family Services, with additional claims of negligence per se and gross negligence against all Defendants. Plaintiffs contend the negligent actions and/or omissions of Defendants

DEFENDANTS ACH CHILD AND FAMILY SERVICES, JALAH LAWRENCE, SHELIA ROBERSON, AND CHAISITY FRIDA-CARO'S JOINT MOTION FOR LEAVE TO DESIGNATE RESPONSIBLE THIRD PARTIES

Page 1 of 5

proximately caused Plaintiffs' injuries, when, in reality, the injuries set forth in Plaintiffs' Original Petition were caused by the negligent acts of Deondrick Foley and Joseph Delancy.

3.      In 2018, the Texas Department of Family and Protective Services ("DFPS") provided foster care placement and case management of Decedent, and, at that time, Defendant Roberson was the assigned the Child Protective Service Specialist for Decedent.

4.      In February 2020, DFPS approved the kinship placement of Decedent to the care and custody of Deondrick Foley and Joseph Delancy.

5.      Prior to Decedent's placement, and prior to transferring Decedent's file to Defendant ACH Child and Family Services, DFPS failed to document Decedent's file with documents relating the placement hearing, permanency hearing, and Decedent's injuries.  Moreover, while Decedent's file was with DFPS, there was a failure to document certain injuries sustained by Decedent while in the custody of Deondrick Foley and Joseph Delancy.

6.      Before transitioning Decedent's file to Defendant ACH Child and Family Services, DFPS failed to inform ACH about the details of Decedent's permanency hearing, update Decedent's file, and/or mention Decedent's injuries while he was in the custody of Deondrick Foley and Joseph Delancy.

7.      As alleged in Plaintiffs' own petition, it was the actions of the fictive kin, Deondrick Foley and Joseph Delancy, and not the direct actions of the Defendants, that resulted in fatal injuries to the Decedent.

8.      The negligence and negligence per se of the Texas Department of Family and Protective Service contributed to the fatal injuries sustained by Decedent upon which Plaintiffs base their claims.

9.      The direct negligent acts of Deondrick Foley and Joseph Delancy led to Decedent

**DEFENDANTS ACH CHILD AND FAMILY SERVICES, JALAH LAWRENCE, SHELIA ROBERSON, AND CHAISITY FRIDA-CARO'S JOINT MOTION FOR LEAVE TO DESIGNATE RESPONSIBLE THIRD PARTIES**

Page 2 of 5

sustaining fatal injuries upon which Plaintiffs base their claims.

10.     Under the Texas Civil Practices and Remedies Code, a defendant can move for leave to designate a person as a responsible third party.[1] A responsible third party is a person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, or by other conduct or activity that violates an applicable legal standard.

11.     Based on the facts pled in Plaintiff's Original Petition, along with the facts contained within this Joint Motion for Leave, Defendants hereby move to designate Texas Department of Family and Protective Services, Deondrick Foley, and Joseph Delancy as responsible third parties.

12.     Defendants file this motion more than sixty days before trial and within the statute of limitations; therefore, it is timely.[2]

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Defendants ACH Child and Family Services, Jalah Lawrence, Shelia Roberson and Chaisity Frida-Caro ask the Court to grant this motion for leave to designate the responsible third parties and for all other relief to which it is entitled.

Respectfully submitted,

**MARON MARVEL BRADLEY ANDERSON & TARDY, LLC**

By: _____ */s/ Andrew S. Gardner* _____
        John R. Robinson
        Texas State Bar No. 17097500
        Andrew S. Gardner
        Texas State Bar No. 24078538
        Avvennett Gezahan

---

[1] Tex. Civ. Prac. & Rem. Code §33.004(a).
[2] *Id.* at §33.004(a)

**DEFENDANTS ACH CHILD AND FAMILY SERVICES, JALAH LAWRENCE, SHELIA ROBERSON, AND CHAISITY FRIDA-CARO'S JOINT MOTION FOR LEAVE TO DESIGNATE RESPONSIBLE THIRD PARTIES**

Page 3 of 5

Texas State Bar No. 24099895
2001 Bryan Street, Suite 3050
Dallas, Texas 75201
Telephone:  214-736-9608
Facsimile:   469-206-5501
jrobinson@maronmarvel.com
agardner@maronmarvel.com
agezahan@maronmarvel.com

**ATTORNEYS FOR DEFENDANTS**
**ACH CHILD AND FAMILY SERVICES AND**
**JALAHA LAWRENCE**

&

**NEWTON, JONES & MCNEELY**

By:  _____ */s/ H. Dwayne Newton* _____
        H. Dwayne Newton
        State Bar No. 14977200
        3405 Marquart
        Houston, Texas 77027
        (713) 493-7620 – Telephone
        (713) 493-7633
        dnewton@newton-lawyers.com

**ATTORNEYS FOR DEFENDANT SHELIA**
**ROBERSON**

&

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**

By:  _____ */s/ Frank Alvarez* _____
        **FRANK ALVAREZ**
        State Bar No. 00796122
        frank.alvarez@qpwblaw.com
        **J. SPENCER YOUNG**
        State Bar No. 24101268
        Spencer.young@qpwblaw.com

1700 Pacific Avenue, Suite 4545
Dallas, Texas 75201
Telephone: (214) 754-8755
Fax:     (214) 754-8744

DEFENDANTS ACH CHILD AND FAMILY SERVICES, JALAH LAWRENCE, SHELIA ROBERSON, AND CHAISITY
FRIDA-CARO'S JOINT MOTION FOR LEAVE TO DESIGNATE RESPONSIBLE THIRD PARTIES

Page 4 of 5

**ATTORNEYS FOR DEFENDANT CHAISITY
FRIDA-CARO**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been sent to all counsel of record in accordance with the Texas Rules of Civil Procedure on this the 29th day of October, 2021.

*/s/ Andrew S. Gardner*
Andrew S. Gardner

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Rocio Allen on behalf of John Robinson
Bar No. 17097500
rallen@maronmarvel.com
Envelope ID: 58682890
Status as of 10/29/2021 4:06 PM CST

Associated Case Party: CHAISITY FRIDA-CARO

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Frank Alvarez | | frank.alvarez@qpwblaw.com | 10/29/2021 3:05:24 PM | SENT |
| Johnathan SpencerYoung | | johnathan.young@qpwblaw.com | 10/29/2021 3:05:24 PM | SENT |

Associated Case Party: ACH CHILD AND FAMILY SERVICES

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| John Robinson | | jrobinson@maronmarvel.com | 10/29/2021 3:05:24 PM | SENT |
| Andrew S.Gardner | | agardner@maronmarvel.com | 10/29/2021 3:05:24 PM | SENT |
| Avvennett MGezahan | | Agezahan@maronmarvel.com | 10/29/2021 3:05:24 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jon McNeely | | e-service@newton-lawyers.com | 10/29/2021 3:05:24 PM | SENT |
| Elise Robinson | | erobinson@maronmarvel.com | 10/29/2021 3:05:24 PM | SENT |
| Rocio Allen | | rallen@maronmarvel.com | 10/29/2021 3:05:24 PM | SENT |
| Brent W.Chandler | | brent@chandlerrosslaw.com | 10/29/2021 3:05:24 PM | SENT |
| John A.Ross, Jr. | | tony@chandlerrosslaw.com | 10/29/2021 3:05:24 PM | SENT |
| Jennifer Moore | | Jennifer@chandlerrosslaw.com | 10/29/2021 3:05:24 PM | SENT |
| Foster KBaird | | fkbaird@newton-lawyers.com | 10/29/2021 3:05:24 PM | SENT |
| Henry DwayneNewton | | dnewton@newton-lawyers.com | 10/29/2021 3:05:24 PM | SENT |
| Terri Crawford | | tcrawford@maronmarvel.com | 10/29/2021 3:05:24 PM | SENT |

Associated Case Party: ARIANA GEORGE

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Rocio Allen on behalf of John Robinson
Bar No. 17097500
rallen@maronmarvel.com
Envelope ID: 58682890
Status as of 10/29/2021 4:06 PM CST

Associated Case Party: ARIANA GEORGE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Russell Button | | service@buttonlawfirm.com | 10/29/2021 3:05:24 PM | SENT |
| Heather LynnLong | | heather@heatherlonglaw.com | 10/29/2021 3:05:24 PM | SENT |

25.   11/12/21 Plaintiffs' Rule 167.3(d) Objection to Defendants'' Joint Offer of Settlement Pursuant to TCRP 167 and TCPR code Chapter 42

FILED
11/12/2021 5:15 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CAUSE NO. CC-21-01363-D

| | | |
|---|---|---|
| ARIANA GEORGE AND RODNEY BOONE, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF AMARI BOONE, DECEASED | § § § § § § | IN THE COUNTY COURT |
| PLAINTIFF, | § § § | |
| VS. | § § § § | AT LAW NO. 4 |
| ACH CHILD AND FAMILY SERVICES, SHELIA ROBERSON, CHAISITY FRIDA—CARO, AND JALAHA LAWRENCE, | § § § § § | |
| DEFENDANTS. | § | DALLAS COUNTY, TEXAS |

## PLAINTIFFS' RULE 167.3(d) OBJECTION TO DEFENDANTS' JOINT OFFER OF SETTLEMENT PURSUANT TO TEXAS RULE OF CIVIL PROCEDURE 167 AND TEXAS CIVIL PRACTICES & REMEDIES CODE CHAPTER 42

Ariana George and Rodney Boone, Individually and as Representatives of the Estate of Amari Boone, deceased, file this objection to Defendants' Joint Offer of Settlement pursuant to TEXAS RULE OF CIVIL PROCEDURE 167 and TEXAS CIVIL PRACTICES & REMEDIES CODE Chapter 42 that was made on August 20, 2021, prior to the offerors moving for leave to designate responsible third parties.

Amari Boone's parents filed this lawsuit against Defendants on the first

anniversary of Amari's death. Approximately four months later, before any substantive discovery could be obtained, Defendants filed a Joint Declaration Invoking TEXAS RULE OF CIVIL PROCEDURE 167 and TEXAS CIVIL PRACTICES & REMEDIES CODE Chapter 42. *See* Joint Dec. Invoking Offer of Settlement Rule, filed 8/19/2021. They followed the declaration with a Joint Offer of Settlement that included a fourteen day deadline for acceptance. Two months after the deadline expired, Defendants made a joint motion for leave to designate responsible third parties. *See* Defs.' Joint Mot. for Leave to Designation RTPs, filed 10/29/2021.

The Offer of Settlement Rule that Defendants attempted to invoke before any discovery could take place is a fee shifting rule. *See* TEX. R. CIV. P. 167.2, 167.4. It allows a defendant who complies with the rule's requirements to make a settlement offer, dictate the terms and conditions of the offer, and set a deadline for acceptance. Rejecting an offer of settlement can result in a plaintiff paying the litigation costs of a defendant that a jury found liable out of the damages the jury awarded against that defendant. *See id.*

Ariana George and Rodney Boone in their individual and representative capacities **object** to the Defendants' Joint Offer of Settlement that was served and expired before Defendants jointly moved for leave to designate responsible third parties. According to Rule 167.3(d):

> An offer made before an offeror joins another party or designates a responsible third party may not be basis for awarding litigation costs under this rule against an offeree who files an objection to the offer *within 15 days after service of the offeror's . . . designation.*

Tex. R. Civ. P. 167.3(d) (emphasis added). This objection to the offer is filed within fifteen days of Defendants' motion for leave seeking to designate responsible third parties. Therefore, even if Defendants' Joint Offer of Settlement was valid under the rules, it cannot be the basis of awarding any of the Defendants' litigation costs to be paid by Amari's family.

<u>PRAYER</u>

Ariana George and Rodney Boone, individually and as representatives of the Estate of Amari Boone, object to the Joint Offer of Settlement served by Defendants ACH Child and Family Services, Shelia Roberson, Chaisity Frida–Caro, and Jalah Lawrence prior to Defendants' Joint Motion for Leave to Designate Responsible Third Parties pursuant to Rule 167.3(d). Defendants are not entitled to use their offer as a basis for awarding litigation costs. Amari's parents further ask the Court for any further relief to which they may be justly entitled after the final determination of the causes of action set out above.

Respectfully Submitted,

_____

Heather Lynn Long
State Bar No. 24055865
heather@heatherlonglaw.com
**HEATHER LONG LAW PC**
4310 N. Central Expressway
Dallas, Texas 75206
Telephone:  214-699-5994

Russell T. Button
State Bar No. 24077428
Russell@buttonlawfirm.com
Ashley D. Washington
State Bar No. 24102030
Ashley@buttonlawfirm.com
**THE BUTTON LAW FIRM**
4315 West Lovers Lane, Suite A
Dallas, Texas 75209
Telephone: 214-888-2216
Facsimile: 214-481-8667


**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

This Objection was served on counsel of record for all parties on November 12, 2021 via the Court's e-filing system.

_____
Heather Lynn Long

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Heather Long on behalf of Heather Long
Bar No. 24055865
heather@heatherlonglaw.com
Envelope ID: 59133881
Status as of 11/15/2021 10:33 AM CST

Associated Case Party: ACH CHILD AND FAMILY SERVICES

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| John Robinson | | jrobinson@maronmarvel.com | 11/12/2021 5:15:43 PM | SENT |
| Andrew S.Gardner | | agardner@maronmarvel.com | 11/12/2021 5:15:43 PM | SENT |
| Avvennett MGezahan | | Agezahan@maronmarvel.com | 11/12/2021 5:15:43 PM | SENT |

Associated Case Party: CHAISITY FRIDA-CARO

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Frank Alvarez | | frank.alvarez@qpwblaw.com | 11/12/2021 5:15:43 PM | SENT |
| Johnathan SpencerYoung | | johnathan.young@qpwblaw.com | 11/12/2021 5:15:43 PM | SENT |

Associated Case Party: ARIANA GEORGE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Russell Button | | service@buttonlawfirm.com | 11/12/2021 5:15:43 PM | SENT |
| Heather LynnLong | | heather@heatherlonglaw.com | 11/12/2021 5:15:43 PM | SENT |

Case Contacts

| Name |
|------|
| Jon McNeely |
| Elise Robinson |
| Rocio Allen |
| Brent W.Chandler |
| John A.Ross, Jr. |
| Jennifer Moore |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Heather Long on behalf of Heather Long
Bar No. 24055865
heather@heatherlonglaw.com
Envelope ID: 59133881
Status as of 11/15/2021 10:33 AM CST

Case Contacts

| Foster KBaird | | fkbaird@newton-lawyers.com | 11/12/2021 5:15:43 PM | SENT |
| Henry DwayneNewton | | dnewton@newton-lawyers.com | 11/12/2021 5:15:43 PM | SENT |
| Terri Crawford | | tcrawford@maronmarvel.com | 11/12/2021 5:15:43 PM | SENT |

26. 11/15/21 Defendants ACH Child and Family Services & Jalaha Lawrence's Certificate of Written Discovery

FILED
11/15/2021 4:10 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

Case 3:22-cv-01124-S   Document 1-6   Filed 05/20/22   Page 156 of 391   PageID 187

## CAUSE NO. CC-21-01363-D

| | | |
|---|---|---|
| **ARIANA GEORGE AND RODNEY BOONE, INDIVIUDALLY AND AS REPRESENTATIVES OF THE ESTATE OF AMARI BOONE, DECEASED,** | § § § § § § | **IN THE COUNTY COURT** |
| *Plaintiffs,* | § § | |
| **v.** | § § | **AT LAW NO. 4** |
| **ACH CHILD AND FAMILY SERVICES, SHELIA ROBERSON, CHAISITY FRIDA-CARO, AND JALAHA LAWRENCE,** | § § § § § | |
| *Defendants.* | § | **DALLAS COUNTY, TEXAS** |

## DEFENDANTS ACH CHILD AND FAMILY SERVICES AND JALAH LAWRENCE'S CERTIFICATE OF WRITTEN DISCOVERY

The undersigned hereby certifies that true and correct copies of the following documents

have been served upon all counsel of record pursuant to the Texas Rules of Civil Procedure:

1. Defendant ACH Child and Family Services' Objections And Response to Plaintiffs' First Request For Production.
2. Defendant Jalaha Lawrence's Objections And Response to Plaintiffs' First Request For Production.

Respectfully submitted,

**MARON MARVEL BRADLEY
ANDERSON & TARDY LLC**

By:＿＿＿_/s/ Andrew S. Gardner_＿＿＿＿
     John R. Robinson
     Texas State Bar No. 17097500
     Andrew S. Gardner
     Texas State Bar No. 24078538
     Avvennett Gezahan
     Texas State Bar No. 24099895
     2001 Bryan Street, Suite 1300
     Dallas, Texas 75201
     Telephone:  (214) 736-9608
     Facsimile:  (469) 206-5501
     jrobinson@maronmarvel.com
     agardner@maronmarvel.com

**ATTORNEYS FOR DEFENDANTS
ACH CHILD AND FAMILY SERVICES
AND JALAHA LAWRENCE**

## <u>CERTIFICATE OF SERVICE</u>

    I do hereby certify that a true and correct copy of the above and foregoing document has been forwarded by e-service to all counsel of record on this the 15th day of November, 2021.

        ＿＿＿＿_/s/ Andrew S. Gardner_＿＿＿＿
        Andrew S. Gardner

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Rocio Allen on behalf of John Robinson
Bar No. 17097500
rallen@maronmarvel.com
Envelope ID: 59176681
Status as of 11/16/2021 9:42 AM CST

Associated Case Party: CHAISITY FRIDA-CARO

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Frank Alvarez | | frank.alvarez@qpwblaw.com | 11/15/2021 4:10:35 PM | SENT |
| Johnathan SpencerYoung | | johnathan.young@qpwblaw.com | 11/15/2021 4:10:35 PM | SENT |

Associated Case Party: ACH CHILD AND FAMILY SERVICES

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| John Robinson | | jrobinson@maronmarvel.com | 11/15/2021 4:10:35 PM | SENT |
| Andrew S.Gardner | | agardner@maronmarvel.com | 11/15/2021 4:10:35 PM | SENT |
| Avvennett MGezahan | | Agezahan@maronmarvel.com | 11/15/2021 4:10:35 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jon McNeely | | e-service@newton-lawyers.com | 11/15/2021 4:10:35 PM | SENT |
| Elise Robinson | | erobinson@maronmarvel.com | 11/15/2021 4:10:35 PM | SENT |
| Rocio Allen | | rallen@maronmarvel.com | 11/15/2021 4:10:35 PM | SENT |
| Brent W.Chandler | | brent@chandlerrosslaw.com | 11/15/2021 4:10:35 PM | SENT |
| John A.Ross, Jr. | | tony@chandlerrosslaw.com | 11/15/2021 4:10:35 PM | SENT |
| Jennifer Moore | | Jennifer@chandlerrosslaw.com | 11/15/2021 4:10:35 PM | SENT |
| Foster KBaird | | fkbaird@newton-lawyers.com | 11/15/2021 4:10:35 PM | SENT |
| Henry DwayneNewton | | dnewton@newton-lawyers.com | 11/15/2021 4:10:35 PM | SENT |
| Terri Crawford | | tcrawford@maronmarvel.com | 11/15/2021 4:10:35 PM | SENT |

Associated Case Party: ARIANA GEORGE

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Rocio Allen on behalf of John Robinson
Bar No. 17097500
rallen@maronmarvel.com
Envelope ID: 59176681
Status as of 11/16/2021 9:42 AM CST

Associated Case Party: ARIANA GEORGE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Russell Button | | service@buttonlawfirm.com | 11/15/2021 4:10:35 PM | SENT |
| Heather LynnLong | | heather@heatherlonglaw.com | 11/15/2021 4:10:35 PM | SENT |

27.   11/15/21 Defendants ACH Child and Family Services & Jalaha Lawrence's Motion for Protective Order to Limit Distribution of Confidential Information

FILED
11/15/2021 6:10 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

Case 3:22-cv-01124-S   Document 1-6   Filed 05/20/22   Page 161 of 391   PageID 192

CAUSE NO.  CC-21-01363-D

| | | |
|---|---|---|
| ARIANA GEORGE AND RODNEY BOONE, INDIVIUDALLY AND AS REPRESENTATIVES OF THE ESTATE OF AMARI BOONE, DECEASED, | § § § § § § | IN  THE COUNTY COURT |
| *Plaintiffs,* | § § | |
| v. | § § | AT LAW NO. 4 |
| ACH CHILD AND FAMILY SERVICES, SHELIA ROBERSON, CHAISITY FRIDA-CARO, AND JALAHA LAWRENCE, | § § § § § | |
| *Defendants.* | § | DALLAS COUNTY, TEXAS |

**DEFENDANTS ACH CHILD AND FAMILY SERVICES AND JALAH LAWRENCE'S MOTION FOR PROTECTIVE ORDER TO LIMIT DISTRIBUTION OF CONFIDENTIAL INFORMATION**

Defendants ACH Child and Family Services and Jalah Lawrence (referred to herein as "Defendant ACH" and "Defendant Lawrence", respectively, and sometimes "Defendants", collectively) file and serve this their Motion for Protective Order to Limit Distribution of Confidential Information, and in support thereof, would show as follows:

**I.      BACKGROUND**

1.      This case involves a wrongful death action brought by Plaintiffs Ariana George and Rodney Boone relating to the death of their minor child Amari Boone ("Decedent"). Decedent was fatally injured by his fictive foster parents, Deondrick Foley and Joseph Delancy (referred to herein as "Foley" and "Delancy", respectively), and, as a result of his injuries, passed away on April 12, 2020.  Plaintiffs filed their Original Petition on April 12, 2021.  Defendant ACH and Defendant Lawrence filed their Original Answer on May 7, 2021.  Since that time the parties have engaged in written discovery, including the service of production requests by

**DEFENDANTS ACH CHILD AND FAMILY SERVICES AND JALAH LAWRENCE'S MOTION FOR PROTECTIVE ORDER TO LIMIT DISTRIBUTION OF CONFIDENTIAL INFORMATION**

*Page 1 of 7*

Plaintiffs onto Defendant ACH and Lawrence.

2.      In connection with the events surrounding the Decedent's passing, and during the pendency of this instant civil suit, two (2) active criminal cases have been on-going in Tarrant County in connection with the acts and actions of Foley and Delancy.[1]  As a result of both this civil lawsuit, and the pending criminal charges and investigation(s), the circumstances surrounding the Decedent and his death have garnered significant attention by not only the local Dallas-Fort Worth media, but also on a national scale.

## II.      DISCOVERY

3.      On September 17, 2021, Plaintiffs served Plaintiffs' First Requests for Production to ACH Child and Family Services, which consisted of One-Hundred and Four (104) individual requests for the production of documentation.[2]  That same day, Plaintiffs served their First Requests for Production to Jalah Lawrence, which consisted of Fifty-Seven (57) requests for the production of documentation.[3]  Prior to the deadline to provide these responses and produce responsive documentation, Plaintiffs, Defendant ACH and Defendant Lawrence entered into a Rule 11 agreement extending Defendant ACH and Defendant Lawrence's deadline to respond to November 15, 2021.

4.      On November 15, 2021, Defendant ACH and Defendant Lawrence provided their responses to Plaintiffs' production requests.  Concurrent with the service of these responses and production of responsive documentation, Plaintiffs, Defendant ACH and Defendant Lawrence entered into a second Rule 11 agreement whereby the parties agreed to limit the distribution of all documentation produced in response to those discovery requests until after the Court's ruling

---

[1] The pending Tarrant County criminal case against Deondrick Foley bears the criminal Case No. 1671718.  The pending Tarrant County criminal case against Joseph Delancy bears the criminal Case No. 1671711.
[2] *See* **Exhibit "A"**, Plaintiffs' First Request for Production to ACH Child and Family Services.
[3] *See* **Exhibit "B"**, Plaintiffs' First Request for Production to Jalah Lawrence.

DEFENDANTS ACH CHILD AND FAMILY SERVICES AND JALAH LAWRENCE'S MOTION FOR PROTECTIVE ORDER TO LIMIT DISTRIBUTION OF CONFIDENTIAL INFORMATION

Page 2 of 7

on this Motion for Protective Order to Limit Distribution of Confidential Information.  In producing their responsive documentation, Defendant ACH and Defendant Lawrence further identified all documentation produced in response to Plaintiffs' production requests as "Confidential" and affixed a watermark to these documents to further denote their confidential nature.

5.      Plaintiffs' production requests generally seek the discovery of personnel files held by Defendant ACH for Defendant Lawrence, Defendant Frida-Caro, Defendant Roberson, all of which contain personal, private and confidential information connected with their employment at Defendant ACH.  Plaintiffs also request confidential information related to the placement of both Amari Boone and L. Boone.[4]   Finally, Plaintiffs seek the discovery of certain policies and procedures developed and implemented by Defendant ACH, including policies/procedures related to minor placements, background checks, home inspections and reporting, and minor placements followed by case workers for Defendant ACH, all of which constitute trade secrets used by Defendant ACH in the performance of its non-profit functions.

6.      All responsive documentation produced by Defendants ACH and Lawrence either contain personal, private information or constitutes documentation containing trade secrets developed and implemented by Defendant ACH, and therefore, the documentation, as well as the information contained therein, should be protected from distribution and dissemination to any individual and/or entity not a party to this lawsuit.  For the reason contained below, Defendants ACH and Lawrence request a protective order from the Court limiting the distribution of documentation produced by Defendants ACH and Lawrence to the parties, counsel for the parties, and any witness (fact or expert) called to testify by the parties, and prohibiting the parties

---

[4] L. Boone is the surviving siblings of Amari Boone who was also placed by fictive kin Foley and Delancy by the Texas Department of Family and Protective Services ("TDFPS") prior to the transfer of their files from the TDFPS to Defendant ACH Child and Family Services.

DEFENDANTS ACH CHILD AND FAMILY SERVICES AND JALAH LAWRENCE'S MOTION FOR PROTECTIVE ORDER TO LIMIT DISTRIBUTION OF CONFIDENTIAL INFORMATION

Page 3 of 7

from distributing or disseminating these documents, and disclosing the information contained within, to any individual and/or entity not a party to this instant proceeding.

### III.   ARGUMENTS AND AUTHORITIES

7.     A party or non-party resisting discovery may file a motion for protective order in response to a discovery request or a motion to compel.[5]  A trial court has discretion to protect a party with a protective order.[6]  The court has the authority to limit the scope of discovery based on the needs and circumstances of the case.[7]  The court also has the authority to limit the distribution of documentation produced in response to a discovery request.[8]

8.     An order sealing or limiting distribution of documents must be made on a showing of good cause and in accordance with the provisions of Texas Rule of Civil Procedure 76a.[9]  The sealing of court records, including limiting the distribution of documents produced in response to discovery requests, requires a showing that (1) a specific, serious and substantial interest which clearly outweighs, (a) the presumption of openness, (b) any probable adverse effect that sealing will have upon the general public health and safety, and (2) no less restrictive means that sealing records will adequately and effectively protect the specific interest asserted.[10]

9.     A specific, serious and substantial interest exists for limiting the distribution of documentation produced by Defendants ACH and Lawrence which outweighs the presumption of openness and any probable adverse effect on the general public's health and safety.  All documentation produced by Defendant ACH and Lawrence necessarily includes private, personal and sensitive information relating to Defendants Lawrence, Frida-Caro, Roberson, as well as minors Amari Boone and L. Boone.  Specifically, Plaintiffs' requests concerning the

---

[5] Tex. R. Civ. P. 192.6; *see In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 180-181 (Tex. 1999).
[6] Tex. R. Civ. P. 192.6; *Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 553 (Tex. 1990)
[7] Tex. R. Civ. P. 192 cmt. 7.
[8] Tex. R. Civ. P. 192.6(b)(5).
[9] *See* Tex. R. Civ. P. 192.6(b)(5); *Chandler v. Hyundai Motor Co.*, 829 S.W.2d 774, 774-775 (Tex. 1992).
[10] Tex. R. Civ. P. 76a.

DEFENDANTS ACH CHILD AND FAMILY SERVICES AND JALAH LAWRENCE'S MOTION FOR PROTECTIVE ORDER TO LIMIT DISTRIBUTION OF CONFIDENTIAL INFORMATION

Page 4 of 7

personnel files of Lawrence, Frida-Caro, and Roberson include personal information gathered in connection with their employment with Defendant ACH. The documentation concerning the placement of Amari and L. Boone consists of confidential information related to their ultimate placement with fictive kin Foley and Delancy.

10.     Plaintiffs' request for internal documentation relating to the policies and procedures developed and implemented by Defendant ACH for the placement of minors includes information properly categorized as trade secrets used by Defendant ACH in the performance of its non-profit functions. Confidentiality of both the sensitive, private personal information described above, as well as trade secrets of the internal policies and procedures developed and implemented by Defendant ACH, are specific, serious and substantial interests that require protection. There is no "probable adverse effect" that would result in limiting the disclosure of these documentation to just the parties in this proceeding, their counsel, and any witness (fact or expert) called to testify on behalf of any party in this lawsuit. Entering the requested protected order would allow for Plaintiffs to continue to prosecute their claims against the defendants, while also ensuring that this confidential information remains just that; confidential.

11.     Finally, the claims made by Plaintiffs in this case have received significant attention from both the local and national media. Defendants ACH and Lawrence would suffer injury in the form of public prejudice if the documentation exchanged in this proceeding were made openly available to the public. The limitation of distribution requested by way of this Motion for Protective Order is the least restrictive way to ensure that Defendant ACH and Lawrence will not suffer injury via public prejudice, while also permitting Plaintiffs to pursue their claims they have asserted.

12.     Given the above, Defendant ACH and Lawrence move for a protective order

DEFENDANTS ACH CHILD AND FAMILY SERVICES AND JALAH LAWRENCE'S MOTION FOR PROTECTIVE ORDER TO LIMIT DISTRIBUTION OF CONFIDENTIAL INFORMATION

Page 5 of 7

limiting the distribution of any documentation produced by Defendants ACH and Lawrence to only the parties, the parties' counsel, and any witnesses (fact or expert) that the parties may call to testify, and that the parties may not distribute, disseminate, or otherwise disclose that documentation, or the information contained therein, to any individual and/or entitled not a party to this proceeding.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED,** Defendants ACH Child and Family Services and Jalah Lawrence pray that the Court enters a protective order as requested limiting the distribution and dissemination of all documentation produced by Defendants ACH Child and Family Services and Jalah Lawrence to only the parties to this proceeding, their counsel, and any witness (fact or expert), and also prohibiting the distribution and dissemination of the same documentation, and disclosure of the information contain within, to any individual or entity not a party to this proceeding, and for all other relief, at law or in equity, to which they may be entitled.

Respectfully submitted,

**MARON MARVEL BRADLEY**
**ANDERSON & TARDY, LLC**

By: _____*/s/ Andrew S. Gardner*_____
　　　John R. Robinson
　　　Texas State Bar No. 17097500
　　　Andrew S. Gardner
　　　Texas State Bar No. 24078538
　　　Avvennett Gezahan
　　　Texas State Bar No. 24099895
　　　2001 Bryan Street, Suite 3050
　　　Dallas, Texas 75201
　　　Telephone:  214-736-9608
　　　Facsimile:   469-206-5501
　　　jrobinson@maronmarvel.com
　　　agardner@maronmarvel.com

DEFENDANTS ACH CHILD AND FAMILY SERVICES AND JALAH LAWRENCE'S MOTION FOR PROTECTIVE ORDER TO LIMIT DISTRIBUTION OF CONFIDENTIAL INFORMATION

Page 6 of 7

agezahan@maronmarvel.com

**ATTORNEYS FOR DEFENDANTS**
**ACH CHILD AND FAMILY SERVICES AND**
**JALAHA LAWRENCE**

## CERTIFICATE OF CONFERENCE

This is to certify that I have conferred with counsel for Plaintiffs regarding the relief requested herein, and Plaintiffs have advised that they are opposed to the same.

_/s/ Andrew S. Gardner_
Andrew S. Gardner

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been sent to all counsel of record in accordance with the Texas Rules of Civil Procedure on this the 15th day of November, 2021.

_/s/ Andrew S. Gardner_
Andrew S. Gardner

DEFENDANTS ACH CHILD AND FAMILY SERVICES AND JALAH LAWRENCE'S MOTION FOR PROTECTIVE ORDER TO LIMIT DISTRIBUTION OF CONFIDENTIAL INFORMATION

Page 7 of 7

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Elise Robinson on behalf of John Robinson
Bar No. 17097500
erobinson@maronmarvel.com
Envelope ID: 59183293
Status as of 11/16/2021 10:58 AM CST

Associated Case Party: CHAISITY FRIDA-CARO

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Frank Alvarez | | frank.alvarez@qpwblaw.com | 11/15/2021 6:10:57 PM | SENT |
| Johnathan SpencerYoung | | johnathan.young@qpwblaw.com | 11/15/2021 6:10:57 PM | SENT |

Associated Case Party: ACH CHILD AND FAMILY SERVICES

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| John Robinson | | jrobinson@maronmarvel.com | 11/15/2021 6:10:57 PM | SENT |
| Andrew S.Gardner | | agardner@maronmarvel.com | 11/15/2021 6:10:57 PM | SENT |
| Avvennett MGezahan | | Agezahan@maronmarvel.com | 11/15/2021 6:10:57 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jon McNeely | | e-service@newton-lawyers.com | 11/15/2021 6:10:57 PM | SENT |
| Elise Robinson | | erobinson@maronmarvel.com | 11/15/2021 6:10:57 PM | SENT |
| Rocio Allen | | rallen@maronmarvel.com | 11/15/2021 6:10:57 PM | SENT |
| Brent W.Chandler | | brent@chandlerrosslaw.com | 11/15/2021 6:10:57 PM | SENT |
| John A.Ross, Jr. | | tony@chandlerrosslaw.com | 11/15/2021 6:10:57 PM | SENT |
| Jennifer Moore | | Jennifer@chandlerrosslaw.com | 11/15/2021 6:10:57 PM | SENT |
| Foster KBaird | | fkbaird@newton-lawyers.com | 11/15/2021 6:10:57 PM | SENT |
| Henry DwayneNewton | | dnewton@newton-lawyers.com | 11/15/2021 6:10:57 PM | SENT |
| Terri Crawford | | tcrawford@maronmarvel.com | 11/15/2021 6:10:57 PM | SENT |

Associated Case Party: ARIANA GEORGE

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Elise Robinson on behalf of John Robinson
Bar No. 17097500
erobinson@maronmarvel.com
Envelope ID: 59183293
Status as of 11/16/2021 10:58 AM CST

Associated Case Party: ARIANA GEORGE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Russell Button | | service@buttonlawfirm.com | 11/15/2021 6:10:57 PM | SENT |
| Heather LynnLong | | heather@heatherlonglaw.com | 11/15/2021 6:10:57 PM | SENT |

28.   11/15/21 Defendants ACH Child and Family Services & Jalaha Lawrence's Motion for Protective Order to Limit Distribution of Confidential Information Exhibit A & B

# EXHIBIT A

Electronically Served
9/17/2021 3:43 PM

CAUSE NO. CC-21-01363-D

| | | |
|---|---|---|
| ARIANA GEORGE AND RODNEY BOONE, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF AMARI BOONE, DECEASED | § § § § § | IN THE COUNTY COURT |
| PLAINTIFFS, | § § § | |
| VS. | § § § § | AT LAW NO. 4 |
| ACH CHILD AND FAMILY SERVICES, SHELIA ROBERSON, CHAISITY FRIDA– CARO, AND JALAHA LAWRENCE, | § § § § § | |
| DEFENDANTS. | § | DALLAS COUNTY, TEXAS |

## PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION TO ACH CHILD AND FAMILY SERVICES

TO: Defendant ACH Child and Family Services, by and through counsel of record, John R. Robinson and Andrew S. Gardner, Maron Marvel Bradley Anderson & Tardy, LLC, 2001 Bryan Street, Suite 3050, Dallas, Texas 75201

COMES NOW, Plaintiffs Ariana George and Rodney Boone, individually and as representatives of the Estate of Amari Boone, deceased, pursuant to the Texas Rules of Civil Procedure and serves this, their First Requests for Production to Defendant ACH Child and Family Services.

1

Respectfully submitted,

THE BUTTON LAW FIRM

By: */s/Russell T. Button*
Russell T. Button
Texas Bar No. 24077428
russell@buttonlawfirm.com
Ashley Washington
Texas Bar No. 24102030
Ashley@buttonawfirm.com
4315 W. Lovers Lane, Suite A
Dallas, Texas 75209
T: 214-888-2216
F: 214-481-8667
Email for Service: service@buttonlawfirm.com

-and-

Heather Lynn Long
State Bar No. 24055865
Heather@heatherlonglaw.com
HEATHER LONG LAW PC
4310 N. Central Expressway
Dallas, Texas 75206
Telephone: 214-699-5994

-and-

Brent W. Chandler
State Bar No. 24055291
brent@chandlerrosslaw.com
John A. Ross, Jr.
State Bar No. 24053453
Tony@chandlerrosslaw.com
Chandler | Ross, PLLC
110 N. Woodrow, Ste. 120
Denton, Texas 76205
Telephone: 940-800-2500
Facsimile: 866-464-8315

**ATTORNEYS FOR PLAINTIFFS**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the above and foregoing was provided to the following parties of record via facsimile, electronically, and/or email in accordance with the Texas Rules of Civil Procedure on this 17th day of September 2021.

John R. Robinson
State Bar No. 17097500
jrobinson@maronmarvel.com
Andrew S. Gardner
State Bar No. 24078538
agardner@maronmarvel.com
Maron Marvel Bradley Anderson & Tardy, LLC
2001 Bryan Street, Suite 3050
Dallas, Texas 75201
T: 214-736-9608
F: 469-206-5501
**ATTORNEYS FOR DEFENDANT ACH CHILD AND FAMILY SERVICES
AND DEFENDANT JALAH LAWRENCE**

H. Dwayne Newton
State Bar No. 14977200
dnewton@newton-lawyers.com
Newton, Jones & McNeely
3405 Marquart
Houston, Texas 77027
T: 713-493-7620
F: 713-493-7633
**ATTORNEYS FOR DEFENDANT SHELIA ROBERSON**

Frank Alvarez
State Bar No. 00796122
frank.alvarez@qpwblaw.com
J. Spencer Young
State Bar No. 24101268
spencer.young@qpwblaw.com
Quintairos, Prieto, Wood & Boyer, P.A.
1700 Pacific Avenue, Suite 4545
Dallas, Texas 75201
T: 214-754-8755
F: 214-754-8744
**ATTORNEYS FOR DEFENDANT CHAISITY FRIDA - CARO**

*/s/Russell T. Button*
Russell T. Button

3

## **DEFINITIONS**

A.      Whenever the term "ACH Child and Family Services," "our community. our kids.," "OCOK," "You," and/or "Your" is used, it refers to ACH Child and Family Services and its community-based care division "our community. our kids.," a named defendant in this action as referenced in Plaintiffs' original petition and any amendments thereto, unless otherwise specified.

