IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ARIANA GEORGE and RODNEY BOONE, Individually and as Representatives of the Estate of A.B., DECEASED, <br>     *Plaintiffs,* <br><br> vs. <br><br> ACH CHILD and FAMILY SERVICES, et al. <br>     *Defendants.* | § § § § § § § § § § § § §     Civil Action No. 3:22-cv-1124 |

## DEFENDANT'S MOTION TO DISMISS

Defendant Greg Abbott respectfully files this Motion to Dismiss. In support, Defendant shows the following:

### BACKGROUND

Plaintiffs are the biological parents of A.B. Dkt. 16 at ¶¶48-49. In or around November 2019, Plaintiff Rodney Boone arranged to have his friend and coworker, Deondrick Foley ("Foley"), assume guardianship of A.B. and his brother because the two were going to be placed in foster care.[1] On January 27, 2020, A.B. was placed in the care of Foley and his boyfriend Joseph Delancy ("Delancy"). Dkt. 16 at ¶28. On April 12, 202, A.B. passed away at Cook Children's Medical Center. *Id.* at ¶4. A.B. was three years old at the time of his death. *Id.* His death was ruled a homicide. *Id.* at ¶22. Both Foley and Delancy have been indicted in relation to A.B.'s death in Tarrant County, Texas.[2]

---

[1] Eline de Bruijn & Jozelyn Escobedo, *2 arrested after boy died from severe child abuse injuries on Easter 2020*, WFAA (January 28, 2021), available online at: https://www.wfaa.com/article/news/crime/2-arrested-boy-died-from-severe-child-abuse-injuries-easter-2020-amari-boone-fort-worth/287-fe4fb687-9c67-4a9a-bb07-2bbcb3465582.

[2] Indicted On Multiple Child Abuse Charges In Death Of 3-Year-Old Boy In Fort Worth, CBS DFW (Mar. 17, 2021), available online: https://www.cbsnews.com/dfw/news/2-indicted-multiple-child-abuse-charges-death-amari-boone-fort-worth/.

1

Plaintiffs assert substantive due process and gross negligence claims against Defendant in his official capacity. Dkt. 16 at ¶¶101, 118. Plaintiffs seek only money damages. *Id.* at ¶¶124-35.

## MOTION TO DISMISS FOR LACK OF JURISIDICTION

Standard of Review

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). The party seeking to invoke jurisdiction bears the burden of demonstrating its existence. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "[A] court finding that a party is entitled to sovereign immunity must dismiss the action for lack of subject-matter jurisdiction." *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 207 (5th Cir. 2009).

Arguments and Authorities

I. **Plaintiffs lack standing.**

Courts have no subject-matter jurisdiction over a case when a plaintiff lacks Article III standing. *Crane v. Johnson*, 783 F.3d 244, 251, 255 (5th Cir. 2015). A party invoking federal jurisdiction bears the burden of proof to establish standing, which consists of three elements: (1) the plaintiff must have suffered an "injury-in-fact," which is "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent"; (2) a causal connection between the injury and the conduct complained of; and (3) a likelihood the plaintiff's injury will be redressed by a favorable judicial decision. *Id.* at 251–52. "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presum[e] that general allegations embrace those specific facts that are necessary to support the claim." *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal quotations marks and

2

citation omitted).

Here, Plaintiffs' claims against Defendant appear to arise from actions taken by the Department of Family and Protective Services ("DFPS")—a nonparty—because it "is in charge of licensing, investigations, and operational oversite [and] professional standards required DFPS to spot private contractor non-compliance, inspect contractor performance, and investigate the child and neglect reports made to the agency itself." Dkt. 16 at ¶16.

But there are no allegations in Plaintiffs' complaint that indicate any of their injuries are fairly traceable to the Office of the Governor. Although Plaintiffs claim that their alleged injuries are fairly traceable to Defendant because he "is responsible for ensuring that all Texas agencies comply with the applicable federal and state law [and] he oversees the activities of the Texas Department of Family Protective Services. . . ." Dkt. 16 at ¶46, "The Governor undeniably does not play a role in the removal of individual children or their placement into foster care pursuant to a valid order in a suit affecting the parent-child relationship." *Roland v. Tex.*, No. 4:21-CV-415-SDJ-CAN, 2022 WL 1192781, at *6 (E.D. Tex. Jan. 26, 2022), *report and recommendation adopted*, No. 4:21-CV-415-SDJ, 2022 WL 622320 (E.D. Tex. Mar. 3, 2022), *appeal dismissed*, No. 22-40163, 2022 WL 4375621 (5th Cir. June 7, 2022); Dkt. 16 at ¶28 (court involvement). And Defendant's general duty to uphold the law is not, by itself, a basis for standing.[3] *See Inclusive Communities Project, Inc. v. Abbott*, No. 3:17-CV-0440-D, 2018 WL 2415034, at *6 (N.D. Tex. May 29, 2018*); see also Inclusive Communities Project, Inc. v. Abbott*, 2018 WL 2415034, at *6–7 (N.D. Tex. May 28, 2018) (finding no standing to sue Governor Abbott because statute "provides no enforcement role

---

[3]   Additionally, Plaintiffs' Complaint shows that their injuries are not fairly traceable to Defendant because they were allegedly caused by the actions of a third-party that was responsible for case management and child placement. See Dkt. 16 at ¶¶16, 18.