B.      Whenever the name "Shelia Roberson" and/or "Defendant Roberson," is used, it refers to named defendant Shelia Roberson, an individual and employee of ACH Child and Family Services at the time of the incident, who was involved in Amari Boone's case, as alleged in Plaintiffs' original petition and any amendments thereto, unless otherwise specified.

C.      Whenever the name "Chaisity Frida-Caro" and/or "Defendant Frida-Caro," is used, it refers to named defendant Chaisity Frida-Caro, an individual and employee of ACH Child and Family Services at the time of the incident, who was involved in Amari Boone's case, as alleged in Plaintiffs' original petition and any amendments thereto, unless otherwise specified.

D.      Whenever the name "Jalaha Lawrence" and/or "Defendant Lawrence," is used, it refers to named defendant Jalaha Lawrence, an individual and employee of ACH Child and Family Services at the time of the incident, who was involved in Amari Boone's case, as alleged in Plaintiffs' original petition and any amendments thereto, unless otherwise specified.

E.      Whenever the term "Plaintiffs" is used, it refers to Ariana George and Rodney Boone, individually and as representatives of the estate of Amari Boone, as named in the Plaintiffs' petition and any amendments thereto, unless otherwise specified.

F.      Whenever the word "Incident" or similar reference is used, it refers to April 12, 2020, which is the death of Amari Boone and the series of events leading up to Amari Boone's death as described in the Plaintiffs' Petition and/or any amendments thereto.

G.      Whenever the word "writing" or "written" are used, they are intended to include, but not necessarily be limited to the following: handwriting, type writing, computer printouts, printing, photographs, and every other means of recording upon any tangible thing or any form of communication, including letters, words, pictures, sounds or symbols or combinations thereof, and they further include any oral communication later reduced to writing or confirmed by a letter.

H.      Whenever the word "document(s)" is used, it is intended to include, but not necessarily be limited to the following: files, notes, memoranda, correspondence or letters of any kind, intradepartmental or office communications, written statements or reports, either signed or unsigned, recorded or sound taped interviews or statements, maps, plats, photographs, moving or still pictures, diagrams, plans, drawings, specifications, measurements, or documents otherwise described inclusive of agreements, contracts, records, tests or experimental data and results of computer entries and subsequent printouts, or any otherwise described documents.

4

I.       "and," "or," "each," "every," "any," "all," "refer," "reflecting," and "referring" shall be construed in their broadest form and the singular shall include the plural and the plural shall include the singular whenever necessary so as to bring, within the scope of these Requests, all Documents (defined below) that might otherwise be construed to be outside their scope.

J.       You are not asked to divulge or provide any information or documents which are privileged in nature. However, if you object to a particular interrogatory on the basis of a claimed privilege or exemption, please state the exemption or privilege and state why you believe such exemption or privilege applies.

K.       If a requested document once was but is no longer in the possession, custody, or control of Defendants or any of their representatives, state what disposition was made of such document.

L.       When a request asks to identify a person, please state:
    1.   his or her full name;
    2.   his or her present or last known address and telephone number;
    3.   his or her present employers name, address, and telephone number; and
    4.   his or her occupational position or classification.

M.       Unless otherwise directed, when a request asks that you identify a document or writing, please state:
    1.   its nature (e.g., directive, bulletin, letter, memorandum, report, and etc.);
    2.   its title, if any;
    3.   the date it was prepared;
    4.   the date it was sent;
    5.   the date it was received;
    6.   the identity, as defined in definition "L" herein, of person(s) who:
        a.   prepared it; and
        b.   signed it;
    7.   a statement of its subject matter; and
    8.   the identity, as defined in definition "L" of the person who has custody of the original or a copy of the document

## <u>INSTRUCTIONS</u>

Produce all Documents described below, including Documents that are in the possession, custody, or control of the Defendant(s), its director(s), consultant(s), contractor(s), insurance companies, officers, employees, attorneys, accountants, or agents, or other Persons that are otherwise subject to your custody or control. All Documents that respond, in whole or in part, to any portion of these Requests must be produced in their entirety, including all attachments and enclosures. Please provide any information even if you cannot provide all the information requested.  If you cannot provide all of the requested information, please state the information you cannot provide and a valid reason setting forth why you cannot provide such information, in keeping with Texas case law, statutes or otherwise.

If you assert any objections and/or privileges, such as work-product or attorney-client privilege, please be sure to follow the guidelines prescribed by the Texas Rules of Civil Procedure such that you must state the grounds for the objection(s) and/or include a privilege log in accordance with the Rules. Mere unsubstantiated objections will be considered harassment and intentional delay. Please detail privileges in a manner that will enable other parties to assess the applicability of the asserted privilege or protection. This log should include identity of the document or information claimed to be privileged, author, date, intended and other recipients, the subject matter and detailed information so that Plaintiff may determine whether the privilege is applicable.

Words which appear to you as vague, ambiguous, unintelligible and/or confusing should be assumed to have plain English meaning as understood by a reasonable layperson.  If you are still not sure, look up the words or terms in a dictionary such as the Merriam-Webster Collegiate Dictionary or Oxford English Dictionary. If you make an objection based on these grounds, please specify the term and/or word that has caused confusion, is vague, and/or ambiguous, in accordance with the Rules and Texas case law.

Whenever a request seeks the production of emails or electronic mail, and/or the response to a request is the production of an email or electronic mail, the request seeks the email in its *native* format.

If any document requested has been lost, discarded, or destroyed, identify such document. State the type of document, its date, the approximate date it was lost, discarded, or destroyed, the reason it was lost, discarded or destroyed, a summary of its substance, and the identity of each person having knowledge of the contents thereof. If you find a request burdensome because of the amount of material required, then you may produce the material incrementally, as long as you advise me of such and commence production of the information within the allotted time frame specified in the Rules.

Please consider this an ongoing request and in the event, you become aware of or acquire in your possession, custody, or control additional responsive documents, you are requested promptly to produce such additional documents for inspection and copying. Please completely respond to the following <u>REQUEST FOR PRODUCTION OF DOCUMENTS</u> which begin on the subsequent page.

## PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION TO
## <u>DEFENDANT ACH CHILD AND FAMILY SERVICES</u>

### I.      REQUESTS RELATING TO INSURANCE:

1.      **<u>REQUEST FOR PRODUCTION NO. 1</u>:** Please produce a copy of each primary, umbrella, and excess insurance policy or agreement which may be liable to satisfy all or part of any judgment which may be rendered in this litigation against you. This request includes the declarations page and a sworn statement attesting to the coverage and authenticity of the policy.

**RESPONSE:**

2.      **<u>REQUEST FOR PRODUCTION NO. 2</u>:** All non-waiver agreements, reservation of rights letters, or other documents or communications regarding any contractual obligations owed by you.

**RESPONSE:**

3.      **<u>REQUEST FOR PRODUCTION NO. 3</u>:** All joint defense agreement(s) entered into by Defendant that pertains to this litigation.

**RESPONSE:**

### II.     REQUESTS RELATING TO POLICIES AND PROCEDURES

4.      **<u>REQUEST FOR PRODUCTION NO. 4</u>:** All policies and procedures, practice guides, manuals, brochures, online courses, videos, slideshows, presentations, books, memos, instructional materials, and similar documentation relating to case management that were in effect from the date ACH Child and Family Services started managing the region's foster care system, through present.

**RESPONSE:**

5.      **<u>REQUEST FOR PRODUCTION NO. 5</u>:** All policies and procedures, practice guides, manuals, brochures, online courses, videos, slideshows, presentations, books, memos, instructional materials, and similar documentation relating to kinship placement management, and qualifications for kinship placement eligibility that were in effect from the date ACH Child and Family Services started managing the region's foster care system, through present.

**RESPONSE:**

6.    **REQUEST FOR PRODUCTION NO. 6:** All policies and procedures, practice guides, manuals, brochures, online courses, videos, slideshows, presentations, books, memos, instructional materials, and similar documentation relating to visiting and meeting with the child, visiting and meeting with foster parents, visiting and meeting with kinship placement foster parents, performing home visits, performing home studies, or related activities, that were in effect from the date ACH Child and Family Services started managing the region's foster care system, through present.

**RESPONSE:**

7.    **REQUEST FOR PRODUCTION NO. 7:** All policies and procedures, practice guides, manuals, brochures, online courses, videos, slideshows, presentations, books, memos, instructional materials, and similar documentation relating to the performance of background checks, reference checks, employment checks, and drug testing for potential foster care parents and kinship placement, in effect from the date ACH Child and Family Services started managing the region's foster care system, through present.

**RESPONSE:**

8.    **REQUEST FOR PRODUCTION NO. 8:** All policies and procedures, practice guides, manuals, brochures, online courses, videos, slideshows, presentations, books, memos, instructional materials, and similar documentation relating to recording and/or documenting visits by a case manager, documenting and logging mileage for time spent driving, documenting and logging GPS coordinates, documenting calls made regarding a case, documenting case progress, documenting complaints received relating to a case, and documenting other similar tasks or activities, in effect from the date ACH Child and Family Services started managing the region's foster care system, through present.

**RESPONSE:**

9.    **REQUEST FOR PRODUCTION NO. 9:** All policies and procedures, practice guides, manuals, brochures, online courses, videos, slideshows, presentations, books, memos, instructional materials, and similar documentation relating to document retention for company and case files in effect from the date ACH Child and Family Services started managing the region's foster care system, through present, including employee files, case records and files, complaints, and investigations.

**RESPONSE:**

10.   **REQUEST FOR PRODUCTION NO. 10:** All policies and procedures, practice guides, manuals, brochures, online courses, videos, slideshows, presentations, books, memos, instructional materials, and similar documentation relating to supervision of employees including case managers, supervisors of case managers, directors, permanency directors, permanency supervisors, permanency specialists, kinship supervisors, kinship directors, home assessors, kinship family specialists, case management oversight managers, and

8

community based care administrators, in effect from the date ACH Child and Family Services started managing the region's foster care system, through present.

**RESPONSE:**

11.   **REQUEST FOR PRODUCTION NO. 11:** All policies and procedures, practice guides, manuals, brochures, online courses, videos, slideshows, presentations, books, memos, instructional materials, and similar documentation relating to "staffing" meetings, "staffing" a case, and other similar activities, including the decision to "staff a case," who is in charge of making the decision, initiating the conduct, managing the situation, preparing for meetings, and other similar duties relating to the decision to "staff a case," in effect from the date ACH Child and Family Services started managing the region's foster care system, through present.

**RESPONSE:**

12.   **REQUEST FOR PRODUCTION NO. 12:** All policies and procedures, practice guides, manuals, brochures, online courses, videos, slideshows, presentations, books, memos, instructional materials, and similar documentation relating to the assignment of caseloads for each employee, including the maximum caseload, how caseloads are assigned, how caseload amounts are monitored, in effect from the date ACH Child and Family Services started managing the region's foster care system, through present.

**RESPONSE:**

13.   **REQUEST FOR PRODUCTION NO. 13:** All policies and procedures, practice guides, manuals, brochures, online courses, videos, slideshows, presentations, books, memos, instructional materials, and similar documentation relating to the handling of child injuries, conditions, illnesses, other medical conditions, unsafe conditions in a home, complaints/concerns regarding safety and wellbeing, and other similar incidents of concern, in effect from the date ACH Child and Family Services started managing the region's foster care system, through present.

**RESPONSE:**

14.   **REQUEST FOR PRODUCTION NO. 14:** All policies and procedures, practice guides, manuals, brochures, online courses, videos, slideshows, presentations, books, memos, instructional materials, and similar documentation relating to training requirements, completion deadlines for trainings, and other related training practices, in effect from the date ACH Child and Family Services started managing the region's foster care system, through present.

**RESPONSE:**

15. **<u>REQUEST FOR PRODUCTION NO. 15:</u>** All policies and procedures, practice guides, manuals, brochures, online courses, videos, slideshows, presentations, books, memos, instructional materials, and similar documentation relating to cell phones and included applications, computers, tablets, software, and other technological tools provided by ACH Child and Family Services to employees, in effect from the date ACH Child and Family Services started managing the region's foster care system, through present.

**RESPONSE:**

16. **<u>REQUEST FOR PRODUCTION NO. 16:</u>** All policies and procedures, practice guides, manuals, brochures, online courses, videos, slideshows, presentations, books, memos, instructional materials, and similar documentation relating to handling situations involving suspected abuse, neglect, and exploitation of a child, in effect from the date ACH Child and Family Services started managing the region's foster care system, through present.

**RESPONSE:**

17. **<u>REQUEST FOR PRODUCTION NO. 17:</u>** All policies and procedures, practice guides, manuals, brochures, online courses, videos, slideshows, presentations, books, memos, instructional materials, and similar documentation relating to communications and cooperation in regards to case management and involvement with Court Appointed Special Advocate (CASA), Guardian ad Litems, and other similarly situated individuals, in effect from the date ACH Child and Family Services started managing the region's foster care system, through present.

**RESPONSE:**

18. **<u>REQUEST FOR PRODUCTION NO. 18:</u>** All policies and procedures, practice guides, manuals, brochures, online courses, videos, slideshows, presentations, books, memos, instructional materials, and similar documentation relating to receipt, handling, and investigation of reports through the Texas Abuse and Neglect Hotline, in effect from the date ACH Child and Family Services started managing the region's foster care system, through present.

**RESPONSE:**

## III.    REQUESTS RELATING TO TRAINING MATERIALS AND RECORDS

19. **<u>REQUEST FOR PRODUCTION NO. 19:</u>** All staff orientation documents and materials including "orientation training checklists," "new employee checklists," and other similar orientation documents and materials that were in use from date ACH Child and Family Services started managing the region's foster care system, through present.

**RESPONSE:**

10

20. **REQUEST FOR PRODUCTION NO. 20:** Training materials, training manuals, written instructions, brochures, online courses, checklists, videos, slideshows, presentations, books, memos, modules, handbooks, and other similar training materials related to case management that were in use from the date ACH Child and Family Services started managing the region's foster care system, through present.

**RESPONSE:**

21. **REQUEST FOR PRODUCTION NO. 21:** Training materials, training manuals, written instructions, brochures, online courses, checklists, videos, slideshows, presentations, books, memos, modules, handbooks, and other similar documents and items related to kinship placement and case management and qualifying individuals for kinship placement, that were in use from the date ACH Child and Family Services started managing the region's foster care system, through present.

**RESPONSE:**

22. **REQUEST FOR PRODUCTION NO. 22:** Training materials, training manuals, written instructions, brochures, online courses, checklists, videos, slideshows, presentations, books, memos, modules, handbooks, and other similar documents and items related to the performance of child visits, performing home visits, documenting and logging mileage, documenting and logging GPS coordinates, visiting and meeting with foster parents and kinship placement foster parents, performing home studies, or related activities that were in use from the date ACH Child and Family Services started managing the region's foster care system, through present.

**RESPONSE:**

23. **REQUEST FOR PRODUCTION NO. 23:** Training materials, training manuals, written instructions, brochures, online courses, checklists, videos, slideshows, presentations, books, memos, modules, handbooks, and other similar documents and items related the performance and review of results of background checks, employment checks, reference checks, and drug testing for kinship placement, that were in use from the date ACH Child and Family Services started managing the region's foster care system, through present.

**RESPONSE:**

24. **REQUEST FOR PRODUCTION NO. 24:** Training materials, training manuals, written instructions, brochures, online courses, checklists, videos, slideshows, presentations, books, memos, modules, handbooks, and other similar documents and items related to recording and/or documenting child visits, home visits, calls and phone conversations with children and foster parents, case progress, complaints, and other similar case-related developments, that were in use from the date ACH Child and Family Services started managing the region's foster care system, through present.

**RESPONSE:**

25. **REQUEST FOR PRODUCTION NO. 25:** Training materials, training manuals, written instructions, brochures, online courses, checklists, videos, slideshows, presentations, books, memos, modules, handbooks, and other similar documents and items related to document retention, that were in use from the date ACH Child and Family Services started managing the region's foster care system, through present.

**RESPONSE:**

26. **REQUEST FOR PRODUCTION NO. 26:** Training materials, training manuals, written instructions, brochures, online courses, checklists, videos, slideshows, presentations, books, memos, modules, handbooks, and other similar documents and items related to employee supervision, the chain of command, case management supervision, and company hierarchy, that were in use from the date ACH Child and Family Services started managing the region's foster care system, through present.

**RESPONSE:**

27. **REQUEST FOR PRODUCTION NO. 27:** Training materials, training manuals, written instructions, brochures, online courses, checklists, videos, slideshows, presentations, books, memos, modules, handbooks, and other similar documents and items related to "staffing" meetings, "staffing a case," and other similar case management procedures, that were in use from the date ACH Child and Family Services started managing the region's foster care system, through present.

**RESPONSE:**

28. **REQUEST FOR PRODUCTION NO. 28:** Training materials, training manuals, written instructions, brochures, online courses, checklists, videos, slideshows, presentations, books, memos, modules, handbooks, and other similar documents and items related to caseloads, case load standards, case load maximums, how cases are assigned, and how caseloads are monitored, that were in use from the date ACH Child and Family Services started managing the region's foster care system, through present.

**RESPONSE:**

29. **REQUEST FOR PRODUCTION NO. 29:** Training materials, training manuals, written instructions, brochures, online courses, checklists, videos, slideshows, presentations, books, memos, modules, handbooks, and other similar documents and items related to handling child injuries, conditions, illnesses, other medical conditions, unsafe conditions in the home, complaints/concerns for the safety and wellbeing, and other similar concerns, that were in use from the date ACH Child and Family Services started managing the region's foster care system, through present.

**RESPONSE:**

30. **REQUEST FOR PRODUCTION NO. 30:** Training materials, training manuals, written instructions, brochures, online courses, checklists, videos, slideshows, presentations, books, memos, modules, handbooks, and other similar documents and items related to resources provided to your employees, including but not limited to, cell phones and included applications, computers, software, and other technological tools and items, that were in use from the date ACH Child and Family Services started managing the region's foster care system, through present.

**RESPONSE:**

31. **REQUEST FOR PRODUCTION NO. 31:** Training materials, training manuals, written instructions, brochures, online courses, checklists, videos, slideshows, presentations, books, memos, modules, handbooks, and other similar documents and items related to handling and reporting suspected abuse, neglect, and exploitation, that were in use from the date ACH Child and Family Services started managing the region's foster care system, through present.

**RESPONSE:**

32. **REQUEST FOR PRODUCTION NO. 32:** Training materials, training manuals, written instructions, brochures, online courses, checklists, videos, slideshows, presentations, books, memos, modules, handbooks, and other similar documents and items related to communication and cooperation in regard to case management and involvement with Court Appointed Special Advocates (CASA) and Guardian ad Litems (GAL), that were in use from the date ACH Child and Family Services started managing the region's foster care system, through present.

**RESPONSE:**

33. **REQUEST FOR PRODUCTION NO. 33:** Training materials, training manuals, written instructions, brochures, online courses, checklists, videos, slideshows, presentations, books, memos, modules, handbooks, and other similar documents and items related to the intake, handling, and investigation of reports received from the Texas Abuse and Neglect Hotline, that were in use from the date ACH Child and Family Services started managing the region's foster care system, through present.

**RESPONSE:**

34. **REQUEST FOR PRODUCTION NO. 34:** A copy of all attendance sheets, rosters of personnel present, or documentation with identifies completion and/or the attendance of any training programs conducted by ACH Child and Family Services, for each individual who has participated in the handling of Amari Boone's case management.

13

**RESPONSE:**

35.  **REQUEST FOR PRODUCTION NO. 35:** Documentation reflecting any assessment, review, or audit of ACH Child and Family Services and its employees' compliance with training requirements and timelines.

**RESPONSE:**

36.  **REQUEST FOR PRODUCTION NO. 36:** A list of all training resources, informational resources, and technological tools/items (such as cell phone, designated applications, printers, hard drives, and the like) available to employees at ACH Child and Family Services. This request does not intend to ask you to create a document if one does not already exist.

**RESPONSE:**

37.  **REQUEST FOR PRODUCTION NO. 37:** All policies and procedures, training modules, training tools, informational resources, and other similar resources available to employees via ACH Child and Family Services' "PowerDMS" system from the date ACH Child and Family Services started managing the region's foster care system, through the date of death of Amari Boone.

**RESPONSE:**

## IV.   REQUESTS RELATING TO ACH CHILD AND FAMILY SERVICES RECORDS

38.  **REQUEST FOR PRODUCTION NO. 38**: All documents that reflect the names of the individual employees that worked in ACH Child and Family Services' Training Department from January 2020 through the date of Amari Boone's death.

**RESPONSE:**

39.  **REQUEST FOR PRODUCTION NO. 39:** Produce documents reflecting the caseload numbers for all your employees from January 2020 through January 2021.

**RESPONSE:**

40.  **REQUEST FOR PRODUCTION NO. 40:** A copy of all documentation in your possession reflecting the individual(s) responsible for the supervision, quality control oversight, and training of Defendant Roberson, Defendant Lawrence, and Defendant Frida-Caro.

**RESPONSE:**

41.  **REQUEST FOR PRODUCTION NO. 41**: All "quality improvement plans, "heightened monitoring plans," and "heightened monitoring inspection" records or other similar documents put in place for ACH Child and Family Services.

**RESPONSE:**

42.  **REQUEST FOR PRODUCTION NO. 42:** Produce a copy of the written job description(s) for the roles of Case Manager, Directors, Permanency Directors, Permanency Supervisors, Permanency Specialists, Kinship Supervisors, Kinship Directors, Home Assessors, Kinship Family Specialists, Case Management Oversight Managers, and Community-Based Care Administrators, and all other employee positions and titles of employees of Defendant ACH Child and Family Services who participated in the handling of Amari Boone's kinship placement.

**RESPONSE:**

43.  **REQUEST FOR PRODUCTION NO. 43:** Defendant's license(s) from Texas Health and Human Services (THHS), the Texas Department of Protective and Family Services (DFPS), and any other government or state entity, to manage the region's foster care system.

**RESPONSE:**

44.  **REQUEST FOR PRODUCTION NO. 44:** All citations, inspection reports, investigation reports, violations, deficiencies, and other written sanctions by any governmental and/or state entity issued to you for a violation of licensing requirements, minimum standards, and/or other laws, statutes, or regulations in Texas since the date ACH Child and Family Services started managing the region's foster care system, through present.

**RESPONSE:**

45.  **REQUEST FOR PRODUCTION NO. 45:** Documents that reflect all case management applications, case management software, and data storage software (such as cell phone applications, computer software, appointment scheduling software) provided to and/or used by employees of ACH Child and Family Services to assist in case management. This request does not intend to ask you to create a document if one does not already exist.

**RESPONSE:**

46.  **REQUEST FOR PRODUCTION NO. 46:** Copies of all documents reporting serious incidents involving children in your care per Texas Administrative Code 746.503, for the time period of January 2020 through January 2021.

**RESPONSE:**

47. **REQUEST FOR PRODUCTION NO. 47:** Copies of all documents relating to the plan and preparation of the transition of ACH Child and Family Services to take over control and management of the foster care system, kinship placement care system, and general case management of the system in the region.

**RESPONSE:**

48. **REQUEST FOR PRODUCTION NO. 48:** All documents reflecting the review, assessment, evaluation, audit, and conformance of ACH Child and Family Services/Our Community Our Kids and its employees, with all training requirements set forth by the state of Texas, the Texas Department of Family and Protective Services (DFPS), the Texas Health and Human Services (THHS), court orders, and any other state or government entity.

**RESPONSES:**

## V.    REQUESTS RELATING TO OTHER DEFENDANTS

49. **REQUEST FOR PRODUCTION NO. 49:** A copy of the entire employment or personnel files of Defendant, Defendant Lawrence, and Defendant Frida-Caro. This request includes but is not limited to each Defendants' application for employment; documents which evidence education, training, and qualifications; and any job performance evaluations, reprimands, complaints, or infractions against each Defendant.

**RESPONSE:**

50. **REQUEST FOR PRODUCTION NO. 50:** A copy of Defendant Roberson's, Defendant Lawrence's, and Defendant Frida-Caro's written job descriptions for every position held while employed by Defendant ACH Child and Family Services.

**RESPONSE:**

51. **REQUEST FOR PRODUCTION NO. 51:** Documents that reflect the caseload numbers for Defendant Roberson, Defendant Lawrence, and Defendant Frida-Caro throughout the time of employment.

**RESPONSE:**

52. **REQUEST FOR PRODUCTION NO. 52:** Copies of the signed statement acknowledging their duty to report suspected child abuse for Defendant Roberson,

16

Defendant Lawrence, Defendant Frida-Caro, and all other employees involved in the care, placement, and case management of Amari Boone and Levi Boone.

**RESPONSE:**

53.    **REQUEST FOR PRODUCTION NO. 53:** A copy of all attendance sheets, rosters of personnel present, or documentation which identifies the attendance of Defendant Roberson at any in-service training or training programs conducted by representatives of Defendant ACH Child and Family Services throughout the time of their employment through present.

**RESPONSE:**

54.    **REQUEST FOR PRODUCTION NO. 54:** Training materials, checklists, modules, handbooks, and other similar documents or items that were provided to Defendant Shelia Roberson.

**RESPONSE:**

55.    **REQUEST FOR PRODUCTION NO. 55:** A copy of all payroll documentation, pay stubs, reimbursement checks, and other related materials given to Defendant Shelia Roberson by Defendant ACH Child and Family Services throughout the time of her employment through present, including those as a result of work done on Amari Boone and Levi Boone's cases.

**RESPONSE:**

56.    **REQUEST FOR PRODUCTION NO. 56:** Documents that reflect the phone number and carrier of all cell phones used by Defendant Roberson at any time, to perform employment-related duties, including any cell phone provided by ACH Child and Family Services.

**RESPONSE:**

57.    **REQUEST FOR PRODUCTION NO. 57:** Produce all cellular telephone records and bills for any cellular telephone that was available to Defendant Roberson for the time period of the first date Defendant Roberson began working on Amari Boone and Levi Boone's cases, through present.

**RESPONSE:**

58.    **REQUEST FOR PRODUCTION NO. 58**: Produce all disciplinary action records for Defendant Roberson prior to and as a result of this incident.

**RESPONSE:**

59. **REQUEST FOR PRODUCTION NO. 59:** All letters, writings, memoranda, or other documents which reflect or contain the resignation or termination of the employment of Defendant Roberson.

**RESPONSE:**

60. **REQUEST FOR PRODUCTION NO. 60**: A complete copy of Shelia Roberson's calendar, appointment book, computer calendar, and other records that reflect the date, time, length, and location of all meetings, appointments, and visits, whether in person or virtul, including those records related to scheduled, completed, canceled, and attempted home visits, for the entire time period of her employment, including those related to Amari Boone and Levi Boone.

**RESPONSE:**

61. **REQUEST FOR PRODUCTION NO. 61:** A copy of all attendance sheets, rosters of personnel present, or documentation which identifies the attendance of Defendant Frida-Caro at any in-service training or training programs conducted by representatives of Defendant ACH Child and Family Services throughout the time of their employment through present.

**RESPONSE:**

62. **REQUEST FOR PRODUCTION NO. 62:** Training materials, checklists, modules, handbooks, and other similar documents that were provided to Defendant Chaisity Frida-Caro.

**RESPONSE:**

63. **REQUEST FOR PRODUCTION NO. 63:** A copy of all payroll documentation, pay stubs, reimbursement checks, and other related materials given to Defendant Chaisity Frida-Caro by Defendant ACH Child and Family Services throughout the time of her employment through present, including those as a result of work done on Amari Boone and Levi Boone's cases.

**RESPONSE:**

64. **REQUEST FOR PRODUCTION NO. 64:** Documents that reflect the phone number and carrier of all cell phones used by Defendant Frida-Caro at any time, to perform employment-related duties, including any cell phone provided by ACH Child and Family Services.

**RESPONSE:**

65.  **REQUEST FOR PRODUCTION NO. 65**: Produce all disciplinary action records for Defendant Frida-Caro prior to and as a result of this incident.

**RESPONSE:**

66.  **REQUEST FOR PRODUCTION NO. 66:** All letters, writings, memoranda, or other documents which reflect or contain the resignation or termination of the employment of Defendant Frida-Caro.

**RESPONSE:**

67.  **REQUEST FOR PRODUCTION NO. 67:** A copy of all attendance sheets, rosters of personnel present, or documentation which identifies the attendance of Defendant Lawrence at any in-service training or training programs conducted by representatives of Defendant ACH Child and Family Services throughout the time of employment through present.

**RESPONSE:**

68.  **REQUEST FOR PRODUCTION NO. 68:** Training materials, checklists, modules, handbooks, and other similar documents that were provided to Defendant Jalaha Lawrence.

**RESPONSE:**

69.  **REQUEST FOR PRODUCTION NO. 69:** A copy of all payroll documentation, pay stubs, reimbursement checks, and other related materials given to Defendant Jalaha Lawrence by Defendant ACH Child and Family Services throughout the time of employment through present, including those as a result of work done on Amari Boone and Levi Boone's cases.

**RESPONSE:**

70.  **REQUEST FOR PRODUCTION NO. 70:** Documents that reflect the phone number and carrier of all cell phones used by Defendant Lawrence at any time, to perform employment-related duties, including any cell phone provided by ACH Child and Family Services.

**RESPONSE:**

71.  **REQUEST FOR PRODUCTION NO. 71:** Produce all disciplinary action records for Defendant Lawrence prior to and as a result of this incident.

**RESPONSE:**

72. **REQUEST FOR PRODUCTION NO. 72:** All letters, writings, memoranda, or other documents which reflect or contain the resignation or termination of the employment of Defendant Lawrence.

**RESPONSE:**

### VI. REQUESTS RELATING TO BOONE'S CARE, KINSHIP PLACEMENT, AND CASE MANAGEMENT

73. **REQUEST FOR PRODUCTION NO. 73:** All documents received by and/or transferred to ACH Child and Family Services from the Texas Department of Family and Protective Services (DFPS) at the time of ACH Child and Family Services taking over the management of services for Amari Boone, Levi Boone, Ariana George, Rodney Boone, Deondrick Foley, Joseph Delancey, and all other individuals that were involved in the care of Amari Boone and Levi Boone.

**RESPONSE:**

74. **REQUEST FOR PRODUCTION NO. 74:** Copies of all ACH Child and Family Services files of record for Amari Boone, Levi Boone, Ariana George, Rodney Boone, Joseph Delancey, Deondrick Foley, and all other full and complete files that in any way relate to Amari Boone's and Levi Boone's care and placement, including the physical copies and electronic copies of the following file types: the "IMPACT" and "IMPACT 2.0" file, including all photos; the "Care Match" file; all service plans files such as the "initial" and "preliminary" service plans files; the "Child Portfolio" file; the "Education" folders; the "Kinship Case File"; all emails; all "kinship agreements"; all "substages" of each file, including the "FSU" stage, the "FRE" stage, the "SUB" stages, the "INV" stage, the "AR" stage, the "RCCI" stages, and the "KIN" stages; and all other case files and folders that relate to the care, placement, and case management of Amari Boone and Levi Boone.

**RESPONSE:**

75. **REQUEST FOR PRODUCTION NO. 75:** The title and table of contents of all data or record systems used by ACH Child and Family Services to record any data related to the care of Amari Boone and Levi Boone.

**RESPONSE:**

76. **REQUEST FOR PRODUCTION NO. 76:** All photographs, video recordings, text messages, emails, audio recordings, or instant messaging relating to care, case management, and placement Amari Boone and Levi Boone.

**RESPONSE:**

77. **REQUEST FOR PRODUCTION NO. 77:** All training records, completion of training records, courses, instructional materials, informational materials, and resources provided to Deondrick Foley, Joseph Delancey, Rashonda Boone, Desiree Williams, and any other individual that cared for Amari Boone and Levi Boone, including kinship placement training and reference materials.

**RESPONSE:**

78. **REQUEST FOR PRODUCTION NO. 78:** All home reviews, home studies, and other similar documentation relating to evaluations of the homes of placement for Amari Boone and Levi Boone, including those done for the home of Deondrick Foley, the home of Joseph Delancey, the home of Roshanda George, the home of Desiree Williams, the home of Ariana George, the home of Rodney Boone, and any other placement of Amari Boone and Levi Boone.

**RESPONSE:**

79. **REQUEST FOR PRODUCTION NO. 79:** All background check applications and results, employment and reference verifications, drug testing results, and other similar documentation for Deondrick Foley, Joseph Delancey, Roshanda George, Desiree Williams, and all other individuals that cared for Amari Boone and Levi Boone.

**RESPONSE:**

80. **REQUEST FOR PRODUCTION NO. 80:** Produce all records of communications made by you or your employees with Deondrick Foley, Joseph Delancey, Roshanda George, Desiree Williams, and all other individuals that cared for Amari Boone and Levi Boone.

**RESPONSE:**

81. **REQUEST FOR PRODUCTION NO. 81:** All background check applications and results, employment and reference verifications, and other similar documentation for Ariana George and Rodney Boone.

**RESPONSE:**

82. **REQUEST FOR PRODUCTION NO. 82:** Produce all records of communications made by you or your employees with Ariana George and Rodney Boone.

**RESPONSE:**

83. **REQUEST FOR PRODUCTION NO. 83:** All "placement summaries," attachments, and other similar documentation for Amari Boone and Levi Boone.

**RESPONSE:**

84. **REQUEST FOR PRODUCTION NO. 84:** Produce a copy of all "Child and Adolescent Needs and Strengths (CANS) Assessments" and "Family Strengths and Needs Assessments (FSNA)", and other similar assessments, if performed, for Amari Boone and Levi Boone.

**RESPONSE:**

85. **REQUEST FOR PRODUCTION NO. 85:** Produce any meeting notes, minutes, documents, memos, correspondence, action plans, and other similar documentation relating to staff meetings, "staffings," "staffing the case" meetings, and other similar meetings regarding Amari Boone and Levi Boone.

**RESPONSE:**

86. **REQUEST FOR PRODUCTION NO. 86:** Produce copies of all intake reports, investigation reports, interviews, evidence gathered, photographs and videos, records, and all documentation for each report of suspected abuse, neglect, or mistreatment made for Amari Boone and Levi Boone.

**RESPONSE:**

87. **REQUEST FOR PRODUCTION NO. 87:** Produce all reports, documents, correspondence, photographs, videos, recordings, staff reports, incident reports, or other related documentation received from and provided to all daycare/childcare providers that cared for Amari Boone and Levi Boone.

**RESPONSE:**

88. **REQUEST FOR PRODUCTION NO. 88:** Produce all reports, documents, correspondence, photographs, videos, recordings, staff reports, incident reports, emails, text messages, correspondence, and other related documentation received from and provided to all Court Appointed Special Advocates (CASA) and Guardian Ad Litems in relation to Amari Boone and Levi Boone.

**RESPONSE:**

89. **REQUEST FOR PRODUCTION NO. 89:** Produce all complaints, concerns, and other similar submissions received through the "Our Community Our Kids" website regarding the care of Amari Boone and Levi Boone and the ACH Child and Family Services' staff employees that were involved in the Amari Boone and Levi Boone cases.

**RESPONSE:**

90.   **REQUEST FOR PRODUCTION NO. 90:** Produce all records related to any Texas Abuse and Neglect Hotline reports, calls, and submissions regarding Amari Boone and Levi Boone.

**RESPONSE:**

91.   **REQUEST FOR PRODUCTION NO. 91:** Copies of all documents reporting serious incidents involving Amari Boone and Levi Boone, per Texas Administrative Code 746.503.

**RESPONSE:**

92.   **REQUEST FOR PRODUCTION NO. 92:** All correspondence, emails, and documents exchanged with and related to any court's involvement in the care and placements of Amari Boone and Levi Boone, including any hearing notes, status updates, testimony, and other similar documents.

**RESPONSE:**

93.   **REQUEST FOR PRODUCTION NO. 93:** All correspondence, emails, and documents exchanged with and related to any police investigation into the care, placement, and death of Amari Boone.

**RESPONSE:**

94.   **REQUEST FOR PRODUCTION NO. 94:** Produce all "Safe Signal" and "Audacity" application data and/or software data relating to Amari Boone and Levi Boone, including video recordings, audio recordings, messages, and notes.

**RESPONSE:**

95.   **REQUEST FOR PRODUCTION NO. 95:** All documents, materials, appointment books, computer calendars, and records that reflect the date, time, length, and location of all visits and/or meetings, whether in person or virtual, relating to Amari Boone and Levi Boone, including all records related to the scheduled, completed, canceled, and attempted home visits relating to Amari Boone and Levi Boone's cases for all employees that were involved in the handling, management, and oversight of their cases.

**RESPONSE:**

96.   **REQUEST FOR PRODUCTION NO. 96:** All location and GPS data records for Defendant Roberson, Defendant Lawrence, Defendant Frida-Caro, and all other employees

involved in the handling of Amari Boone and Levi Boone's care, case, and placement for the time period beginning on the first date ACH Child and Family Services began overseeing the Boone cases, through the date Levi Boone was removed from the home of Deondrick Foley and Joseph Delancey.

**RESPONSE:**

97.   **REQUEST FOR PRODUCTION NO. 97:** Copies of all medical records, medical examiner records, and public records in your possession that relate to Amari Boone and Levi Boone.

**RESPONSE:**

### VII.   OTHER REQUESTS

98.   **REQUEST FOR PRODUCTION NO. 98:** All documents which will be used at the time of trial for the impeachment of any witness in the case, including but not limited to the Plaintiffs, under Rule 609 of the Texas Rules of Evidence, any witness, or any experts.

**RESPONSE:**

99.   **REQUEST FOR PRODUCTION NO. 99:** Any tangible reports, correspondence, writings, physical models, compilation of data, or other materials prepared by any expert used for consultation but whose work product was reviewed by any expert who is to be called as a witness at the time of trial.

**RESPONSE:**

100.   **REQUEST FOR PRODUCTION NO. 100:** Every article, periodical, pamphlet, book, treatise, or other authority Defendant intends to utilize at the time of trial and/or which Defendant intends to establish as an authoritative and reliable source.

**RESPONSE:**

101.   **REQUEST FOR PRODUCTION NO. 101:** Copies of any demonstrative exhibits, blow-ups, charts, graphs, models, and/or other exhibits Defendant intends to use at the time of trial.

**RESPONSE:**

102.   **REQUEST FOR PRODUCTION NO. 102:** Copies of any deposition transcripts, sworn statements, trial transcripts, or other statements Defendant has in its possession made by Plaintiffs.

**RESPONSE:**

103.    **REQUEST FOR PRODUCTION NO. 103:** All documents and electronic or magnetic data reflecting any criminal conviction of any party of potential witness in this case. See Tex. R. Evid. 609.

**RESPONSE:**

104.    **REQUEST FOR PRODUCTION NO. 104:** Copies of all transcripts of all trial testimony, depositions, and the other sworn testimony that relates to the Amari Boone, Levi Boone, and any of the facts, circumstances, or causes of action presented in Plaintiffs' original petition and any amendments thereto.