3

for the governor").

Moreover, even if Plaintiffs could show that their alleged injuries are fairly traceable to Defendant, they would still lack standing because, as discussed *infra*, there is no waiver of sovereign immunity for money damages.

## II.   There has been no waiver of sovereign immunity for Plaintiff's tort claim.

"[F]or over a century now, [the Supreme Court has] made clear that the Constitution does not provide for federal jurisdiction over suits against nonconsenting States." *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73 (2000). "[A]bsent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court." *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

"A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "Suits against state officials in their official capacity [] should be treated as suits against the State." *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

The Texas Tort Claims Act contains a limited waiver of sovereign immunity, but that waiver only applies in state court. *Sherwinski v. Peterson*, 98 F.3d 849, 851–52 (5th Cir. 1996) (holding the Texas Tort Claims Act "waives sovereign immunity in state court only").

The Texas Tort Claims Act ("TTCA") "provides a limited waiver of immunity for certain suits against governmental entities and caps recoverable damages." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008); *see also* Tex. Civ. Prac. & Rem. Code § 101.021. Under the TTCA, governmental immunity is waived only for cases involving the use of publicly owned vehicles, premises defects, and injuries arising from the conditions or use of property. Tex. Civ. Prac. & Rem. Code §§ 101.021, 101.023. This waiver of immunity does not apply to any claim

"arising out of assault, battery, false imprisonment, or any other intentional tort." Tex. Civ. Prac. & Rem. Code § 101.057(2).

Plaintiffs' gross negligence claim does not involve a vehicle, premise defect, or conditions or use of property. Information is not tangible personal property. *Texas Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 580 (Tex. 2001). The TTCA does not waive sovereign immunity for claims alleging the failure "to furnish the proper training, instruction, training manuals, and documents" *Id*. Information remains non-tangible even if it has been reduced to writing. *Univ. of Texas Med. Branch at Galveston v. York*, 871 S.W.2d 175, 179 (Tex. 1994). To the extent Plaintiffs claim negligent hiring, training, supervision, and retention. the TTCA does not waive sovereign immunity for such claims. *See Goodman v. Harris Cnty.*, 571 F.3d 388, 394 (5th Cir. 2009); *Starrett v. City of Richardson*, No. 3:18-CV-0191-L, 2018 WL 4627133, at *12 (N.D. Tex. July 27, 2018); *see also Benson v. Galveston Cnty.*, No. 3:21-CV-00200, 2022 WL 3443925, at *2 (S.D. Tex. Aug. 17, 2022). And, even if the TTCA did provide a waiver, the waiver does not apply to Plaintiffs' claims in federal court. *Sherwinski*, 98 F.3d at 851–52. Accordingly, this Court should dismiss Plaintiffs' tort claims against Defendant.

**III.    There has been no waiver of sovereign immunity for Plaintiffs' due process claim.**

Unless immunity is waived by Congress or a state, the Eleventh Amendment bars suit in federal court by a private citizen against a state agency or a state actor in her official capacity. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office ... [and] no different from a suit against the State itself").

The State of Texas has not waived its sovereign immunity from Section 1983 claims. Nor has Congress abrogated sovereign immunity from Section 1983 claims. *See NiGen Biotech, L.L.C.*

5

*v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015). Although the *Ex Parte Young* doctrine allows a state official to be sued in her official capacity for prospective, injunctive or declaratory relief under Section 1983, *see Ex Parte Young*, 209 U.S. 123, 159–60 (1908), the doctrine does not apply here because Plaintiffs' Section 1983 claims against Defendant seek only monetary damages. *NiGen Biotech*, 804 F.3d at 394. Accordingly, the Eleventh Amendment bars Plaintiffs' Section 1983 claims against Defendant in his official capacity. *See, e.g., Thomas v. Tex. Dep't of Family & Protective Servs.*, 427 F. App'x 309, 312–13 (5th Cir. 2011) (per curiam) (affirming dismissal due to sovereign immunity of Section 1983 action against DFPS and DFPS employees in their official capacity).

## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

<u>Standard of Review</u>

A complaint must be dismissed if the plaintiff fails to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. While the Court must accept all factual allegations as true, the Court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); *see also Iqbal*, 556 U.S. at 679.

In evaluating a motion to dismiss, a district court should employ a two-pronged approach. First, the court should identify and set aside "pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Second, the court

6

should assume the veracity of the plaintiff's "well-pleaded factual allegations . . . and then determine whether they plausibly give rise to an entitlement for relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). If the factual allegations "do not permit the court to infer more than the mere possibility of misconduct," then the complaint fails to show a plausible claim for relief. *Id.* (citing FED. R. CIV. P. 8(a)(2)).