**RESPONSE:**

# EXHIBIT B

CAUSE NO. CC-21-01363-D

| | | |
|---|---|---|
| ARIANA GEORGE AND RODNEY BOONE, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF AMARI BOONE, DECEASED | § § § § § | IN THE COUNTY COURT |
| PLAINTIFFS, | § § § | |
| VS. | § § § § | AT LAW NO. 4 |
| ACH CHILD AND FAMILY SERVICES, SHELIA ROBERSON, CHAISITY FRIDA– CARO, AND JALAHA LAWRENCE, | § § § § § | |
| DEFENDANTS. | § | DALLAS COUNTY, TEXAS |

## PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION TO JALAHA LAWRENCE

TO:   Defendant Jalaha Lawrence, by and through counsel of record, John R. Robinson and Andrew S. Gardner, Maron Marvel Bradley Anderson & Tardy, LLC, 2001 Bryan Street, Suite 3050, Dallas, Texas 75201

COMES NOW, Plaintiffs Ariana George and Rodney Boone, individually and as representatives of the Estate of Amari Boone, deceased, pursuant to the Texas Rules of Civil Procedure and serves this, their First Requests for Production to Defendant Jalaha Lawrence.

Respectfully submitted,

THE BUTTON LAW FIRM

By: /s/Russell T. Button
Russell T. Button
Texas Bar No. 24077428
russell@buttonlawfirm.com
Ashley Washington
Texas Bar No. 24102030
Ashley@buttonawfirm.com
4315 W. Lovers Lane, Suite A
Dallas, Texas 75209
T: 214-888-2216
F: 214-481-8667
Email for Service: service@buttonlawfirm.com

-and-

Heather Lynn Long
State Bar No. 24055865
Heather@heatherlonglaw.com
HEATHER LONG LAW PC
4310 N. Central Expressway
Dallas, Texas 75206
Telephone: 214-699-5994

-and-

Brent W. Chandler
State Bar No. 24055291
brent@chandlerrosslaw.com
John A. Ross, Jr.
State Bar No. 24053453
Tony@chandlerrosslaw.com
Chandler │ Ross, PLLC
110 N. Woodrow, Ste. 120
Denton, Texas 76205
Telephone: 940-800-2500
Facsimile: 866-464-8315

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing was provided to the following parties of record via facsimile, electronically, and/or email in accordance with the Texas Rules of Civil Procedure on this 17th day of September 2021.

John R. Robinson
State Bar No. 17097500
jrobinson@maronmarvel.com
Andrew S. Gardner
State Bar No. 24078538
agardner@maronmarvel.com
Maron Marvel Bradley Anderson & Tardy, LLC
2001 Bryan Street, Suite 3050
Dallas, Texas 75201
T: 214-736-9608
F: 469-206-5501
**ATTORNEYS FOR DEFENDANT ACH CHILD AND FAMILY SERVICES**
**AND DEFENDANT JALAH LAWRENCE**

H. Dwayne Newton
State Bar No. 14977200
dnewton@newton-lawyers.com
Newton, Jones & McNeely
3405 Marquart
Houston, Texas 77027
T: 713-493-7620
F: 713-493-7633
**ATTORNEYS FOR DEFENDANT SHELIA ROBERSON**

Frank Alvarez
State Bar No. 00796122
frank.alvarez@qpwblaw.com
J. Spencer Young
State Bar No. 24101268
spencer.young@qpwblaw.com
Quintairos, Prieto, Wood & Boyer, P.A.
1700 Pacific Avenue, Suite 4545
Dallas, Texas 75201
T: 214-754-8755
F: 214-754-8744
**ATTORNEYS FOR DEFENDANT CHAISITY FRIDA - CARO**

*/s/Russell T. Button*
Russell T. Button

## DEFINITIONS

A.     Whenever the name "Jalaha Lawrence" and/or "Defendant Lawrence," "You," and/or "Your" is used, it refers to named defendant Jalaha Lawrence, an employee of ACH Child and Family Services who was involved in Amari Boone's case, as alleged in Plaintiffs' original petition and any amendments thereto, unless otherwise specified.

B.     Whenever the term "ACH Child and Family Services," "our community. our kids.," and/or "OCOK," is used, it refers to ACH Child and Family Services and its community-based care division "our community. our kids.," a named defendant as referenced in Plaintiffs' original petition and any amendments thereto, unless otherwise specified.

C.     Whenever the name "Shelia Roberson" and/or "Defendant Roberson," "You," and/or "Your" is used, it refers to named defendant Shelia Roberson, an employee of ACH Child and Family Services who was involved in Amari Boone's case, as alleged in Plaintiffs' original petition and any amendments thereto, unless otherwise specified.

D.     Whenever the name "Chaisity Frida-Caro" and/or "Defendant Frida-Caro," is used, it refers to named defendant Chaisity Frida-Caro, an employee of ACH Child and Family Services who was involved in Amari Boone's case, as alleged in Plaintiffs' original petition and any amendments thereto, unless otherwise specified.

E.     Whenever the term "Plaintiffs" is used, it refers to Ariana George and Rodney Boone, individually and as representatives of the estate of Amari Boone, as named in the Plaintiffs' petition and any amendments thereto.

F.     Whenever the word "Incident" or similar reference is used, it refers to April 12, 2020, which is the death of Amari Boone and the series of events leading up to Amari Boone's death as described in the Plaintiffs' Petition and/or any amendments thereto.

G.     Whenever the word "writing" or "written" are used, they are intended to include, but not necessarily be limited to the following: handwriting, type writing, computer printouts, printing, photographs, and every other means of recording upon any tangible thing or any form of communication, including letters, words, pictures, sounds or symbols or combinations thereof, and they further include any oral communication later reduced to writing or confirmed by a letter.

H.     Whenever the word "document(s)" is used, it is intended to include, but not necessarily be limited to the following: files, notes, memoranda, correspondence or letters of any kind, intradepartmental or office communications, written statements or reports, either signed or unsigned, recorded or sound taped interviews or statements, maps, plats, photographs, moving or still pictures, diagrams, plans, drawings, specifications, measurements, or documents otherwise described inclusive of agreements, contracts, records, tests or experimental data and results of computer entries and subsequent printouts, or any otherwise described documents.

I.     "and," "or," "each," "every," "any," "all," "refer," "reflecting," and "referring" shall be construed in their broadest form and the singular shall include the plural and the plural shall include

the singular whenever necessary so as to bring, within the scope of these Requests, all Documents (defined below) that might otherwise be construed to be outside their scope.

J.      You are not asked to divulge or provide any information or documents which are privileged in nature. However, if you object to a particular interrogatory on the basis of a claimed privilege or exemption, please state the exemption or privilege and state why you believe such exemption or privilege applies.

K.      If a requested document once was but is no longer in the possession, custody, or control of Defendants or any of their representatives, state what disposition was made of such document.

L.      When a request asks to identify a person, please state:
    1.  his or her full name;
    2.  his or her present or last known address and telephone number;
    3.  his or her present employers name, address, and telephone number; and
    4.  his or her occupational position or classification.

M.      Unless otherwise directed, when a request asks that you identify a document or writing, please state:
    1.  its nature (e.g., directive, bulletin, letter, memorandum, report, and etc.);
    2.  its title, if any;
    3.  the date it was prepared;
    4.  the date it was sent;
    5.  the date it was received;
    6.  the identity, as defined in definition "L" herein, of person(s) who:
        a.  prepared it; and
        b.  signed it;
    7.  a statement of its subject matter; and
    8.  the identity, as defined in definition "L" of the person who has custody of the original or a copy of the document

## <u>INSTRUCTIONS</u>

Produce all Documents described below, including Documents that are in the possession, custody, or control of the Defendant(s), its director(s), consultant(s), contractor(s), insurance companies, officers, employees, attorneys, accountants, or agents, or other Persons that are otherwise subject to your custody or control. All Documents that respond, in whole or in part, to any portion of these Requests must be produced in their entirety, including all attachments and enclosures. Please provide any information even if you cannot provide all the information requested.  If you cannot provide all of the requested information, please state the information you cannot provide and a valid reason setting forth why you cannot provide such information, in keeping with Texas case law, statutes or otherwise.

If you assert any objections and/or privileges, such as work-product or attorney-client privilege, please be sure to follow the guidelines prescribed by the Texas Rules of Civil Procedure such that you must state the grounds for the objection(s) and/or include a privilege log in accordance with the Rules. Mere unsubstantiated objections will be considered harassment and intentional delay. Please detail privileges in a manner that will enable other parties to assess the applicability of the asserted privilege or protection. This log should include identity of the document or information claimed to be privileged, author, date, intended and other recipients, the subject matter and detailed information so that Plaintiff may determine whether the privilege is applicable.

Words which appear to you as vague, ambiguous, unintelligible and/or confusing should be assumed to have plain English meaning as understood by a reasonable layperson.  If you are still not sure, look up the words or terms in a dictionary such as the Merriam-Webster Collegiate Dictionary or Oxford English Dictionary. If you make an objection based on these grounds, please specify the term and/or word that has caused confusion, is vague, and/or ambiguous, in accordance with the Rules and Texas case law.

Whenever a request seeks the production of emails or electronic mail, and/or the response to a request is the production of an email or electronic mail, the request seeks the email in its *native* format.

If any document requested has been lost, discarded, or destroyed, identify such document. State the type of document, its date, the approximate date it was lost, discarded, or destroyed, the reason it was lost, discarded or destroyed, a summary of its substance, and the identity of each person having knowledge of the contents thereof.

If you find a request burdensome because of the amount of material required, then you may produce the material incrementally, as long as you advise me of such and commence production of the information within the allotted time frame specified in the Rules.

Please consider this an ongoing request and in the event, you become aware of or acquire in your possession, custody, or control additional responsive documents, you are requested promptly to produce such additional documents for inspection and copying. Please completely respond to the following <u>REQUEST FOR PRODUCTION OF DOCUMENTS</u> which begin on the subsequent page.

**PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION TO**
**DEFENDANT JALAHA LAWRENCE**

## I.     REQUESTS RELATING TO INSURANCE:

1.     **REQUEST FOR PRODUCTION NO. 1:** Please produce a copy of each primary, umbrella, and excess insurance policy or agreement which may be liable to satisfy all or part of any judgment which may be rendered in this litigation against you. This request includes the declarations page and a sworn statement attesting to the coverage and authenticity of the policy.

**RESPONSE:**

2.     **REQUEST FOR PRODUCTION NO. 2:** All non-waiver agreements, reservation of rights letters, or other documents or communications regarding any contractual obligations owed by you.

**RESPONSE:**

3.     **REQUEST FOR PRODUCTION NO. 3:** All joint defense agreement(s) entered into by Defendant that pertains to this litigation.

**RESPONSE:**

## II.    REQUESTS RELATING TO POLICIES AND PROCEDURES

4.     **REQUEST FOR PRODUCTION NO. 4:** All policies and procedures, practice guides, manuals, brochures, online courses, videos, slideshows, presentations, books, memos, instructional materials, and similar documentation relating to case management, kinship placement management, and qualifications for kinship placement, that were referred to, relied on, provided to you or made available to you by ACH Child and Family Services, or were otherwise used by you during your time of employment with ACH Child and Family Services.

**RESPONSE:**

5.     **REQUEST FOR PRODUCTION NO. 5:** All policies and procedures, practice guides, manuals, brochures, online courses, videos, slideshows, presentations, books, memos, instructional materials, and similar documentation relating to visiting and meeting with the child, visiting and meeting with foster parents and kinship placement foster parents, performing home visits, performing home studies, or related activities, that were referred to, relied on, provided to you or made available to you by ACH Child and Family Services, or were otherwise used by you during your time of employment with ACH Child and Family Services.

**RESPONSE:**

6.      **REQUEST FOR PRODUCTION NO. 6:** All policies and procedures, practice guides, manuals, brochures, online courses, videos, slideshows, presentations, books, memos, instructional materials, and similar documentation relating to recording and/or documenting visits by a case manager, documenting and logging mileage for time spent driving, documenting and logging GPS coordinates, documenting calls made regarding a case, documenting case progress, documenting complaints received relating to a case, and documenting other similar tasks or activities, that were referred to, relied on, provided to you or made available to you by ACH Child and Family Services, or were otherwise used by you during your time of employment with ACH Child and Family Services.

**RESPONSE:**

7.      **REQUEST FOR PRODUCTION NO. 7:** All policies and procedures, practice guides, manuals, brochures, online courses, videos, slideshows, presentations, books, memos, instructional materials, and similar documentation relating to "staffing" meetings, "staffing" a case, and other similar activities, including the decision to "staff a case," who is in charge of making the decision, initiating the conduct, managing the situation, preparing for meetings, and other similar duties relating to the decision to "staff a case," that were referred to, relied on, provided to you or made available to you by ACH Child and Family Services, or were otherwise used by you during your time of employment with ACH Child and Family Services.

**RESPONSE:**

8.      **REQUEST FOR PRODUCTION NO. 8:** All policies and procedures, practice guides, manuals, brochures, online courses, videos, slideshows, presentations, books, memos, instructional materials, and similar documentation relating to the handling of child injuries, conditions, illnesses, other medical conditions, unsafe conditions in a home, complaints/concerns regarding safety and wellbeing, and other similar incidents of concern, that were referred to, relied on, provided to you or made available to you by ACH Child and Family Services, or were otherwise used by you during your time of employment with ACH Child and Family Services.

**RESPONSE:**

9.      **REQUEST FOR PRODUCTION NO. 9:** All policies and procedures, practice guides, manuals, brochures, online courses, videos, slideshows, presentations, books, memos, instructional materials, and similar documentation relating to cell phones and included applications, computers, tablets, software, and other technological tools provided by ACH Child and Family Services to you.

**RESPONSE:**

10. **REQUEST FOR PRODUCTION NO. 10**: All policies and procedures, practice guides, manuals, brochures, online courses, videos, slideshows, presentations, books, memos, instructional materials, and similar documentation relating to handling situations involving suspected abuse, neglect, and exploitation of a child, that were referred to, relied on, provided to you or made available to you by ACH Child and Family Services, or were otherwise used by you during your time of employment with ACH Child and Family Services.

**RESPONSE:**

11. **REQUEST FOR PRODUCTION NO. 11**: All policies and procedures, practice guides, manuals, brochures, online courses, videos, slideshows, presentations, books, memos, instructional materials, and similar documentation relating to communications and cooperation in regards to case management and involvement with Court Appointed Special Advocate (CASA), Guardian ad Litems, and other similarly situated individuals, that were referred to, relied on, provided to you or made available to you by ACH Child and Family Services, or were otherwise used by you during your time of employment with ACH Child and Family Services.

**RESPONSE:**

12. **REQUEST FOR PRODUCTION NO. 12**: All policies and procedures, practice guides, manuals, brochures, online courses, videos, slideshows, presentations, books, memos, instructional materials, and similar documentation relating to receipt, handling, and investigation of reports through the Texas Abuse and Neglect Hotline, that were referred to, relied on, provided to you or made available to you by ACH Child and Family Services, or were otherwise used by you during your time of employment with ACH Child and Family Services.

**RESPONSE:**

III. **REQUESTS RELATING TO TRAINING MATERIALS AND RECORDS**

13. **REQUEST FOR PRODUCTION NO. 13**: All staff orientation documents and materials including "orientation training checklists," "new employee checklists," and other similar orientation documents and materials that were referred to, relied on, provided to you or made available to you by ACH Child and Family Services, or were otherwise used by you during your time of employment with ACH Child and Family Services.

**RESPONSE:**

14. **REQUEST FOR PRODUCTION NO. 14:** Training materials, training manuals, written instructions, brochures, online courses, checklists, videos, slideshows, presentations, books, memos, modules, handbooks, and other similar training materials related to case management, kinship placement and case management, and qualifying individuals for

kinship placement, that were referred to, relied on, provided to you or made available to you by ACH Child and Family Services, or were otherwise used by you during your time of employment with ACH Child and Family Services.

**RESPONSE:**

15.   **REQUEST FOR PRODUCTION NO. 15:** Training materials, training manuals, written instructions, brochures, online courses, checklists, videos, slideshows, presentations, books, memos, modules, handbooks, and other similar documents and items related to the performance of child visits, performing home visits, documenting and logging mileage, documenting and logging GPS coordinates, visiting and meeting with foster parents and kinship placement foster parents, performing home studies, or related activities, that were referred to, relied on, provided to you or made available to you by ACH Child and Family Services, or were otherwise used by you during your time of employment with ACH Child and Family Services.

**RESPONSE:**

16.   **REQUEST FOR PRODUCTION NO. 16:** Training materials, training manuals, written instructions, brochures, online courses, checklists, videos, slideshows, presentations, books, memos, modules, handbooks, and other similar documents and items related to recording and/or documenting child visits, home visits, calls and phone conversations with children and foster parents, case progress, complaints, and other similar case-related developments, that were referred to, relied on, provided to you or made available to you by ACH Child and Family Services, or were otherwise used by you during your time of employment with ACH Child and Family Services.

**RESPONSE:**

17.   **REQUEST FOR PRODUCTION NO. 17:** Training materials, training manuals, written instructions, brochures, online courses, checklists, videos, slideshows, presentations, books, memos, modules, handbooks, and other similar documents and items related to "staffing" meetings, "staffing a case," and other similar case management procedures, that were referred to, relied on, provided to you or made available to you by ACH Child and Family Services, or were otherwise used by you during your time of employment with ACH Child and Family Services.

**RESPONSE:**

18.   **REQUEST FOR PRODUCTION NO. 18:** Training materials, training manuals, written instructions, brochures, online courses, checklists, videos, slideshows, presentations, books, memos, modules, handbooks, and other similar documents and items related to handling child injuries, conditions, illnesses, other medical conditions, unsafe conditions in the home, complaints/concerns for the safety and wellbeing, and other similar concerns, that were referred to, relied on, provided to you or made available to you by ACH Child

and Family Services, or were otherwise used by you during your time of employment with ACH Child and Family Services.

**RESPONSE:**

19. **REQUEST FOR PRODUCTION NO. 19:** Training materials, training manuals, written instructions, brochures, online courses, checklists, videos, slideshows, presentations, books, memos, modules, handbooks, and other similar documents and items related to resources provided to you by ACH Child and Family Services to assist with case management, including but not limited to, cell phones and included applications, computers, software, and other technological tools and items.

**RESPONSE:**

20. **REQUEST FOR PRODUCTION NO. 20:** Training materials, training manuals, written instructions, brochures, online courses, checklists, videos, slideshows, presentations, books, memos, modules, handbooks, and other similar documents and items related to handling and reporting suspected abuse, neglect, and exploitation, that were referred to, relied on, provided to you or made available to you by ACH Child and Family Services, or were otherwise used by you during your time of employment with ACH Child and Family Services.

**RESPONSE:**

21. **REQUEST FOR PRODUCTION NO. 21:** Training materials, training manuals, written instructions, brochures, online courses, checklists, videos, slideshows, presentations, books, memos, modules, handbooks, and other similar documents and items related to communication and cooperation in regard to case management and involvement with Court Appointed Special Advocates (CASA) and Guardian ad Litems (GAL), that were referred to, relied on, provided to you or made available to you by ACH Child and Family Services, or were otherwise used by you during your time of employment with ACH Child and Family Services.

**RESPONSE:**

22. **REQUEST FOR PRODUCTION NO. 22:** Training materials, training manuals, written instructions, brochures, online courses, checklists, videos, slideshows, presentations, books, memos, modules, handbooks, and other similar documents and items related to the intake, handling, and investigation of reports received from the Texas Abuse and Neglect Hotline, that were referred to, relied on, provided to you or made available to you by ACH Child and Family Services, or were otherwise used by you during your time of employment with ACH Child and Family Services.

**RESPONSE:**

23.    **REQUEST FOR PRODUCTION NO. 23:** A copy of all attendance sheets, rosters of personnel present, assessments, reviews, audits, certificates of completion, and documentation with identifies completion and/or the attendance by you for all training programs conducted by ACH Child and Family Services.

**RESPONSE:**

24.    **REQUEST FOR PRODUCTION NO. 24:** A copy of all attendance sheets, rosters of personnel present, assessments, reviews, audits, certificates of completion, and documentation with identifies completion and/or the attendance by you for all training programs conducted by the Texas Department of Family and Protective Services (DFPS).

**RESPONSE:**

25.    **REQUEST FOR PRODUCTION NO. 25:** A list of all training resources, informational resources, and technological tools/items (such as cell phone, designated applications, printers, hard drives, and the like) made available to you by ACH Child and Family Services. This request does not intend to ask you to create a document if one does not already exist.

**RESPONSE:**

26.    **REQUEST FOR PRODUCTION NO. 26:** All policies and procedures, training modules, training tools, informational resources, and other similar resources provided to you and made available to you via ACH Child and Family Services' "PowerDMS" system.

**RESPONSE:**

  IV.    **REQUESTS RELATING TO YOUR BACKGROUND**

27.    **REQUEST FOR PRODUCTION NO. 27:** Copies of all records that reflect the receipt of any licenses, certifications, degrees, and other similar credentials and completion of educational programs that you have received.

**RESPONSE:**

  V.    **REQUESTS RELATING TO ACH CHILD AND FAMILY SERVICES**

28.    **REQUEST FOR PRODUCTION NO. 28:** A copy of your entire employment or personnel files.   This request includes but is not limited to your application for employment; documents which evidence education, training, and qualifications; and any job performance evaluations, reprimands, complaints, or infractions against you.

**RESPONSE:**

29.    **REQUEST FOR PRODUCTION NO. 29**: A true and correct copy of any management, consulting, or employment contracts between you and ACH Child and Family Services.

**RESPONSE:**

30.    **REQUEST FOR PRODUCTION NO. 30:** A copy of your written job description for every position held while employed by Defendant ACH Child and Family Services.

**RESPONSE:**

31.    **REQUEST FOR PRODUCTION NO. 31:** Documents that reflect your caseload numbers throughout the time of your employment at ACH Child and Family Services.

**RESPONSE:**

32.    **REQUEST FOR PRODUCTION NO. 32:** Copies of your signed statement acknowledging your duty to report suspected child abuse.

**RESPONSE:**

33.    **REQUEST FOR PRODUCTION NO. 33:** A copy of all payroll documentation, pay stubs, reimbursement checks, and other related materials throughout your time of employment with Defendant ACH Child and Family Services, including those as a result of work done on Amari Boone and Levi Boone's cases.

**RESPONSE:**

34.    **REQUEST FOR PRODUCTION NO. 34:** Documents that reflect the phone number and carrier of all cell phones used by you at any time, to perform employment-related duties, including any cell phone provided by ACH Child and Family Services.

**RESPONSE:**

35.    **REQUEST FOR PRODUCTION NO. 35**: Produce all disciplinary action records prior to and as a result of this incident.

**RESPONSE:**

36.    **REQUEST FOR PRODUCTION NO. 36:** All letters, writings, memoranda, or other documents which reflect or contain the your resignation or termination of the employment from ACH Child and Family Services.

**RESPONSE:**

## VI.    REQUESTS RELATING TO BOONE'S KINSHIP PLACEMENT

37.    **REQUEST FOR PRODUCTION NO. 37:** All documents you received by and/or you transferred to ACH Child and Family Services from the Texas Department of Family and Protective Services (DFPS) related to Amari Boone, Levi Boone, Ariana George, Rodney Boone, Deondrick Foley, Joseph Delancey, and all other individuals that were involved in the care of Amari Boone and Levi Boone.

**RESPONSE:**

38.    **REQUEST FOR PRODUCTION NO. 38:** All photographs, video recordings, text messages, emails, audio recordings, or instant messaging relating to care, case management, and placement Amari Boone and Levi Boone.

**RESPONSE:**

39.    **REQUEST FOR PRODUCTION NO. 39:** True and correct copies of any documents, memoranda, reports, notes, and tangible things in the possession of Defendant concerning any investigation conducted regarding the Incident and the care, placement, and case management of Amari Boone.

**RESPONSE:**

40.    **REQUEST FOR PRODUCTION NO. 40:** Produce all records of communications made by you with Deondrick Foley, Joseph Delancey, Roshanda George, Desiree Williams, Ariana George, Rodney Boone, and all other individuals involved in the care of Amari Boone and Levi Boone.

**RESPONSE:**

41.    **REQUEST FOR PRODUCTION NO. 41:** Produce copies of all written and transcribed notes and memorandums in your possession relating to the care of Amari Boone and/or Levi Boone.

**RESPONSE:**

42.    **REQUEST FOR PRODUCTION NO. 42:** Produce any meeting notes, minutes, documents, memos, correspondence, action plans, and other similar documentation relating to staff meetings, "staffings," "staffing the case" meetings, and other similar meetings regarding Amari Boone and Levi Boone.

**RESPONSE:**

43.    **REQUEST FOR PRODUCTION NO. 43:** Produce all cellular telephone records and bills for any cellular telephone that was available to you for the time period of the first date you began working on Amari Boone and Levi Boone's cases, through one month following

Amari Boone's death, including those records that reflect phone calls, text messages, and other communication relating to the care of Amari Boone and Levi Boone.

**RESPONSE:**

44.   **REQUEST FOR PRODUCTION NO. 44:** Produce all reports, documents, correspondence, photographs, text messages, emails, notes and memorandums, videos, recordings, staff reports, incident reports, or other related documentation received from and provided to all daycare/childcare providers that cared for Amari Boone and Levi Boone.

**RESPONSE:**

45.   **REQUEST FOR PRODUCTION NO. 45:** Produce all reports, documents, correspondence, photographs, text messages, emails, notes and memorandums, videos, recordings, staff reports, incident reports, or other related documentation received from and provided to all Court Appointed Special Advocates (CASA) and Guardian Ad Litems in relation to Amari Boone and Levi Boone.

**RESPONSE:**

46.   **REQUEST FOR PRODUCTION NO. 46:** Produce all reports, documents, correspondence, photographs, text messages, emails, notes and memorandums, videos, recordings, staff reports, incident reports, or other related documentation received from and provided to Chaisity Frida-Caro, Shelia Roberson, ACH Child and Family Services, and any other ACH Child and Family Services' employee, in relation to Amari Boone and Levi Boone.

**RESPONSE:**

47.   **REQUEST FOR PRODUCTION NO. 47:** All correspondence, emails, and documents exchanged with and related to any court's involvement in the care and placements of Amari Boone and Levi Boone, including any hearing notes, status updates, testimony, and other similar documents.

**RESPONSE:**

48.   **REQUEST FOR PRODUCTION NO. 48:** All correspondence, emails, text messages, notes, memorandums, and documents exchanged with and related to any police investigation into the care, placement, and death of Amari Boone.

**RESPONSE:**

49.   **REQUEST FOR PRODUCTION NO. 49:** Produce all "Safe Signal" and "Audacity" application data and/or software data relating to Amari Boone and Levi Boone, including video recordings, audio recordings, messages, and notes.

**RESPONSE:**

50. **REQUEST FOR PRODUCTION NO. 50:** All documents, materials, appointment books, computer calendars, and records that reflect the date, time, length, and location of all visits and/or meetings, whether in person or virtual, including all records related to the scheduled, completed, canceled, and attempted home visits, for the entire time period of your employment at ACH Child and Family Services, including those relating to Amari Boone and Levi Boone, relating to Amari Boone and Levi Boone's cases.

**RESPONSE:**

51. **REQUEST FOR PRODUCTION NO. 51:** All location and GPS data records for the time period of October 1, 2018, through the date of Amari Boone's death, including those records that reflect your location during the time you were meeting with any individual that was involved in the care and case management of Amari Boone, including those times you were meeting with Amari Boone, Levi Boone, Ariana George, Rodney Boone, Joseph Delancey, Deondrick Foley, Roshanada George, and Desiree Williams.

**RESPONSE:**

## VII.   OTHER REQUESTS

52. **REQUEST FOR PRODUCTION NO. 52:** All documents which will be used at the time of trial for the impeachment of any witness in the case, including but not limited to the Plaintiffs, under Rule 609 of the Texas Rules of Evidence, any witness, or any experts.

**RESPONSE:**

53. **REQUEST FOR PRODUCTION NO. 53:** Any tangible reports, correspondence, writings, physical models, compilation of data, or other materials prepared by any expert used for consultation but whose work product was reviewed by any expert who is to be called as a witness at the time of trial.

**RESPONSE:**

54. **REQUEST FOR PRODUCTION NO. 54:** Every article, periodical, pamphlet, book, treatise, or other authority Defendant intends to utilize at the time of trial and/or which Defendant intends to establish as an authoritative and reliable source.

**RESPONSE:**

55. **REQUEST FOR PRODUCTION NO. 55:** Copies of any demonstrative exhibits, blow-ups, charts, graphs, models, and/or other exhibits Defendant intends to use at the time of trial.

**RESPONSE:**

56. **<u>REQUEST FOR PRODUCTION NO. 56</u>**: Copies of any deposition transcripts, sworn statements, trial transcripts, or other statements Defendant has in its possession made by Plaintiffs.

**RESPONSE:**

57. **<u>REQUEST FOR PRODUCTION NO. 57</u>:** All documents and electronic or magnetic data reflecting any criminal conviction of any party of potential witness in this case. See Tex. R. Evid. 609.

**RESPONSE:**

29.  11/15/21 Defendants ACH Child and Family Services & Jalaha Lawrence's Letter to Court

MARON MARVEL BRADLEY ANDERSON & TARDY LLC

Elise K. Robinson, Paralegal
erobinson@maronmarvel.com
Direct: 469-913-4691
Facsimile: 469-206-5501
2001 Bryan Street, Suite 3050
Dallas, TX 75201

November 15, 2021

Clerk of the Court                                    *Via-Efiling*
Dallas County Court At Law #4
Hon. Paula M. Rosales, Presiding
George L. Allen, Sr. Courts Building
Commerce Street
5th Floor West Tower
Dallas, TX 75202

Re:    Cause No.  CC-21-01363-D, Ariana George and Rodney Boone, Individually and as
       Representatives of the Estate of Amari Boone, Deceased v. ACH Child and Family
       Services, et al; Dallas County Court at Law No. 4, Dallas County, Texas.

Dear Clerk,

Enclosed with this efiling of Defendants ACH Child And Family Services and Jalaha Lawrence's
Motion For Protective Order Limiting Distribution of Confidential Information, please find the
bookmarked exhibits to same, together with the attached proposed Order granting same
(proposed Protective Order Limiting Distribution of Confidential Information).

Thank you,

Elise K. Robinson, Paralegal

EKR/
Encl./efilings

30.   11/15/21 Defendants ACH Child and Family Services & Jalaha Lawrence's Proposed Order on Motion for Protective Order Limiting Distribution of Confidential Information

CAUSE NO.  CC-21-01363-D

| | | |
|---|---|---|
| ARIANA GEORGE AND RODNEY BOONE, INDIVIUDALLY AND AS REPRESENTATIVES OF THE ESTATE OF AMARI BOONE, DECEASED, | § § § § § § | IN  THE COUNTY COURT |
| *Plaintiffs,* | § § | |
| v. | § § | AT LAW NO. 4 |
| ACH CHILD AND FAMILY SERVICES, SHELIA ROBERSON, CHAISITY FRIDA-CARO, AND JALAHA LAWRENCE, | § § § § § | |
| *Defendants.* | § | DALLAS COUNTY, TEXAS |

### ORDER ON MOTION FOR PROTECTIVE ORDER LIMITING DISTRIBUTION OF CONFIDENTIAL INFORMATION

The Court finds that a confidentiality and protective order governing certain documents produced or obtained in this action and information or testimony provided in connection with discovery, pretrial proceedings or the trial of this action is necessary and appropriate because discovery in this action and the trial of action are likely to involve sensitive personal, financial, and business information, the disclosure of which could cause injury to the producing parties. The Court finds that good cause has been shown, and **IT IS ORDERED** as follows:

**Definitions**

The following definitions apply to this Order:

"*Document*" whether used in the singular or plural, means any kind of written, graphic, electronic or recorded matter, however produced or reproduced, of any kind or description, including originals, copies, and drafts, and both sides thereof however obtained.

*"Confidential Information"* means any and all information relating to, constituting, or containing personal, business, financial, or trade secret information relating to Defendant ACH Child and Family Services, Defendant Jalah Lawrence, Defendant Chaisity Frida-Caro, Defendant Shelia Roberson, Decedent A. Boone, and Decedent's sibling L. Boone.

*"Producing Party"* means any party to this Order, action or suit who responds to a discovery request including, but not limited to, interrogatories, production, admissions, disclosure responses or deposition testimony and/or exhibits, or otherwise provides information to a party to this action whether such response predates this Order or is by way of supplementation.

*"Producing Third Party"* means any person or entity not a party to this suit who responds to a discovery request including, but not limited to, interrogatories, production, admissions, disclosure responses or deposition testimony and/or exhibits, or otherwise provides information to a party to this action or to the Court in connection with this action whether such response predates this Order or is by way of supplementation.

*"Requesting Party"* means any party to this action who requests production of confidential information or any representative of any such party.

*Termination of the action"* means the final termination of this action by any means including, without limitation, settlement, entry of final judgment, or dismissal.  If an appeal is taken from any judgment or order entered in this action, the "termination of the action" shall not occur until all appellate proceedings,

including any proceeding in connection with any remand, have been finally concluded.

*"Party"* means any person and/or entity who is a party to this action.

## Limitations on the Disclosure and Use of Confidential Information

No confidential information produced in this action shall be disclosed in any manner except (1) to a party to this action; (2) any spouse of a party to this action who has agreed to be bound by the provisions of this Order and any sanction available thereunder for any violation thereof; (3) to counsel involved in this action and their paralegals, computer, clerical, secretarial, and other employees and contract workers engaged in the preparation and trial of this action; (4) to consultants or experts retained by a party to this action to whom disclosure is necessary for the work associated with this action including, but not limited to, preparation of this action for trial, (5) to a witness whose testimony is being taken either during deposition, hearing or at trial, provided however that the intent to disclose the confidential information to the witness is first communicated to opposing counsel sufficiently in advance to permit any objection thereto to be made prior to the disclosure and the witness agrees in writing to be bound by the provision of this Order, (6) as evidence in trial or hearing in this action provided however that the intent to disclose the confidential information is first communicated to opposing counsel sufficiently in advance to permit any objection thereto to be made prior to the disclosure; (7) in the event a party wishes to use any confidential information in any affidavits, briefs, motions, memoranda of law or any other paper filed in this action, such confidential information shall be filed under seal with the Court, (8) in the event a party wishes to use any confidential information in the form of a question or answer at any deposition it will be indicated on the record by counsel that the information is confidential and that the portion of the deposition transcript containing the

question or answer is subject to this order; and (9) in the event a party wishes to use an confidential information in the form of a document or exhibit at any deposition it will be indicated on the record by counsel that the information is confidential and the document or exhibit will be attached to the deposition under seal.

Confidential information shall be used solely for the purpose of conducting this action and not for any other purpose whatsoever. This Order not only prohibits disclosure of confidential information or testimony except as provided herein but also prohibits the discussion of confidential information with any person not specifically authorized to receive such information under this Order. Nothing in this Order, nor any production or response pursuant to this Order, shall constitute a waiver of any other objection that a party may have to any requested discovery.

Counsel shall advise their paralegals, computer, secretarial, clerical, consultants, experts and other employees and contract workers of the requirements imposed by this Order and the fact that they are also bound by the terms of this Order. Any actual or potential expert, consultant, computer or contract worker shall sign a document stating that they have read this Order and agree to be bound by its provisions.

**Procedure for Designating Confidential Information**

To designate a document as confidential, a party or producing third party shall communicate the designation to the opposing party in a manner that is sufficient to identify the document or information as confidential. A party will make such designation only as to information that it good faith believes contained confidential information.

To designate one or more answers to interrogatories, requests for admissions, or disclosure responses as confidential, a party shall identify those answers with the legend

"CONFIDENTIAL".  The parties may retroactively designate discovery as confidential if the discovery was conducted prior to the entry of this Order and such designation is performed with a reasonable time after the entry of this Order.

**Filing of Confidential Information**

Any motions, pleadings, affidavits, briefs or other documents filed with the Court that contain, reproduce, quote, paraphrase, or otherwise reveal any information shall be filed in such a manner as to protect the confidentiality of the material in accordance with this Order.  If necessary, the document shall be filed in a scaled envelope marked on the outside with the title of the action, an identification of each document or other item within, and a statement identifying the filing as  "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

The clerk of the Court shall maintain under seal the documents, information, or testimony identified as confidential; such items shall be made available only to the Court and to the counsel for the parties in this action under further order of this Court.

**Objections to the Designation of Information as Confidential**

Any objection to the designation of an item of information as confidential shall be made in writing to counsel for the producing party or the producing third party.  If the objection cannot be resolved by agreement, the objecting party may move to Court to determine the propriety of the designation.

**Use of Confidential Information at Depositions, Hearings, or at Trial**

The parties shall undertake in good faith to negotiate mutually acceptable procedures to present to the Court to protect against the disclosure of confidential information in connection with any deposition or hearing regarding this action or the trial of this action.

**Duration**

This Order shall remain in full force and effect and survive the termination of this litigation unless modified by order of this Court or by written stipulation of all parties and any affected third party filed with the Court.

**Independently Obtained Information**

Nothing in this Order shall in any way restrict the right of a party to use or disclose information lawfully obtained from any source other than from a producing party or producing third party during the litigation of this action, whether or not such independently obtained information is identical to information designated as confidential by the producing party or producing third parties unless said information constitutes a business record of Defendant ACH Child and Family Services.

**Cumulative Provisions**

The procedures established by this Order are cumulative and in addition to any party's right to seek any further or different protection from the Court for any document or information produced in this action.

This Order is without prejudice to the right of any party to apply to the Court at any time to request that the Court for good cause modify the provisions of this Order.

**Return of Confidential Information**

When the judgment in this matter becomes files, the Requesting Party shall return the Confidential Information, including any copies made, within thirty (30) days or a written request by the Producing Party.

Signed on this _____ day of _____, 2021

_____
PRESIDING JUDGE

31.   1/7/22        Defendants' Second
Joint Declaration Invoking TRCP 167
& TCPR Code Chapter 42

FILED
1/7/2022 11:57 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

Case 3:22-cv-01124-S   Document 1-6   Filed 05/20/22   Page 225 of 391   PageID 256

## CAUSE NO.  CC-21-01363-D

| | | |
|---|---|---|
| ARIANA GEORGE AND RODNEY BOONE, INDIVIUDALLY AND AS REPRESENTATIVES OF THE ESTATE OF AMARI BOONE, DECEASED, | § § § § § § | IN THE COUNTY COURT |
| *Plaintiffs,* | § § | |
| v. | § § | AT LAW NO. 4 |
| ACH CHILD AND FAMILY SERVICES, SHELIA ROBERSON, CHAISITY FRIDA-CARO, AND JALAHA LAWRENCE, | § § § § § | |
| *Defendants.* | § | DALLAS COUNTY, TEXAS |

### DEFENDANTS' SECOND JOINT DECLARATION INVOKING TEXAS RULE OF CIVIL PROCEDURE 167 AND TEXAS CIVIL PRACTICE AND REMEDIES CODE CHAPTER 42

Defendants ACH Child and Family Services, Sheila Roberson, Chaisity Frida-Caro, and Jalah Lawrence (incorrectly identified in Plaintiff's Original Petition as "Jalaha" Lawrence) (collectively referred to herein as "Defendants") make this second declaration that Defendants invoke Texas Rules of Civil Procedure 167 *et seq*, as well as Texas Civil Practice and Remedies Code Chapter 42 *et seq*., and will make an Offer of Settlement under this statute and rule. This second Rule 167 Offer of Settlement will be made (1) in writing, (2) pursuant to all the requirements identified in Rule 167.2 of the Texas Rules of Civil Procedure, as well as Section 42.003 of the Texas Civil Practice and Remedies Code, and (3) will be a collective and joint offer extended by Defendants ACH Child and Family Services, Sheila Roberson, Chaisity Frida-Caro, and Jalah Lawrence.