The court should dismiss a complaint if the plaintiff has failed to "nudge[] [his] claims" of unlawful conduct "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. In other words, if the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," then the complaint fails to "show[] that the pleader is entitled to relief" under Rule 8(a)(2) and must be dismissed. *Iqbal*, 556 U.S. at 679. Likewise, a court should dismiss when, based on the plaintiff's own allegations, he has no cognizable claims.

Arguments and Authorities

**I.      Plaintiffs fail to state a claim for gross negligence.**

Even if Plaintiffs' TTCA claim for gross negligence is not barred by sovereign immunity, this Court should dismiss it because Plaintiffs have failed to state a plausible claim for relief. The Texas Supreme Court has defined gross negligence as a very strict standard. "[G]ross negligence involves two components: (1) viewed objectively from the actor's standpoint, the act or omission complained of must involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (2) the actor must have actual, subjective awareness of the risk involved, but nevertheless proceed in conscious indifference to the rights, safety, or welfare of

others." *Department of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 225 (Tex. 2004); accord *Louisiana-Pacific Corp. v. Andrade*, 19 S.W.3d 245, 246 (Tex. 1999); *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 23 (Tex. 1994) (superseded by statute on other grounds). Evidence of mere negligence cannot prove either the objective or subjective elements of gross negligence. *See Universal Servs. Co., Inc., v. Ung,* 904 S.W.2d 638, 641 (Tex. 1995). Under the objective element, "extreme risk" is not a remote possibility of injury or even a high probability of minor harm, but rather the likelihood of serious injury to the plaintiff. *See id.,* 904 S.W.2d at 641. Under the subjective element, actual awareness means that the defendant knew about the peril, but his acts or omissions demonstrated that he did not care. *See Wal–Mart Stores, Inc. v. Alexander,* 868 S.W.2d 322, 326 (Tex. 1993).

Plaintiffs have not stated a claim for gross negligence against Defendant. Plaintiffs allege that defendant, OUR COMMUNITY OUR KIDS, was responsible for case management and child placement on March 1, 2020. Dkt. 16 at ¶16, 18. There is no allegation that Defendant had notice that this involved an extreme degree of risk and probability of harm to A.B., nor that Defendant had actual, subjective knowledge of the risk. Plaintiffs, instead, allege that different foster care schemes in the past should have put Defendant on notice of the risks to the **new** foster care system adopted on March 1, 2022. Plaintiffs do not explain how or why this is the case; consequently, they have not alleged a claim for gross negligence.

## II.     Plaintiffs fail to state a substantive due process claim.

Even if there were a waiver of immunity for Plaintiffs' due process claim seeking only monetary damages—the Court should dismiss it because Plaintiffs fail to state a plausible claim for relief. "Substantive due process analysis is appropriate only in cases in which government

arbitrarily abuses its power to deprive individuals of constitutionally protected rights," namely a constitutionally protected liberty or property interest. *Simi Inv. Co., Inc. v. Harris Cnty., Tex.*, 236 F.3d 240, 249 (5th Cir. 2000); *Brennan v. Stewart*, 834 F.2d 1248, 1257 (5th Cir. 1988) (internal quotation marks and citations omitted). "Substantive due process analysis," the Supreme Court has cautioned, "must begin with a careful description of the asserted right." *Reno v. Flores*, 507 U.S. 292, 302 (1993). The alleged liberty interest must be "carefully formulat[ed]" and must be "deeply rooted in this Nation's history and tradition." *Washington v. Glucksberg*, 521 U.S. 721, 722 (1997).

Plaintiffs did not allege facts sufficient to support a substantive due process claim based on insufficient DFPS caseworkers and excessive caseloads. Dkt. 16 at ¶¶101-17. In support of Plaintiffs insufficient caseworkers and excessive caseloads contention they cite to a report from 2004 and an unidentified class action verdict against the state in 2015. *Id.* at ¶¶6-8, 11. But Plaintiffs admit that the foster care system was dramatically different in 2020. *Id.* at 18. Plaintiffs further admit that DFPS hired CK Family to conduct a home study in December 2019, *Id.* at ¶26, and that it was a **former** DFPS employee working for OUR COMMUNITY OUR KIDS that allegedly failed to adequately respond to a report of suspected child abuse involving A.B. *Id.* at ¶¶29-31. Nowhere does Plaintiffs' Complaint do they contend that a report of suspected child abuse involving A.B. was made to Defendant—so Plaintiffs fail to allege a nexus between number of DFPS caseworkers and caseloads and the purported deprivation of rights. Thus, this Court should find that Plaintiffs fail to state a substantive due process claim.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court GRANT this

9

Motion to Dismiss and for any further relief to which it is justly entitled.

        Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN COWLES**
Deputy Attorney General for Civil Litigation

**CHRISTOPHER D. HILTON**
Chief for General Litigation Division

*/s/Johnathan Stone*
**JOHNATHAN STONE**
Assistant Attorney General
Texas State Bar No. 24071779
Johnathan.Stone@oag.texas.gov

Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-4196
Facsimile: (512) 320-0667

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that that on November 8, 2022, this document was filed electronically via the Court's CM/ECF system, causing electronic service upon all counsel of record.

*/s/Johnathan Stone*
**JOHNATHAN STONE**
Assistant Attorney General