**DEFENDANTS' SECOND JOINT DECLARATION INVOKING TEXAS RULE OF CIVIL PROCEDURE 167 AND TEXAS CIVIL PRACTICE AND REMEDIES CODE CHAPTER 42**

PAGE 1 OF 3

Respectfully submitted,

**MARON MARVEL BRADLEY
ANDERSON & TARDY, LLC**

By:    */s/ Andrew S. Gardner*
       John R. Robinson
       Texas State Bar No. 17097500
       Andrew S. Gardner
       Texas State Bar No. 24078538
       Avvennett Gezahan
       Texas State Bar No. 24099895
       2001 Bryan Street, Suite 3050
       Dallas, Texas 75201
       Telephone:  214-736-9608
       Facsimile:   469-206-5501
       jrobinson@maronmarvel.com
       agardner@maronmarvel.com
       agezahan@maronmarvel.com

**ATTORNEYS FOR DEFENDANTS
ACH CHILD AND FAMILY SERVICES AND
JALAH LAWRENCE**

       */s/ H. Dwayne Newton*
       H. Dwayne Newton
       Texas State Bar No. 14977200
       3405 Marquart
       Houston, Texas 77027
       Telephone:  713-493-7620
       Facsimile:   713-493-7633
       dnewton@newton-lawyers.com

**ATTORNEY FOR DEFENDANT
SHELIA ROBERSON**

and,

       */s/ Frank Alvarez*
       Frank Alvarez
       Texas State Bar No. 00796122
       J. Spencer Young
       Texas State Bar No. 24101268
       1700 Pacific Avenue, Suite 4545
       Dallas, Texas 75201
       Telephone:  214-754-8755

**DEFENDANTS' SECOND JOINT DECLARATION INVOKING TEXAS RULE OF CIVIL PROCEDURE 167 AND TEXAS
CIVIL PRACTICE AND REMEDIES CODE CHAPTER 42**

PAGE 2 OF 3

Facsimile:   214-754-8744
frank.alvarez@qpwblaw.com
spencer.young@qpwblaw.com

**ATTORNEYS FOR DEFENDANT
CHAISITY FRIDA-CARO**

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that a true and correct copy of the foregoing instrument has been sent to all counsel of record in accordance with the Texas Rules of Civil Procedure on this the 7th day of January, 2022.

*/s/ Andrew S. Gardner*
Andrew S. Gardner

DEFENDANTS' SECOND JOINT DECLARATION INVOKING TEXAS RULE OF CIVIL PROCEDURE 167 AND TEXAS CIVIL PRACTICE AND REMEDIES CODE CHAPTER 42

PAGE 3 OF 3

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Rocio Allen on behalf of John Robinson
Bar No. 17097500
rallen@maronmarvel.com
Envelope ID: 60604455
Status as of 1/7/2022 4:15 PM CST

Associated Case Party: CHAISITY FRIDA-CARO

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Frank Alvarez | | frank.alvarez@qpwblaw.com | 1/7/2022 11:57:11 AM | SENT |
| Johnathan SpencerYoung | | johnathan.young@qpwblaw.com | 1/7/2022 11:57:11 AM | SENT |

Associated Case Party: ACH CHILD AND FAMILY SERVICES

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| John Robinson | | jrobinson@maronmarvel.com | 1/7/2022 11:57:11 AM | SENT |
| Andrew S.Gardner | | agardner@maronmarvel.com | 1/7/2022 11:57:11 AM | SENT |
| Avvennett MGezahan | | Agezahan@maronmarvel.com | 1/7/2022 11:57:11 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jon McNeely | | e-service@newton-lawyers.com | 1/7/2022 11:57:11 AM | SENT |
| Elise Robinson | | erobinson@maronmarvel.com | 1/7/2022 11:57:11 AM | SENT |
| Rocio Allen | | rallen@maronmarvel.com | 1/7/2022 11:57:11 AM | SENT |
| Brent W.Chandler | | brent@chandlerrosslaw.com | 1/7/2022 11:57:11 AM | SENT |
| John A.Ross, Jr. | | tony@chandlerrosslaw.com | 1/7/2022 11:57:11 AM | SENT |
| Jennifer Moore | | Jennifer@chandlerrosslaw.com | 1/7/2022 11:57:11 AM | SENT |
| Foster KBaird | | fkbaird@newton-lawyers.com | 1/7/2022 11:57:11 AM | SENT |
| Henry DwayneNewton | | dnewton@newton-lawyers.com | 1/7/2022 11:57:11 AM | SENT |
| Terri Crawford | | tcrawford@maronmarvel.com | 1/7/2022 11:57:11 AM | SENT |

Associated Case Party: ARIANA GEORGE

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Rocio Allen on behalf of John Robinson
Bar No. 17097500
rallen@maronmarvel.com
Envelope ID: 60604455
Status as of 1/7/2022 4:15 PM CST

Associated Case Party: ARIANA GEORGE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Russell Button | | service@buttonlawfirm.com | 1/7/2022 11:57:11 AM | SENT |
| Heather LynnLong | | heather@heatherlonglaw.com | 1/7/2022 11:57:11 AM | SENT |

32.   1/11/22   Defendants ACH Child and Family Services & Jalaha Lawrence's Notice of Hearing on Motion for Protective Order

FILED
1/11/2022 2:02 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

## CAUSE NO.  CC-21-01363-D

| | | |
|---|---|---|
| ARIANA GEORGE AND RODNEY BOONE, INDIVIUDALLY AND AS REPRESENTATIVES OF THE ESTATE OF AMARI BOONE, DECEASED, | § § § § § § | IN THE COUNTY COURT |
| *Plaintiffs,* | § § | |
| v. | § § | AT LAW NO. 4 |
| ACH CHILD AND FAMILY SERVICES, SHELIA ROBERSON, CHAISITY FRIDA-CARO, AND JALAHA LAWRENCE, | § § § § § | |
| *Defendants.* | § § | DALLAS COUNTY, TEXAS |

### DEFENDANTS ACH CHILD AND FAMILY SERVICES' AND JALAHA LAWRENCE'S NOTICE OF HEARING ON DEFENDANTS' MOTION FOR PROTECTIVE ORDER TO LIMIT DISTRIBUTION OF CONFIDENTIAL INFORMATION

PLEASE TAKE NOTICE that a hearing on Defendants ACH Child and Family Services' and Jalaha Lawrence's Motion for Protective Order to Limit Distribution of Confidential Information filed in the above-referenced cause will be held on the 31st day of January 2022, at 3:00 p.m. in the County Court at Law No. 4 of Dallas County, Texas. Please be advised this hearing will be conducted remotely via www.courtcall.com

Respectfully submitted,

**MARON MARVEL BRADLEY ANDERSON & TARDY, LLC**

By: _____*/s/ Andrew S. Gardner*_____
   John R. Robinson
   Texas State Bar No. 17097500
   Andrew S. Gardner
   Texas State Bar No. 24078538
   Avvennett Gezahan
   Texas State Bar No. 24099895
   2001 Bryan Street, Suite 3050

Dallas, Texas 75201
Telephone:  214-736-9608
Facsimile:   469-206-5501
jrobinson@maronmarvel.com
agardner@maronmarvel.com
agezahan@maronmarvel.com

**ATTORNEYS FOR DEFENDANTS**
**ACH CHILD AND FAMILY SERVICES AND**
**JALAHA LAWRENCE**

**<u>CERTIFICATE OF SERVICE</u>**

This is to certify that a true and correct copy of the foregoing instrument has been sent to all counsel of record in accordance with the Texas Rules of Civil Procedure on this the 11th day of January, 2022.

*/s/ Andrew S. Gardner*
Andrew S. Gardner

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Rocio Allen on behalf of John Robinson
Bar No. 17097500
rallen@maronmarvel.com
Envelope ID: 60713023
Status as of 1/11/2022 2:57 PM CST

Associated Case Party: CHAISITY FRIDA-CARO

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Frank Alvarez | | frank.alvarez@qpwblaw.com | 1/11/2022 2:02:58 PM | SENT |
| Johnathan SpencerYoung | | johnathan.young@qpwblaw.com | 1/11/2022 2:02:58 PM | SENT |

Associated Case Party: ACH CHILD AND FAMILY SERVICES

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| John Robinson | | jrobinson@maronmarvel.com | 1/11/2022 2:02:58 PM | SENT |
| Andrew S.Gardner | | agardner@maronmarvel.com | 1/11/2022 2:02:58 PM | SENT |
| Avvennett MGezahan | | Agezahan@maronmarvel.com | 1/11/2022 2:02:58 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jon McNeely | | e-service@newton-lawyers.com | 1/11/2022 2:02:58 PM | SENT |
| Elise Robinson | | erobinson@maronmarvel.com | 1/11/2022 2:02:58 PM | SENT |
| Rocio Allen | | rallen@maronmarvel.com | 1/11/2022 2:02:58 PM | SENT |
| Brent W.Chandler | | brent@chandlerrosslaw.com | 1/11/2022 2:02:58 PM | SENT |
| John A.Ross, Jr. | | tony@chandlerrosslaw.com | 1/11/2022 2:02:58 PM | SENT |
| Jennifer Moore | | Jennifer@chandlerrosslaw.com | 1/11/2022 2:02:58 PM | SENT |
| Foster KBaird | | fkbaird@newton-lawyers.com | 1/11/2022 2:02:58 PM | SENT |
| Henry DwayneNewton | | dnewton@newton-lawyers.com | 1/11/2022 2:02:58 PM | SENT |
| Terri Crawford | | tcrawford@maronmarvel.com | 1/11/2022 2:02:58 PM | SENT |

Associated Case Party: ARIANA GEORGE

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Rocio Allen on behalf of John Robinson
Bar No. 17097500
rallen@maronmarvel.com
Envelope ID: 60713023
Status as of 1/11/2022 2:57 PM CST

Associated Case Party: ARIANA GEORGE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Russell Button | | service@buttonlawfirm.com | 1/11/2022 2:02:58 PM | SENT |
| Heather LynnLong | | heather@heatherlonglaw.com | 1/11/2022 2:02:58 PM | SENT |

33.  1/27/22  Defendants' Unopposed Motion to Substitute Counsel

Case 3:22-cv-01124-S   Document 1-6   Filed 05/20/22   Page 236 of 391   PageID 267

FILED
1/27/2022 3:54 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CAUSE NO. CC-21-01363-D

| | | |
|---|---|---|
| ARIANA GEORGE and RODNEY BOONE, Individually and as Representatives of the ESTATE OF AMARI BOONE, DECEASED, | § § § § § | IN THE COUNTY COURT |
| *Plaintiffs*, | § § | |
| v. | § § | AT LAW NO. 4 |
| ACH CHILD AND FAMILY SERVICES, SHEILA ROBERSON, CHAISITY FRIDA-CARO, and JALAH LAWRENCE, | § § § § | |
| *Defendants*. | § § | |
| | § | DALLAS COUNTY, TEXAS |

## DEFENDANTS' UNOPPOSED MOTION TO SUBSTITUTE COUNSEL

Defendants ACH Child and Family Services ("ACH") and Jalah Lawrence ("Lawrence") (collectively referred to as "Defendants") files their Motion to Substitute Counsel. In support, Defendants show the following:

Defendants seeks an Order granting the withdrawal of its current counsel, John R. Robinson, Andrew Gardner, and Avvennett Gezahan of the law firm of Maron Marvel Bradley Anderson & Tardy, LLC, and substituting as their attorneys of record:

Zach T. Mayer
Jack M. Luckett
**MAYER LLP**
750 N. St. Paul Street, Suite 700
Dallas, Texas 75201
Telephone:  (214) 379-6900
Facsimile:   (214) 379-6909
zmayer@mayerllp.com
jluckett@mayerllp.com

This substitution of counsel is not sought for purposes of delay and the undersigned does not believe at this time that it will cause any delay in the trial of this matter.

WHEREFORE, Defendants ACH Child and Family Services and Jalah Lawrence request that this Motion to Substitute Counsel be granted in all respects and for such other and further relief to which Defendants may show themselves justly entitled.

Respectfully submitted,

**MARON MARVEL BRADLEY**
**ANDERSON & TARDY, LLC**

　　 /s/ *Andrew S. Gardner*
John R. Robinson
Texas State Bar No. 17097500
Andrew S. Gardner
Texas State Bar No. 24078538
Avvennett Gezahan
Texas State Bar No. 24099895
2001 Bryan Street, Suite 3050
Dallas, Texas 75201
Telephone: 214-736-9608
Facsimile: 469-206-5501
jrobinson@maronmarvel.com
agardner@maronmarvel.com
agezahan@maronmarvel.com

**ATTORNEYS FOR ACH CHILD AND**
**FAMILY SERVICES AND**
**JALAHA LAWRENCE**

**MAYER LLP**
750 N. St. Paul Street, Suite 700
Dallas, Texas 75201
214.379.6900 / Fax 214.379.6939

By:　　 /s/ *Jack M. Luckett*
　　　 Zach T. Mayer
　　　 State Bar No. 24013118
　　　 zmayer@mayerllp.com
　　　 Jack M. Luckett
　　　 State Bar No. 24050967
　　　 jluckett@mayerllp.com

**ATTORNEYS FOR DEFENDANTS**

## <u>CERTIFICATE OF CONFERENCE</u>

I certify that I conferred with counsel for all parties, and all are unopposed to the relief sought herein.

_____
                        */s/ Jack M. Luckett*
                        Jack M. Luckett

## <u>CERTIFICATE OF SERVICE</u>

I certify that on January 27, 2022, a true and correct copy of the foregoing was electronically filed and electronically served on all known counsel.

**VIA EFILE: Russell@buttonlawfirm.com; Ashley@buttonlawfirm.com**
Russell T. Button
Ashley D. Washington
**THE BUTTON LAW FIRM**
4315 West Lovers Lane, Suite A
Dallas, Texas 75209

**VIA EFILE: brent@chandlerrosslaw.com; tony@chandlerrosslaw.com**
Brent W. Chandler
John A. Ross, Jr.
**CHANDLER ROSS, PLLC**
110 N. Woodrow, Ste. 120
Denton, Texas 76205

**VIA EFILE: heather@heatherlonglaw.com**
Heather Lynn Long
**HEATHER LONG LAW PC**
4310 N. Central Expressway
Dallas, Texas 75206

**VIA EFILE: frank.alvarez@qpwblaw.com**
Frank Alvarez
**Quintairos, Prieto, Wood & Boyer, P.A.**
1700 Pacific Avenue, Suite 4545
Dallas, Texas 75201

**VIA EFILE: dnewton@newton-lawyers.com**
H. Dyaytne Newton
**Newton, Jones & McNeely**
3405 Marquart
Houston, Texas 77027

_____
                        */s/ Jack M. Luckett*
                        Jack M. Luckett

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Shannon Pilgrim on behalf of Jack Luckett
Bar No. 24050967
spilgrim@mayerllp.com
Envelope ID: 61225419
Status as of 1/28/2022 11:11 AM CST

Associated Case Party: ACH CHILD AND FAMILY SERVICES

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| John Robinson | | jrobinson@maronmarvel.com | 1/27/2022 3:54:54 PM | SENT |
| Andrew S.Gardner | | agardner@maronmarvel.com | 1/27/2022 3:54:54 PM | SENT |
| Avvennett MGezahan | | Agezahan@maronmarvel.com | 1/27/2022 3:54:54 PM | SENT |
| Jack Luckett | | jluckett@mayerllp.com | 1/27/2022 3:54:54 PM | SENT |
| Zach Mayer | | zmayer@mayerllp.com | 1/27/2022 3:54:54 PM | SENT |

Associated Case Party: CHAISITY FRIDA-CARO

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Frank Alvarez | | frank.alvarez@qpwblaw.com | 1/27/2022 3:54:54 PM | SENT |
| Johnathan SpencerYoung | | johnathan.young@qpwblaw.com | 1/27/2022 3:54:54 PM | SENT |

Associated Case Party: ARIANA GEORGE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Russell Button | | service@buttonlawfirm.com | 1/27/2022 3:54:54 PM | SENT |
| Heather LynnLong | | heather@heatherlonglaw.com | 1/27/2022 3:54:54 PM | SENT |
| Russell Button | 24077428 | russell@buttonlawfirm.com | 1/27/2022 3:54:54 PM | SENT |
| Ashley Washington | 24102030 | ashley@buttonlawfirm.com | 1/27/2022 3:54:54 PM | SENT |

Case Contacts

| Name |
|------|
| Jon McNeely |
| Elise Robinson |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Shannon Pilgrim on behalf of Jack Luckett
Bar No. 24050967
spilgrim@mayerllp.com
Envelope ID: 61225419
Status as of 1/28/2022 11:11 AM CST

Case Contacts

| | | | | |
|---|---|---|---|---|
| Rocio Allen | | rallen@maronmarvel.com | 1/27/2022 3:54:54 PM | SENT |
| Brent W.Chandler | | brent@chandlerrosslaw.com | 1/27/2022 3:54:54 PM | SENT |
| John A.Ross, Jr. | | tony@chandlerrosslaw.com | 1/27/2022 3:54:54 PM | SENT |
| Jennifer Moore | | Jennifer@chandlerrosslaw.com | 1/27/2022 3:54:54 PM | SENT |
| Foster KBaird | | fkbaird@newton-lawyers.com | 1/27/2022 3:54:54 PM | SENT |
| Henry DwayneNewton | | dnewton@newton-lawyers.com | 1/27/2022 3:54:54 PM | SENT |
| Terri Crawford | | tcrawford@maronmarvel.com | 1/27/2022 3:54:54 PM | SENT |
| Susan Lokash | | slokash@mayerllp.com | 1/27/2022 3:54:54 PM | SENT |

CAUSE NO. CC-21-01363-D

| | | |
|---|---|---|
| **ARIANA GEORGE and RODNEY BOONE, Individually and as Representatives of the ESTATE OF AMARI BOONE, DECEASED,** | § § § § § | **IN THE COUNTY COURT** |
| *Plaintiffs,* | § § § | |
| **v.** | § § | **AT LAW NO. 4** |
| **ACH CHILD AND FAMILY SERVICES, SHEILA ROBERSON, CHAISITY FRIDA-CARO, and JALAHA LAWRENCE,** | § § § § § § | |
| *Defendants.* | § | **DALLAS COUNTY, TEXAS** |

## ORDER GRANTING
## DEFENDANTS' UNOPPOSED MOTION TO SUBSTITUTE COUNSEL

On this date came on to be heard Defendants ACH Child and Family Services and Jalah Lawrence's Unopposed Motion to Substitute Counsel, and the Court after having considered said Motion is of the opinion it should be **GRANTED**.  It is, therefore,

**ORDERED, ADJUDGED** and **DECREED** that John R. Robinson, Andrew Gardner, and Avvennett Gezahan of the law firm of Maron Marvel Bradley Anderson & Tardy, LLC, are hereby withdrawn as counsel of record for Defendants ACH Child and Family Services and Jalah Lawrence and that Zach T. Mayer and Jack M. Luckett of the law firm of Mayer LLP are substituted as attorneys of record for Defendants ACH Child and Family Services and Jalah Lawrence.

SIGNED this _____ day of _____, 2022.

_____
JUDGE PRESIDING

34.   1/28/22  Plaintiffs' Rule 167.3(d) Objection to Defendants' Second Joint Offer of Settlement Pursuant to TRCP 167 & TCPR Code Chapter 42

FILED
1/28/2022 6:37 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

Case 3:22-cv-01124-S   Document 1-6   Filed 05/20/22   Page 243 of 391   PageID 274

CAUSE NO. CC-21-01363-D

| | | |
|---|---|---|
| ARIANA GEORGE AND RODNEY BOONE, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF AMARI BOONE, DECEASED | § § § § § § | IN THE COUNTY COURT |
| PLAINTIFF, | § § § | |
| VS. | § § § § | AT LAW NO. 4 |
| ACH CHILD AND FAMILY SERVICES, SHELIA ROBERSON, CHAISITY FRIDA—CARO, AND JALAH LAWRENCE, | § § § § § | |
| DEFENDANTS. | § | DALLAS COUNTY, TEXAS |

## PLAINTIFFS' RULE 167.3(d) OBJECTION TO DEFENDANTS' SECOND JOINT OFFER OF SETTLEMENT PURSUANT TO TEXAS RULE OF CIVIL PROCEDURE 167 AND TEXAS CIVIL PRACTICES & REMEDIES CODE CHAPTER 42

Ariana George and Rodney Boone, Individually and as Representatives of the Estate of Amari Boone, deceased, file this objection to Defendants' Second Joint Offer of Settlement pursuant to TEXAS RULE OF CIVIL PROCEDURE 167 and TEXAS CIVIL PRACTICES & REMEDIES CODE Chapter 42 that was made on January 10, 2022, prior to obtaining an order designating responsible third parties.

Amari Boone's parents filed this lawsuit against Defendants on the first

anniversary of Amari's death. Approximately four months later, before any substantive discovery could be obtained, Defendants filed a Joint Declaration Invoking TEXAS RULE OF CIVIL PROCEDURE 167 and TEXAS CIVIL PRACTICES & REMEDIES CODE Chapter 42. *See* Joint Dec. Invoking Offer of Settlement Rule, filed 8/19/2021. They followed the declaration with a Joint Offer of Settlement that included a fourteen day deadline for acceptance.

Two months after the deadline expired, Defendants made a joint motion for leave to designate responsible third parties. *See* Defs.' Joint Mot. for Leave to Designation RTPs, filed 10/29/2021. Within fifteen days of Defendants' motion to designate responsible third parties, the Boone family filed an objection to the August 2021 Joint Offer of Settlement. *See* Plts.' Rule 167.3(d) Objection, filed 11/12/2021. Over three months have passed since Defendants moved for leave to join responsible third parties and they have not yet sought or obtained a ruling on that motion. As a result, responsible third parties have not been designated. *See* TEX. CIV. PRAC. & REM. CODE § 33.004(h); *Lawrence v. Bottling Group, L.L.C.*, No. 05-10-00112-CV, 2011 WL 2449513, at *2 (Tex. App.—Dallas June 21, 2011, no pet.) (citing *Ruiz v. Guerra*, 293 S.W.3d 706, 714 (Tex. App.—San Antonio 2009, no pet.)).

On January 10, 2022, Defendants filed their Second Joint Declaration Invoking TEXAS RULE OF CIVIL PROCEDURE 167 and TEXAS CIVIL PRACTICES & REMEDIES CODE Chapter 42. *See* Second Joint Dec. Invoking Offer of Settlement Rule, filed 1/10/2022. The Second Joint Offer of Settlement that followed again included a fourteen day deadline for

acceptance. An order granting leave to designate responsible third parties has not been entered and that deadline expires concurrently with this filing.

The Offer of Settlement Rule that Defendants attempted to invoke before any discovery could take place is a fee shifting rule. *See* Tex. R. Civ. P. 167.2, 167.4. It allows a defendant who complies with the rule's requirements to make a settlement offer, dictate the terms and conditions of the offer, and set a deadline for acceptance. Rejecting an offer of settlement can result in a plaintiff paying the litigation costs of a defendant that a jury found liable out of the damages the jury awarded against that defendant. *See id.*

Ariana George and Rodney Boone in their individual and representative capacities **object** to the Defendants' Second Joint Offer of Settlement that was served and expired before Defendants obtained an order designating responsible third parties. According to Rule 167.3(d):

> An offer made before an offeror joins another party or designates a responsible third party may not be basis for awarding litigation costs under this rule against an offeree who files an objection to the offer *within 15 days after service of the offeror's . . . designation*.

Tex. R. Civ. P. 167.3(d) (emphasis added). The Boones objected to Defendants' original offer within fifteen days of Defendants' motion for leave. They renew their objection to the first offer of settlement and timely file this objection to Defendants' second offer of settlement. Therefore, even if Defendants' Second Joint Offer of Settlement is valid under the rules, it cannot be the basis of awarding any of the Defendants' litigation costs to be paid by Amari's family.

## PRAYER

Ariana George and Rodney Boone, individually and as representatives of the Estate of Amari Boone, object to the Second Joint Offer of Settlement served by Defendants ACH Child and Family Services, Shelia Roberson, Chaisity Frida–Caro, and Jalah Lawrence prior to obtaining an order granting Defendants' Joint Motion for Leave to Designate Responsible Third Parties pursuant to Rule 167.3(d). Defendants are not entitled to use their offer as a basis for awarding litigation costs. Amari's parents further ask the Court for any further relief to which they may be justly entitled after the final determination of the causes of action set out above.

Respectfully Submitted,

_____
Heather Lynn Long
State Bar No. 24055865
heather@heatherlonglaw.com
**HEATHER LONG LAW PC**
4310 N. Central Expressway
Dallas, Texas 75206
Telephone:  214-699-5994

Russell T. Button
State Bar No. 24077428
Russell@buttonlawfirm.com
Ashley D. Washington
State Bar No. 24102030
Ashley@buttonlawfirm.com
**THE BUTTON LAW FIRM**
4315 West Lovers Lane, Suite A
Dallas, Texas 75209
Telephone: 214-888-2216
Facsimile: 214-481-8667

## ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

This Objection was served on counsel of record for all parties on January 28, 2022

via the Court's e-filing system.

_____
Heather Lynn Long

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Heather Long on behalf of Heather Long
Bar No. 24055865
heather@heatherlonglaw.com
Envelope ID: 61276369
Status as of 1/31/2022 1:43 PM CST

Associated Case Party: ACH CHILD AND FAMILY SERVICES

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| John Robinson | | jrobinson@maronmarvel.com | 1/28/2022 6:37:50 PM | SENT |
| Zach Mayer | | zmayer@mayerllp.com | 1/28/2022 6:37:50 PM | SENT |
| Jack Luckett | | jluckett@mayerllp.com | 1/28/2022 6:37:50 PM | SENT |
| Andrew S.Gardner | | agardner@maronmarvel.com | 1/28/2022 6:37:50 PM | SENT |
| Avvennett MGezahan | | Agezahan@maronmarvel.com | 1/28/2022 6:37:50 PM | SENT |

Associated Case Party: CHAISITY FRIDA-CARO

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Frank Alvarez | | frank.alvarez@qpwblaw.com | 1/28/2022 6:37:50 PM | SENT |
| Johnathan SpencerYoung | | johnathan.young@qpwblaw.com | 1/28/2022 6:37:50 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jon McNeely | | e-service@newton-lawyers.com | 1/28/2022 6:37:50 PM | SENT |
| Elise Robinson | | erobinson@maronmarvel.com | 1/28/2022 6:37:50 PM | SENT |
| Rocio Allen | | rallen@maronmarvel.com | 1/28/2022 6:37:50 PM | SENT |
| Brent W.Chandler | | brent@chandlerrosslaw.com | 1/28/2022 6:37:50 PM | SENT |
| John A.Ross, Jr. | | tony@chandlerrosslaw.com | 1/28/2022 6:37:50 PM | SENT |
| Foster KBaird | | fkbaird@newton-lawyers.com | 1/28/2022 6:37:50 PM | SENT |
| Jennifer Moore | | Jennifer@chandlerrosslaw.com | 1/28/2022 6:37:50 PM | SENT |
| Susan Lokash | | slokash@mayerllp.com | 1/28/2022 6:37:50 PM | SENT |
| Henry DwayneNewton | | dnewton@newton-lawyers.com | 1/28/2022 6:37:50 PM | SENT |
| Terri Crawford | | tcrawford@maronmarvel.com | 1/28/2022 6:37:50 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Heather Long on behalf of Heather Long
Bar No. 24055865
heather@heatherlonglaw.com
Envelope ID: 61276369
Status as of 1/31/2022 1:43 PM CST

Associated Case Party: ARIANA GEORGE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Russell Button | 24077428 | russell@buttonlawfirm.com | 1/28/2022 6:37:50 PM | SENT |
| Ashley Washington | 24102030 | ashley@buttonlawfirm.com | 1/28/2022 6:37:50 PM | SENT |
| Russell Button | | service@buttonlawfirm.com | 1/28/2022 6:37:50 PM | SENT |
| Heather LynnLong | | heather@heatherlonglaw.com | 1/28/2022 6:37:50 PM | SENT |

35.   2/11/22   Notice of Intention to Take Deposition by Written Questions

FILED
2/11/2022 11:10 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

Case 3:22-cv-01124-S   Document 1-6   Filed 05/20/22   Page 252 of 391   PageID 283

## Cause No. CC-21-01363-D

| | | |
|---|---|---|
| ARIANA GEORGE AND RODNEY BOONE, | § | IN THE COUNTY COURT |
| INDIVIDUALLY AND AS REPRESENTATIVES OF | § | |
| THE ESTATE OF AMARI BOONE, DECEASED | § | |
| vs. | § | AT LAW NO. 4 |
| ACH CHILD AND FAMILY SERVICES, SHELIA | § | |
| ROBERSON, CHAISITY FRIDA-CARO, and | § | |
| JALAHA LAWRENCE | § | DALLAS COUNTY, TEXAS |

## NOTICE OF INTENTION
## TO TAKE DEPOSITION BY WRITTEN QUESTIONS

TO: ALL PARTIES BY AND THROUGH THEIR ATTORNEY(S) OF RECORD AS PROVIDED IN THE ATTACHED SERVICE LIST.

You will take notice that twenty (20) days after the service hereof, with attached questions, a deposition by written questions will be asked of the custodian of records for:

**COVENANT KIDS, INC. D/B/A CK FAMILY SERVICES-(Client Record Scope)**
**C/O WILLIAM A. LUND, REG AGENT**
**4807 MISTY WOOD COURT, ARLINGTON, TX 76017**

Such questions to be answered on or after *03/04/2022*, before a Notary Public at the instance of:
**Written Deposition Service, LLC**
**1755 Whittington Place, Suite 750**
**Dallas, TX 75234**

The deposition with attached questions may be used in evidence upon the trial of the above-styled and numbered cause pending in the above named court. Notice is further given that request is hereby made as authorized under Rule(s) 200 & 201(b), Texas Rules of Civil Procedure, to the officer taking this deposition to issue a Subpoena Duces Tecum and cause it to be served on the witness to produce any and all records as described on the attached questions and/or Exhibit(s) and any other such record in the possession, custody or control of the said witness, and every such record to which the witness may have access, and to turn all such records over to the officer authorized to take this deposition so that photographic reproductions of the same may be made and attached to said deposition.

Respectfully Submitted,

*/s/Russell T. Button*

Russell T. Button
SBA #: 24077428
The Button Law Firm, PLLC
4315 W. Lovers Lane, Suite A
Dallas, TX 75209
214-888-2216;  Fax 214-481-8667
office@buttonlawfirm.com

Attorney for: Plaintiff

## CERTIFICATE OF SERVICE

I certify, as authorized agent for the attorney of record, Russell T. Button that a true and exact copy of foregoing Notice of Intention to Take Deposition upon Written Questions was served to all attorneys of record in the above-styled and numbered matter, said service being effected in the following manner:

CERTIFIED MAIL/RETURN RECEIPT REQUESTED      _____

HAND DELIVERY      _____

TELECOPY      ✓

OVERNIGHT/NEXT DAY DELIVERY VIA LONE STAR OR UPS      _____

E-MAIL      ✗

E-FILE      _____

DATED: _2/10/22_

BY: _____

SERVED TO ALL PARTIES LISTED BELOW:
*Ariana George, et al vs. ACH Child and Family Services, et al*

### ATTORNEYS OF RECORD

Brent Chandler
Chandler Ross PLLC
110 N Woodrow Lane, Ste 120
Denton, TX  76205
940-800-2500; Fax: 866-464-8315
Attorney For: Plaintiff

Frank Alvarez
Quintairos, Prieto, Wood & Boyer, P.A.
1700 Pacific Ave, Ste 4545
Dallas, TX 75201
214-754-8755; Fax: 214-754-8744
Attorney For: Defendant

H. Dwayne Newton
Newton, Jones & McNeely
3405 Marquart St
Houston, TX 77027
713-493-7620; Fax: 713-493-7633
Attorney For: Defendant

✗ Heather Lynn Long
Heather Long Law, P.C.
4310 N. Central Espressway, Ste 104
Dallas, TX 75206
214-699-5994; Fax:
Attorney For: Plaintiff

John R. Robinson
Maron Marvel Bradley Anderson & Tardy LLC
2001 Bryan Street, Ste 3050
Dallas, TX  75201
214-736-9608; Fax: 469-206-5501
Attorney For: Defendant

Zach T. Mayer
Mayer LLP
750 N. Saint Paul St., Suite 700
Dallas, TX  75201
214-379-6900; Fax: 214-379-6939
Attorney For: Defendant

**CAUSE NO: CC-21-01363-D**

| | | |
|---|---|---|
| **ARIANA GEORGE AND RODNEY BOONE,** | § | **IN THE COUNTY COURT** |
| **INDIVIDUALLY AND AS REPRESENTATIVES OF** | § | |
| **THE ESTATE OF AMARI BOONE, DECEASED** | § | |
| **vs.** | § | **AT LAW NO. 4** |
| **ACH CHILD AND FAMILY SERVICES, SHELIA** | § | |
| **ROBERSON, CHAISITY FRIDA-CARO, and** | § | |
| **JALAHA LAWRENCE** | § | **DALLAS COUNTY, TEXAS** |

## DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS, CUSTODIAN OF RECORDS FOR:
## COVENANT KIDS, INC. D/B/A CK FAMILY SERVICES

1.  State your full name and occupation, address and telephone number.

    ANSWER:   (Name) _____
    (Occupation)_____
    (Address) _____
    (City, State, Zip) _____
    (Telephone #)_____

2.  In response to the Subpoena Duces Tecum you received, have you produced **RECORDS AS NAMED IN THE ATTACHED EXHIBIT?**

    ANSWER: _____

3.  Are you able to identify these records and/or tangible items as the originals or true and correct copies of the originals?

    ANSWER:_____

4. Were these records and/or tangible items made and kept in the regular course of your business?

   ANSWER: _____

5. In the regular course of business of your practice, business, or institution, did the person who signed the records and/or tangible items either have personal knowledge of the entries shown on the records and/or tangible items, or obtain the information to make the entries from the sources who have such personal knowledge?

   ANSWER: _____

6. Were such memoranda or documents and/or tangible items then transmitted to your files and thereafter maintained under your care, supervision, direction, custody, control or access as custodian of this facility?

   ANSWER: _____

7. Were the memoranda or documents and/or tangible items that were transmitted to your files original entries on the part of the Custodian or other employee or member of the staff of this facility?

   ANSWER: _____

8. Were the records and/or tangible items prepared at or about the time of the events and conditions they record?

   ANSWER: _____

9. Were these records and/or tangible items kept as described in the previous questions?

   ANSWER: _____

10. Please examine the original requested records and/or tangible items.  Have you produced copies of these records and/or tangible items for attachment to this Deposition?

    ANSWER: _____

11. Has anything been removed from or altered in the original records and/or tangible items before making these copies?

    ANSWER: _____

12. If you have answered the previous question yes, please state fully and precisely what alteration was made in the original records and/or tangible items and attach copies of every document removed from the originals.

    ANSWER: _____

13.  In the event that no records and/or tangible items can be found, are there document archives (i.e. microfiche) or document retention policies which explain their absence? If so, please identify who has knowledge of those archives or policies of the above named facility.

   ANSWER: _____

14.  Are you aware that it may be necessary to subpoena you or your employer to court at the time of trial if you have not provided all of the papers, notes, documents, records, general correspondence, or other tangible items of any kind pertaining to the above named individual to the Notary Public taking your deposition?

   ANSWER:   (circle one) YES/NO

   I, Custodian of Record, do swear or affirm that my answers to the above questions are the truth, the whole truth and nothing but the truth, so help me God.

                              _____
                              Custodian of Record

   I, Notary Public, do hereby certify the above Custodian was duly sworn and the non-stenographic recording of this Written Deposition is a true record of the Custodian testimony.

   **GIVEN UNDER MY HAND AND SEAL OF OFFICE, THIS _____ DAY OF _____, 20__.**

                       _____
                       SIGNATURE OF NOTARY PUBLIC IN AND FOR THE STATE OF TX

                       _____
                       NAME OF NOTARY PUBLIC TYPED OR PRINTED
                       My commission expires: _____

Order # 72791.001

# EXHIBIT

## I.   DEFINITIONS AND INSTRUCTIONS

A. "You" and "Your": The terms "you and "your" shall mean COVENANT KIDS, INC. D/B/A CK FAMILY SERVICES, it's attorneys, officers, directors, employees, agents, and all other persons or entities acting or purporting to act on your behalf, whether authorized or not.

B. "Persons": The term "persons" shall include individuals and every type of entity, whether formed for business purposes or not.

C. "Documents": The term "documents" shall mean writings or every type and from any source, including originals and nonidentical copies thereof, that are in your possession, custody, or control or known by you to exist. This would include documents that were sent outside your organization to any source and documents intended for internal use. The term includes communications not only in words, but in symbols, pictures, sound recordings, digital or other technological recording, sound recordings, film, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems. If the information is kept in a computer or informational storage or retrieval system, the term also includes codes and programming instructions and other materials necessary to understand such systems. The term includes, but is not limited to:   calendars,   electronic   calendars,   portable   electronic   devices,   portable communication devices, intra- or extra-body technological devices (including but not limited to "Verichios" and like devices), agenda, agreements, analyses, bills, invoices, reocrds   or   obligations   and   expenditures,   corporate   bylaws   and   charters, correspondence, diaries, files, legal documents, financial documents including balance sheets and profit and loss statements, letters, memorandum recording telephone or in-person conferences, manuals, books, press releases, purchase orders, records, schedules, memos of interviews, evaluations, written reports of tests or experiments, public relations releases, telegrams, teletypes, work papers, drafts of documents, and all other writings whose contents relate to the subject matter of the discovery request.

D. At the deposition, you will be asked to produce individual documents in response to each of the numbered requests. Please be prepared to do so.

E. If you claim privilege or exemption form discovery for any of the material, please be prepared to state the specific ground for each privilege or immunity claimed, in order that the Plaintiff may determine the merit of the objection. In this event, the parties may discuss the merits of the objection and decide whether a court determination on the objection is necessary.

## II.    REQUESTS FOR PRODUCTION

Any and all documents and/or records, including any Kinship Caregiver Home Assessments, Family Assessments, Foster/Adoptive Home Screening records, and Health, Social, educational and Genetic History Reports, office and meeting notes, memos, correspondence, photographs, video and audio recordings, recommendations, interview notes, written and oral statements, and anything else reduced to writing in the possession, custody, or control of the said witness, pertaining to and/or involving Amari Demontre Boone (DOB: 06/09/2016), Levi Lee Boone (DOB: 08/29/2018), Ariana George (DOB: 12/15/1997), Rodney Boone (DOB: 08/16/1994), Deondrick Foley (DOB: 01/28/1984), and Joseph Delancey (DOB: 02/01/1991).

# SUBPOENA DUCES TECUM
# THE STATE OF TEXAS

**County of Dallas**

Greeting, to any Sheriff or Constable of the State of Texas or other person authorized to serve subpoenas under Rule 176 of Texas Rules of Civil Procedure:  You are hereby commanded to subpoena and summon the following witness(es):

## Designated Custodian of Records for: COVENANT KIDS, INC. D/B/A CK FAMILY SERVICES

to be and appear before a Notary Public of my designation for **Written Deposition Service, LLC, 1755 Whittington Place, Suite 750, Dallas, TX 75234,** on or after **03/04/2022** at the office of the summoned witness. There under oath to make answers of certain written questions to be propounded to the witness and to bring and produce for inspection and photocopying **RECORDS AS NAMED IN THE ATTACHED EXHIBIT**; at any and all times whatsoever.

Then and there to give evidence at the instance of the **Plaintiff, Ariana George, et al**, represented by **Russell Button**, Texas Bar No. **24077428** Attorney of Record, in that Certain Cause No. **CC-21-01363-D**, pending on the docket of the **County Court at Law No. 4 in Dallas County,** Texas.

This Subpoena is issued under and by virtue of Rule 200 and Notice of Deposition Upon Written Questions on file with the above named court, styled

*Ariana George, et al vs. ACH Child and Family Services, et al*

and there remain from day to day and time to time until discharged according to law.

**WITNESS MY HAND,** this \_\_\_\_\_ day of _____, 2022.

_____
NOTARY PUBLIC

N WHITESIDES
Notary Public, State of Texas
Comm. Expires 12-07-2023
Notary ID 126346426

**176.8 Enforcement of Subpoena; (b) Contempt.** Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punished by fine or confinement, or both. This subpoena falls under exception to confidentiality, Rule 509 (e) Texas rules of Civil Evidence.

## OFFICER'S RETURN

Came to hand this \_\_\_\_\_ day of _____, 20\_\_\_\_ and executed this the \_\_\_\_\_ day of _____, 20\_\_\_\_, in the following manner:  By delivering to the witness _____, a true copy hereof, with attached witness fee of $_____.

Returned this _____ day of _____, 20\_\_\_\_.

_____
PROCESS SERVER

Order No. **72791.001**

# EXHIBIT

## I.   DEFINITIONS AND INSTRUCTIONS

A. "You" and "Your": The terms "you and "your" shall mean COVENANT KIDS, INC. D/B/A CK FAMILY SERVICES, it's attorneys, officers, directors, employees, agents, and all other persons or entities acting or purporting to act on your behalf, whether authorized or not.

B. "Persons": The term "persons" shall include individuals and every type of entity, whether formed for business purposes or not.

C. "Documents": The term "documents" shall mean writings or every type and from any source, including originals and nonidentical copies thereof, that are in your possession, custody, or control or known by you to exist. This would include documents that were sent outside your organization to any source and documents intended for internal use. The term includes communications not only in words, but in symbols, pictures, sound recordings, digital or other technological recording, sound recordings, film, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems. If the information is kept in a computer or informational storage or retrieval system, the term also includes codes and programming instructions and other materials necessary to understand such systems. The term includes, but is not limited to: calendars, electronic calendars, portable electronic devices, portable communication devices, intra- or extra-body technological devices (including but not limited to "Verichios" and like devices), agenda, agreements, analyses, bills, invoices, reocrds or obligations and expenditures, corporate bylaws and charters, correspondence, diaries, files, legal documents, financial documents including balance sheets and profit and loss statements, letters, memorandum recording telephone or in-person conferences, manuals, books, press releases, purchase orders, records, schedules, memos of interviews, evaluations, written reports of tests or experiments, public relations releases, telegrams, teletypes, work papers, drafts of documents, and all other writings whose contents relate to the subject matter of the discovery request.

D. At the deposition, you will be asked to produce individual documents in response to each of the numbered requests. Please be prepared to do so.

E. If you claim privilege or exemption form discovery for any of the material, please be prepared to state the specific ground for each privilege or immunity claimed, in order that the Plaintiff may determine the merit of the objection. In this event, the parties may discuss the merits of the objection and decide whether a court determination on the objection is necessary.

Order # 72791.001

## II.      REQUESTS FOR PRODUCTION

Any and all documents and/or records, including any Kinship Caregiver Home Assessments, Family Assessments, Foster/Adoptive Home Screening records, and Health, Social, educational and Genetic History Reports, office and meeting notes, memos, correspondence, photographs, video and audio recordings, recommendations, interview notes, written and oral statements, and anything else reduced to writing in the possession, custody, or control of the said witness, pertaining to and/or involving Amari Demontre Boone (DOB: 06/09/2016), Levi Lee Boone (DOB: 08/29/2018), Ariana George (DOB: 12/15/1997), Rodney Boone (DOB: 08/16/1994), Deondrick Foley (DOB: 01/28/1984), and Joseph Delancey (DOB: 02/01/1991).

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Envelope ID: 61665077
Status as of 2/11/2022 11:23 AM CST

Associated Case Party: CHAISITY FRIDA-CARO

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Frank Alvarez | | frank.alvarez@qpwblaw.com | 2/11/2022 11:10:15 AM | SENT |
| Johnathan SpencerYoung | | johnathan.young@qpwblaw.com | 2/11/2022 11:10:15 AM | SENT |

Associated Case Party: ARIANA GEORGE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Russell Button | 24077428 | russell@buttonlawfirm.com | 2/11/2022 11:10:15 AM | SENT |
| Ashley Washington | 24102030 | ashley@buttonlawfirm.com | 2/11/2022 11:10:15 AM | SENT |
| Russell Button | | service@buttonlawfirm.com | 2/11/2022 11:10:15 AM | SENT |
| Heather LynnLong | | heather@heatherlonglaw.com | 2/11/2022 11:10:15 AM | SENT |

Associated Case Party: ACH CHILD AND FAMILY SERVICES

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| John Robinson | | jrobinson@maronmarvel.com | 2/11/2022 11:10:15 AM | SENT |
| Zach Mayer | | zmayer@mayerllp.com | 2/11/2022 11:10:15 AM | SENT |
| Andrew S.Gardner | | agardner@maronmarvel.com | 2/11/2022 11:10:15 AM | SENT |
| Jack Luckett | | jluckett@mayerllp.com | 2/11/2022 11:10:15 AM | SENT |
| Avvennett MGezahan | | Agezahan@maronmarvel.com | 2/11/2022 11:10:15 AM | SENT |

Case Contacts

| Name |
|------|
| Brent W.Chandler |
| John A.Ross, Jr. |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Envelope ID: 61665077
Status as of 2/11/2022 11:23 AM CST

Case Contacts

| Jennifer Moore | | Jennifer@chandlerrosslaw.com | 2/11/2022 11:10:15 AM | SENT |
|---|---|---|---|---|
| Elise Robinson | | erobinson@maronmarvel.com | 2/11/2022 11:10:15 AM | SENT |
| Rocio Allen | | rallen@maronmarvel.com | 2/11/2022 11:10:15 AM | SENT |
| Susan Lokash | | slokash@mayerllp.com | 2/11/2022 11:10:15 AM | SENT |
| Terri Crawford | | tcrawford@maronmarvel.com | 2/11/2022 11:10:15 AM | SENT |

36.   2/15/22   Order Granting Defendants' Unopposed Motion to Substitute Counsel

CAUSE NO. CC-21-01363-D

| | | |
|---|---|---|
| **ARIANA GEORGE and RODNEY BOONE, Individually and as Representatives of the ESTATE OF AMARI BOONE, DECEASED,** | § § § § § | **IN THE COUNTY COURT** |
| *Plaintiffs,* | § § | |
| **v.** | § § | **AT LAW NO. 4** |
| **ACH CHILD AND FAMILY SERVICES, SHEILA ROBERSON, CHAISITY FRIDA-CARO, and JALAHA LAWRENCE,** | § § § § § | |
| *Defendants.* | § § | **DALLAS COUNTY, TEXAS** |

## ORDER GRANTING
## DEFENDANTS' UNOPPOSED MOTION TO SUBSTITUTE COUNSEL

On this date came on to be heard Defendants ACH Child and Family Services and Jalah Lawrence's Unopposed Motion to Substitute Counsel, and the Court after having considered said Motion is of the opinion it should be **GRANTED**. It is, therefore,

**ORDERED, ADJUDGED** and **DECREED** that John R. Robinson, Andrew Gardner, and Avvennett Gezahan of the law firm of Maron Marvel Bradley Anderson & Tardy, LLC, are hereby withdrawn as counsel of record for Defendants ACH Child and Family Services and Jalah Lawrence and that Zach T. Mayer and Jack M. Luckett of the law firm of Mayer LLP are substituted as attorneys of record for Defendants ACH Child and Family Services and Jalah Lawrence.

SIGNED this 15th day of _____, 2022.

CC-21-01363-D
CSOC
ORDER - SUBSTITUTION OF COUNSEL
2527952

JUDGE PRESIDING
David W. Evans, Senior Justice
Sitting by Assignment to this Court

37.   2/20/22  First Amended Agreed
Level III Scheduling Order

FILED
2/22/2022 5:21 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CAUSE NO. CC-21-01363-D

| | | |
|---|---|---|
| ARIANA GEORGE AND RODNEY BOONE, | § | IN THE COUNTY COURT |
| INDIVIDUALLY AND AS | § | |
| REPRESENTATIVES OF THE ESTATE | § | |
| OF AMARI BOONE, DECEASED | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | AT LAW NO. 4 |
| | § | |
| ACH CHILD AND FAMILY SERVICES, | § | |
| SHELIA ROBERSON, CHAISITY | § | |
| FRIDA-CARO, AND JALAHA LAWRENCE, | § | |
| | § | |
| *Defendants.* | § | DALLAS COUNTY, TEXAS |

---

## FIRST AMENDED AGREED LEVEL III SCHEDULING ORDER

---

Plaintiffs and Defendants in the above-referenced suit announced their agreement to the following scheduling order, which the Court approves.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the following dates and deadlines will be adhered to by all parties:

| 09/09/2022 | **JOINDER OF ADDITIONAL PARTIES** | Deadline for joining additional parties, without leave of Court or by agreement. |
|---|---|---|
| 11/18/2022 | **PLAINTIFF'S EXPERT DESIGNATION** | Deadline for all parties seeking affirmative relief shall, for their affirmative claims, designate experts and provide the information required under TEX. R. CIV. P. 195.5(a) |
| 12/19/2022 | **DEFENDANT'S EXPERT DESIGNATION DEADLINE** | Deadline for all parties opposing affirmative relief shall designate their experts in opposition to affirmative claims and provide the information required under TEX. R. CIV. P. 195.5(a). |
| 01/11/2023 | **DESIGNATION OF REBUTTAL EXPERTS** | Deadline for all parties to designate their rebuttal experts, including expert reports and |

|  |  | curriculum vitaes. |
| --- | --- | --- |
| 03/03/2023 | **MEDIATION** | The parties will mediate this case with a mediator the parties will agree to at a later date. |
| 03/03/2023 | **PLAINTIFF AMENDED PLEADINGS** | Deadline for Plaintiff to amend pleadings. |
| 03/17/2023 | **DEFENDANT AMENDED PLEADINGS** | Deadline for Defendant to amend pleadings. |
| 02/17/2023 | **SUMMARY JUDGMENT FILING DEADLINE** | Deadline by which all Motions for Summary Judgments must be filed. |
| 02/17/2023 | **MOTIONS TO EXCLUDE EXPERTS** | All motions to exclude expert testimony based on the expert's qualifications or the relevance or reliability of the expert's opinions must be filed by this date. |
| 03/17/2023 | **SUMMARY JUDGMENT HEARING DEADLINE** | Deadline by which all Motions for Summary Judgment must be heard. |
| 03/20/2023 | **DISCOVERY DEADLINE** | Deadline by which all written and oral discovery must be completed and supplemented. |
| 03/28/2023 | **EXCHANGE VIDEO DESIGNATIONS** | Deadline to exchange and file page/line designations of all videotaped depositions to be offered at trial. |
| 04/04/2023 | **OBJECTION TO VIDEO DESIGNATIONS** | Deadline to exchange and file objections to page/line designations of all videotaped depositions to be offered at trial. |
| 04/07/2023 | **EXCHANGE PRE-TRIAL DOCUMENTS** | Deadline to file and exchange Motions in Limine, Witness Lists, Exhibit Lists, and Proposed Jury Instructions on or before this date. Copies of trial exhibits must be provided or specifically referenced if already produced. |
| 04/11/2023 | **OBJECTION ON PRE-TRIAL FILINGS** | The parties shall file and exchange all objections to Motions in Limine, exhibits, and witnesses. |
| 04/13/2023 | **CONFER ON PRE-TRIAL MATTERS** | The parties shall confer to resolve objections to videotaped excerpts, Motions in Limine, admissibility of exhibits and similar issues. |
| _____ a.m. / p.m. | **PRE-TRIAL CONFERENCE** | Trial counsel are required to attend and be prepared to discuss all aspects of the suit and trial. |

| | | |
|---|---|---|
| **04/18/2023 at 9:00am** | **JURY TRIAL** | The case will be set for a jury trial on this date. |

Unless otherwise covered by this Order, all other matters shall be governed according to the Texas Rules of Civil Procedure.

SIGNED on this the ____ day of _____, 2022.


_____
PRESIDING JUDGE

**AGREED AS TO FORM AND ENTRY:**

RUSSELL T. BUTTON
Texas Bar No. 24077428
russell@buttonlawfirm.com
Ashley Washington
Texas Bar No. 24102030
ashley@buttonlawfirm.com
The Button Law Firm, PLLC
4315 W. Lovers Lane, Suite A
Dallas, Texas 75209
T: (214) 888-2216
F: (214) 481-8667
Email for service: service@buttonlawfirm.com\

And

Heather Lynn Long
Texas Bar No. 24055865
heather@heatherlonglaw.com
Heather Long Law PC
4310 N. Central Expressway
Dallas, Texas 75206
T: 214-699-5994

And

Brent W. Chandler
Texas Bar No. 24055291
brent@chandlerrosslaw.com
John A. Ross, Jr.
Texas Bar No. 24053453
tony@chandlerrosslaw.com
Chandler Ross, PLLC
110 N. Woodrow, Suite 120
Denton, Texas 76205
T: 940-800-2500
F: 866-464-8315

**ATTORNEY FOR PLAINTIFFS**

/s/ Jack M. Luckett              w/p
Zach T. Mayer
Texas Bar No. 24013118
Jack M. Luckett
Texas Bar No. 24050967
Mayer LLP
750 N. St. Paul Street, Suite 700
Dallas, Texas 75201
T: 214-379-6900
F: 214-379-6909
zmayer@mayerllp.com
jluckett@mayerllp.com

**ATTORNEYS FOR DEFENDANTS ACH CHILD AND FAMILY SERVICES AND JALAHA LAWRENCE**


/s/ H. Dwayne Newton              w/p
H. Dwayne Newton
Texas Bar No. 14977200
Newton, Jones & McNeely
3405 Marquart
Houston, Texas 77027
T: 713-493-7620
F: 713-493-7633
dnewton@newton-lawyers.com

**ATTORNEYS FOR DEFENDANT SHELIA ROBERSON**


/s/ J. Spencer Young              w/p
Frank Alvarez
Texas Bar No. 00796122
frank.alvarez@qpwblaw.com
J. Spencer Young
Texas Bar No. 24101268
spencer.young@qpwblaw.com
Quintairos, Prieto, Wood & Boyer, P.A.
1700 Pacific Avenue, Suite 4545
Dallas, Texas 75201
T: 214-754-8755
F: 214-754-8744

**ATTORNEYS FOR DEFENDANT CHAISITY FRIDA-CARO**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Russell Button on behalf of Russell Button
Bar No. 24077428
service@buttonlawfirm.com
Envelope ID: 61985903
Status as of 2/23/2022 8:13 AM CST

Associated Case Party: ACH CHILD AND FAMILY SERVICES

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| John Robinson | | jrobinson@maronmarvel.com | 2/22/2022 5:21:14 PM | SENT |
| Zach Mayer | | zmayer@mayerllp.com | 2/22/2022 5:21:14 PM | SENT |
| Jack Luckett | | jluckett@mayerllp.com | 2/22/2022 5:21:14 PM | SENT |
| Andrew S.Gardner | | agardner@maronmarvel.com | 2/22/2022 5:21:14 PM | SENT |
| Avvennett MGezahan | | Agezahan@maronmarvel.com | 2/22/2022 5:21:14 PM | SENT |

Associated Case Party: CHAISITY FRIDA-CARO

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Frank Alvarez | | frank.alvarez@qpwblaw.com | 2/22/2022 5:21:14 PM | SENT |
| Johnathan SpencerYoung | | johnathan.young@qpwblaw.com | 2/22/2022 5:21:14 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Elise Robinson | | erobinson@maronmarvel.com | 2/22/2022 5:21:14 PM | SENT |
| Rocio Allen | | rallen@maronmarvel.com | 2/22/2022 5:21:14 PM | SENT |
| Brent W.Chandler | | brent@chandlerrosslaw.com | 2/22/2022 5:21:14 PM | SENT |
| John A.Ross, Jr. | | tony@chandlerrosslaw.com | 2/22/2022 5:21:14 PM | SENT |
| Jennifer Moore | | Jennifer@chandlerrosslaw.com | 2/22/2022 5:21:14 PM | SENT |
| Susan Lokash | | slokash@mayerllp.com | 2/22/2022 5:21:14 PM | SENT |
| Terri Crawford | | tcrawford@maronmarvel.com | 2/22/2022 5:21:14 PM | SENT |

Associated Case Party: ARIANA GEORGE

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Russell Button on behalf of Russell Button
Bar No. 24077428
service@buttonlawfirm.com
Envelope ID: 61985903
Status as of 2/23/2022 8:13 AM CST

Associated Case Party: ARIANA GEORGE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Russell Button | | service@buttonlawfirm.com | 2/22/2022 5:21:14 PM | SENT |
| Heather LynnLong | | heather@heatherlonglaw.com | 2/22/2022 5:21:14 PM | SENT |

38.   2/21/22   Notice of Intention to
Take Deposition by Written
Questions

FILED
2/21/2022 11:29 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

## Cause No. CC-21-01363-D

| | | |
|---|---|---|
| ARIANA GEORGE AND RODNEY BOONE, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF .                , DECEASED | § § § | IN THE COUNTY COURT |
| vs. | § | AT LAW NO. 4 |
| ACH CHILD AND FAMILY SERVICES, SHELIA ROBERSON, CHAISITY FRIDA-CARO, and JALAHA LAWRENCE | § § § § | DALLAS COUNTY, TEXAS |

## NOTICE OF INTENTION
## TO TAKE DEPOSITION BY WRITTEN QUESTIONS

TO: ALL PARTIES BY AND THROUGH THEIR ATTORNEY(S) OF RECORD AS PROVIDED IN THE ATTACHED SERVICE LIST.

You will take notice that twenty (20) days after the service hereof, with attached questions, a deposition by written questions will be asked of the custodian of records for:

**TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES-(Client Record Scope)**
**DFPS RECORDS MANAGEMENT GROUP**
**MAIL CODE Y-937**
**P.O. BOX 149030, AUSTIN, TX 78714-9030**

Such questions to be answered on or after *03/10/2022*, before a Notary Public at the instance of:

**Written Deposition Service, LLC**
**1755 Whittington Place, Suite 750**
**Dallas, TX 75234**

The deposition with attached questions may be used in evidence upon the trial of the above-styled and numbered cause pending in the above named court. Notice is further given that request is hereby made as authorized under Rule(s) 200 & 201(b), Texas Rules of Civil Procedure, to the officer taking this deposition to issue a Subpoena Duces Tecum and cause it to be served on the witness to produce any and all records as described on the attached questions and/or Exhibit(s) and any other such record in the possession, custody or control of the said witness, and every such record to which the witness may have access, and to turn all such records over to the officer authorized to take this deposition so that photographic reproductions of the same may be made and attached to said deposition.

Respectfully Submitted,

*/s/Russell T. Button*

_____

Russell T. Button
SBA #: 24077428
The Button Law Firm, PLLC
4315 W. Lovers Lane, Suite A
Dallas, TX 75209
214-888-2216;  Fax 214-481-8667
office@buttonlawfirm.com

Attorney for: Plaintiff

## CERTIFICATE OF SERVICE

I certify, as authorized agent for the attorney of record, Russell T. Button that a true and exact copy of foregoing Notice of Intention to Take Deposition upon Written Questions was served to all attorneys of record in the above-styled and numbered matter, said service being effected in the following manner:

CERTIFIED MAIL/RETURN RECEIPT REQUESTED _____

HAND DELIVERY _____

TELECOPY _____ ✓

OVERNIGHT/NEXT DAY DELIVERY VIA LONE STAR OR UPS _____

E-MAIL _____ ✗

E-FILE _____

DATED: _____

BY: _____

SERVED TO ALL PARTIES LISTED BELOW:
*Ariana George, et al vs. ACH Child and Family Services, et al*

### ATTORNEYS OF RECORD

Brent Chandler
Chandler Ross PLLC
110 N Woodrow Lane, Ste 120
Denton, TX 76205
940-800-2500; Fax: 866-464-8315
Attorney For: Plaintiff

Frank Alvarez
Quintairos, Prieto, Wood & Boyer, P.A.
1700 Pacific Ave, Ste 4545
Dallas, TX 75201
214-754-8755; Fax: 214-754-8744
Attorney For: Defendant

H. Dwayne Newton
Newton, Jones & McNeely
3405 Marquart St
Houston, TX 77027
713-493-7620; Fax: 713-493-7633
Attorney For: Defendant

Heather Lynn Long
Heather Long Law, P.C.
4310 N. Central Espressway, Ste 104
Dallas, TX 75206
214-699-5994; Fax:
Attorney For: Plaintiff

John R. Robinson
Maron Marvel Bradley Anderson & Tardy LLC
2001 Bryan Street, Ste 3050
Dallas, TX  75201
214-736-9608; Fax: 469-206-5501
Attorney For: Defendant

Zach T. Mayer
Mayer LLP
750 N. Saint Paul St., Suite 700
Dallas, TX  75201
214-379-6900; Fax: 214-379-6939
Attorney For: Defendant

**CAUSE NO: CC-21-01363-D**

| | | |
|---|---|---|
| **ARIANA GEORGE AND RODNEY BOONE,** | § | **IN THE COUNTY COURT** |
| **INDIVIDUALLY AND AS REPRESENTATIVES OF** | § | |
| **THE ESTATE OF              , DECEASED** | § | |
| **vs.** | § | **AT LAW NO. 4** |
| **ACH CHILD AND FAMILY SERVICES, SHELIA** | § | |
| **ROBERSON, CHAISITY FRIDA-CARO, and** | § | |
| **JALAHA LAWRENCE** | § | **DALLAS COUNTY, TEXAS** |

### DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS, CUSTODIAN OF RECORDS FOR: TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES

1.    State your full name and occupation, address and telephone number.

ANSWER:    (Name) _____

(Occupation)_____

(Address) _____

(City, State, Zip) _____

(Telephone #)_____

2.    In response to the Subpoena Duces Tecum you received, have you produced **RECORDS AS NAMED IN THE ATTACHED EXHIBIT "A"?**

ANSWER: _____

3.    Are you able to identify these records and/or tangible items as the originals or true and correct copies of the originals?

ANSWER:_____

Order # 72791.002

4.      Were these records and/or tangible items made and kept in the regular course of your business?

       ANSWER: _____

5.      In the regular course of business of your practice, business, or institution, did the person who signed the records and/or tangible items either have personal knowledge of the entries shown on the records and/or tangible items, or obtain the information to make the entries from the sources who have such personal knowledge?

       ANSWER: _____

6.      Were such memoranda or documents and/or tangible items then transmitted to your files and thereafter maintained under your care, supervision, direction, custody, control or access as custodian of this facility?

       ANSWER: _____

7.      Were the memoranda or documents and/or tangible items that were transmitted to your files original entries on the part of the Custodian or other employee or member of the staff of this facility?

       ANSWER: _____

8.      Were the records and/or tangible items prepared at or about the time of the events and conditions they record?

       ANSWER: _____

9.      Were these records and/or tangible items kept as described in the previous questions?

       ANSWER: _____

10.     Please examine the original requested records and/or tangible items.  Have you produced copies of these records and/or tangible items for attachment to this Deposition?

       ANSWER: _____

11.     Has anything been removed from or altered in the original records and/or tangible items before making these copies?

       ANSWER: _____

12.     If you have answered the previous question yes, please state fully and precisely what alteration was made in the original records and/or tangible items and attach copies of every document removed from the originals.

       ANSWER:_____

13.    In the event that no records and/or tangible items can be found, are there document archives (i.e. microfiche) or document retention policies which explain their absence? If so, please identify who has knowledge of those archives or policies of the above named facility.

ANSWER: _____

14.    Are you aware that it may be necessary to subpoena you or your employer to court at the time of trial if you have not provided all of the papers, notes, documents, records, general correspondence, or other tangible items of any kind pertaining to the above named individual to the Notary Public taking your deposition?

ANSWER:    (circle one) YES/NO

I, Custodian of Record, do swear or affirm that my answers to the above questions are the truth, the whole truth and nothing but the truth, so help me God.

_____
Custodian of Record

I, Notary Public, do hereby certify the above Custodian was duly sworn and the non-stenographic recording of this Written Deposition is a true record of the Custodian testimony.

**GIVEN UNDER MY HAND AND SEAL OF OFFICE, THIS \_\_\_\_ DAY OF _____, 20\_\_.**

_____
SIGNATURE OF NOTARY PUBLIC IN AND FOR THE STATE OF TX

_____
NAME OF NOTARY PUBLIC TYPED OR PRINTED
My commission expires: _____

Order # 72791.002

# EXHIBIT "A"

## I. DEFINITIONS AND INSTRUCTIONS

A. "You" and "Your": The terms "you and "your" shall mean TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES ("DFPS"), it's attorneys, officers, directors, employees, agents, and all other persons or entities acting or purporting to act on your behalf, whether authorized or not.

B. "Persons": The term "persons" shall include individuals and every type of entity, whether formed for business purposes or not.

C. "Documents": The term "documents" shall mean writings or every type and from any source, including originals and nonidentical copies thereof, that are in your possession, custody, or control or known by you to exist. This would include documents that were sent outside your organization to any source and documents intended for internal use. The term includes communications not only in words, but in symbols, pictures, sound recordings, digital or other technological recording, sound recordings, film, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems. If the information is kept in a computer or informational storage or retrieval system, the term also includes codes and programming instructions and other materials necessary to understand such systems. The term includes, but is not limited to: calendars, electronic calendars, portable electronic devices, portable communication devices, intra- or extra-body technological devices (including but not limited to "Verichios" and like devices), agenda, agreements, analyses, bills, invoices, reocrds or obligations and expenditures, corporate bylaws and charters, correspondence, diaries, files, legal documents, financial documents including balance sheets and profit and loss statements, letters, memorandum recording telephone or in-person conferences, manuals, books, press releases, purchase orders, records, schedules, memos of interviews, evaluations, written reports of tests or experiments, public relations releases, telegrams, teletypes, work papers, drafts of documents, and all other writings whose contents relate to the subject matter of the discovery request.

D. At the deposition, you will be asked to produce individual documents in response to each of the numbered requests. Please be prepared to do so.

E. If you claim privilege or exemption form discovery for any of the material, please be prepared to state the specific ground for each privilege or immunity claimed, in order that the Plaintiff may determine the merit of the objection. In this event, the parties may discuss the merits of the objection and decide whether a court determination on the objection is necessary.

## II. DOCUMENTS TO BE PRODUCED

All records for                    (DOB:         ),              (DOB:              ),
Ariana George (DOB:          ), Rodney Boone (DOB:          ), Deondrick Foley (DOB:
        ), Joseph Delancey (DOB:          ), and DFPS Case Number 47394207 including
the following:

1. The complete DFPS agency case file and IMPACT file for              ,              ,
   Ariana George, and Rodney Boone, including all reports, service plans, family service
   plans, family group conference plans, intake studies, home studies, assessments, risk
   assessments, kinship documents, service authorization documents, safety evaluations,
   medical logs, education logs, medical/developmental history, CPS case history, drug
   testing records, housing and placement history records, documents related to allegations of
   abuse and neglect, criminal history reports and background checks, caseworker notes,
   documents related to counseling services, photos, audio recordings, and video recordings.

2. All documents related to              ,              , Ariana George, Rodney Boone,
   Deondrick Foley, and Joseph Delancey that were transferred, sent, and/or provided by
   DFPS to ACH Child and Family Services and Our Community Our Kids.

3. All documents, records, correspondence, and communications received from and provided
   to CK Family Services, Awesome Kidz 2 Learning Center, CPS, all guardian ad litems and
   Court Appointed Special Advocates (CASA), Safe Haven Shelter, any all other medical
   care providers and housing/shelter providers in regard to              , and              .

4. All employment and personnel records for Chaisity Nicole Fridia-Caro, Shelia R.
   Roberson, and Jalah Lawrence (personal, confidential, and private information may be
   redacted).

5. All communication records between You and/or Your current and former employees and
   Ariana George, Rodney Boone, Deondrick Foley, and Joseph Delancey, including emails,
   texts, written correspondence, and phone call records and notes.

6. All video, audio, and written records and documents from the "Safe Signal" Application,
   regarding              , and              .

7. All location and GPS data collected between the months of October 2018 to April 2020
   related to              .

8. All court records regarding proceedings related to              , including cause number
   324-692507-20 and cause number 323-108675-18 in Tarrant County, Texas.

# SUBPOENA DUCES TECUM
# THE STATE OF TEXAS

## County of Dallas

Greeting, to any Sheriff or Constable of the State of Texas or other person authorized to serve subpoenas under Rule 176 of Texas Rules of Civil Procedure: You are hereby commanded to subpoena and summon the following witness(es):

## Designated Custodian of Records for: TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES

to be and appear before a Notary Public of my designation for **Written Deposition Service, LLC, 1755 Whittington Place, Suite 750, Dallas, TX 75234,** on or after **03/10/2022** at the office of the summoned witness. There under oath to make answers of certain written questions to be propounded to the witness and to bring and produce for inspection and photocopying **RECORDS AS NAMED IN THE ATTACHED EXHIBIT "A"**; at any and all times whatsoever.

Then and there to give evidence at the instance of the **Plaintiff, Ariana George, et al,** represented by **Russell Button,** Texas Bar No. **24077428** Attorney of Record, in that Certain Cause No. **CC-21-01363-D,** pending on the docket of the **County Court at Law No. 4 in Dallas County,** Texas.

This Subpoena is issued under and by virtue of Rule 200 and Notice of Deposition Upon Written Questions on file with the above named court, styled

*Ariana George, et al vs. ACH Child and Family Services, et al*

and there remain from day to day and time to time until discharged according to law.

**WITNESS MY HAND,** this _____ day of _____, 2022.

N WHITESIDES
Notary Public, State of Texas
Comm. Expires 12-07-2023
Notary ID 126346426

_____
NOTARY PUBLIC

**176.8 Enforcement of Subpoena.** (a) *Contempt.* Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punished by fine or confinement, or both. This subpoena falls under exception to confidentiality, Rule 509 (e) Texas rules of Civil Evidence.

## OFFICER'S RETURN

Came to hand this _____ day of _____, 20____ and executed this the _____ day of _____, 20____, in the following manner: By delivering to the witness _____, a true copy hereof, with attached witness fee of $_____.

Returned this _____ day of _____, 20____.

_____
PROCESS SERVER

Order No. **72791.002**

# EXHIBIT "A"

## I. DEFINITIONS AND INSTRUCTIONS

A. "You" and "Your": The terms "you and "your" shall mean TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES ("DFPS"), it's attorneys, officers, directors, employees, agents, and all other persons or entities acting or purporting to act on your behalf, whether authorized or not.

B. "Persons": The term "persons" shall include individuals and every type of entity, whether formed for business purposes or not.

C. "Documents": The term "documents" shall mean writings or every type and from any source, including originals and nonidentical copies thereof, that are in your possession, custody, or control or known by you to exist. This would include documents that were sent outside your organization to any source and documents intended for internal use. The term includes communications not only in words, but in symbols, pictures, sound recordings, digital or other technological recording, sound recordings, film, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems. If the information is kept in a computer or informational storage or retrieval system, the term also includes codes and programming instructions and other materials necessary to understand such systems. The term includes, but is not limited to: calendars, electronic calendars, portable electronic devices, portable communication devices, intra- or extra-body technological devices (including but not limited to "Verichios" and like devices), agenda, agreements, analyses, bills, invoices, reocrds or obligations and expenditures, corporate bylaws and charters, correspondence, diaries, files, legal documents, financial documents including balance sheets and profit and loss statements, letters, memorandum recording telephone or in-person conferences, manuals, books, press releases, purchase orders, records, schedules, memos of interviews, evaluations, written reports of tests or experiments, public relations releases, telegrams, teletypes, work papers, drafts of documents, and all other writings whose contents relate to the subject matter of the discovery request.

D. At the deposition, you will be asked to produce individual documents in response to each of the numbered requests. Please be prepared to do so.

E. If you claim privilege or exemption form discovery for any of the material, please be prepared to state the specific ground for each privilege or immunity claimed, in order that the Plaintiff may determine the merit of the objection. In this event, the parties may discuss the merits of the objection and decide whether a court determination on the objection is necessary.

## II. DOCUMENTS TO BE PRODUCED

All records for                    DOB:            ),                 (DOB:              ),
Ariana George (DOB:            ), Rodney Boone (DOB:            ), Deondrick Foley (DOB:
            ), Joseph Delancey (DOB:            ), and DFPS Case Number 47394207 including
the following:

1. The complete DFPS agency case file and IMPACT file for                    ,                    ,
   Ariana George, and Rodney Boone, including all reports, service plans, family service
   plans, family group conference plans, intake studies, home studies, assessments, risk
   assessments, kinship documents, service authorization documents, safety evaluations,
   medical logs, education logs, medical/developmental history, CPS case history, drug
   testing records, housing and placement history records, documents related to allegations of
   abuse and neglect, criminal history reports and background checks, caseworker notes,
   documents related to counseling services, photos, audio recordings, and video recordings.

2. All documents related to            ,               , Ariana George, Rodney Boone,
   Deondrick Foley, and Joseph Delancey that were transferred, sent, and/or provided by
   DFPS to ACH Child and Family Services and Our Community Our Kids.

3. All documents, records, correspondence, and communications received from and provided
   to CK Family Services, Awesome Kidz 2 Learning Center, CPS, all guardian ad litems and
   Court Appointed Special Advocates (CASA), Safe Haven Shelter, any all other medical
   care providers and housing/shelter providers in regard to            and            .

4. All employment and personnel records for Chaisity Nicole Fridia-Caro, Shelia R.
   Roberson, and Jalah Lawrence (personal, confidential, and private information may be
   redacted).

5. All communication records between You and/or Your current and former employees and
   Ariana George, Rodney Boone, Deondrick Foley, and Joseph Delancey, including emails,
   texts, written correspondence, and phone call records and notes.

6. All video, audio, and written records and documents from the "Safe Signal" Application,
   regarding            and            .

7. All location and GPS data collected between the months of October 2018 to April 2020
   related to            .

8. All court records regarding proceedings related to            , including cause number
   324-692507-20 and cause number 323-108675-18 in Tarrant County, Texas.

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Envelope ID: 61927073
Status as of 2/21/2022 1:05 PM CST

Associated Case Party: CHAISITY FRIDA-CARO

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Frank Alvarez | | frank.alvarez@qpwblaw.com | 2/21/2022 11:29:53 AM | SENT |
| Johnathan SpencerYoung | | johnathan.young@qpwblaw.com | 2/21/2022 11:29:53 AM | SENT |

Associated Case Party: ARIANA GEORGE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Russell Button | 24077428 | russell@buttonlawfirm.com | 2/21/2022 11:29:53 AM | SENT |
| Ashley Washington | 24102030 | ashley@buttonlawfirm.com | 2/21/2022 11:29:53 AM | SENT |
| Russell Button | | service@buttonlawfirm.com | 2/21/2022 11:29:53 AM | SENT |
| Heather LynnLong | | heather@heatherlonglaw.com | 2/21/2022 11:29:53 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Elise Robinson | | erobinson@maronmarvel.com | 2/21/2022 11:29:53 AM | SENT |
| Rocio Allen | | rallen@maronmarvel.com | 2/21/2022 11:29:53 AM | SENT |
| Brent W.Chandler | | brent@chandlerrosslaw.com | 2/21/2022 11:29:53 AM | SENT |
| John A.Ross, Jr. | | tony@chandlerrosslaw.com | 2/21/2022 11:29:53 AM | SENT |
| Jennifer Moore | | Jennifer@chandlerrosslaw.com | 2/21/2022 11:29:53 AM | SENT |
| Susan Lokash | | slokash@mayerllp.com | 2/21/2022 11:29:53 AM | SENT |
| Terri Crawford | | tcrawford@maronmarvel.com | 2/21/2022 11:29:53 AM | SENT |

Associated Case Party: ACH CHILD AND FAMILY SERVICES

| Name |
|---|

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 61927073
Status as of 2/21/2022 1:05 PM CST

Associated Case Party: ACH CHILD AND FAMILY SERVICES

| John Robinson | | jrobinson@maronmarvel.com | 2/21/2022 11:29:53 AM | SENT |
|---|---|---|---|---|
| Andrew S.Gardner | | agardner@maronmarvel.com | 2/21/2022 11:29:53 AM | SENT |
| Zach Mayer | | zmayer@mayerllp.com | 2/21/2022 11:29:53 AM | SENT |
| Jack Luckett | | jluckett@mayerllp.com | 2/21/2022 11:29:53 AM | SENT |
| Avvennett MGezahan | | Agezahan@maronmarvel.com | 2/21/2022 11:29:53 AM | SENT |

39.   2/25/22  Notice of Trial Setting



**JUDGE PAULA M. ROSALES**
**COUNTY COURT AT LAW NO. 4**
**GEORGE L. ALLEN SR. COURTS BUILDING**
**600 COMMERCE ST, 5TH FLOOR**
**DALLAS, TEXAS 75202**
**214-653-7345**

February 25, 2022

FRANK ALVAREZ
QUINTAIROS PRIETO WOOD
 & BOYER PA
1700 PACIFIC AVENUE
SUITE 4545
DALLAS        TX  75201

---

### NOTICE OF TRIAL SETTING

---

Cause No.:                CC-21-01363-D

Style of Case:         ARIANA GEORGE, RODNEY BOONE,  INDIVIDUALLY AND AS REPRSENTATIVES OF THE ESTATE OF DECEASED vs.ACH CHILD AND FAMILY SERVICES, SHELIA ROBERSON, CHAISITY FRIDA-CARO.et al

Jury Trial:              April 18, 2023 @ 9:00 AM

Trial announcements of "Ready" or "Not Ready" must be made in accordance with LOCAL RULE 3.02. A copy of the DALLAS COUNTY LOCAL RULES can be obtained from the Clerk's office or on the web at www.dallascounty.org/rules/localrules.pdf. The parties are instructed to contact the Court Administrator Cathy Moran with their announcements.

Pursuant to LOCAL RULE 3.02, when no announcement is made for plaintiff, the case may be dismissed for want of prosecution. If no announcement is made by the defendant, the court will presume that defendant is "Ready" for trial. Please see the court's website at dallascounty.org/County Court at Law No. 4 for the trial docket and the Court's Policies and Procedures. **WARNING:** Failure to appear for trial may result in the case being dismissed or a default judgment being entered. The parties are further instructed to cross-serve this notice on all adverse parties in compliance with TEX. RULE OF CIV. PROC. 21a.

Thank you for your attention to this matter.

Sincerely,

JUDGE PAULA M. ROSALES
Judge Presiding

**Dallas County no longer maintains paper files, if you file a pleading within 24 hours of a trial or hearing please provide a courtesy copy to the court at the trial/hearing.  Thank you.**

40.  2/25/22  Notice of Trial Setting



### JUDGE PAULA M. ROSALES
### COUNTY COURT AT LAW NO. 4
### GEORGE L. ALLEN SR. COURTS BUILDING
### 600 COMMERCE ST, 5TH FLOOR
### DALLAS, TEXAS 75202
### 214-653-7345

February 25, 2022

RUSSELL T BUTTON
THE BUTTON LAW FIRM PLLC
4315 W LOVERS LANE
SUITE A
DALLAS TX  75209

---

### NOTICE OF TRIAL SETTING

---

Cause No.:           CC-21-01363-D

Style of Case:    ARIANA GEORGE, RODNEY BOONE,   INDIVIDUALLY AND AS
REPRSENTATIVES OF THE ESTATE OF DECEASED vs.ACH CHILD AND
FAMILY SERVICES, SHELIA ROBERSON, CHAISITY FRIDA-CARO.et al

Jury Trial:            April 18, 2023 @ 9:00 AM

Trial announcements of "Ready" or "Not Ready" must be made in accordance with LOCAL RULE 3.02. A copy of the DALLAS COUNTY LOCAL RULES can be obtained from the Clerk's office or on the web at www.dallascounty.org/rules/localrules.pdf. The parties are instructed to contact the Court Administrator Cathy Moran with their announcements.

Pursuant to LOCAL RULE 3.02, when no announcement is made for plaintiff, the case may be dismissed for want of prosecution. If no announcement is made by the defendant, the court will presume that defendant is "Ready" for trial. Please see the court's website at dallascounty.org/County Court at Law No. 4 for the trial docket and the Court's Policies and Procedures. **WARNING**: Failure to appear for trial may result in the case being dismissed or a default judgment being entered. The parties are further instructed to cross-serve this notice on all adverse parties in compliance with TEX. RULE OF CIV. PROC. 21a.

Thank you for your attention to this matter.

Sincerely,

JUDGE PAULA M. ROSALES
Judge Presiding

**Dallas County no longer maintains paper files, if you file a pleading within 24 hours of a trial or hearing please provide a courtesy copy to the court at the trial/hearing.  Thank you.**

41.   2/25/22  Notice of Trial Setting



**JUDGE PAULA M. ROSALES**
**COUNTY COURT AT LAW NO. 4**
**GEORGE L. ALLEN SR. COURTS BUILDING**
**600 COMMERCE ST, 5TH FLOOR**
**DALLAS, TEXAS 75202**
**214-653-7345**

February 25, 2022

ZACH T MAYER
MAYER  LLP
750 N ST PAUL ST STE 700
DALLAS TX  75201

---

### NOTICE OF TRIAL SETTING

---

Cause No.:            CC-21-01363-D

Style of Case:        ARIANA GEORGE, RODNEY BOONE,  INDIVIDUALLY AND AS
                      REPRSENTATIVES OF THE ESTATE OF DECEASED vs.ACH CHILD AND
                      FAMILY SERVICES, SHELIA ROBERSON, CHAISITY FRIDA-CARO.et al

Jury Trial:           April 18, 2023 @ 9:00 AM

Trial announcements of "Ready" or "Not Ready" must be made in accordance with LOCAL RULE 3.02. A copy of the DALLAS COUNTY LOCAL RULES can be obtained from the Clerk's office or on the web at www.dallascounty.org/rules/localrules.pdf. The parties are instructed to contact the Court Administrator Cathy Moran with their announcements.

Pursuant to LOCAL RULE 3.02, when no announcement is made for plaintiff, the case may be dismissed for want of prosecution. If no announcement is made by the defendant, the court will presume that defendant is "Ready" for trial. Please see the court's website at dallascounty.org/County Court at Law No. 4 for the trial docket and the Court's Policies and Procedures. **WARNING**: Failure to appear for trial may result in the case being dismissed or a default judgment being entered. The parties are further instructed to cross-serve this notice on all adverse parties in compliance with TEX. RULE OF CIV. PROC. 21a.

Thank you for your attention to this matter.

Sincerely,

JUDGE PAULA M. ROSALES
Judge Presiding

**Dallas County no longer maintains paper files, if you file a pleading within 24 hours of a trial or hearing please provide a courtesy copy to the court at the trial/hearing.  Thank you.**

42.   2/25/22   Notice of Trial Setting



**JUDGE PAULA M. ROSALES**
**COUNTY COURT AT LAW NO. 4**
**GEORGE L. ALLEN SR. COURTS BUILDING**
**600 COMMERCE ST, 5TH FLOOR**
**DALLAS, TEXAS 75202**
**214-653-7345**

February 25, 2022

H DWAYNE NEWTON
3405 MARQUART
HOUSTON TX  77027

---

### NOTICE OF TRIAL SETTING

---

Cause No.:  CC-21-01363-D

Style of Case:  ARIANA GEORGE, RODNEY BOONE,  INDIVIDUALLY AND AS REPRSENTATIVES OF THE ESTATE OF DECEASED vs.ACH CHILD AND FAMILY SERVICES, SHELIA ROBERSON, CHAISITY FRIDA-CARO.et al

Jury Trial:  April 18, 2023 @ 9:00 AM

Trial announcements of "Ready" or "Not Ready" must be made in accordance with LOCAL RULE 3.02. A copy of the DALLAS COUNTY LOCAL RULES can be obtained from the Clerk's office or on the web at www.dallascounty.org/rules/localrules.pdf. The parties are instructed to contact the Court Administrator Cathy Moran with their announcements.

Pursuant to LOCAL RULE 3.02, when no announcement is made for plaintiff, the case may be dismissed for want of prosecution. If no announcement is made by the defendant, the court will presume that defendant is "Ready" for trial. Please see the court's website at dallascounty.org/County Court at Law No. 4 for the trial docket and the Court's Policies and Procedures. **WARNING**: Failure to appear for trial may result in the case being dismissed or a default judgment being entered. The parties are further instructed to cross-serve this notice on all adverse parties in compliance with TEX. RULE OF CIV. PROC. 21a.

Thank you for your attention to this matter.

Sincerely,

JUDGE PAULA M. ROSALES
Judge Presiding

**Dallas County no longer maintains paper files, if you file a pleading within 24 hours of a trial or hearing please provide a courtesy copy to the court at the trial/hearing.  Thank you.**

43.   3/4/22   First Amended Agreed Level III Scheduling Order

CAUSE NO. CC-21-01363-D

| | | |
|---|---|---|
| ARIANA GEORGE AND RODNEY BOONE, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF AMARI BOONE, DECEASED | § § § § § | IN THE COUNTY COURT |
| *Plaintiffs,* | § § | |
| v. | § § | AT LAW NO. 4 |
| ACH CHILD AND FAMILY SERVICES, SHELIA ROBERSON, CHAISITY FRIDA-CARO, AND JALAHA LAWRENCE, | § § § § | |
| *Defendants.* | § § | DALLAS COUNTY, TEXAS |

## FIRST AMENDED AGREED LEVEL III SCHEDULING ORDER

Plaintiffs and Defendants in the above-referenced suit announced their agreement to the following scheduling order, which the Court approves.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the following dates and deadlines will be adhered to by all parties:

| 09/09/2022 | **JOINDER OF ADDITIONAL PARTIES** | Deadline for joining additional parties, without leave of Court or by agreement. |
|---|---|---|
| 11/18/2022 | **PLAINTIFF'S EXPERT DESIGNATION** | Deadline for all parties seeking affirmative relief shall, for their affirmative claims, designate experts and provide the information required under TEX. R. CIV. P. 195.5(a) |
| 12/19/2022 | **DEFENDANT'S EXPERT DESIGNATION DEADLINE** | Deadline for all parties opposing affirmative relief shall designate their experts in opposition to affirmative claims and provide the information required under TEX. R. CIV. P. 195.5(a). |
| 01/11/2023 | **DESIGNATION OF REBUTTAL EXPERTS** | Deadline for all parties to designate their rebuttal experts, including expert reports and |



```
CC - 21 - 01363 - D
CSCH
ORDER - SCHEDULING
2534341
```

| | | curriculum vitaes. |
|---|---|---|
| 03/03/2023 | **MEDIATION** | The parties will mediate this case with a mediator the parties will agree to at a later date. |
| 03/03/2023 | **PLAINTIFF AMENDED PLEADINGS** | Deadline for Plaintiff to amend pleadings. |
| 03/17/2023 | **DEFENDANT AMENDED PLEADINGS** | Deadline for Defendant to amend pleadings. |
| 02/17/2023 | **SUMMARY JUDGMENT FILING DEADLINE** | Deadline by which all Motions for Summary Judgments must be filed. |
| 02/17/2023 | **MOTIONS TO EXCLUDE EXPERTS** | All motions to exclude expert testimony based on the expert's qualifications or the relevance or reliability of the expert's opinions must be filed by this date. |
| 03/17/2023 | **SUMMARY JUDGMENT HEARING DEADLINE** | Deadline by which all Motions for Summary Judgment must be heard. |
| 03/20/2023 | **DISCOVERY DEADLINE** | Deadline by which all written and oral discovery must be completed and supplemented. |
| 03/28/2023 | **EXCHANGE VIDEO DESIGNATIONS** | Deadline to exchange and file page/line designations of all videotaped depositions to be offered at trial. |
| 04/04/2023 | **OBJECTION TO VIDEO DESIGNATIONS** | Deadline to exchange and file objections to page/line designations of all videotaped depositions to be offered at trial. |
| 04/07/2023 | **EXCHANGE PRE-TRIAL DOCUMENTS** | Deadline to file and exchange Motions in Limine, Witness Lists, Exhibit Lists, and Proposed Jury Instructions on or before this date. Copies of trial exhibits must be provided or specifically referenced if already produced. |
| 04/11/2023 | **OBJECTION ON PRE-TRIAL FILINGS** | The parties shall file and exchange all objections to Motions in Limine, exhibits, and witnesses. |
| 04/13/2023 | **CONFER ON PRE-TRIAL MATTERS** | The parties shall confer to resolve objections to videotaped excerpts, Motions in Limine, admissibility of exhibits and similar issues. |
| 9:30 a.m./ p.m. | **PRE-TRIAL CONFERENCE** | Trial counsel are required to attend and be prepared to discuss all aspects of the suit and trial. |

| 04/18/2023 at 9:00am | **JURY TRIAL** | The case will be set for a jury trial on this date. |
|---|---|---|

Unless otherwise covered by this Order, all other matters shall be governed according to the Texas Rules of Civil Procedure.

SIGNED on this the ___4___ day of __March__, 2022.

_____
PRESIDING JUDGE
David W. Evans, Senior Justice
Sitting by Assignment to this Court

**AGREED AS TO FORM AND ENTRY:**

RUSSELL T. BUTTON
Texas Bar No. 24077428
russell@buttonlawfirm.com
Ashley Washington
Texas Bar No. 24102030
ashley@buttonlawfirm.com
The Button Law Firm, PLLC
4315 W. Lovers Lane, Suite A
Dallas, Texas 75209
T: (214) 888-2216
F: (214) 481-8667
Email for service: service@buttonlawfirm.com\

And

Heather Lynn Long
Texas Bar No. 24055865
heather@heatherlonglaw.com
Heather Long Law PC
4310 N. Central Expressway
Dallas, Texas 75206
T: 214-699-5994

And

Brent W. Chandler
Texas Bar No. 24055291
brent@chandlerrosslaw.com
John A. Ross, Jr.
Texas Bar No. 24053453
tony@chandlerrosslaw.com
Chandler Ross, PLLC
110 N. Woodrow, Suite 120
Denton, Texas 76205
T: 940-800-2500
F: 866-464-8315

**ATTORNEY FOR PLAINTIFFS**

/s/ Jack M. Luckett          w/p
Zach T. Mayer
Texas Bar No. 24013118
Jack M. Luckett
Texas Bar No. 24050967
Mayer LLP
750 N. St. Paul Street, Suite 700
Dallas, Texas 75201
T: 214-379-6900
F: 214-379-6909
zmayer@mayerllp.com
jluckett@mayerllp.com

**ATTORNEYS FOR DEFENDANTS ACH CHILD AND FAMILY SERVICES AND JALAHA LAWRENCE**

/s/ H. Dwayne Newton          w/p
H. Dwayne Newton
Texas Bar No. 14977200
Newton, Jones & McNeely
3405 Marquart
Houston, Texas 77027
T: 713-493-7620
F: 713-493-7633
dnewton@newton-lawyers.com

**ATTORNEYS FOR DEFENDANT SHELIA ROBERSON**

/s/ J. Spencer Young          w/p
Frank Alvarez
Texas Bar No. 00796122
frank.alvarez@qpwblaw.com
J. Spencer Young
Texas Bar No. 24101268
spencer.young@qpwblaw.com
Quintairos, Prieto, Wood & Boyer, P.A.
1700 Pacific Avenue, Suite 4545
Dallas, Texas 75201
T: 214-754-8755
F: 214-754-8744

**ATTORNEYS FOR DEFENDANT CHAISITY FRIDA-CARO**

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Russell Button on behalf of Russell Button
Bar No. 24077428
service@buttonlawfirm.com
Envelope ID: 61985903
Status as of 2/23/2022 8:13 AM CST

Associated Case Party: ACH CHILD AND FAMILY SERVICES

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| John Robinson | | jrobinson@maronmarvel.com | 2/22/2022 5:21:14 PM | SENT |
| Zach Mayer | | zmayer@mayerllp.com | 2/22/2022 5:21:14 PM | SENT |
| Jack Luckett | | jluckett@mayerllp.com | 2/22/2022 5:21:14 PM | SENT |
| Andrew S.Gardner | | agardner@maronmarvel.com | 2/22/2022 5:21:14 PM | SENT |
| Avvennett MGezahan | | Agezahan@maronmarvel.com | 2/22/2022 5:21:14 PM | SENT |

Associated Case Party: CHAISITY FRIDA-CARO

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Frank Alvarez | | frank.alvarez@qpwblaw.com | 2/22/2022 5:21:14 PM | SENT |
| Johnathan SpencerYoung | | johnathan.young@qpwblaw.com | 2/22/2022 5:21:14 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Elise Robinson | | erobinson@maronmarvel.com | 2/22/2022 5:21:14 PM | SENT |
| Rocio Allen | | rallen@maronmarvel.com | 2/22/2022 5:21:14 PM | SENT |
| Brent W.Chandler | | brent@chandlerrosslaw.com | 2/22/2022 5:21:14 PM | SENT |
| John A.Ross, Jr. | | tony@chandlerrosslaw.com | 2/22/2022 5:21:14 PM | SENT |
| Jennifer Moore | | Jennifer@chandlerrosslaw.com | 2/22/2022 5:21:14 PM | SENT |
| Susan Lokash | | slokash@mayerllp.com | 2/22/2022 5:21:14 PM | SENT |
| Terri Crawford | | tcrawford@maronmarvel.com | 2/22/2022 5:21:14 PM | SENT |

Associated Case Party: ARIANA GEORGE

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Russell Button on behalf of Russell Button
Bar No. 24077428
service@buttonlawfirm.com
Envelope ID: 61985903
Status as of 2/23/2022 8:13 AM CST

Associated Case Party: ARIANA GEORGE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Russell Button | | service@buttonlawfirm.com | 2/22/2022 5:21:14 PM | SENT |
| Heather LynnLong | | heather@heatherlonglaw.com | 2/22/2022 5:21:14 PM | SENT |

44.   4/8/22   The State of Texas
Citation

# THE STATE OF TEXAS
# CITATION
CAUSE NO. **CC-21-01363-D**
COUNTY COURT AT LAW NO. 4
Dallas County, Texas

TO:

**GOVERNOR GREG ABBOTT, IN HIS OFFICIAL CAPACITY OVER THE TEXAS DEPARTMENT OF FAMILY AND
PROTECTIVE SERVICES
OFFICE OF THE GOVERNOR
STATE INSURANCE BUILDING
1100 SAN JACINTO BOULEVARD
AUSTIN TX  78701**

"You have been sued.  You may employ an attorney.  If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and FIRST AMENDED PETITION AND JURY DEMAND, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."  Your answer should be addressed to the clerk of  County Court at Law No. 4 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas  75202.

**ARIANA GEORGE; RODNEY BOONE,
INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF DECEASED** *Plaintiff(s)*

**VS.**

**ACH CHILD AND FAMILY SERVICES; SHELIA ROBERSON; CHAISITY FRIDA-CARO; JALAHA LAWRENCE;
GOVERNOR GREG ABBOTT, IN HIS OFFICIAL CAPACITY OVER THE TEXAS DEPARTMENT OF FAMILY AND
PROTECTIVE SERVICES; COVENANT KIDS, INC. D/B/A CK FAMILY SERVICES**
*Defendant(s)*

filed in said Court on the 8th day of April, 2022, a copy of which accompanies this citation.

**WITNESS:   JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas.  GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 19th day of April, 2022 A.D.

JOHN F. WARREN, Dallas County Clerk

By _____, Deputy
        Terrence Washington



---

**ATTORNEY**

**CITATION**
**FIRST AMENDED PETITION AND
JURY DEMAND**

**CC-21-01363-D**

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 4
Dallas County, Texas

ARIANA GEORGE; RODNEY BOONE,
INDIVIDUALLY AND AS THE
REPRESENTATIVES OF THE ESTATE
OF DECEASED, *Plaintiff(s)*

**VS.**

ACH CHILD AND FAMILY SERVICES;
SHELIA ROBERSON; CHAISITY FRIDA-
CARO; JALAHA LAWRENCE,
*Defendant(s)*

---

**SERVE:**
**GOVERNOR GREG ABBOTT, IN HIS OFFICIAL
CAPACITY OVER THE TEXAS DEPARTMENT
OF FAMILY AND PROTECTIVE SERVICES
OFFICE OF THE GOVERNOR
STATE INSURANCE BUILDING
1100 SAN JACINTO BOULEVARD
AUSTIN TX  78701**

**ISSUED THIS
19TH DAY OF APRIL, 2022**

JOHN F. WARREN, COUNTY CLERK
BY: TERRENCE WASHINGTON, DEPUTY

**Attorney for Plaintiff**

RUSSELL T BUTTON
THE BUTTON LAW FIRM PLLC
4315 W LOVERS LANE
SUITE A
DALLAS TX  75209
214-888-2216

NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

## OFFICER'S RETURN

CC-21-01363-D   County Court at Law No. 4

ARIANA GEORGE, RODNEY BOONE, INDIVIDUALLY AND AS REPRSENTATIVES OF THE ESTATE OF DECEASED vs.ACH CHILD AND FAMILY SERVICES, SHELIA ROBERSON, CHAISITY FRIDA-CARO.et al

**ADDRESS FOR SERVICE:**
OFFICE OF THE GOVERNOR
STATE INSURANCE BUILDING
1100 SAN JACINTO BOULEVARD
AUSTIN TX  78701

**Fees:**

Came to hand on the _____day of _____, 20_____, at _____o'clock _____.m., and executed in _____ County, Texas by delivering to GOVERNOR GREG ABBOTT, IN HIS OFFICIAL CAPACITY OVER THE TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES in person, a true copy of this Citation together with the accompanying copy of the FIRST AMENDED PETITION AND JURY DEMAND with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|------|-----------|---------------------------------------------|
|      |           |                                             |
|      |           |                                             |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:
_____

Serving Petition and Copy          $_____     _____, Officer

Total     $_____              _____, County, Texas

By:_____, Deputy

_____, Affiant

45.   4/8/22   The State of Texas
Citation

# THE STATE OF TEXAS
# CITATION

CAUSE NO. **CC-21-01363-D**

COUNTY COURT AT LAW NO. 4

Dallas County, Texas

TO:

**COVENANT KIDS, INC. D/B/A CK FAMILY SERVICES**
**C/O WILLIAM A LUND**
**4807 MISTY WOOD COURT**
**ARLINGTON TX  76017**

"You have been sued.  You may employ an attorney.  If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and FIRST AMENDED PETITION AND JURY DEMAND, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."   Your answer should be addressed to the clerk of  County Court at Law No. 4 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas 75202.

**ARIANA GEORGE; RODNEY BOONE,**
**INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF DECEASED**
*Plaintiff(s)*

**VS.**

**ACH CHILD AND FAMILY SERVICES; SHELIA ROBERSON; CHAISITY FRIDA-CARO; JALAHA LAWRENCE; GOVERNOR GREG ABBOTT, IN HIS OFFICIAL CAPACITY OVER THE TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES; COVENANT KIDS, INC. D/B/A CK FAMILY SERVICES**
*Defendant(s)*

filed in said Court on the 8th day of April, 2022, a copy of which accompanies this citation.

**WITNESS:  JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas.  GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 19th day of April, 2022 A.D.

JOHN F. WARREN, Dallas County Clerk

By _____, Deputy
     Terrence Washington



---

**ATTORNEY**

**CITATION**
**FIRST AMENDED PETITION AND JURY DEMAND**

**CC-21-01363-D**

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 4
Dallas County, Texas

ARIANA GEORGE; RODNEY BOONE, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE DECEASED *Plaintiff(s)*

**VS.**

ACH CHILD AND FAMILY SERVICES; SHELIA ROBERSON; CHAISITY FRIDA-CARO; JALAHA LAWRENCE;, *Defendant(s)*

---

**SERVE:**

**COVENANT KIDS, INC. D/B/A CK FAMILY SERVICES**
**C/O WILLIAM A LUND**
**4807 MISTY WOOD COURT**
**ARLINGTON TX  76017**

**ISSUED THIS**
**19TH DAY OF APRIL, 2022**

JOHN F. WARREN, COUNTY CLERK
BY: TERRENCE WASHINGTON, DEPUTY

Attorney for Plaintiff

RUSSELL T BUTTON
THE BUTTON LAW FIRM PLLC
4315 W LOVERS LANE
SUITE A
DALLAS TX  75209
214-888-2216

NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

## OFFICER'S RETURN

CC-21-01363-D   County Court at Law No. 4

ARIANA GEORGE, RODNEY BOONE, INDIVIDUALLY AND AS REPRSENTATIVES OF THE ESTATE OF DECEASED vs.ACH CHILD AND FAMILY SERVICES, SHELIA ROBERSON, CHAISITY FRIDA-CARO.et al

**ADDRESS FOR SERVICE:**
C/O WILLIAM A LUND
4807 MISTY WOOD COURT
ARLINGTON TX  76017

**Fees:**

Came to hand on the _____ day of _____, 20_____, at _____o'clock _____.m., and executed in _____ County, Texas by delivering to COVENANT KIDS, INC. D/B/A CK FAMILY SERVICES in person, a true copy of this Citation together with the accompanying copy of the FIRST AMENDED PETITION AND JURY DEMAND with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|------|-----------|--------------------------------------------|
|      |           |                                            |
|      |           |                                            |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

Serving Petition and Copy       $_____       _____, Officer

Total     $_____                              _____, County, Texas

By:_____, Deputy

_____, Affiant

46.   4/12/22   Notice of Intention to Take Deposition by Written Questions

FILED
4/12/2022 2:05 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

Case 3:22-cv-01124-S   Document 1-6   Filed 05/20/22   Page 318 of 391   PageID 349

## Cause No.  CC-21-01363-D

| | | |
|---|---|---|
| ARIANA GEORGE AND RODNEY BOONE, | § | IN THE COUNTY COURT |
| INDIVIDUALLY AND AS REPRESENTATIVES OF | § | |
| THE ESTATE OF          , DECEASED | § | |
| vs. | § | AT LAW NO. 4 |
| ACH CHILD AND FAMILY SERVICES, SHELIA | § | |
| ROBERSON, CHAISITY FRIDA-CARO, and | § | |
| JALAHA LAWRENCE | § | DALLAS COUNTY, TEXAS |

## NOTICE OF INTENTION
## TO TAKE DEPOSITION BY WRITTEN QUESTIONS

TO: ALL PARTIES BY AND THROUGH THEIR ATTORNEY(S) OF RECORD AS PROVIDED IN THE ATTACHED SERVICE LIST.

You will take notice that twenty (20) days after the service hereof, with attached questions, a deposition by written questions will be asked of the custodian of records for:

**ADORABLE KIDS CHILD CARE GROUP, LLC. D/B/A AWESOME KIDZ 2 LEARNING CENTER-(Client Record Scope)**
**C/O YALONDA A. MOORE**
**1703 SUSAN DR., ARLINGTON, TX 76010**

Such questions to be answered on or after *05/03/2022*, before a Notary Public at the instance of:

**Written Deposition Service, LLC**
**1755 Whittington Place, Suite 750**
**Dallas, TX 75234**

The deposition with attached questions may be used in evidence upon the trial of the above-styled and numbered cause pending in the above named court.  Notice is further given that request is hereby made as authorized under Rule(s) 200 & 201(b), Texas Rules of Civil Procedure, to the officer taking this deposition to issue a Subpoena Duces Tecum and cause it to be served on the witness to produce any and all records as described on the attached questions and/or Exhibit(s) and any other such record in the possession, custody or control of the said witness, and every such record to which the witness may have access, and to turn all such records over to the officer authorized to take this deposition so that photographic reproductions of the same may be made and attached to said deposition.

Respectfully Submitted,

*/s/Russell T. Button*

Russell T. Button
SBA #: 24077428
The Button Law Firm, PLLC
4315 W. Lovers Lane, Suite A
Dallas, TX 75209
214-888-2216;  Fax 214-481-8667
office@buttonlawfirm.com

Attorney for: Plaintiff

## CERTIFICATE OF SERVICE

I certify, as authorized agent for the attorney of record, Russell T. Button that a true and exact copy of foregoing Notice of Intention to Take Deposition upon Written Questions was served to all attorneys of record in the above-styled and numbered matter, said service being effected in the following manner:

CERTIFIED MAIL/RETURN RECEIPT REQUESTED  _____

HAND DELIVERY  _____

TELECOPY  ✓

OVERNIGHT/NEXT DAY DELIVERY VIA LONE STAR OR UPS  _____

E-MAIL  ✗

E-FILE  _____

DATED: 4/11/22

BY: */s/ Nicole Whitesides*

SERVED TO ALL PARTIES LISTED BELOW:
*Ariana George, et al vs. ACH Child and Family Services, et al*
### ATTORNEYS OF RECORD

Brent Chandler
Chandler Ross PLLC
110 N Woodrow Lane, Ste 120
Denton, TX 76205
940-800-2500; Fax: 866-464-8315
Attorney For: Plaintiff

Frank Alvarez
Quintairos, Prieto, Wood & Boyer, P.A.
1700 Pacific Ave, Ste 4545
Dallas, TX 75201
214-754-8755; Fax: 214-754-8744
Attorney For: Defendant

H. Dwayne Newton
Newton, Jones & McNeely
3405 Marquart St
Houston, TX 77027
713-493-7620; Fax: 713-493-7633
Attorney For: Defendant

Heather Lynn Long
Heather Long Law, P.C.
4310 N. Central Espressway, Ste 104
Dallas, TX 75206
214-699-5994; Fax:
Attorney For: Plaintiff

John R. Robinson
Maron Marvel Bradley Anderson & Tardy LLC
2001 Bryan Street, Ste 3050
Dallas, TX  75201
214-736-9608; Fax: 469-206-5501
Attorney For: Defendant

Zach T. Mayer
Mayer LLP
750 N. Saint Paul St., Suite 700
Dallas, TX  75201
214-379-6900; Fax: 214-379-6939
Attorney For: Defendant

**CAUSE NO: CC-21-01363-D**

| | | |
|---|---|---|
| ARIANA GEORGE AND RODNEY BOONE, | § | IN THE COUNTY COURT |
| INDIVIDUALLY AND AS REPRESENTATIVES OF | § | |
| THE ESTATE OF AMARI BOONE, DECEASED | § | |
| vs. | § | AT LAW NO. 4 |
| ACH CHILD AND FAMILY SERVICES, SHELIA | § | |
| ROBERSON, CHAISITY FRIDA-CARO, and | § | |
| JALAHA LAWRENCE | § | DALLAS COUNTY, TEXAS |

**DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS, CUSTODIAN OF RECORDS FOR:**
**ADORABLE KIDS CHILD CARE GROUP, LLC. D/B/A AWESOME KIDZ 2 LEARNING CENTER**

1.  State your full name and occupation, address and telephone number.

    ANSWER:     (Name) _____
    (Occupation)_____
    (Address) _____
    (City, State, Zip) _____
    (Telephone #)_____

2.  In response to the Subpoena Duces Tecum you received, have you produced **RECORDS AS NAMED IN THE ATTACHED EXHIBIT "A"?**

    ANSWER: _____

3.  Are you able to identify these records and/or tangible items as the originals or true and correct copies of the originals?

    ANSWER:_____

4.  Were these records and/or tangible items made and kept in the regular course of your business?

    ANSWER: _____

5.  In the regular course of business of your practice, business, or institution, did the person who signed the records and/or tangible items either have personal knowledge of the entries shown on the records and/or tangible items, or obtain the information to make the entries from the sources who have such personal knowledge?

    ANSWER: _____

6.  Were such memoranda or documents and/or tangible items then transmitted to your files and thereafter maintained under your care, supervision, direction, custody, control or access as custodian of this facility?

    ANSWER: _____

7.   Were the memoranda or documents and/or tangible items that were transmitted to your files original entries on the part of the Custodian or other employee or member of the staff of this facility?

ANSWER: _____

8.   Were the records and/or tangible items prepared at or about the time of the events and conditions they record?

ANSWER: _____

9.   Were these records and/or tangible items kept as described in the previous questions?

ANSWER: _____

10.  Please examine the original requested records and/or tangible items.  Have you produced copies of these records and/or tangible items for attachment to this Deposition?

ANSWER: _____

11.  Has anything been removed from or altered in the original records and/or tangible items before making these copies?

ANSWER: _____

12.  If you have answered the previous question yes, please state fully and precisely what alteration was made in the original records and/or tangible items and attach copies of every document removed from the originals.

ANSWER:_____

13.  In the event that no records and/or tangible items can be found, are there document archives (i.e. microfiche) or document retention policies which explain their absence? If so, please identify who has knowledge of those archives or policies of the above named facility.

ANSWER: _____

14.  Are you aware that it may be necessary to subpoena you or your employer to court at the time of trial if you have not provided all of the papers, notes, documents, records, general correspondence, or other tangible items of any kind pertaining to the above named individual to the Notary Public taking your deposition?

ANSWER:      (circle one) YES/NO

15.  What was the first date that                   attended Adorable Kids Child Care Group, LLC d/b/a Awesome Kidz 2 Learning Center?

ANSWER: _____

16.  What was the last date that                   attended Adorable Kids Child Care Group, LLC d/b/a Awesome Kidz 2 Learning Center?

ANSWER: _____

17.     What was the first date that        attended Adorable Kids Child Care Group, LLC d/b/a
        Awesome Kidz 2 Learning Center?

        ANSWER: _____

18.     What was the last date that        attended Adorable Kids Child Care Group, LLC d/b/a
        Awesome Kidz 2 Learning Center?

        ANSWER: _____


        I, Custodian of Record, do swear or affirm that my answers to the above questions are the truth, the whole truth and nothing but the truth, so help me God.


                                        _____
                                        Custodian of Record


        I, Notary Public, do hereby certify the above Custodian was duly sworn and the non-stenographic recording of this Written Deposition is a true record of the Custodian testimony.

        **GIVEN UNDER MY HAND AND SEAL OF OFFICE, THIS _____ DAY OF _____, 20__.**

                                        _____
                                        SIGNATURE OF NOTARY PUBLIC IN AND FOR THE STATE OF TX


                                        _____
                                        NAME OF NOTARY PUBLIC TYPED OR PRINTED
                                        My commission expires: _____

Order # 72791.003

# EXHIBIT "A"

## I.   DEFINITIONS AND INSTRUCTIONS

A.  "You" and "Your": The terms "you and "your" shall mean ADORABLE KIDS CHILD CARE GROUP, LLC d/b/a AWESOME KIDZ 2 LEARNING CENTER, at 931 W. Pioneer Pkwy, Arlington, Texas 76013, it's attorneys, officers, directors, employees, agents, and all other persons or entities acting or purporting to act on your behalf, whether authorized or not.

B.  "Persons": The term "persons" shall include individuals and every type of entity, whether formed for business purposes or not.

C.  "Documents": The term "documents" shall mean writings or every type and from All source, including originals and nonidentical copies thereof, that are in your possession, custody, or control or known by you to exist. This would include documents that were sent outside your organization to any source and documents intended for internal use. The term includes communications not only in words, but in symbols, pictures, sound recordings, digital or other technological recording, sound recordings, film, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems. If the information is kept in a computer or informational storage or retrieval system, the term also includes codes and programming instructions and other materials necessary to understand such systems. The term includes, but is not limited to:  calendars,  electronic  calendars,  portable  electronic  devices,  portable communication devices, intra- or extra-body technological devices (including but not limited to "Verichios" and like devices), agenda, agreements, analyses, bills, invoices, reocrds  or  obligations  and  expenditures,  corporate  bylaws  and  charters, correspondence, diaries, files, legal documents, financial documents including balance sheets and profit and loss statements, letters, memorandum recording telephone or in-person conferences, manuals, books, press releases, purchase orders, records, schedules, memos of interviews, evaluations, written reports of tests or experiments, public relations releases, telegrams, teletypes, work papers, drafts of documents, and all other writings whose contents relate to the subject matter of the discovery request.

D.  At the deposition, you will be asked to produce individual documents in response to each of the numbered requests. Please be prepared to do so.

E.  If you claim privilege or exemption form discovery for any of the material, please be prepared to state the specific ground for each privilege or immunity claimed, in order that the Plaintiff may determine the merit of the objection. In this event, the parties may discuss the merits of the objection and decide whether a court determination on the objection is necessary.

Order # 72791.003

## II.   DOCUMENTS TO BE PRODUCED

All records for                    (DOB:            ) and            (DOB:            ),
including the following:

1. The complete record on file;

2. Enrollment records;

3. All incident reports completed by your employees for incidents;

4. All communication records with the Texas Department of Family and Protective Services ("DFPS") and their employees/case managers;

5. All communication records with the Our Community Our Kids ("OCOK") and their employees/case managers;

6. All correspondence with ACH Child and Family Services and their employees/case managers;

7. All communication records with the Child Protective Services ("CPS") and their employees/case managers;

8. All communication records with Court Appointed Special Advocates ("CASA") and their employees/case managers;

9. All emails, notes, phone messages, memorandums, text messages, voice messages, audio recordings, and video recordings;

10. All communication records with Ariana George;

11. All communication records with Rodney Boone;

12. All communication records with Joseph Delancey;

13. All communication records with Deondrick Foley;

14. All communication records with any parent and/or legal guardian of the children;

15. All records of payment for services;

16. All communication records for all reports made to any entity regarding the care, safety, and wellbeing of the children; and

17. All records of attendance.

Order # 72791.003

# SUBPOENA DUCES TECUM
# THE STATE OF TEXAS

## County of Dallas

Greeting, to any Sheriff or Constable of the State of Texas or other person authorized to serve subpoenas under Rule 176 of Texas Rules of Civil Procedure:  You are hereby commanded to subpoena and summon the following witness(es):

## Designated Custodian of Records for:   ADORABLE KIDS CHILD CARE GROUP, LLC. D/B/A AWESOME KIDZ 2 LEARNING CENTER

to be and appear before a Notary Public of my designation for **Written Deposition Service, LLC, 1755 Whittington Place, Suite 750, Dallas, TX 75234,** on or after **05/03/2022** at the office of the summoned witness. There under oath to make answers of certain written questions to be propounded to the witness and to bring and produce for inspection and photocopying **RECORDS AS NAMED IN THE ATTACHED EXHIBIT "A"**; at any and all times whatsoever.

Then and there to give evidence at the instance of the **Plaintiff, Ariana George, et al**, represented by **Russell T. Button** Texas Bar No. **24077428** Attorney of Record, in that Certain Cause No. **CC-21-01363-D**, pending on the docket of the **County Court at Law No. 4 in Dallas County,** Texas.

This Subpoena is issued under and by virtue of Rule 200 and Notice of Deposition Upon Written Questions on file with the above named court, styled

### *Ariana George, et al vs. ACH Child and Family Services, et al*

and there remain from day to day and time to time until discharged according to law.

**WITNESS  MY  HAND,** this ___11th___ day of _____April_____, 2022.

N WHITESIDES
Notary Public, State of Texas
Comm. Expires 12-07-2023
Notary ID 126346426

NOTARY PUBLIC

*Enforcement of Subpoena.* ***Contempt.***  Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punished by fine or confinement, or both. This subpoena falls under exception to confidentiality, Rule 509 (e) Texas rules of Civil Evidence.

## OFFICER'S  RETURN

Came to hand this _____ day of _____, 20____ and executed this the _____ day of _____, 20____, in the following manner:  By delivering to the witness _____, a true copy hereof, with attached witness fee of $_____.

Returned this _____ day of _____, 20_____.

_____
PROCESS SERVER

Order No. **72791.003**

# EXHIBIT "A"

## I.   DEFINITIONS AND INSTRUCTIONS

A.  "You" and "Your": The terms "you and "your" shall mean ADORABLE KIDS CHILD CARE GROUP, LLC d/b/a AWESOME KIDZ 2 LEARNING CENTER, at 931 W. Pioneer Pkwy, Arlington, Texas 76013, it's attorneys, officers, directors, employees, agents, and all other persons or entities acting or purporting to act on your behalf, whether authorized or not.

B.  "Persons": The term "persons" shall include individuals and every type of entity, whether formed for business purposes or not.

C.  "Documents": The term "documents" shall mean writings or every type and from All source, including originals and nonidentical copies thereof, that are in your possession, custody, or control or known by you to exist. This would include documents that were sent outside your organization to any source and documents intended for internal use. The term includes communications not only in words, but in symbols, pictures, sound recordings, digital or other technological recording, sound recordings, film, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems. If the information is kept in a computer or informational storage or retrieval system, the term also includes codes and programming instructions and other materials necessary to understand such systems. The term includes, but is not limited to: calendars, electronic calendars, portable electronic devices, portable communication devices, intra- or extra-body technological devices (including but not limited to "Verichios" and like devices), agenda, agreements, analyses, bills, invoices, reocrds or obligations and expenditures, corporate bylaws and charters, correspondence, diaries, files, legal documents, financial documents including balance sheets and profit and loss statements, letters, memorandum recording telephone or in-person conferences, manuals, books, press releases, purchase orders, records, schedules, memos of interviews, evaluations, written reports of tests or experiments, public relations releases, telegrams, teletypes, work papers, drafts of documents, and all other writings whose contents relate to the subject matter of the discovery request.

D.  At the deposition, you will be asked to produce individual documents in response to each of the numbered requests. Please be prepared to do so.

E.  If you claim privilege or exemption form discovery for any of the material, please be prepared to state the specific ground for each privilege or immunity claimed, in order that the Plaintiff may determine the merit of the objection. In this event, the parties may discuss the merits of the objection and decide whether a court determination on the objection is necessary.

## II.     DOCUMENTS TO BE PRODUCED

All records for           (DOB:      ) and       (DOB:     ), including the following:

1. The complete record on file;

2. Enrollment records;

3. All incident reports completed by your employees for incidents;

4. All communication records with the Texas Department of Family and Protective Services ("DFPS") and their employees/case managers;

5. All communication records with the Our Community Our Kids ("OCOK") and their employees/case managers;

6. All correspondence with ACH Child and Family Services and their employees/case managers;

7. All communication records with the Child Protective Services ("CPS") and their employees/case managers;

8. All communication records with Court Appointed Special Advocates ("CASA") and their employees/case managers;

9. All emails, notes, phone messages, memorandums, text messages, voice messages, audio recordings, and video recordings;

10. All communication records with Ariana George;

11. All communication records with Rodney Boone;

12. All communication records with Joseph Delancey;

13. All communication records with Deondrick Foley;

14. All communication records with any parent and/or legal guardian of the children;

15. All records of payment for services;

16. All communication records for all reports made to any entity regarding the care, safety, and wellbeing of the children; and

17. All records of attendance.

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Envelope ID: 63500491
Status as of 4/13/2022 1:41 PM CST

Associated Case Party: CHAISITY FRIDA-CARO

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Frank Alvarez | | frank.alvarez@qpwblaw.com | 4/12/2022 2:05:15 PM | SENT |
| Johnathan SpencerYoung | | johnathan.young@qpwblaw.com | 4/12/2022 2:05:15 PM | SENT |

Associated Case Party: ARIANA GEORGE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Russell Button | 24077428 | russell@buttonlawfirm.com | 4/12/2022 2:05:15 PM | SENT |
| Ashley Washington | 24102030 | ashley@buttonlawfirm.com | 4/12/2022 2:05:15 PM | SENT |
| Russell Button | | service@buttonlawfirm.com | 4/12/2022 2:05:15 PM | SENT |
| Heather LynnLong | | heather@heatherlonglaw.com | 4/12/2022 2:05:15 PM | SENT |

Associated Case Party: ACH CHILD AND FAMILY SERVICES

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| John Robinson | | jrobinson@maronmarvel.com | 4/12/2022 2:05:15 PM | SENT |
| Zach Mayer | | zmayer@mayerllp.com | 4/12/2022 2:05:15 PM | SENT |
| Andrew S.Gardner | | agardner@maronmarvel.com | 4/12/2022 2:05:15 PM | SENT |
| Jack Luckett | | jluckett@mayerllp.com | 4/12/2022 2:05:15 PM | SENT |
| Avvennett MGezahan | | Agezahan@maronmarvel.com | 4/12/2022 2:05:15 PM | SENT |

Case Contacts

| Name |
|------|
| Brent W.Chandler |
| John A.Ross, Jr. |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 63500491
Status as of 4/13/2022 1:41 PM CST

Case Contacts

| Jennifer Moore | | Jennifer@chandlerrosslaw.com | 4/12/2022 2:05:15 PM | SENT |
|---|---|---|---|---|
| Elise Robinson | | erobinson@maronmarvel.com | 4/12/2022 2:05:15 PM | SENT |
| Rocio Allen | | rallen@maronmarvel.com | 4/12/2022 2:05:15 PM | SENT |
| Susan Lokash | | slokash@mayerllp.com | 4/12/2022 2:05:15 PM | SENT |
| Terri Crawford | | tcrawford@maronmarvel.com | 4/12/2022 2:05:15 PM | SENT |

# 47.   4/21/22  First Amended Petition and Jury Demand

CAUSE NO. CC-21-01363-D

| | | |
|---|---|---|
| ARIANA GEORGE AND RODNEY BOONE, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF AMARI BOONE, DECEASED | § § § § § § | IN THE COUNTY COURT |
| PLAINTIFFS, | § § § | |
| VS. | § § § § | AT LAW NO. 4 |
| ACH CHILD AND FAMILY SERVICES, SHELIA ROBERSON, CHAISITY FRIDA—CARO, JALAH LAWRENCE, GOVERNOR GREG ABBOTT, IN HIS OFFICIAL CAPACITY OVER THE TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, AND COVENANT KIDS, INC. D/B/A CK FAMILY SERVICES | § § § § § § § § § § § | |
| DEFENDANTS. | § | DALLAS COUNTY, TEXAS |

## FIRST AMENDED PETITION AND JURY DEMAND

Amari Boone no longer has a voice. His voice is gone because the organizations

entrusted with screening, selecting, and monitoring his temporary foster care placement

cut corners, ignored the obvious, refused to show up, and kept haphazard records. His

voice is gone because the Texas Department of Family Protective Services continued to

operate under policies and procedures that a judge found violated the civil rights of

children like Amari five years before Amari's death. His voice is gone because Covenant Kids Inc. ("CK Family Services") did less than the bare minimum when screening the unlicensed foster parents before it recommended placing Amari in their care. And his voice is gone because the private organization that Texas paid to manage foster care allowed the dangerous practices of its predecessor continue.

That private organization — our community. our kids. — knew what it took to protect Amari against violence and abuse.[1] In fact, it was supposed to be the example of doing just that after becoming the pilot program for private foster care in 2014. Afterall, in the six years leading up to Amari's death, it received between $80 and $92 million from its contract with Texas to bring foster care up to the *minimum level* required by Texas and required by the United States Constitution.

Broken bones, bruises, and facial lacerations are just some of the physical injuries Amari suffered before his death while placed with his new foster parents. There were voices speaking up for Amari while he was still alive. Amari's Court Appointed Special Advocate. Amari's daycare director. Amari's mother. Amari's father. Neighbors. These people all made abuse and neglect reports about Amari's foster parents to our community. our kids. They spoke out for nearly two months, only to be disregarded and ignored at every level.

Amari Boone suffered blunt force trauma to his head and was pronounced dead

---

[1] ACH Child and Family Services calls its community-based care division "our community. our kids." and this Petition does the same.

at 1:19 AM, on April 12, 2020. He was only three years old. The investigation into his death revealed deadly practices by our community. our kids. and its employees— Shelia Roberson, Chaisity Frida–Caro, and Jalah Lawrence. It shone light on DFPS's continued civil rights violations and subcontractor CK Family Services' inadequate foster home safety screening.

They saw. They heard. They refused to act. Now, Amari's parents must act as his voice. They bring this lawsuit on his behalf asking for answers and asking these Defendants to accept responsibility.

## STATEMENT OF FACTS

### Texas and its Forgotten Children

"They are everybody's children, and nobody's children. They are the forgotten children in the Texas foster care system." Texas Comptroller Carole Keeton Strayhorn opened her office's special report— FORGOTTEN CHILDREN —with that sentence more than fifteen years ago. The report resulted from the Comptroller's investigation into the Texas foster care system and the agency responsible for it, the Department of Family and Protective Service. It gave children in Texas foster care a voice and argued for increased privatization.

At that time, Child Protective Services used a "dual system" with state-run and private outsource components. On the state-run side, foster families and group homes contracted directly with the DFPS. Those families and group homes were directly recruited and trained by CPS employees. Private contractors provided emergency

shelters, residential treatment centers, and private child pacing agencies that handled their own recruiting and training.

The FORGOTTEN CHILDREN investigation took a deep look into CPS's dual system and how CPS used the $1.5 billion in funds it received in 2003.[2] The problems it discovered were many. Inadequate licensing standards. Ineffective licensing investigations. Heavy caseloads and high caseworker turnover. Required face-to-face visits not being done. Missed red flags. It found the quality of care provided in state-run foster care and private foster care differed drastically. Those differences led to a recommendation that the system move towards privatization. In other words, place licensing and investigation into the hands of the state and use private contractors to provide case management.

The journey away from the dual care system was slow. Reports of neglect, abuse, and endangerment continued. In 2011, a class action lawsuit was filed on behalf of Texas foster care children in the United States District Court for the Southern District of Texas. It pointed to numerous structural deficiencies in the dual system that were putting foster children at an unacceptable risk of harm, including abuse and neglect. Children were suffering maltreatment at an unacceptable rate. The call for action grew louder among Texans and advocacy groups, and the door of opportunity for private contractors began to open wider.

---

[2] FORGOTTEN CHILDREN, Chapter 1: The Texas Foster Care System at 3.

**Texas's Privatization Pilot Program:** our community. our kids.

As problems continued to plague the dual system, Texas decided to test privatization using a pilot program that turned over care responsibilities to a private provider and kept case management responsibilities with the state. our community. our kids. was one of several organizations that vied for the lucrative contract. It became the pilot program Single Source Continuum Contractor (SSCC) in January 2014.

Texas's contract with our community. our kids. covered a three-year period from 2014 to 2017. It arranged to pay our community. our kids. between $35 million and $45 million depending on the number of kids taken into foster care. As it would turn out, our community. our kids. would spend all of that money and $6 million more setting up the pilot program's infrastructure. The net loss wasn't a surprise to the organization that had always recognized that selling Texas on our community. our kids.'s Community-Based Care expertise would be a huge long-term revenue source.

And sell itself it did. In terms of timing, our community. our kids. had positioned itself perfectly. The 2011 class action lawsuit filed against Texas's DFPS went to trial in December 2014. The evidence against Texas for its past deeds was strong, and the December 2015 verdict against Texas gave the privatization movement more momentum. Advocates and supporters of privatization, including our community. our kids., were ready when the Foster Care Redesign bill was filed the next legislative session.

By the time the 2017 Texas legislative session began, our community. our kids.'s

contract had been extended another three years to August 2020. The organization had

received nearly $92 million in funding as of March 31, 2017. Wayne Carson, the Chief

Operating Officer of the parent organization for our community. our kids., testified in

favor of the bill before the Senate Health and Human Services Committee claiming that

giving the organization control over case management in addition to placement services

would allow it to do a better job caring for children. Others cautioned that extending

privatization to case management created a serious conflict of interest.

The law eventually passed. Carson gave an interview to Voyage Dallas Magazine

that was published in December 2017. When asked what his organization did best, what

set it apart from its competitors, Carson answered:

> *No one else in north Texas offers the variety of services that a*
> *family can find at ACH. In 2014, another opportunity presented*
> *itself to us. The state of Texas had developed a plan to improve*
> *the foster care system in Texas and they were looking for an*
> *agency to lead the initial effort to start the new program, called*
> *Community Based Foster Care. ACH stepped up, despite the*
> *funding being inadequate to perform high quality services, and*
> *we have successfully implemented the model in a 7 county area*
> *in north Texas.*[3]

Sadly, our community. our kids. was not matching those words of reassurance

---

[3]   Voyage   Dallas,   *Meet   Wayne   Carson   of   ACH   Child   and   Family   Services,*
http://voyagedallas.com/interview/meet-wayne-carson-of-ach-child-and-family-services/ (last visited
March 29, 2021).

with its deeds. In March 2018, the State Auditor's Office issued its *Audit Report on Foster Care Redesign at the Department of Family and Protective Services*.[4] The audit revealed significant problems with documentation, monitoring, and implementation of quality improvement plans for foster families the organization was supposed to be monitoring:

> » Foster care provider did not receive ACH monitoring for more than eighteen months, and during that time children were placed with that foster care provider.
>
> » ACH paid two foster care providers and placed fifteen children in their care without performing required monitoring for over two years.
>
> » ACH generally  followed up on corrective action plans for two of twelve providers that required corrective action. Documentation was incomplete.
>
> » ACH didn't check its employees' onsite visit reports to make sure the reports were complete and complied with ACH's policies.

When it came time for the 2019 Texas Legislature to consider expanding and increasing funding for Community-Based Care, CEO Wayne Carson acted as an advocate for the new legislation in the media. He offered more assurances of his organization's capabilities to take over case management responsibilities to Texas Monthly Magazine. In a March 2019 article titled— *As Texas Privatizes Child Protective Services, Will the Horror Stories Go Unheard?* — Carson boasted about his organization's ability to handle case management and handle it better:

*Now, we're kind of the quarterback. We know what the needs*

---

[4] Tex. State Auditor's Office, *SAO 18-022, Foster Care Redesign at the Department of Family and Protective Services* (Mar. 2018).

*are, and we can connect people in ways that are difficult more
remotely from Austin.*

Texas used a staged plan to transition case management responsibilities to SSCC

providers. Entrusting Our our community. our kids. to provide direct case management

and contact with Amari's foster parents did not excuse DFPS from protecting Amari's

constitutional rights. The agency was and is still in charge of licensing, investigations,

and operational oversite. Professional standards required DFPS to spot private

contractor non-compliance, inspect contractor performance, and investigate the child

abuse and neglect reports made to the agency itself. Sadly, for Amari and his family,

DFPS substantially departed from those minimal professional standards.

Amari Boone not only deserved to be protected against violence and abuse while

away from the family where he belonged, he had the United States Constitutional right

to be. The conclusion of United States District Judge Janis Graham Jack's December 17,

2015 verdict against DFPS is clear:

---

**VI.   CONCLUSION**

Texas's foster care system is broken, and it has been that way for decades. It is broken
for all stakeholders, including DFPS employees who are tasked with impossible workloads.
Most importantly, though, it is broken for Texas's PMC children, who almost uniformly leave
State custody more damaged than when they entered.

---

On March 1, 2020, our community. our kids. became the first SSCC to take over

case management of foster care and kinship placements. It told Texas it had the right people, systems, and training in place to do the job. The circumstances of Amari Boone's death under our community. our kids.'s case management just forty days later proves nothing could be further from the truth.

### Amari Boone's Horror Story

A black Toyota Corolla pulled into Cook Children's Medical Center's ambulance bay at 8:22 am on Friday, April 10, 2020. The driver exited, removed a small child from the backseat, and entered the emergency room waiting area with the child in his arms. What hospital personnel saw in those first moments sent the pediatric emergency department's medical team into immediate action. They recognized the small boy was near death.

That little boy's name was Amari Boone. He was just three years old. The man driving the car was one of the two foster parents with whom Amari and his little brother had been placed less than three months earlier.

Amari Boone arrived at the emergency room in respiratory failure. He required immediate intubation because his blood oxygen levels were so low. His body showed physical signs of severe brain injury, including posturing (abnormal rigid body movement) and bright red blood in his right ear canal. Evidence of visible bodily contusions appeared on Amari's upper right arm. Within an hour, test results confirmed Amari Boone was suffering from a severe brain injury.

Less than two hours after arriving at the emergency room, the specialists at Cook Children's concluded that Amari could not survive his injuries. They ordered a skeletal survey using a series of x-rays to document additional evidence of child abuse. Both child protective services and local police received calls reporting the evidence Amari was dying because of the abuse he sustained while in the kinship placement our community. our kids. and its employees were supposed to be monitoring.

In the early morning hours of April 12, 2020, Amari's critical care doctor joined Amari's parents at Amari's bedside in the Pediatric ICU. They watched as the doctor performed a second brain death examination on their three-year-old little boy. The doctor had already talked to them about brain death and its implications, so Amari's parents knew that a second exam confirming brain death meant their Amari was lost.

Amari's death certificate identified his manner of death as homicide as the result of blunt force trauma of the head. The skeletal scan taken at Cooks and his autopsy confirmed Amari's time living in that fictive kin placement had been filled with systematic physical abuse. Abuse that DFPS and CK Family could have prevented. Abuse our community. our kids. and its employees ignored.

### Amari Boone Didn't Have to Die

Amari Boone's death was 100 percent preventable. The Department of Family Protective Services could have prevented the tragedy. CK Family Services could have prevented the tragedy. And our community. our kids and its employees Shelia

Roberson, Chasity Frida-Caro, and Jalah Lawrence could have prevented the tragedy.

Roberson, Frida-Caro, and Lawrence were all employees of DFPS prior to our community. our kids taking over case management responsibilities in March 2020. During the time DFPS employed each of them, DFPS was responsible for training, supervising, and monitoring Roberson, Frida-Caro, and Lawrence's job performance. It was responsible for training Roberson, Frida-Caro, and Lawrence to watch for signs of neglect and abuse, maintain thorough documentation, adhere to state laws, follow through on any reports or concerns, communicate with caregivers, and when/how to conduct face-to-face home visits. It was also responsible for monitoring each of its employees' work performance and compliance with the law as well as DFPS policies and procedures. Based on the acts and omissions each of these former DFPS employees described above, DFPS knew or should have known the individuals were not properly trained and/or complying with DFPS standards or Texas law. Nonetheless, DFPS recommended each of them for employment at our community. our kids.

DFPS became Amari's Permanent Managing Conservator in November 2019. It was ordered by the family court to conduct an expedited home study for Deondrick Foley (a non-licensed foster parent) by November 27, 2019 so long as Foley passed criminal and CPS background checks. Shelia Roberson, then employed by DFPS and assigned by DFPS as Amari's case worker participated in the proceedings and evaluating the safety of placing Amari in Foley's care.

The home study wasn't completed until December 2019. DFPS hired CK Family Services to perform the home study on Deondrick Foley and his live-in boyfriend Joseph Delancy. The assessment revealed Delancy had prior criminal history and that the couple had very little experience caring for young children. It also revealed both men worked and only had one car to use as transportation for the entire household. On information and belief, CK Family Services only interviewed Foley and Delancy as a couple on one occasion and did not perform separate individual interviews required by law prior to recommending the two men as safe fictive. If such interviews were conducted, neither the timing or matters discussed were documented and provided to DFPS. our community. our kids. was also involved in Amari's placement with Foley and Delancy.

Shelia Roberson was working for DFPS and actively participated in placing Amari in the care of Deondrick Foley and his boyfriend Joseph Delancy on January 27, 2020. At that time, Roberson had known Amari for some time as a DFPS caseworker. Roberson was supposed to be his protector and the guide that saw him through his new placement with these fictive kin.

On February 18, 2020, Shelia Roberson, Amari, and Deondrick Foley (Amari's "fictive kin") attended a permanency hearing in court. Roberson didn't document anything about the hearing—including the fact that the hearing even happened—in Amari's file. During the hearing, there was a discussion about Amari having a leg injury. Due to Roberson's failure to document the event, the identity of who brought the injury

to Roberson's attention and what was said about the injury during the hearing are both unknown. As a result of whatever was discussed, Roberson told Deondrick Foley that Amari needed to be evaluated at Cook Children's Hospital. Amari's case file is devoid of any mention of Roberson ever following up to make sure Amari received medical care or check the status of his injury.

That day, just weeks into the placement, Amari Boone went to Cook Children's for the *first* time. That day, weeks into the placement, doctors at Cook Children's diagnosed Amari with a *fractured pelvis*. The fracture was still healing when Amari died according to the skeletal scan taken at that time: "Healing bilateral superior pubic ramus fractures. Probably the superior pubic ramus fracture on the left was present on a pelvis exam from 02/18/2020 in retrospect and questionably the 1 on the right."

Shelia Roberson *didn't include any* information about that critical hospital visit or the results of the hospital visit in Amari's case file. And Roberson did not follow up with the fictive kin or do anything else for Amari until sometime after March 1st. In other words, Roberson sent a three-year-old child just weeks into a new placement to the hospital from a court healing and did nothing to find out what happened. Roberson was employed by DFPS when Amari's fractured pelvis was discovered. She began her employment with our community. our kids. on March 2, 2020 and continued managing Amari's case.

On March 7, 2020, Amari got to see his parents. What his mother and father saw

that day made them scared. The bruises on his body were clear. Ariana suspected abuse. She started taking pictures and she refused to let Amari go back to the fictive kin. Foley's boyfriend, Joseph Delancy, called the police about the situation. Shelia Roberson's bosses at our community. our kids., Director Jalah Lawrence and supervisor Chaisity Frida–Caro got involved. Instead of reviewing the pictures Ariana had taken or visiting in person, the managers did nothing.

Ariana sent the pictures of the bruises and markings on Amari's body to Shelia Roberson that day. Roberson uploaded them into Amari's case our community. our kids. case file the next day. Instead of identifying Ariana as the photographer, Roberson identified herself as the photographer. She instructed Amari's fictive kin to take him to Cook Children's *again* to be evaluated.

Neither of Shelia Roberson's bosses at our community. our kids., Director Jalah Lawrence or Supervisor Chaisity Frida–Caro, followed up on the situation. They did not even make sure Amari's our community. our kids. case manager went to visit Amari in person to assess his situation. Stated differently, our community. our kids. sold itself to Texas as the organization that could do case management better. Yet, it did nothing to make sure someone from its organization went to and checked on Amari Boone in person following a report of suspected abuse.

Amari's fictive kin took him to Cook Children's for the *second* time in less than a month on March 8, 2020. According to Amari's case file, Shelia Roberson has a

conversation with Amari's fictive kin the next day and told him she received the medical records from Amari's *second* hospital visit. *Again*, the records weren't placed in Amari's case file and the results weren't documented.

Three days later on March, 11, 2020, Amari's Court Appointed Special Advocate (CASA) made a home visit. She observed such concerning behavior between Amari and his fictive kin and that she reported it to the Texas Abuse Hotline. The CASA reported that the foster parents didn't allow Amari to drink anything and that one of them grabbed Amari's arm roughly. Then, she called Shelia Roberson to share the same information.

The our community. our kids. case manager responded with anger. Her anger was not directed at Amari's fictive kin. It was directed at Amari's CASA advocate for reporting her observations to the Texas Abuse Hotline. Shelia Roberson ranted and raved on the call and acted defensive. Sadly, but not surprisingly, Roberson did not document the March 11, 2020 call in Amari's case file. Sadly, but not surprisingly, our community. our kids. did not check in on Amari or his case manager's documentation either.

On April 3rd, 2020, Shelia Roberson, Director Jalah Lawrence, and Supervisor Chaisity Frida-Caro, the three our community. our kids. employees, discussed Amari's case. They decided Amari would need to be removed if anything else happened because of all the events that had occurred in the previous 30 days. Yet three days later on April 6, 2020, Shelia Roberson documented a message from the fictive kin letting her know

that Amari had a swollen eye. Roberson a picture of Amari's eye. The picture showed obvious swelling going from Amari's right ear to his right eye. Roberson documented what she saw as "allergies". She did not make a home visit to see the injury in person.

Four days later, on April 7, 2020, Roberson got a message that Amari would not be at daycare that day. Going to daycare on weekdays was an essential part of Amari's kinship placement plan and Roberson had already had to talk to Amari's foster parents about days missed from daycare. No home visit happened.

The *same thing* happened the next day, according to Shelia Roberson's limited documentation. Yet, again, no home visit happened.

On April 9th, 2020, the director of Amari's daycare sent Roberson a message and a photograph of Amari. Roberson documented getting a message and a picture but did *not* record the contents of the message. The daycare director spoke with Roberson over the phone that day. The daycare director told the our community. our kids. case manager something was off with Amari and that he didn't seem right. The phone conversation is not in Amari's case file. However, Roberson did make sure to record something about allergy medication.  During the investigation into Amari's death, investigators took a look at the picture from daycare and noted that they saw visible swelling on the right side of the child's face *and additional large swelling to his right forehead with a linear contusion.*

The next morning, on April 10, 2020, the driver of a black Toyota pulled into the

ambulance bay of Cook Children's with the child DFPS, CK Family Services, and our community. our kids. promised to protect clinging to life. Had these organizations done what they promised Texas they would do, Amari Boone would still be alive.

## DISCOVERY CONTROL PLAN

1.      Ariana George and Rodney Boone, individually and as representatives of the Estate of Amari Boone, intend to conduct discovery under a Level III Discovery Control Plan as provided by Texas Rule of Civil Procedure 190.4.

## PARTIES

2.      Defendant ACH Child and Family Services is a domestic nonprofit corporation doing business in the State of Texas. The division of ACH Child and Family Services involved in Community-Based Care as a Single Source Continuum Contractor is known as our community. our kids., but that division is operated and controlled by ACH Child and Family Services. ACH Child and Family Services has been served and is properly before the Court.

3.      Defendant Jalah Lawrence is an individual who resided in Tarrant County, Texas at the time that gave rise to the causes of action at issue in this case. She has been served and is properly before the Court.

4.      Defendant Chaisity Frida–Caro is an individual who presently resides in Dallas County, Texas and resided in Dallas County, Texas at the time that gave rise to the causes of action at issue in this case. She has been served and is properly before the Court.

5.      Defendant Shelia Roberson is an individual who resided in Tarrant County, Texas

at the time that gave rise to the causes of action at issue in this case. She has been served and is properly before the Court.

6.      Defendant Greg Abbott is the Governor of Texas, and he is sued in his official capacity. He is responsible for ensuring that all Texas agencies comply with the applicable federal and state law. He oversees the activities of the Texas Department of Family Protective Services, pursuant to the TEXAS CONSTITUTION, Article IV, Sections 1 and 10 and TEXAS GOVERNMENT CODE, Title 4, Chapter 531. He may be served at the business address for the Office of the Governor, State Insurance Building, 1100 San Jacinto Boulevard, Austin, Texas 78701. **Citation is requested.**

7.      Defendant Covenant Kids, Inc. d/b/a CK Family Services is a domestic nonprofit corporation doing business in the State of Texas. It is a resident of Tarrant County, Texas. Covenant Kids, Inc. d/b/a CK Family Services can be served through its registered agent William A. Lund at 4807 Misty Wood Court, Arlington, Texas 76017 or wherever it may be found. **Citation is requested.**

8.      Plaintiff Ariana George is the natural mother of both Amari Boone, deceased. Ariana resides in Tarrant County, Texas. She brings this case in her individual capacity and as a representative of the Estate of Amari Boone. She does not have a driver's license.

9.      Plaintiff Rodney George is the natural father of both Amari Boone, deceased. Rodney resides in Tarrant County, Texas. He brings this case in his individual capacity

and as a representative of the Estate of Amari Boone. The last three digits of his driver's license are 191.

## JURISDICTION AND VENUE

10. Venue is proper in Dallas County pursuant to TEXAS CIVIL PRACTICES & REMEDIES CODE § 15.002(a)(2) because Defendant Jalah Lawrence was a resident of Dallas County at the time of the events that gave rise to the causes of action set out below.

11. This Court has jurisdiction because the amount in controversy exceeds the minimum jurisdictional amounts of the Court.

## NO CHARITABLE IMMUNITY OR LIMITATIONS ON LIABILITY

12. Neither our community. our kids. nor its employees are entitled to immunity under TEXAS CIVIL PRACTICES & REMEDIES CODE Chapter 84 or TEXAS FAMILY CODE § 264.174. At all relevant times, as described above and based on the evidence Plaintiffs anticipate developing throughout this action, the acts and omissions of our community. our kids. and its employees were willfully negligent and done with conscious indifference or reckless disregard for the safety of Amari Boone.

13. Neither CK Family Services nor its employees are entitled to immunity under TEXAS CIVIL PRACTICES & REMEDIES CODE Chapter 84 or TEXAS FAMILY CODE § 264.174. At all relevant times, as described above and based on the evidence Plaintiffs anticipate developing throughout this action, the acts and omissions of CK Family Services and its employees were willfully negligent and done with conscious indifference or reckless

disregard for the safety of Amari Boone.

## CAUSES OF ACTION

### Count One
**Negligence Per Se Against** our community. our kids.

14.     Plaintiffs' negligence per se claim is based on the statutes identified and the facts set out in this Petition.

15.     At all relevant times, Texas imposed statutory duties on our community. our kids. that were designed to specifically protect children receiving child protection services from Single Source Continuum Contractors.

16.     TEXAS FAMILY CODE § 264.161 entitled *Statutory Duties Assumed by Contractor*, provides:

> Except as provided by Section 264.163, a single source continuum contractor providing foster care services and services for relative and kinship caregivers in a catchment area must, either directly or through subcontractors, assume the statutory duties of the department in connection with the delivery of foster care services and services for relative and kinship caregivers in that catchment area.

17.     As it relates to Amari Boone, our community. our kids. violated the following statutory and regulatory duties imposed on it as a Single Source Continuum Contractor providing Community-Based Care:

> a.     Provide training, including training in trauma-informed programs and services, to caseworkers and supervisors. TEX. FAM. CODE § 264.015(a).

> b.     Provide and comply with the Foster Child Bill of Rights under federal and state law and policy to:

(1)     protect children from abuse, neglect, exploitation, discrimination, and harassment,

(2)     ensure access to adequate food, clothing, shelter, and education,

(3)     ensure timely access to necessary medical and mental health services,

(4)     ensure contact and communication with caseworkers, attorneys ad litem, guardians ad litem, and court-appointed special advocates, and

(5)     all other protections set out in the Foster Child Bill of Rights that ensure all case management actions are in the best interest of the child.

See TEX. FAM. CODE § 264.008(b).

c.   Develop and implement a policy for receiving and handling reports that the rights of children in kinship placements are not being observed. TEX. FAM. CODE § 264.008(c).

d.   Ensure any child under the single source continuum contractor's care receives any necessary emergency medical care as soon as possible. TEX. FAM. CODE §§ 264.1076, 266.009.

e.   Provide services designed to prevent abuse and alleviate the effects of any abuse suffered. See TEX. FAM. CODE § 264.201.

f.   Provide the direct delivery and coordination of a network of formal and informal activities within its catchment for family-based safety services and case management services, including:

(1)     caseworker visits with the child and all caregivers,

(2)     family visits,

(3)     family group counseling and family group decision-making,

(4)     development of the family plan of services,

(5)     monitoring, developing, securing, and coordinating services;

(6)     evaluating the progress of children, caregivers, and families receiving services,

(7)     assuring that the rights of children, caregivers, and families receiving services are protected, and

(8)     any other function or service that the department determines is necessary to allow a single source continuum contractor to assume responsibility for case management.

See TEX. FAM. CODE § 264.169.

g.      Provide protective services to children, including protection from alleged abuse and neglect in kinship placements and implement/manage programs to provide early intervention in situation where a child is at-risk for child abuse. TEX. HUM. RES. CODE § 40.002.

h.      Institute and utilize recruitment of qualified case managers with an emphasis specified education credentials. TEX. HUM. RES. CODE § 40.0326.

i.      Develop and implement adequate training programs for each employee newly hired or promoted to a management position with haste. TEX. HUM. RES. CODE § 40.037.

j.      Balance measures aimed at protecting child safety with federal and state requirements related to normalcy and decision making under the reasonably prudent parent standard prescribed by 42 U.S.C. § 675 and TEXAS FAMILY CODE §§ 264.001, 264.125. See TEX. HUM. RES. CODE § 40.043.

18.     Amari Boone was within the exact class of people these statutes were intended to protect. As provided by TEXAS FAMILY CODE § 264.151(a), "The services provided by [SSCCs] must include direct case management to ensure child safety, permanency, and

well-being, in accordance with state and federal child welfare goals."

19.     The statutory violations of our community. our kids. by its own acts and omissions as well as the acts and omissions of its employees for whom it is vicariously liable proximately caused Plaintiffs' injuries.

20.     Plaintiffs seek damages for our community. our kids.'s negligence per se.

### Count Two
**Negligence Against** our community. our kids.

21.     Plaintiffs' negligence claim is based on the facts set out in this Petition.

22.     At all relevant times, our community. our kids. exercised actual control in providing recruitment, training, and monitoring of its employees and kinship placement caregivers. It exercised actual control over case management services that were supposed to be provided to Amari Boone while he was placed with fictive kin.

23.     Its responsibility over case management, employee training, and caregiver training to ensure child welfare in fictive kinship placements arises under federal and state law was well as our community. our kids.'s contractual arrangement with the Texas Department of Family and Protective Services.

24. our community. our kids. represented itself and its subcontractors as having the "skills, qualifications, expertise, financial resources, and experience necessary to perform" required services for children and families navigating the State's foster care system. Those services included case management, case documentation, child safety, collaboration conferences, collaboration with DFPS, and consistent communication.

25.     Pursuant to 42 U.S.C. § 675, TEXAS FAMILY CODE §§ 264.001, 264.125, and TEXAS

HUMAN RESOURCES CODE § 40.043, our community. our kids.'s owed Amari Boone and

his parents a heightened duty of care. That standard— the "standard of care of a

reasonable and prudent parent"— means:

> . . . the standard of care that a parent of reasonable judgment, skill, and
> caution would exercise in addressing the health, safety, and welfare of a
> child while encouraging the emotional and developmental growth of the
> child, taking into consideration:
>
>> (A) the overall health and safety of the child;
>>
>> (B) the child's age, maturity, and development level;
>>
>> (C) the best interest of the child based on the caregiver's knowledge
>> of the child;
>>
>> (D) the appropriateness of a proposed activity and any potential risk
>> factors;
>>
>> (E) the behavioral history of the child and the child's ability to safely
>> participate in a proposed activity;
>>
>> (F) the importance of encouraging the child's social, emotional, and
>> developmental growth; and
>>
>> (G) the importance of providing the child with the most family-like
>> living experience possible.

TEX. FAM. CODE § 264.001(5).

26.     Additionally, and alternatively, our community. our kids. owed Amari and his

parents a duty of care to act as a reasonable Single Source Continuum Contractor would

act under the same or similar circumstances. That duty required our community. our

kids. to act in a reasonable manner, including but not limited to:

  a. Hiring, supervising, and training its employees in case management, case file documentation, child abuse detection, child abuse prevention, child abuse reporting, and child abuse response,

  b. Timely, complete, and accurate case management documentation,

  c. Case management of children in kinship placements and fictive kinship placements,

  e. Maintaining consistent contact and communication with all participants in the child's services and life,

  f. Child abuse detection, prevention, reporting, and response, and

  g. Acting in all ways with a child's best interest in mind.

27.  The standard of care violations of our community. our kids. by its own acts and omissions as well as the acts and omissions of its employees for whom it is vicariously liable proximately caused Plaintiffs' injuries.

28.  Plaintiffs seek damages for our community. our kids.'s negligence.

### Count Three
**Negligent Undertaking Against** our community. our kids.

29.  Plaintiffs' negligent undertaking claim is based on the facts set out in this Petition.

30.  Pursuant to RESTATEMENT (Second) OF TORTS § 323, our community. our kids. undertook, for its pecuniary benefit, to control the methods, policies and procedures, and conditions of training, supervising, and providing case management services for the protection of Amari Boone while he was placed with fictive kin.

31.  Having assumed those duties, our community. our kids. acted negligently and

unreasonably as set forth in the preceding counts and described in the fact section of this Petition.

32.    Amari Boone died because of our community. our kids.'s failure to exercise reasonable care in fulfilling those duties. Amari Boone's parents lost their three year old little boy our community. our kids.'s failure to exercise reasonable care in fulfilling those duties.

33.    Further, our community. our kids.'s failure to exercise reasonable care in fulfilling those duties increased the risk of harm to Amari Boone, or in the alternative, Amari and his parents were harmed in reliance upon our community. our kids.'s failure to warn them of dangers known to it.

34.    our community. our kids.'s negligence in performing the duties it voluntarily undertook proximately caused Plaintiffs' injuries.

35.    Plaintiffs seek damages for our community. our kids.'s negligence in performing the duties it voluntarily undertook.

### Count Four
**Negligence Per Se Against Employees of** our community. our kids.

36.    Plaintiffs' negligence per se claim against the employees of our community. our kids. is based on the statutes identified and the facts set out in this Petition.

37.    At all relevant times, Texas imposed statutory duties on Shelia Roberson, Chaisity Frida–Caro, and Jalah Lawrence as employees of our community. our kids. Those duties were specifically designed to protect children receiving child protection services from

Single Source Continuum Contractors.

38.    TEXAS FAMILY CODE § 264.161 entitled *Statutory Duties Assumed by Contractor*,

provides:

> Except as provided by Section 264.163, a single source continuum contractor providing foster care services and services for relative and kinship caregivers in a catchment area must, either directly or through subcontractors, assume the statutory duties of the department in connection with the delivery of foster care services and services for relative and kinship caregivers in that catchment area.

39.    As it relates to Amari Boone, our community. our kids. violated the following

statutory and regulatory duties imposed on it as a Single Source Continuum Contractor

providing Community-Based Care:

   a.    Provide training, including training in trauma-informed programs and services, to caseworkers and supervisors. TEX. FAM. CODE § 264.015(a).

   b.    Provide and comply with the Foster Child Bill of Rights under federal and state law and policy to:

      (1)    protect children from abuse, neglect, exploitation, discrimination, and harassment,

      (2)    ensure access to adequate food, clothing, shelter, and education,

      (3)    ensure timely access to necessary medical and mental health services,

      (4)    ensure contact and communication with caseworkers, attorneys ad litem, guardians ad litem, and court-appointed special advocates, and

      (5)    all other protections set out in the Foster Child Bill of Rights that ensure all case management actions are in the best interest of the

child.

*See* TEX. FAM. CODE § 264.008(b).

c.    Develop and implement a policy for receiving and handling reports that the rights of children in kinship placements are not being observed. TEX. FAM. CODE § 264.008(c).

d.    Ensure any child under the single source continuum contractor's care receives any necessary emergency medical care as soon as possible. TEX. FAM. CODE §§ 264.1076, 266.009.

e.    Provide services designed to prevent abuse, alleviate the effects of any abuse suffered. *See* TEX. FAM. CODE § 264.201.

f.    Provide the direct delivery and coordination of a network of formal and informal activities within its catchment for family-based safety services and case management services, including:

   (1)    caseworker visits with the child and all caregivers,

   (2)    family visits,

   (3)    family group counseling and family group decision-making,

   (4)    development of the family plan of services,

   (5)    monitoring, developing, securing, and coordinating services,

   (6)    evaluating the progress of children, caregivers, and families receiving services,

   (7)    assuring that the rights of children, caregivers, and families receiving services are protected, and

   (8)    any other function or service that the department determines is necessary to allow a single source continuum contractor to assume responsibility for case management.

*See* TEX. FAM. CODE § 264.169.

g.   Provide protective services to children, including protection from alleged abuse and neglect in kinship placements and implement/manage programs to provide early intervention in situation where a child is at-risk for child abuse. TEX. HUM. RES. CODE § 40.002.

h.   Institute and utilize recruitment of qualified case managers with an emphasis specified education credentials. TEX. HUM. RES. CODE § 40.0326.

i.   Develop and implement adequate training programs for each employee newly hired or promoted to a management position with haste. TEX. HUM. RES. CODE § 40.037.

j.   Balance measures aimed at protecting child safety with federal and state requirements related to normalcy and decision making under the reasonably prudent parent standard prescribed by 42 U.S.C. § 675 and TEXAS FAMILY CODE §§ 264.001, 264.125. See TEX. HUM. RES. CODE § 40.043.

40.   Amari Boone and his parents were within the exact class these statutes were intended to protect. As provided by TEXAS FAMILY CODE § 264.151(a), "The services provided by [SSCCs] must include direct case management to ensure child safety, permanency, and well-being, in accordance with state and federal child welfare goals."

41.   The statutory violations of Shelia Roberson, Chaisity Frida–Caro, and Jalah Lawrence while in the scope of their employment with our community. our kids. proximately caused Plaintiffs' injuries.

42.   Plaintiffs seek damages for our community. our kids.'s negligence per se.

## Count Five
## Negligence Against CK Family Services

43. Plaintiffs' negligence claim is based on the facts set out in this Petition.

44. At all relevant times, CK Family Services exercised actual control in providing recruitment, training, monitoring of its employees, and screening potential foster care and kinship placement caregivers. It exercised actual control over these services that were supposed to be provided for the benefit of Amari Boone prior to his placement with fictive kin.

45. Its responsibility over recruitment, training, monitoring of its employees, and screening potential foster care and kinship placement caregivers arises under federal and state law was well as its contractual arrangements with the Texas Department of Family and Protective Services.

46. CK Family Services represented itself and its subcontractors as having the skills, qualifications, expertise, financial resources, and experience necessary to perform required supportive services for children and families navigating the State's foster care system. Those services included recruitment, training, monitoring of its employees, screening potential foster care and kinship placement caregivers, collaboration with DFPS, and consistent communication.

47. Pursuant to TEXAS FAMILY CODE §§ 262.114, 264.201 ,264.1085 as well as other state and federal statutes, CK Family Services owed Amari Boone and his parents a heightened duty of care. That standard— the "standard of care of a reasonable and

prudent parent"— means:

> . . . the standard of care that a parent of reasonable judgment, skill, and caution would exercise in addressing the health, safety, and welfare of a child while encouraging the emotional and developmental growth of the child, taking into consideration:
>
>> (A) the overall health and safety of the child;
>>
>> (B) the child's age, maturity, and development level;
>>
>> (C) the best interest of the child based on the caregiver's knowledge of the child;
>>
>> (D) the appropriateness of a proposed activity and any potential risk factors;
>>
>> (E) the behavioral history of the child and the child's ability to safely participate in a proposed activity;
>>
>> (F) the importance of encouraging the child's social, emotional, and developmental growth; and
>>
>> (G) the importance of providing the child with the most family-like living experience possible.

TEX. FAM. CODE § 264.001(5).

48.    Additionally, and alternatively, CK Family Services owed Amari and his parents a duty of care to act as a reasonable foster caregiver assessment provider would act under the same or similar circumstances. That duty required CK Family Services to act in a reasonable manner, including but not limited to:

> a.    Hiring, supervising, and training its employees in case management, case file documentation, child abuse detection, child abuse prevention, child abuse reporting, and child abuse response,

   b.  Timely, complete, and accurate case management documentation,

   c.  Thorough and competent assessment of children in kinship placements and fictive kinship placements,

   e.  Maintaining consistent contact and communication with all participants in the child's services and life,

   f.  Child abuse detection, prevention, reporting, and response, and

   g.  Acting in all ways with a child's best interest in mind.

49. The standard of care violations of CK Family Services by its own acts and omissions as well as the acts and omissions of its employees for whom it is vicariously liable proximately caused Plaintiffs' injuries.

50. Plaintiffs seek damages for CK Family Services' negligence.

## Count Six
## Negligent Undertaking Against CK Family Services

51. Plaintiffs' negligent undertaking claim is based on the facts set out in this Petition.

52. Pursuant to RESTATEMENT (Second) OF TORTS § 323, CK Family Services undertook, for its pecuniary benefit, to control the methods, policies and procedures, and conditions of training, supervising, and providing foster caregiver and home assessment services for the protection of Amari Boone while he was placed with fictive kin.

53. Having assumed those duties, CK Family Services acted negligently and unreasonably as set forth in the preceding counts and described in the fact section of this Petition.

54. Amari Boone died because of CK Family Services' failure to exercise reasonable

care in fulfilling those duties. Amari Boone's parents lost their three year old little boy CK Family Services' failure to exercise reasonable care in fulfilling those duties.

55.     Further, CK Family Services' failure to exercise reasonable care in fulfilling those duties increased the risk of harm to Amari Boone, or in the alternative, Amari and his parents were harmed in reliance upon CK Family Services' failure to warn them of dangers known to it.

56.     CK Family Services' negligence in performing the duties it voluntarily undertook proximately caused Plaintiffs' injuries.

57.     Plaintiffs seek damages for CK Family Services' negligence in performing the duties it voluntarily undertook.

### Count Seven
### Substantive Due Process Under the United States Constitution
### Against Abbott in his Official Capacity Over DFPS

58.     Plaintiffs' substantive due process under the United States Constitution claim is based on the facts set out in this Petition.

59.     State officials assume affirmative duties under the Fourteenth Amendment to the United States Constitution to protect from harm all children taken into foster care custody, and to provide them appropriate care, treatment, and services through the exercise of accepted professional judgment.

60.     Defendant Abbott, in his official capacity, failed to discharge his affirmative duties because his actions and inactions constituted state policies or practices that substantially

depart from accepted professional judgment, practice, and standards as to demonstrate that state officials under Abbott's control: (1) did not base their conduct on such a judgment, and/or (2) acted in a manner that shocks the conscience and, thus, constituted deliberate indifference to the constitutionally protected rights and liberty and privacy interests of Amari Boone while in the State's primary managing conservatorship. More specifically, Plaintiffs complain of the following actions and inactions of this Defendant and state officials produced structural deficiencies in the State's foster care system that harmed Amari while the State was his primary managing conservator.

61.     At all times relevant, Texas employed an insufficient number of caseworkers to manage cases, including Amari Boone's case. Caseworkers are responsible for many of the critical tasks that Amari Boone and other children like him depend on: placing children in the least restrictive placements that are safe and meet their needs, regularly visiting children in those placements, ensuring the development and implementation of case plans needed Amari and children like him, ensuring children receive needed services; and developing and implementing a permanency plan for Amari to ensure that he left State custody for a safe permanent family, if possible.

62.     Professional standards, as promulgated by the Child Welfare League of America, require that caseworkers have caseloads that range from 12 to 15 children in order to fulfill their responsibilities, Standards of Excellence for Family Foster Care Services 3.48, and Texas state law requires that DFPS worker caseloads be consistent with

"professional caseload standards" which are defined to include caseload standards established by the Child Welfare League of America. TEX. GOV'T CODE §§ 531.001(5), 531.048(b)(3). Texas employed too few caseworkers to provide Amari Boone and other similarly situated children caseworkers whose caseloads meet professional standards during the relevant time period.

63.     As the State has acknowledged previously, workers are less able to fulfill their responsibilities and ensure the safety of the children in their care, as required by Texas state policy and professional standards, when they carry excessive caseloads. For example, children whose workers carry excessive caseloads are harmed by and put at risk of harm by placement decisions made without adequate information. On information and belief, excessive caseloads caused Amari, to experience placements not suited to his needs, frequent and repeated moves from one placement to another, and maltreatment and a higher risk of maltreatment in the care of his fictive kin.

64.     The State's actions and inactions set out in this Petition put Amari Boone at a risk of harm, which ultimately came to fruition.

65.     The State's actions and inactions set out in this Petition deprived Amari Boone of the substantive due process rights conferred on him by the Fourteenth Amendment to the United States Constitution, including the right to be reasonably safe from harm while in government custody and the right to receive the most appropriate care, treatment, and services determined and provided through the exercise of accepted professional

judgment.

66.    Additionally, at all relevant times, Texas failed to require that kinship and fictive kinship homes be licensed or verified. Under Texas policy and practice at the time of these events, a kinship or fictive kinship caregiver for a child in State custody was not required to be licensed or verified as a foster parent. Accepted professional standards require that such kinship and fictive kinship homes meet the same standards as a licensed or verified foster home.

67.    Unverified kinship and fictive kinship providers, at all relevant times, did not receive necessary training. Under Texas policy and practice at the time of these events, unverified kin and fictive kin providers did not receive the same training for the care of children in State custody that was provided to licensed and verified foster parents. Accepted professional standards recognize that all kin providers should undergo such training for the care of children.

68.    By the actions and inactions of the State and state officials set out in this Petition, Amari Boone was subjected to a continuing risk of harm that ultimately came to fruition.

69.    The State's actions and inactions set out in this Petition, were a substantial factor leading to and proximate cause of the violation of Amari Boone's constitutionally protected liberty and privacy interests.

70.    By the actions and inactions of the State and state officials set out in this Petition, Amari Boone was subjected to a continuing risk of and was deprived of the substantive

due process rights conferred on him by the Fourth Amendment to the United States Constitution, including the right to be reasonably safe from harm while in government custody and the right to receive care, treatment, and services determined and provided through the exercise of accepted professional judgment.

## Count Eight
## Gross Negligence Against All Defendants

71.     Plaintiffs' gross negligence claim is based on the facts set out in this Petition.

72.     Amari's parents aver that the conduct of Defendants as set forth above constitutes gross negligence as the law defines those terms. Defendants were consciously aware of an extreme degree of risk conduct posed to Amari Boone and other children in community-based care, but they nevertheless proceeded in failing to act to protect them in complete disregard for their rights, safety, and welfare.

73.     For this gross negligence, Plaintiffs as individuals and in their representative capacities specifically plead for the recovery of exemplary damages as set forth below.

## AGENCY

74.     At all relevant times, Shelia Roberson, Chaisity Frida–Caro, and Jalah Lawrence were in the course and scope of their employment with or acting as agents of ACH Family Services such that it is liable for the conduct of those employees or agents.

75.     At all relevant times, employees of CK Family Services were in the course and scope of their employment with or acting as agents of CK Family Services such that it is liable for the conduct of those employees or agents.

76.     At all relevant times, Governor Greg Abbott, in his official capacity was in control

of and responsible for the actions of DFPS, state officials, state employees, and those

contracted with the state to provide services to Amari Boone while in the State's custody.

## DAMAGES

77.     Pursuant to TEXAS CIVIL PRACTICES & REMEDIES CODE § 71.021, in their capacity as

representatives of the Estate of Amari Boone, Ariana George and Rodney Boone seek

damages including, but not limited to, the following:

        a.     Pain and suffering,

        b.     Mental anguish,

        c.     Physical disfigurement,

        d.     Medical care expenses, and

        e.     Funeral expenses.

78.     Pursuant to TEXAS CIVIL PRACTICES & REMEDIES CODE § 71.002, Ariana George is a

wrongful death beneficiary as the surviving mother of Amari Boone. In that capacity, she

seeks damages including, but not limited to, the following:

        a.     Past and future mental anguish,

        b.     Loss of companionship and society, and

        c.     Funeral expenses.

79.     Pursuant to TEXAS CIVIL PRACTICES & REMEDIES CODE § 71.002, Rodney Boone is a

wrongful death beneficiary as the surviving father of Amari Boone. In that capacity, he

seeks damages including, but not limited to, the following:

      a.     Past and future mental anguish,

      b.     Loss of companionship and society, and

      c.     Funeral expenses.

80.     Pursuant to 28 U.S.C. § 1920 and 42 U.S.C. § 1988, Plaintiffs seek from Defendant Greg Abbott (in his official capacity) reasonable costs and expenses, including reasonable attorneys' fees, for prosecution of their causes of action alleged against him in his official capacity.

81.     As required by TEXAS RULE OF CIVIL PROCEDURE 47, Plaintiffs seek monetary damages in excess of $1,000,000. The above damages exceed the minimal jurisdiction of this Court, and Plaintiffs ask for full recovery of such damages following a trial by jury.

## EXEMPLARY DAMAGES

82.     Ariana George and Rodney Boone, individually and as representatives of the Estate of Amari Boone, allege that each and every act or omission of Defendants and their agents described in this Petition, when viewed objectively from the standpoint of policymakers, involved an extreme degree of risk, considering the probability and magnitude of the physical harm to others and that Defendants had actual subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Amari Boone and other children in community-based care.

83.     As such, Defendants' conduct amounts to gross negligence or malice, as those terms are defined by law, so as to give rise to an award of exemplary or punitive damages,

for which Ariana George and Rodney Boone, individually and in their representative capacities, now pleads against Defendants. Further, by reason of such conduct, Ariana George and Rodney Boone, individually and in their representative capacities, are entitled to and therefore assert a claim for punitive and exemplary damages in an amount sufficient to punish and deter Defendants, and others like Defendants, from such conduct in the future.

84.   Additionally, each of the malicious and fraudulent acts of Defendants independently give rise to an award of exemplary or punitive damages, for which Plaintiffs now pleads against Defendants in an amount sufficient to punish and deter Defendants, and others like Defendants, from such conduct in the future.

## DEFENDANTS ARE LIABLE FOR UNCAPPED EXEMPLARY DAMAGES

85.   The limitation on recovery of exemplary damages relating to criminal acts of another imposed by TEXAS CIVIL PRACTICES & REMEDIES CODE § 41.005 does not apply to this case.

86.   At all relevant times, ACH Family Services' employees committed criminal acts, ACH Family Services authorized the doing and manner of those criminal acts, employees Chaisity Frida–Caro and Jalah Lawrence were employed in managerial capacities and acting within the scope of their employment. Additionally, and alternatively, ACH Family Services or managers Chaisity Frida–Caro and Jalah Lawrence ratified and/or approved the acts of Shelia Roberson which violated TEXAS PENAL CODE § 22.04.

87.     Further, the limitation on the amount of exemplary damages set out in TEXAS CIVIL PRACTICES & REMEDIES CODE § 41.005 does not apply in this case because Plaintiffs seek exemplary damages based on conduct described as a felony pursuant to TEXAS PENAL CODE § 22.04.

## PREJUDGMENT AND POST-JUDGMENT INTEREST

88.     Plaintiffs request prejudgment and post-judgment interest in accordance with the maximum legal interest rates allowable as interpreted under the laws of the State of Texas.

## REQUEST FOR A JURY TRIAL

89.     Plaintiffs demand a jury trial on all issues so triable and contemporaneously with the filing of this Petition submits the applicable fee.

## PRAYER

Ariana George and Rodney Boone, individually and as representatives of the Estate of Amari Boone, ask that Defendants are served with citation directing them to appear and answer this First Amended Petition and Jury Demand. They further ask the Court to enter a judgment awarding her damages, costs of court, prejudgment and post-judgment interest, and any further relief to which they may be justly entitled after the final determination of the causes of action set out above.

Respectfully Submitted,

*Russell B*

_____

Russell T. Button
State Bar No. 24077428
Russell@buttonlawfirm.com
Ashley D. Washington
State Bar No. 24102030
Ashley@buttonlawfirm.com
**THE BUTTON LAW FIRM**
4315 West Lovers Lane, Suite A
Dallas, Texas 75209
Telephone: 214-888-2216
Facsimile: 214-481-8667

Heather Lynn Long
State Bar No. 24055865
heather@heatherlonglaw.com
**HEATHER LONG LAW PC**
4310 N. Central Expressway
Dallas, Texas 75206
Telephone:  214-699-5994

Brent W. Chandler
State Bar No. 24055291
brent@chandlerrosslaw.com
John A. Ross, Jr.
State Bar No. 24053453
tony@chandlerrosslaw.com
**CHANDLER │ ROSS, PLLC**
110 N. Woodrow, Ste. 120
Denton, Texas 76205
Telephone: 940-800-2500
Facsimile: 866-464-8315

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

Plaintiffs served a true and correct copy of this First Amended Petition and Jury Demand on Defendants ACH Child and Family Services, Lawrence, Roberson, and Frida-Caro through the Court's e-filing system on April 8, 2022.

Citations for Defendant Greg Abbott, in his official capacity, and Defendant Covenant Kids, Inc. d/b/a CK Family Services are requested so that they may be served with this First Amended Petition and Jury Demand in compliance with the rules of civil procedure.

Russell T. Button

TO:

GOVERNOR GREG ABBOTT, IN HIS OFFICIAL CAPACITY OVER THE TEXAS DEPARTMENT OF FAMILY AND
PROTECTIVE SERVICES
OFFICE OF THE GOVERNOR
STATE INSURANCE BUILDING
1100 SAN JACINTO BOULEVARD
AUSTIN TX 78701

# THE STATE OF TEXAS
## CITATION
CAUSE NO. CC-21-01363-D
COUNTY COURT AT LAW NO. 4
Dallas County, Texas



DELIVERED
BY: _____ PSC: _____
ATX Process, LLC

"You have been sued. You may employ an attorney. If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and FIRST AMENDED PETITION AND JURY DEMAND, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org." Your answer should be addressed to the clerk of County Court at Law No. 4 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas 75202.

ARIANA GEORGE; RODNEY BOONE,
INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF DECEASED *Plaintiff(s)*

VS.

ACH CHILD AND FAMILY SERVICES; SHEILA ROBERSON; CHAISITY FRIDA-CARO; JALAHA LAWRENCE;
GOVERNOR GREG ABBOTT, IN HIS OFFICIAL CAPACITY OVER THE TEXAS DEPARTMENT OF FAMILY AND
PROTECTIVE SERVICES; COVENANT KIDS, INC. D/B/A CK FAMILY SERVICES
*Defendant(s)*

filed in said Court on the 8th day of April, 2022, a copy of which accompanies this citation.

WITNESS: **JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas. GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 19th day of April, 2022 A.D.

JOHN F. WARREN, Dallas County Clerk



By _____ Deputy
Terrence Washington



---

## ATTORNEY

## CITATION
FIRST AMENDED PETITION AND
JURY DEMAND

CC-21-01363-D

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 4
Dallas County, Texas

ARIANA GEORGE; RODNEY BOONE,
INDIVIDUALLY AND AS THE
REPRESENTATIVES OF THE ESTATE
OF DECEASED, *Plaintiff(s)*

VS.

ACH CHILD AND FAMILY SERVICES;
SHEILA ROBERSON; CHAISITY FRIDA-
CARO; JALAHA LAWRENCE,
*Defendant(s)*

SERVE:
GOVERNOR GREG ABBOTT, IN HIS OFFICIAL
CAPACITY OVER THE TEXAS DEPARTMENT
OF FAMILY AND PROTECTIVE SERVICES
OFFICE OF THE GOVERNOR
STATE INSURANCE BUILDING
1100 SAN JACINTO BOULEVARD
AUSTIN TX 78701

ISSUED THIS
19TH DAY OF APRIL, 2022

JOHN F. WARREN, COUNTY CLERK
BY: TERRENCE WASHINGTON, DEPUTY

Attorney for Plaintiff

RUSSELL T BUTTON
THE BUTTON LAW FIRM PLLC
4315 W LOVERS LANE
SUITE A
DALLAS TX 75209
214-888-2216

NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

Electronically Served
4/19/2022  10:27 AM

**OFFICER'S RETURN**

CC-21-01363-D County Court at Law No. 4

ARIANA GEORGE, RODNEY BOONE, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF DECEASED vs.ACH CHILD AND FAMILY SERVICES, SHEILA ROBERSON, CHAISITY FRIDA-CARO.et al

**ADDRESS FOR SERVICE:**
OFFICE OF THE GOVERNOR
STATE INSURANCE BUILDING
1100 SAN JACINTO BOULEVARD
AUSTIN TX 78701

**Fees:**

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.m., and executed in _____ County, Texas by delivering to GOVERNOR GREG ABBOTT, IN HIS OFFICIAL CAPACITY OVER THE TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES in person, a true copy of this Citation together with the accompanying copy of the FIRST AMENDED PETITION AND JURY DEMAND with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|------|-----------|-------------------------------------------|
|      |           |                                           |

And not executed as to the defendant(s),_____

The diligence used in finding said defendant(s) being:

and the cause or failure to execute this process is:

and the information received as to the whereabouts of said defendant(s) being:

Serving Petition and Copy          $ _____

Total     $ _____

_____, Officer

_____, County, Texas

By:_____, Deputy

_____, Affiant

48.  4/21/22  Affidavit of Service

4/19/2022 10:2?

# THE STATE OF TEXAS
# CITATION

CAUSE NO. **CC-21-01363-D**
COUNTY COURT AT LAW NO. 4
Dallas County, Texas

FILED
4/26/2022 3:41 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

TO:

**GOVERNOR GREG ABBOTT, IN HIS OFFICIAL CAPACITY OVER THE TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES**
**OFFICE OF THE GOVERNOR**
**STATE INSURANCE BUILDING**
**1100 SAN JACINTO BOULEVARD**
**AUSTIN TX 78701**

"You have been sued. You may employ an attorney. If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and FIRST AMENDED PETITION AND JURY DEMAND, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org." Your answer should be addressed to the clerk of County Court at Law No. 4 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas 75202.

**ARIANA GEORGE; RODNEY BOONE,**
**INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF DECEASED** *Plaintiff(s)*

**VS.**

**ACH CHILD AND FAMILY SERVICES; SHELIA ROBERSON; CHAISITY FRIDA-CARO; JALAHA LAWRENCE; GOVERNOR GREG ABBOTT, IN HIS OFFICIAL CAPACITY OVER THE TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES; COVENANT KIDS, INC. D/B/A CK FAMILY SERVICES**
*Defendant(s)*

filed in said Court on the 8th day of April, 2022, a copy of which accompanies this citation.

**WITNESS: JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas. GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 19th day of April, 2022 A.D.

JOHN F. WARREN, Dallas County Clerk

By _____, Deputy
    Terrence Washington



---

| **ATTORNEY** |
| --- |
| **CITATION** |
| **FIRST AMENDED PETITION AND JURY DEMAND** |
| **CC-21-01363-D** |

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 4
Dallas County, Texas

ARIANA GEORGE; RODNEY BOONE,
INDIVIDUALLY AND AS THE
REPRESENTATIVES OF THE ESTATE
OF DECEASED, *Plaintiff(s)*

**VS.**

ACH CHILD AND FAMILY SERVICES;
SHELIA ROBERSON; CHAISITY FRIDA-
CARO; JALAHA LAWRENCE,
*Defendant(s)*

---

**SERVE:**
**GOVERNOR GREG ABBOTT, IN HIS OFFICIAL CAPACITY OVER THE TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES OFFICE OF THE GOVERNOR STATE INSURANCE BUILDING 1100 SAN JACINTO BOULEVARD AUSTIN TX 78701**

**ISSUED THIS**
**19TH DAY OF APRIL, 2022**

JOHN F. WARREN, COUNTY CLERK
BY: TERRENCE WASHINGTON, DEPUTY

Attorney for Plaintiff
RUSSELL T BUTTON
THE BUTTON LAW FIRM PLLC
4315 W LOVERS LANE
SUITE A
DALLAS TX 75209
214-888-2216

NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

**AFFIDAVIT OF SERVICE**

| State of Texas | County of Dallas | County At Law # 4 Court |
|---|---|---|

Case Number: CC-21-01363-D

Plaintiff:
**ARIANA GEORGE AND RODNEY BOONE, INDIVIDUALLY AND AS
REPRESENTATIVES OF THE ESTATE OF AMARI BOONE, DECEASED**

vs.

Defendant:
**ACH CHILD AND FAMILY SERVICES, SHELIA ROBERSON, CHAISITY FRIDA–
CARO, JALAH LAWRENCE, GOVERNOR GREG
ABBOTT, IN HIS OFFICIAL CAPACITY OVER THE TEXAS DEPARTMENT OF
FAMILY AND
PROTECTIVE SERVICES, and COVENANT KIDS, INC. D/B/A CK FAMILY SERVICES**

For:
Russell T. Button
Button Law Firm
4315 W Lovers Lane Suite A
Dallas, TX 75209

Received by Tom Kroll on the 20th day of April, 2022 at 12:00 pm to be served on **GOVERNOR GREG ABBOTT, IN HIS OFFICIAL CAPACITY OVER THE TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, 1100 San Jacinto Boulevard, Office Of The Governor State Insurance Building, Austin, Travis County, TX 78701.**

I, Tom Kroll, being duly sworn, depose and say that on the **21st day of April, 2022 at 10:00 am, I:**

executed to a **GOVERNMENT AGENCY** by delivering a true copy of the .**Citation and Plaintiffs First Amended Petition and Jury Demand** with the date of delivery endorsed thereon by me, to **Joseph Behnke** at the address of **1100 San Jacinto Boulevard, Office Of The Governor State Insurance Building, Austin, Travis County, TX 78701 as Asst. General Counsel** for **GOVERNOR GREG ABBOTT, IN HIS OFFICIAL CAPACITY OVER THE TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES,** and informed said person of the contents therein.

**Description** of Person Served: Age: 45, Sex: M, Race/Skin Color: White, Height: 6'0", Weight: 210, Hair: Brown, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a certified process server, in good standing, in the judicial circuit in which the foregoing occurred.  The facts in this affidavit are within my personal knowledge and true and correct.

Subscribed and sworn to before me on the 22nd
day of April, 2022 by the affiant
who is personally known to me.

NOTARY PUBLIC

NICOLE M. WADE
My Notary ID # 129086987
Expires August 9, 2024

**Tom Kroll**
PSC-3012, Exp. 8/31/2023

4/22/22
**Date**

**Allen Civil Process**
**9701 Compton Rd.**
**Corpus Christi, TX 78418**
**(800) 831-8219**

Our Job Serial Number: ALN-2022002637

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2h

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Envelope ID: 63926171
Status as of 4/26/2022 4:03 PM CST

Associated Case Party: ACH CHILD AND FAMILY SERVICES

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| John Robinson | | jrobinson@maronmarvel.com | 4/26/2022 3:41:14 PM | SENT |
| Zach Mayer | | zmayer@mayerllp.com | 4/26/2022 3:41:14 PM | SENT |
| Jack Luckett | | jluckett@mayerllp.com | 4/26/2022 3:41:14 PM | SENT |
| Andrew S.Gardner | | agardner@maronmarvel.com | 4/26/2022 3:41:14 PM | SENT |
| Avvennett MGezahan | | Agezahan@maronmarvel.com | 4/26/2022 3:41:14 PM | SENT |

Associated Case Party: CHAISITY FRIDA-CARO

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Frank Alvarez | | frank.alvarez@qpwblaw.com | 4/26/2022 3:41:14 PM | SENT |
| Johnathan SpencerYoung | | johnathan.young@qpwblaw.com | 4/26/2022 3:41:14 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Elise Robinson | | erobinson@maronmarvel.com | 4/26/2022 3:41:14 PM | SENT |
| Rocio Allen | | rallen@maronmarvel.com | 4/26/2022 3:41:14 PM | SENT |
| Brent W.Chandler | | brent@chandlerrosslaw.com | 4/26/2022 3:41:14 PM | SENT |
| John A.Ross, Jr. | | tony@chandlerrosslaw.com | 4/26/2022 3:41:14 PM | SENT |
| Jennifer Moore | | Jennifer@chandlerrosslaw.com | 4/26/2022 3:41:14 PM | SENT |
| Susan Lokash | | slokash@mayerllp.com | 4/26/2022 3:41:14 PM | SENT |
| Terri Crawford | | tcrawford@maronmarvel.com | 4/26/2022 3:41:14 PM | SENT |

Associated Case Party: ARIANA GEORGE

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Envelope ID: 63926171
Status as of 4/26/2022 4:03 PM CST

Associated Case Party: ARIANA GEORGE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Russell Button | 24077428 | russell@buttonlawfirm.com | 4/26/2022 3:41:14 PM | SENT |
| Ashley Washington | 24102030 | ashley@buttonlawfirm.com | 4/26/2022 3:41:14 PM | SENT |
| Russell Button | | service@buttonlawfirm.com | 4/26/2022 3:41:14 PM | SENT |
| Heather LynnLong | | heather@heatherlonglaw.com | 4/26/2022 3:41:14 PM | SENT |

49.  5/6/22   Defendant Greg Abbott's Original Answer and Affirmative Defenses

FILED
5/6/2022 11:41 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CAUSE NO. CC-21-01363-D

| | | |
|---|---|---|
| ARIANA GEORGE et al., | § | IN THE COUNTY COURT |
|     *Plaintiffs*, | § | |
| | § | |
| v. | § | AT LAW NO. 4 |
| | § | |
| ACH CHILD AND FAMILY SERVICES, | § | |
| et al., | § | |
|     *Defendants*. | § | DALLAS COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

Defendant Governor Greg Abbott ("Abbott," "Defendant"), in his official capacity, files this Original Answer - a general denial and Affirmative Defenses.

### I.    ORIGINAL ANSWER (GENERAL DENIAL)

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every one of the allegations and claims in Plaintiffs' First Amended Petition and Jury Demand, and demands strict proof thereof, as required by law.

### II.    AFFIRMATIVE DEFENSES

Pleading further, Defendant hereby asserts the following affirmative defenses to which he may be entitled:

1. Defendant asserts all applicable immunities to Plaintiffs' claims, including but not limited to entitlement to sovereign immunity from both suit and liability, qualified immunity from both suit and liability, official immunity from both suit and liability, and to caps and limits on damages or other demanded relief.

2. Defendant affirmatively asserts the applicable statute of limitations to any of Plaintiffs' claims made outside the limitations period, if any.

3. Plaintiffs' claims, in whole or in part, are barred by Plaintiffs' failure to exhaust their administrative remedies.

4. Defendant asserts that Plaintiffs had no good faith reason to believe that a violation of any law had been committed.

5. Defendant affirmatively asserts that Plaintiffs lack standing to sue Defendant, and as a result, the Court lacks subject matter jurisdiction.

6. Defendant reserves the right to raise additional affirmative defenses as they become apparent during the development of the case.

7. Defendant asserts that Plaintiffs' own acts or omissions caused or contributed to their injuries, if any.

8. Defendant asserts that Plaintiffs' First Amended Petition fails to state a claim upon which relief can be granted.

## III.   PRAYER

Defendant prays that Plaintiffs takes nothing by their suit, that all costs be taxed and adjudged against Plaintiffs, and that Defendant be granted such other and further relief to which he justly may be entitled.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN COWLES

2

Deputy Attorney General for Civil Litigation

CHRISTOPHER D. HILTON
Chief, General Litigation Division

*/s/Benjamin Lyles*
BENJAMIN S. LYLES
Assistant Attorney General
Texas Bar No. 24094808
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 | FAX: (512) 320-0667
Benjamin.lyles@oag.texas.gov

**ATTORNEYS FOR DEFENDANT GREG ABBOTT**

## CERTIFICATE OF SERVICE

I certify that that on May 06, 2022 this document was filed electronically via the Court's electronic filing system, causing electronic service upon all counsel of record.

*/s/Benjamin Lyles*
BENJAMIN S. LYLES
Assistant Attorney General

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

La Shanda Green on behalf of Benjamin Lyles
Bar No. 24094808
lashanda.green@oag.texas.gov
Envelope ID: 64263024
Status as of 5/9/2022 8:58 AM CST

Associated Case Party: CHAISITY FRIDA-CARO

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Frank Alvarez | | frank.alvarez@qpwblaw.com | 5/6/2022 11:41:44 AM | SENT |
| Johnathan SpencerYoung | | johnathan.young@qpwblaw.com | 5/6/2022 11:41:44 AM | SENT |

Associated Case Party: ARIANA GEORGE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Russell Button | 24077428 | russell@buttonlawfirm.com | 5/6/2022 11:41:44 AM | SENT |
| Ashley Washington | 24102030 | ashley@buttonlawfirm.com | 5/6/2022 11:41:44 AM | SENT |
| Russell Button | | service@buttonlawfirm.com | 5/6/2022 11:41:44 AM | SENT |
| Heather LynnLong | | heather@heatherlonglaw.com | 5/6/2022 11:41:44 AM | SENT |

Associated Case Party: ACH CHILD AND FAMILY SERVICES

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| John Robinson | | jrobinson@maronmarvel.com | 5/6/2022 11:41:44 AM | SENT |
| Zach Mayer | | zmayer@mayerllp.com | 5/6/2022 11:41:44 AM | SENT |
| Andrew S.Gardner | | agardner@maronmarvel.com | 5/6/2022 11:41:44 AM | SENT |
| Jack Luckett | | jluckett@mayerllp.com | 5/6/2022 11:41:44 AM | SENT |
| Avvennett MGezahan | | Agezahan@maronmarvel.com | 5/6/2022 11:41:44 AM | SENT |

Case Contacts

| Name |
|------|
| Brent W.Chandler |
| John A.Ross, Jr. |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

La Shanda Green on behalf of Benjamin Lyles
Bar No. 24094808
lashanda.green@oag.texas.gov
Envelope ID: 64263024
Status as of 5/9/2022 8:58 AM CST

Case Contacts

| Jennifer Moore | | Jennifer@chandlerrosslaw.com | 5/6/2022 11:41:44 AM | SENT |
|---|---|---|---|---|
| Elise Robinson | | erobinson@maronmarvel.com | 5/6/2022 11:41:44 AM | SENT |
| Rocio Allen | | rallen@maronmarvel.com | 5/6/2022 11:41:44 AM | SENT |
| Susan Lokash | | slokash@mayerllp.com | 5/6/2022 11:41:44 AM | SENT |
| Terri Crawford | | tcrawford@maronmarvel.com | 5/6/2022 11:41:44 AM | SENT |
| LASHANDA GREEN | | lashanda.green@oag.texas.gov | 5/6/2022 11:41:44 AM | SENT |

Associated Case Party: GOVERNOR GREG ABBOTT, IN HIS OFFICIAL CAPACITY OVER THE TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Benjamin S.Lyles | | benjamin.lyles@oag.texas.gov | 5/6/2022 11:41:44 AM | SENT |

50.  5/6/22   Officer's Return Citation

FILED
5/6/2022 12:10 PM
JOHN F. WARREN
Electronically Served Clerk
4/19/2022 1:03:13 PM
DALLAS COUNTY

# THE STATE OF TEXAS
## CITATION

CAUSE NO. CC-21-01363-D
COUNTY COURT AT LAW NO. 4
Dallas County, Texas

**TO:**

COVENANT KIDS, INC. D/B/A CK FAMILY SERVICES
C/O WILLIAM A LUND
4807 MISTY WOOD COURT
ARLINGTON TX 76017

"You have been sued. You may employ an attorney. If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and FIRST AMENDED PETITION AND JURY DEMAND, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org." Your answer should be addressed to the clerk of County Court at Law No. 4 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas 75202.

ARIANA GEORGE; RODNEY BOONE,
**INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF DECEASED**
*Plaintiff(s)*
VS.

ACH CHILD AND FAMILY SERVICES; SHELIA ROBERSON; CHAISITY FRIDA-CARO; JALAHA LAWRENCE; GOVERNOR GREG ABBOTT, IN HIS OFFICIAL CAPACITY OVER THE TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES; COVENANT KIDS, INC. D/B/A CK FAMILY SERVICES
*Defendant(s)*

filed in said Court on the 8th day of April, 2022, a copy of which accompanies this citation.

**WITNESS: JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas. GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 19th day of April, 2022 A.D.

JOHN F. WARREN, Dallas County Clerk

By _____, Deputy
    Terrence Washington



---

| ATTORNEY |
|---|
| **CITATION** |
| **FIRST AMENDED PETITION AND JURY DEMAND** |
| **CC-21-01363-D** |

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 4
Dallas County, Texas

ARIANA GEORGE; RODNEY BOONE, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE DECEASED *Plaintiff(s)*

VS.

ACH CHILD AND FAMILY SERVICES; SHELIA ROBERSON; CHAISITY FRIDA-CARO; JALAHA LAWRENCE;, *Defendant(s)*

**SERVE:**
COVENANT KIDS, INC. D/B/A CK FAMILY SERVICES
C/O WILLIAM A LUND
4807 MISTY WOOD COURT
ARLINGTON TX 76017

**ISSUED THIS
19TH DAY OF APRIL, 2022**

JOHN F. WARREN, COUNTY CLERK
BY: TERRENCE WASHINGTON, DEPUTY

Attorney for Plaintiff

RUSSELL T BUTTON
THE BUTTON LAW FIRM PLLC
4315 W LOVERS LANE
SUITE A
DALLAS TX 75209
214-888-2216

**NO OFFICER'S FEES HAVE BEEN COLLECTED BY DALLAS COUNTY CLERK**

**OFFICER'S RETURN**

CC-21-01363-D  County Court at Law No. 4

ARIANA GEORGE, RODNEY BOONE, INDIVIDUALLY AND AS REPRSENTATIVES OF THE ESTATE OF DECEASED vs.ACH CHILD AND FAMILY SERVICES, SHELIA ROBERSON, CHAISITY FRIDA-CARO.et al

**ADDRESS FOR SERVICE:**
C/O WILLIAM A LUND
4807 MISTY WOOD COURT
ARLINGTON TX 76017

**Fees:**

Came to hand on the _19th_ day of _APRIL_, 20 _22_, at _5:00_ o'clock _P_.m., and executed in _Tarrant_ County, Texas by delivering to COVENANT KIDS, INC. D/B/A CK FAMILY SERVICES in person, a true copy of this Citation together with the accompanying copy of the FIRST AMENDED PETITION AND JURY DEMAND with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| Covenant Kids, Inc. D/B/A | 4/29/2022 12:05pm | 1905 Eagle Meadows Ct Fort Worth, TX 76179 |
| CK Family Services through Daniel Lund | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

_____

and the cause or failure to execute this process is: _____

_____

and the information received as to the whereabouts of said defendant(s) being: _____

_____

Serving Petition and Copy      $_____    _____, Officer

Total    $_____                              _____, County, Texas

By:_____, Deputy

_____ 10054 12:31pm, Affiant

Jaclin Buford Jr

SWORN TO AND SUBSCRIF
ON THIS _3_ DAY OF _May_ 20__

x Carrie M Dean

CARRIE MICHELLE DEAN
Notary Public, State of Texas
Comm. Expires 02-01-2026
Notary ID 133563213